353 NORTH CLARK STREET CHICAGO ILLINOIS 60654-3456

**JENNER&BLOCK** LLP

David Jiménez-Ekman
Tel  +1 312 923 2683
Fax +1 312 840 7683
djimenez-ekman@jenner.com

May 25, 2016

Robert A. Rowan
Joseph S. Presta
Nixon & Vanderhye
901 North Glebe Road, 11th Floor
Arlington, VA 22203

**Re: Shuffle Tech International LLC et al v. Scientific Games Corporation et al, Case No. 1:15-cv-03702**

Dear Counsel:

I write to follow up on the open issues after yesterday's status conference.  Although we continue to disagree with your positions on most issues (including, without limitation, our obligations regarding documents in the possession of our current or former counsel, the scope and propriety of your proposed search terms, and any additional searches for or production of additional ESI responsive to your discovery requests), we make this proposal as an indivisible "package" compromise that will allow us to move forward.  We reserve our rights to continue to assert our positions if we are not able to reach agreement.  Here is what we propose regarding identifying, searching, reviewing and producing, as appropriate, data that was created prior to the filing of your initial Complaint in this action:

1.      *Defendants' Production of ESI Responsive to Your Existing Rule 34 Document Requests.*
        a.      We accept your proposal to apply your most recently proposed search terms (attached as Exhibit A), to data that has been processed for the following custodians selected by you: (1) email data from Abbott; Farrar; Grauzer; Helsen, Hinman, Isaacs, Levin, Lopez, Smith, Snow, and Yoseloff; and (2) personal folder data for Abbott, Farrar, Grauzer, Helsen, Isaacs, Mooberry, Snow, and Hinman.

        b.      Our vendor continues to work to complete the processing of the data from four shared folders that we have discussed: (1) Lvfile/Board of Directors, (2)  Lvfile/Legal_SV, (3) Lfile/Legal_Counsel, and (4) Lvfile/Legal Patent.  Once processed, we will apply the Exhibit A search terms to this data.  However, we do not expect to have final hit counts until Friday.  If the hits yielded by these searches creates an undue burden of review, then you agree to discuss in good faith further modifications to the search terms.

        c.      We accept your proposal to review only the resulting "hits" yielded under (a) and (b) for (1) responsiveness to your existing Rule 34 document requests for production, as

CHICAGO  LONDON  LOS ANGELES  NEW YORK  WASHINGTON, DC          WWW.JENNER.COM

Robert A. Rowan
Joseph S. Presta
May 25, 2016
Page 2

modified by any subsequent objections and agreements and (2) for privilege. We will also review the parent of any "hits" for privilege. As agreed, we will not be reviewing any documents in the family that are not "hits" or parents of "hits."

        d.        We will produce only those responsive, non-privileged "hit" documents and corresponding non-privileged parent documents identified for production under (c).

2.        *Substantial Completion Date For Production Of ESI In Paragraph 1.*
        We will make a substantially complete document production as indicated in Paragraph 1(d) above by August 15, 2016; provided that no additional meet and confer sessions are required. This proposed date for substantial completion is, of course, based on our existing agreements as to the custodians, data sources, search terms and methodology identified above.

3.        *Law Firm Subpoenas / Requests.*
        In light of our declining to waive the attorney-client privilege, we continue to believe that your subpoenas, and assertion that we are required to produce documents from Defendants' current and former attorneys' files, seek to impose an immense burden with very little expectation of locating responsive, non-privileged documents that are not also in the public domain. Indeed, almost all of these documents will be covered by the attorney-client privilege and/or work product doctrine or be in the court or prosecution file, which you can obtain on your own. Nonetheless, while reserving all of our rights, in order to move forward, we make the following proposals:
        a.        Mark Litman. Mr. Litman has represented that he no longer has any responsive documents.
        b.        Trask Britt. Trask Britt has provided us with ESI based on certain broad search parameters that Trask Britt designed and applied to identify data potentially responsive to your subpoena. We propose apply the same search and production methodology identified in Paragraph 1 to the ESI identified by Trask Britt. We propose a substantial completion date for this production of August 15, 2016.
        c.        Kirkland & Ellis. We have followed up with Kirkland, and Sarah Herlihy, who indicated that has not heard from you since her March 4, 2016 letter. We propose a three-way call to meet and confer on the universe of ESI that should be identified as potentially responsive to your subpoena for search. When you have reached agreement with Kirkland, we propose to apply the same search and production methodology identified in Paragraph 1 to the ESI identified by Kirkland. We propose a 60 day review time once we receive ESI from Kirkland.
        d.        Kilkpatrick Townsend. We are willing to engage in the same process with you and Jason Wenker from the Kilkpatrick firm as with Kirkland. When you have reached agreement with Kilpatrick, we propose to apply the same search and production methodology identified in Paragraph 1 to the ESI identified by Kilpatrick. We propose a 60 day review time once we receive ESI from Kilpatrick.

