353 NORTH CLARK STREET CHICAGO ILLINOIS 60654-3456                    J E N N E R & B L O C K LLP

May 26, 2016

Robert A. Rowan
Joseph S. Presta
Nixon & Vanderhye
901 North Glebe Road, 11th Floor
Arlington, VA 22203

David Jiménez-Ekman
Tel +1 312 923 2683
Fax +1 312 840 7683
djimenez-ekman@jenner.com

**Re: Shuffle Tech International LLC et al v. Scientific Games Corporation et al, Case No.
1:15-cv-03702**

Dear Counsel:

We have received your letter of May 26.

We respond as follows:

1.      *Defendants' Production of ESI Responsive to Your Existing Rule 34 Document Requests.*
        a.      We accept your proposal to apply your most recently proposed search terms
(attached as Exhibit A), to data that has been processed for the following custodians selected by
you: (1) email data from Abbott; Farrar; Grauzer; Helsen, Hinman, Isaacs, Levin, Lopez, Smith,
Snow, and Yoseloff; and (2) personal folder data for Abbott, Farrar, Grauzer, Helsen, Isaacs,
Mooberry, Snow, and Hinman; and the four shared folders that we have discussed: (1)
Lvfile/Board of Directors, (2)  Lvfile/Legal_SV, (3) Lfile/Legal_Counsel, and (4) Lvfile/Legal
Patent.
        b.      We accept your proposal to review only the resulting "hits" yielded under (a) for
(1) responsiveness to your existing Rule 34 document requests for production, as modified by
any subsequent objections and agreements and (2) for privilege.  We will also review the parent
of any "hits" for privilege.  As agreed, we will not be reviewing any documents in the family that
are not "hits" or parents of "hits."
        c.      We will entertain subsequent reasonable requests for "family" documents.  If
disagreements arise, we can file appropriate motions in compliance with the Federal Rules of
Civil Procedure.

2.      *Substantial Completion Date For Production Of ESI In Paragraph 1.*

        We will make a substantially complete production of the documents as indicated in
Paragraph 1 above by July 15, 2016.  This proposed date for substantial completion is, of course,

Robert A. Rowan
Joseph S. Presta
May 26, 2016
Page 2

based on our existing agreements as to the custodians, data sources, search terms and methodology identified above.

3.      *Law Firm Subpoenas / Requests.*

We continue to disagree that we have an obligation to undertake a production on behalf of the law firms. Nonetheless, to avoid a dispute and move forward, we make the following proposals:

a.      Mark Litman. Mr. Litman has represented that he no longer has any responsive documents.

b.      Trask Britt. To the extent that you believe that the Trask Britt collection we have received is inadequate,[1] we will immediately request from Trask Britt the full contents of all files to which Scientific Games or its subsidiaries are entitled. We propose to apply the same search and production methodology identified in Paragraph 1 to the ESI provided by Trask Britt and propose a substantial completion date for the production of Trask Britt documents currently in our possession that hit on the negotiated search terms of July 15, 2016, and a substantial completion date for any additional Trask Britt documents of two weeks after receiving them from Trask Britt. As we have had no prior discussions about search terms to apply to the ESI of outside counsel, to the extent you believe that applying the Paragraph 1 methodology to the Trask Britt ESI is not adequate, we are prepared to promptly confer on that issue.

c.      Kirkland & Ellis. We will immediately request from Kirkland the full contents of all files to which Scientific Games or its subsidiaries are entitled, and when we receive those files, we will apply the same search and production methodology identified in Paragraph 1 to the ESI provided by Kirkland. As we have had no prior discussions about search terms to apply to the ESI of outside counsel, to the extent you believe that applying the Paragraph 1 methodology to the Kirkland ESI is not adequate, we are prepared to promptly confer on that issue. We propose a 30 day substantially complete production time once we receive ESI from Kirkland.