Robert A. Rowan
Joseph S. Presta
May 25, 2016
Page 3


       e.      Winston & Strawn.  We understand that you have negotiated the production with Winston and, pursuant to Kimball Anderson's March 29, 2016 email, Winston has no responsive, non-privileged documents other than items in the public record.

While we believe that your document requests sweep too broadly, we will continue to work with to identify ways to complete document production in a reasonable, efficient and timely way.   To that end, Caroline and I are available to talk with you and your colleagues, almost any time after 9:00 a.m. CST tomorrow (Thursday) or Friday.

Best personal regards.

David

Attachment: Exhibit A – Plaintiffs' Proposed Search Terms

# Exhibit A

## Lindsey, Caroline A.

| | |
|---|---|
| **From:** | Bob Rowan [rar@nixonvan.com] |
| **Sent:** | Monday, May 16, 2016 2:06 PM |
| **To:** | Lindsey, Caroline A.; Jimenez-Ekman, David; Martin, Craig C. |
| **Cc:** | Michael D. Gaffney; Bobby Foster; Joe Presta; Todd M. Thompson; Lisa M. Thompson |
| **Subject:** | Search terms, etc. |
| **Attachments:** | Updated S002_Client ESI Terms.xlsx |

Caroline-

The attached updated spreadsheet contains our most recent modifications to the 3rd and 7th (using your spreadsheet order) searches. The 3rd search no longer includes "Automatic Card Shuffler" and the 7th search has been updated to include "shuffle* w/10" in all subgroups within that search (aside from the first subgroup which already includes shuffle* w/5 compet*). Both of these modifications should reduce the hits for those searches.

To make sure we are on the same page with terminology, can you confirm that "Documents with hits, including group" on your spreadsheet means email groups (emails plus attachments) containing one or more document hits, together with attachments, etc., that may or may not contain hits? If our understanding of the meaning of "Documents with hits, including group" is correct, we can stipulate that Defendants need not produce the non-hit documents in each group, with the understanding that we can request the "group" documents for a specific hit at a later point if we believe them to be relevant after our initial review of the "hits." That should significantly reduce the number of documents and GBs being produced. If this is acceptable, we may not need any further reductions for these 7 searches as the total docs being produced appears to be a manageable amount. Please let us know if you agree with this proposal.

Can you also confirm that and that "Unique hits" means documents that did not have hits from other search terms?

You may use the same revised search terms with the legal and personal folders. Can you also let us know how you are coming with respect to searching (and hit counts) in that regard? Assuming that your spread sheet columns and terminology will be the same as those used for the email, we can also stipulate to the above-proposed procedure with respect to "groups".

We are reviewing the titles of the personal folders you propose to delete from your searches and will advise you later today which of those we find questionable.

Finally, did you try our ESI vendor's suggestion with respect to our search terms 6-9 and the 450 character limitation that was giving your vendor problems?

Regards,
Bob

---

**From:** Lindsey, Caroline A. [mailto:CLindsey@jenner.com]
**Sent:** Friday, May 13, 2016 2:15 PM
**To:** Bob Rowan <rar@nixonvan.com>; Joe Presta <jsp@nixonvan.com>; Michael D. Gaffney <MDG@nixonvan.com>; Bobby Foster <RKF@nixonvan.com>
**Cc:** Jimenez-Ekman, David <DJimenez-Ekman@jenner.com>; Martin, Craig C. <CMartin@jenner.com>
**Subject:** RE: Shuffle Tech -- Folder Structure Information

Bob,

Thank you for providing revised search terms. Our ESI vendor has informed us that your proposed search terms 6 through 9 exceed the standalone term limit for our hosting platform (Relativity), which is 450 characters. To run the searches they would

need to be broken down into their component parts and run that way. For example search 6 would break down into 3,762 individual terms (see examples below) and would take hours to build. Given the time and expense of performing the searches this way we would ask you to modify terms 6 through 9 so that they can be run efficiently and we can provide results quickly.