---

[1] We understand that, in its collection for us, Trask Britt applied the search terms described in the attached Exhibit B to its full available email archives. In addition, Trask Britt provided full copies of all network drives relating to all of its shuffler prosecution matters and full copies of all of its docketing system's files relating to all of its shuffler prosecution matters. As indicated, we believe this collection is broad and likely to collect all documents requests by your subpoena to Trask Britt, and in fact substantially over-inclusive.

Robert A. Rowan
Joseph S. Presta
May 26, 2016
Page 3

      d.       Kilpatrick Townsend.  We will immediately request from Kilpatrick the full contents of all files to which Scientific Games or its subsidiaries are entitled, and when we receive those files, we will apply the same search and production methodology identified in Paragraph 1 to the ESI provide by Kilpatrick.  As we have had no prior discussions about search terms to apply to the ESI of outside counsel, to the extent you believe that applying the Paragraph 1 methodology to the Kilpatrick ESI is not adequate, we are prepared to promptly confer on that issue.  We propose a 30 day substantially complete production time once we receive ESI from Kilpatrick.

      e.       Winston & Strawn.  We will immediately request from Winston the full contents of all files to which Scientific Games or its subsidiaries are entitled, and when we receive those files, we will apply the same search and production methodology identified in Paragraph 1 to the ESI provided by Winston.  As we have had no prior discussions about search terms to apply to the ESI of outside counsel, to the extent you believe that applying the Paragraph 1 methodology to the Trask Britt ESI is not adequate, we are prepared to promptly confer on that issue.  We propose a 30 day substantially complete production time once we receive ESI from Winston.

We believe that resolves all issues outstanding.

Best personal regards.

Sincerely,

David Jimenez-Ekman

# Exhibit A

## Lindsey, Caroline A.

| | |
|---|---|
| **From:** | Bob Rowan [rar@nixonvan.com] |
| **Sent:** | Monday, May 16, 2016 2:06 PM |
| **To:** | Lindsey, Caroline A.; Jimenez-Ekman, David; Martin, Craig C. |
| **Cc:** | Michael D. Gaffney; Bobby Foster; Joe Presta; Todd M. Thompson; Lisa M. Thompson |
| **Subject:** | Search terms, etc. |
| **Attachments:** | Updated S002_Client ESI Terms.xlsx |

Caroline-

The attached updated spreadsheet contains our most recent modifications to the 3rd and 7th (using your spreadsheet order) searches. The 3rd search no longer includes "Automatic Card Shuffler" and the 7th search has been updated to include "shuffle* w/10" in all subgroups within that search (aside from the first subgroup which already includes shuffle* w/5 compet*). Both of these modifications should reduce the hits for those searches.

To make sure we are on the same page with terminology, can you confirm that "Documents with hits, including group" on your spreadsheet means email groups (emails plus attachments) containing one or more document hits, together with attachments, etc., that may or may not contain hits? If our understanding of the meaning of "Documents with hits, including group" is correct, we can stipulate that Defendants need not produce the non-hit documents in each group, with the understanding that we can request the "group" documents for a specific hit at a later point if we believe them to be relevant after our initial review of the "hits." That should significantly reduce the number of documents and GBs being produced. If this is acceptable, we may not need any further reductions for these 7 searches as the total docs being produced appears to be a manageable amount. Please let us know if you agree with this proposal.

Can you also confirm that and that "Unique hits" means documents that did not have hits from other search terms?

You may use the same revised search terms with the legal and personal folders. Can you also let us know how you are coming with respect to searching (and hit counts) in that regard? Assuming that your spread sheet columns and terminology will be the same as those used for the email, we can also stipulate to the above-proposed procedure with respect to "groups".

We are reviewing the titles of the personal folders you propose to delete from your searches and will advise you later today which of those we find questionable.

Finally, did you try our ESI vendor's suggestion with respect to our search terms 6-9 and the 450 character limitation that was giving your vendor problems?