Examples:
litigat* AND Casinos Austria AND Roblejo AND NOT commissioner of patents
litigat* AND CARD-Austria AND Roblejo AND NOT commissioner of patents
litigat* AND CARD LLC AND Roblejo AND NOT commissioner of patents

We have run the other 7 terms through the data we have processed to date and there are 188,397 results including family groups. A more detailed breakdown is attached. We understand the personal folder and legal server data is still being processed and not included in these search results, so this number will rise.

As for your questions about personal folders, we confirm that we are proposing to search all folder titles that we believe may potentially relate to items described in the RFPs, including the items listed in my third sentence in the personal folders section. I am happy to talk about the spreadsheet when you are available. However, we are willing to load and search any additional folders that you think it is necessary to search, so if you have particular folders you think need to added, it may be easiest just to identify them (perhaps by highlighting them in the spreadsheet), and we'll go ahead and load and include them in our searches.

Caroline

**From:** Bob Rowan [mailto:rar@nixonvan.com]
**Sent:** Friday, May 13, 2016 10:34 AM
**To:** Lindsey, Caroline A.; Joe Presta; Michael D. Gaffney; Bobby Foster
**Cc:** Jimenez-Ekman, David; Martin, Craig C.
**Subject:** RE: Shuffle Tech -- Folder Structure Information

Dear Caroline-

We have no problem with the approach you propose regarding the Legal Servers.

However, we have some questions regarding the Personal Folders you propose to omit. The second and third sentences of your discussion of those personal folders are a little confusing to us. Can you confirm that that the list of subjects in your third sentence are what you loading and reviewing, not omitting. We also have trouble understanding why you propose to eliminate certain folders on your attached spreadsheet. Some eliminations are obvious, such as Eric Abbott's folders that relate to Pai Gow or collection litigation or legal forms, but the reasons for exclusion of other files, such as those of Mr. Isaacs, are not apparent to me from the file descriptions. Perhaps you and I should get on the phone and walk through your spreadsheet at your convenience. I'm tied up from noon until about 3:30 EDT today, but could be available for a couple of hours after that or any time on Monday except noon to 1:30 our time.

Thanks,
Bob

**From:** Lindsey, Caroline A. [mailto:CLindsey@jenner.com]
**Sent:** Tuesday, May 10, 2016 7:37 PM
**To:** Bob Rowan <rar@nixonvan.com>; Joe Presta <jsp@nixonvan.com>; Michael D. Gaffney <MDG@nixonvan.com>; Bobby Foster <RKF@nixonvan.com>
**Cc:** Jimenez-Ekman, David <DJimenez-Ekman@jenner.com>; Martin, Craig C. <CMartin@jenner.com>
**Subject:** Shuffle Tech -- Folder Structure Information

Dear Counsel:

We have reviewed the native folders listings for the four legal servers that you asked us to search and for the personal folders you asked us to search.

*Legal Servers*

There are 87,390 folders on the legal servers. In an attempt to reduce the volume of data to be loaded from the legal servers, we propose excluding:

- All folders that contain stored or restored user data for individual employees other than the 11 custodians you have previously identified, based on the folder names
- All folders relating to trademarks, which are not at issue in this case (and which will eliminate thousands of folders), based on the folder names
- All folders relating to litigation cases except for those identified in your document requests, based on the folder names
- All folders that are clearly personal in nature and not work-related, such as itunes data or "my pictures."

Even with these exclusions, we expect to have tens of thousands of folders to load and search. However, the folder structure on the legal servers is not such that we can easily identify which folders are most likely to contain responsive information, and we believe this large collection will be the most efficient way to proceed.

Please let us know if you have any objection to this plan.

*Personal Folders*

There are about 12,000 folders in the personal folders available so far. Attached is a list of personal folders for the custodians you identified that we propose <u>not</u> to load and search in our document collection process. We arrived at this list by identifying all folder titles that we believe may potentially relate to items described in the RFPs, such as folder titles relating to the names of the companies about which there are discovery requests; folder titles relating to card shufflers; folder titles relating to board meetings; folders relating to corporate acquisitions; folders relating to budgets and financial matters; sales forecasts; etc. In addition, to the extent that a folder title itself contained sensitive private information, such as revealing employment termination information about a specific employee, we have included that folder in our list of folders to load and evaluate for responsiveness, and will search and review it as appropriate (rather than being forced to deal with third-party confidentiality issues in the context of providing this list to you). This spreadsheet reflects data that we intend to omit from our searches of the personal folders for 6 of the 8 personal folder custodians you requested. We plan to search the personal folder data we have for Jennifer Farrar in its entirety. We have not yet received folder structure information for Attila Grauzer at this time; our vendor is confirming whether any is available.