Regards,
Bob

---

**From:** Lindsey, Caroline A. [mailto:CLindsey@jenner.com]
**Sent:** Friday, May 13, 2016 2:15 PM
**To:** Bob Rowan <rar@nixonvan.com>; Joe Presta <jsp@nixonvan.com>; Michael D. Gaffney <MDG@nixonvan.com>; Bobby Foster <RKF@nixonvan.com>
**Cc:** Jimenez-Ekman, David <DJimenez-Ekman@jenner.com>; Martin, Craig C. <CMartin@jenner.com>
**Subject:** RE: Shuffle Tech -- Folder Structure Information

Bob,

Thank you for providing revised search terms. Our ESI vendor has informed us that your proposed search terms 6 through 9 exceed the standalone term limit for our hosting platform (Relativity), which is 450 characters. To run the searches they would

need to be broken down into their component parts and run that way. For example search 6 would break down into 3,762 individual terms (see examples below) and would take hours to build. Given the time and expense of performing the searches this way we would ask you to modify terms 6 through 9 so that they can be run efficiently and we can provide results quickly.

Examples:
litigat* AND Casinos Austria AND Roblejo AND NOT commissioner of patents
litigat* AND CARD-Austria AND Roblejo AND NOT commissioner of patents
litigat* AND CARD LLC AND Roblejo AND NOT commissioner of patents

We have run the other 7 terms through the data we have processed to date and there are 188,397 results including family groups.  A more detailed breakdown is attached.  We understand the personal folder and legal server data is still being processed and not included in these search results, so this number will rise.

As for your questions about personal folders, we confirm that we are proposing to search all folder titles that we believe may potentially relate to items described in the RFPs, including the items listed in my third sentence in the personal folders section.  I am happy to talk about the spreadsheet when you are available.  However, we are willing to load and search any additional folders that you think it is necessary to search, so if you have particular folders you think need to added, it may be easiest just to identify them (perhaps by highlighting them in the spreadsheet), and we'll go ahead and load and include them in our searches.

Caroline

---

**From:** Bob Rowan [mailto:rar@nixonvan.com]
**Sent:** Friday, May 13, 2016 10:34 AM
**To:** Lindsey, Caroline A.; Joe Presta; Michael D. Gaffney; Bobby Foster
**Cc:** Jimenez-Ekman, David; Martin, Craig C.
**Subject:** RE: Shuffle Tech -- Folder Structure Information

Dear Caroline-

We have no problem with the approach you propose regarding the Legal Servers.

However, we have some questions regarding the Personal Folders you propose to omit.  The second and third sentences of your discussion of those personal folders are a little confusing to us.  Can you confirm that that the list of subjects in your third sentence are what you loading and reviewing, not omitting.  We also have trouble understanding why you propose to eliminate certain folders on your attached spreadsheet.  Some eliminations are obvious, such as Eric Abbott's folders that relate to Pai Gow or collection litigation or legal forms, but the reasons for exclusion of other files, such as those of Mr. Isaacs, are not apparent to me from the file descriptions.  Perhaps you and I should get on the phone and walk through your spreadsheet at your convenience.  I'm tied up from noon until about 3:30 EDT today, but could be available for a couple of hours after that or any time on Monday except noon to 1:30 our time.

Thanks,
Bob

---

**From:** Lindsey, Caroline A. [mailto:CLindsey@jenner.com]
**Sent:** Tuesday, May 10, 2016 7:37 PM
**To:** Bob Rowan <rar@nixonvan.com>; Joe Presta <jsp@nixonvan.com>; Michael D. Gaffney <MDG@nixonvan.com>; Bobby Foster <RKF@nixonvan.com>
**Cc:** Jimenez-Ekman, David <DJimenez-Ekman@jenner.com>; Martin, Craig C. <CMartin@jenner.com>
**Subject:** Shuffle Tech -- Folder Structure Information

Dear Counsel:

We have reviewed the native folders listings for the four legal servers that you asked us to search and for the personal folders you asked us to search.

*Legal Servers*

There are 87,390 folders on the legal servers. In an attempt to reduce the volume of data to be loaded from the legal servers, we propose excluding:

- All folders that contain stored or restored user data for individual employees other than the 11 custodians you have previously identified, based on the folder names
- All folders relating to trademarks, which are not at issue in this case (and which will eliminate thousands of folders), based on the folder names
- All folders relating to litigation cases except for those identified in your document requests, based on the folder names
- All folders that are clearly personal in nature and not work-related, such as itunes data or "my pictures."