Please note that this document has been designated as HIGHLY CONFIDENTIAL pursuant to the protective order. As previously discussed, this spreadsheet is produced under the agreement that producing it will not constitute a waiver of any immunity from discovery (including without limitation of the attorney-client or work product privilege) over any other documents or communication.

Thanks,
Caroline

---

**Caroline A. Lindsey**

**Jenner & Block LLP**
353 N. Clark Street, Chicago, IL 60654-3456 | jenner.com
+1 312 840 7410 | TEL
CLindsey@jenner.com

Download V-Card  |  View Biography

CONFIDENTIALITY WARNING: This email may contain privileged or confidential information and is for the sole use of the intended recipient(s). Any unauthorized use or disclosure of this communication is prohibited. If you believe that you have received this email in error, please notify the sender immediately and delete it from your system.

| Name | Documents with hits |
|---|---|
| (shuffl* OR "prototype" OR "machine" OR "device" OR "card" OR "table" OR "clump" OR "deck" OR "hands" OR "elevator" OR demo* OR "casino" OR Bally* OR *Master OR "CARD" OR "Vegas" OR "Atlantic City" OR "inequitable") AND ("Roblejo" OR "Conrad" OR "Gola" OR "Solberg" OR "Halvard" OR "Cahan" OR "Russo" OR "Casino Concepts" OR "Sure Shuffler") | 6,055 |
| (shuffl* OR "prototype" OR "machine" OR "device" OR "card" OR "table" OR "clump" OR "deck" OR "hands" OR "elevator" OR demo* OR "casino" OR Bally* OR *Master OR "CARD" OR "Vegas" OR "Atlantic City" OR "inequitable") AND ("Nicoletti" OR "Precision Automation" OR "Menaquale" OR "Card Management Security System" OR "CMSS") | 1,487 |
| (shuffl* OR "prototype" OR "machine" OR "device" OR "card" OR "table" OR "clump" OR "deck" OR "hands" OR "elevator" OR demo* OR "casino" OR Bally* OR *Master OR "CARD" OR "Vegas" OR "Atlantic City" OR "inequitable") AND ("Luciano" OR "Sierra" OR "SDG" OR "ACS") | 16,505 |
| "report on shuffler competition" OR ((expo* OR demo* OR "show" OR "'97" OR "1997" OR "congress" OR "G2E" OR "global" OR "world" ) AND ("Roblejo" OR "Conrad" OR "Gola" OR "Solberg" OR "Halvard" OR "Casino Concepts" OR "Sure Shuffler" OR "Casinos Austria" OR "CARD-Austria" OR "CARD LLC" OR "Morrill")) | 7,228 |
| infring* AND ("shuffler" OR "shuffling" OR "Sure Shuffler" OR "DigiShuffle" OR "Aplus" OR "A Plus Shuffler" OR "Random Ejection Shuffler" OR "PokerOne" OR "one2six" OR "Shuffle King" OR "Apex" OR "ProShuffler" OR "Quickdraw") | 16,712 |
| patent* w/5 ("Block" OR "6,361,044" OR "6361044" OR "044") AND NOT "commissioner of patents" | 1,719 |
| (shuffl*w/5 compet*) OR (shuffl* w/10 (elim* w/10 compet*)) OR (shuffl* w/10 (report* w/10 competition)) OR (shuffl* w/10 ("market" w/5 "share")) OR (shuffl* w/10 ("market" w/5 ("%" OR "percent" OR "per cent"))) | 17,534 |

| Documents with hits, including group | Unique hits | Estimated Size |
|---:|---:|---:|
| 23,413 | 1,670 | 24.08252907 |
| 6,253 | 249 | 11.69976521 |
| 67,640 | 12,491 | 54.82483101 |
| 41,197 | 1,776 | 33.52517319 |
| 68,282 | 13,301 | 35.22578335 |
| 5,800 | 1,135 | 4.494179726 |
| 60,303 | 15,467 | 28.10194206 |