Even with these exclusions, we expect to have tens of thousands of folders to load and search. However, the folder structure on the legal servers is not such that we can easily identify which folders are most likely to contain responsive information, and we believe this large collection will be the most efficient way to proceed.

Please let us know if you have any objection to this plan.

*Personal Folders*

There are about 12,000 folders in the personal folders available so far. Attached is a list of personal folders for the custodians you identified that we propose not to load and search in our document collection process. We arrived at this list by identifying all folder titles that we believe may potentially relate to items described in the RFPs, such as folder titles relating to the names of the companies about which there are discovery requests; folder titles relating to card shufflers; folder titles relating to board meetings; folders relating to corporate acquisitions; folders relating to budgets and financial matters; sales forecasts; etc. In addition, to the extent that a folder title itself contained sensitive private information, such as revealing employment termination information about a specific employee, we have included that folder in our list of folders to load and evaluate for responsiveness, and will search and review it as appropriate (rather than being forced to deal with third-party confidentiality issues in the context of providing this list to you). This spreadsheet reflects data that we intend to omit from our searches of the personal folders for 6 of the 8 personal folder custodians you requested. We plan to search the personal folder data we have for Jennifer Farrar in its entirety. We have not yet received folder structure information for Attila Grauzer at this time; our vendor is confirming whether any is available.

Please note that this document has been designated as HIGHLY CONFIDENTIAL pursuant to the protective order. As previously discussed, this spreadsheet is produced under the agreement that producing it will not constitute a waiver of any immunity from discovery (including without limitation of the attorney-client or work product privilege) over any other documents or communication.

Thanks,
Caroline

---

**Caroline A. Lindsey**

**Jenner & Block LLP**
353 N. Clark Street, Chicago, IL 60654-3456  |  jenner.com
+1 312 840 7410 | TEL
CLindsey@jenner.com

3

Download V-Card  |  View Biography

CONFIDENTIALITY WARNING: This email may contain privileged or confidential information and is for the sole use of the intended recipient(s). Any unauthorized use or disclosure of this communication is prohibited. If you believe that you have received this email in error, please notify the sender immediately and delete it from your system.

| Name | Documents with hits |
|---|---|
| (shuffl* OR "prototype" OR "machine" OR "device" OR "card" OR "table" OR "clump" OR "deck" OR "hands" OR "elevator" OR demo* OR "casino" OR Bally* OR *Master OR "CARD" OR "Vegas" OR "Atlantic City" OR "inequitable") AND ("Roblejo" OR "Conrad" OR "Gola" OR "Solberg" OR "Halvard" OR "Cahan" OR "Russo" OR "Casino Concepts" OR "Sure Shuffler") | 6,055 |
| (shuffl* OR "prototype" OR "machine" OR "device" OR "card" OR "table" OR "clump" OR "deck" OR "hands" OR "elevator" OR demo* OR "casino" OR Bally* OR *Master OR "CARD" OR "Vegas" OR "Atlantic City" OR "inequitable") AND ("Nicoletti" OR "Precision Automation" OR "Menaquale" OR "Card Management Security System" OR "CMSS") | 1,487 |
| (shuffl* OR "prototype" OR "machine" OR "device" OR "card" OR "table" OR "clump" OR "deck" OR "hands" OR "elevator" OR demo* OR "casino" OR Bally* OR *Master OR "CARD" OR "Vegas" OR "Atlantic City" OR "inequitable") AND ("Luciano" OR "Sierra" OR "SDG" OR "ACS") | 16,505 |
| "report on shuffler competition" OR ((expo* OR demo* OR "show" OR "'97" OR "1997" OR "congress" OR "G2E" OR "global" OR "world" ) AND ("Roblejo" OR "Conrad" OR "Gola" OR "Solberg" OR "Halvard" OR "Casino Concepts" OR "Sure Shuffler" OR "Casinos Austria" OR "CARD-Austria" OR "CARD LLC" OR "Morrill")) | 7,228 |
| infring* AND ("shuffler" OR "shuffling" OR "Sure Shuffler" OR "DigiShuffle" OR "Aplus" OR "A Plus Shuffler" OR "Random Ejection Shuffler" OR "PokerOne" OR "one2six" OR "Shuffle King" OR "Apex" OR "ProShuffler" OR "Quickdraw") | 16,712 |
| patent* w/5 ("Block" OR "6,361,044" OR "6361044" OR "044") AND NOT "commissioner of patents" | 1,719 |
| (shuffl*w/5 compet*) OR (shuffl* w/10 (elim* w/10 compet*)) OR (shuffl* w/10 (report* w/10 competition)) OR (shuffl* w/10 ("market" w/5 "share")) OR (shuffl* w/10 ("market" w/5 ("%" OR "percent" OR "per cent"))) | 17,534 |

| Documents with hits, including group | Unique hits | Estimated Size |
|---:|---:|---:|
| 23,413 | 1,670 | 24.08252907 |
| 6,253 | 249 | 11.69976521 |
| 67,640 | 12,491 | 54.82483101 |
| 41,197 | 1,776 | 33.52517319 |
| 68,282 | 13,301 | 35.22578335 |
| 5,800 | 1,135 | 4.494179726 |
| 60,303 | 15,467 | 28.10194206 |

# Exhibit B

**Search Terms for TB Email Search 3286-087 RE Subpoena**

**Search Syntax**

| |
|---|
| Use **(space)** between words to enact the **AND** option (word1 word2 word3) |
| Use **(OR)** between words to enact the **OR** option (word1 OR word2 OR word3) |
| Use **( ! )** before words to enact the **NOT** option (word1 !word2 !word3) |
| Use **("word phrase")** to search on phrases ("two words") |
| Use **( ? )** within words for a single unknown character (wo?d1) |
| Use **( * )** at the end of a word to match multiple unknown characters (wor*) |
| |
| The options indicated above can be used together in any order. Leave the search text blank if full text search is not required. |
| |
| **Please Note:** |
| **!** can only be used if the search starts with a term that has to be included. |
| **?** and **\*** can not be at the beginning of a search term |

All Searches were performed from 01 Feb 2006 through 03 March 2016, unless stated otherwise

| 982 Patent | Number of Emails | DVD / Notes |
|---|---|---|
| 6,651,982 | | |
| "982 Patent" | | |
| 6651982* OR "10/128,532" OR "10128532" OR "532 Application" | 617 | "TB Emails 1" |
| PA0949* OR 11078US* OR P11078US* OR "Deuce CIP" OR US6,651,982* OR US6651982* | | |

| 935 Patent | Number of Emails | DVD / Notes |
|---|---|---|
| 7,523,935* OR 7523935* OR US7,523,935* OR US7532935* OR "935 Patent" OR "10/686,164" OR "164 Application" OR 10686164 OR PA2674* OR 11078.1* OR P11078.1* OR "Deuce Divisional" | 539 | "TB Emails 1" |

| 191 Patent | Number of Emails | DVD / Notes |
|---|---|---|
| 7,413,191* OR 7413191* OR US7413191* OR US7,413,191* OR "191 Patent" OR "10/725,833" OR 10725833 OR "833 Application" OR PA2386* OR 10850.1* OR P10850.1* OR "Ace Card Reader" | 249 | "TB Emails 1" |

| 818 Patent | Number of Emails | DVD / Notes |
|---|---|---|
| 7,036,818* OR 7036818* OR US7,036,818* OR US7036818* OR "818 Patent" OR "10/261,166" OR 10261166 OR "166 Application" OR PA1570* OR 11129US* OR P11129US* OR "11129" | 385 | "TB Emails 1" |

| 973 Application | Number of Emails | DVD / Notes |
|---|---|---|
| "10/285,973" OR 10285973 OR "973 Application" OR PA0777* | 9 | "TB Emails 1" (No corresponding TB Matter) |

| 982 & 935 Patent Reexams | Number of Emails | DVD / Notes |
|---|---|---|
| RE0039* OR RE0040* OR "90/013,112" OR 90013112 OR "90/013,111" OR 90013111 OR "112 Reexam" OR "112 Reexamination" OR "111 Reexam" OR "111 Reexamination" | 231 | "TB Emails 1" |

| Transfer of Files from Litman (RFP 63) | Number of Emails | DVD / Notes |
|---|---|---|
| Litman AND transfer* (10/10/2010-2/15/2013) | 175 | "TB Emails 1" (All New Matter Forms dated 10/10/2011-2/15/2012) |
| Litman AND transfer* (12/14/2005-12/14/2007) | 9 | "TB Emails 1" (Except 8074US opened about 12/14/2006) |

| Roblejo Prototype | Number of Emails | DVD / Notes |
|---|---|---|
| Roblejo AND (prototype OR shuffl* OR device OR mechanism) | 401 | "TB Emails 2" |

| Block '044 Patent (6,361,044) | Number of Emails | DVD / Notes |
|---|---|---|
| 6,361,044* OR US6,361,044* OR 6361044* OR US6361044* OR "044 Patent" OR (block AND 044) | 254 | "TB Emails 2" |

| DigiDeal | Number of Emails | DVD / Notes |
|---|---|---|
| (Digideal OR "Digi Deal") AND (litigation OR lawsuit OR case OR suit OR action OR sue*) | 652 | "TB Emails 2" |

| Conception and Reduction to Practice | Number of Emails | DVD / Notes |
|---|---|---|
| (conception OR conceive* OR "reduction to practice" OR inventorship) AND (5,683,085* OR US5,683,085* OR 5683085* OR US5683085* OR "085 Patent" OR 5,944,310* OR US5,944,310* OR 5944310* OR US5944310* OR "310 Patent" OR 6,149,154* OR US6,149,154* OR 6149154* OR US6149154* OR "154 Patent" OR 6,588,750* OR US6,588,750* OR 6588750* OR US6588750* OR "750 Patent" OR 6,254,096* OR US6,254,096* OR 6254096* OR US6254096* OR "096 Patent" OR 6,588,751* OR US6,588,751* OR 6588751* OR US6588751* OR "751 Patent" OR 6,651,981* OR US6,651,981* OR 6651981* OR US6651981 OR "981 Patent" OR 7,036,818* OR US7,036,818 OR 7036818* OR US7036818* OR "818 Patent" OR 5,695,189* OR US5,695,189* OR 5695189* OR US5695189* OR "189 Patent" OR 6,068,258* OR US6,068,258* OR 6068258* OR US6068258* OR "258 Patent") | 205 | "TB Emails 2" (other than 982 and 935 patents, captured in searches above) |

| Decision to Cite CARD II NPL in '298 Patent | Number of Emails | DVD / Notes |
|---|---|---|
| (IDS OR "information disclosure statement" OR "cite" OR "disclose") AND (10373.4* OR P10373.4* OR PA4532* OR 14/275,719 OR 14275719) | 202 | "TB Emails 2" |

| Taiwan Fulgent Litigation | Number of Emails | DVD / Notes |
|---|---|---|
| "Taiwan Fulgent" AND (litigation OR lawsuit OR case OR suit OR action OR sue*) | 237 | "TB Emails 2" |

| Luciano Prototype | Number of Emails | DVD / Notes |
|---|---|---|
| Luciano AND (prototype OR shuffl* OR device OR mechanism) | 239 | "TB Emails 3" |

| Casino Concepts | Number of Emails | DVD / Notes |
|---|---|---|
| "Casino Concepts" | 36 | "TB Emails 3" |

| Luciano Packaging | Number of Emails | DVD / Notes |
|---|---|---|
| "Luciano Packaging" OR "Sierra Design" OR "Lawrence Luciano" OR "Larry Luciano" OR "Robert Luciano" OR "Rob Luciano" OR "Bob Luciano" OR "R. Luciano" OR "L. Luciano" | 43 | "TB Emails 3" |