## EXHIBIT 1 – CHRONOLOGY OF EVENTS

- October 12, 2015: The Court grants in part and denies in part Defendants' motion to dismiss. (Dkt. 48.)
- November 30, 2015: Joint status report and discovery plan, reporting disagreements on the treatment of ESI; reporting agreed proposed discovery deadlines (subject to the court's approval). (Dkt. 62.)
  - Agreed limits of 40 interrogatories; 75 requests for admission; 15 depositions (not including experts and 30(b)(6)) per side
  - Agreed privilege logging protocols
- December 8, 2015: Supplemental status report, reporting agreement on metadata and other e-discovery issues, and reporting a disagreement over the scope of discovery for pre-DigiDeal litigations. (Dkt. 64.)
  - Agreed limit of 10 custodians and 10 search terms for initial email requests; 10 search terms for noncustodial data sources
  - Agreed that data on backup tapes and long term storage media need not be provided
- December 14, 2015: The Court rules in Plaintiffs' favor on the scope of discovery for pre-DigiDeal litigations. (Dkt. 67.)
- December 18, 2015: Plaintiffs serve their first set of requests for production (121 requests).
- December 23, 2015: Plaintiffs serve their first set of interrogatories (six interrogatories).
- December 30, 2015: Plaintiffs issue a subpoena to Winston & Strawn.
- January 13, 2016: Winston & Strawn serves responses and objections to Plaintiffs' subpoena.
- January 14, 2016: Jenner & Block substitutes in as counsel of record for Defendants. (Dkt. 73.)
- January 14, 2016: The Court enters the parties' prior agreement on scheduling, as reported to the Court in the November 30, 2015 status report. The agreed fact discovery deadline is December 15, 2016. (Dkt. 73.)
- February 2, 2016: Defendants serve their responses and objections to Plaintiffs' first set of requests for production.
- February 5, 2016: Defendants serve their responses and objections to Plaintiffs' first set of interrogatories.
- February 18, 2016: Jenner & Block (David Jimenez-Ekman and Caroline Lindsey) has its first call with Plaintiffs' counsel (Robert Rowan and Joe Presta) regarding discovery issues.
- February 19, 2016: Plaintiffs issue subpoenas to four additional law firms: Kirkland & Ellis, Mark Litman and Associates, Kilpatrick Townsend, and Trask Britt.
- February 25, 2016: Defendants' counsel (David Jimenez-Ekman and Caroline Lindsey) have a call with Plaintiffs' counsel (Robert Rowan, Joe Presta, and Bobby Foster) regarding discovery issues. Defendants agree to supplement their responses to interrogatories 4 and 5; promptly produce document retention policies; and, in lieu of certain documents, promptly provide a letter identifying employees with potential information relating to card shuffler litigation and patent prosecution and other issues;

employees and consultants with involvement in Scientific Games' acquisition of Bally and Bally's acquisition of SHFL; and other issues.

- February 27, 2016:  In an email, Plaintiffs' counsel (Bob Rowan) summarizes certain points from the February 25, 2016 call and asks Jenner & Block to be involved in Winston & Strawn's subpoena response.  (Ex. 32.)
- March 1, 2016:  Jenner & Block (David Jimenez-Ekman) responds to Plaintiffs' February 27, 2016 email.  (Ex. 33.)
- March 2, 2016:  The Court holds a telephonic status hearing; sets a new status hearing for April 11, 2016; and directs the parties to file a status report in advance of that hearing.  (Dkt. 83.)
- March 2-3, 2016:  Defendants' counsel speaks to representatives of the four additional subpoenaed law firms, offering to provide assistance, including review and production of documents.
- March 4, 2016:  Trask Britt serves responses and objections to Plaintiffs' subpoena.
- March 4, 2016:  Kirkland & Ellis serves responses and objections to Plaintiffs' subpoena.
- March 8, 2016: Plaintiffs' counsel (Bob Rowan) writes to Winston & Strawn (Kimball Anderson) about the subpoena to Winston & Strawn, offering to narrow certain requests. (Ex. 35.)
- March 10, 2016:  Kimball Anderson (Winston) writes to Plaintiffs indicating his willingness to meet and confer.  (Ex. 34.)
- March 14, 2016:  Kimball Anderson (Winston) and Bob Rowan (Plaintiffs) hold a meet and confer call.
- March 14, 2016:  Defendants produce document retention policies to Plaintiffs.
- March 15, 2016:  Bob Rowan (for Plaintiffs) writes to Kimball Anderson (Winston) agreeing to narrow certain subpoena requests.  (Ex. 35.)
- March 15, 2016:  Kilpatrick Townsend (Jason Wenker) speaks to Joe Presta (counsel for Plaintiffs).  Plaintiffs agree that Kilpatrick will produce non-privileged documents from physical files, and that Plaintiffs will withdraw their subpoena so that Kilpatrick does not have to serve written objections.
- March 17, 2016:  Defendants serve their supplemental responses and objections to interrogatories 4 and 5.
- March 21, 2016:  Mark Litman (with assistance from Jenner & Block) serves responses and objections to Plaintiffs' subpoena.
- March 23, 2016:  Defendants serve their responses and objections to Plaintiffs' second set of requests for production.
- March 29, 2016:  Kimball Anderson (Winston) responds to Bob Rowan's proposal regarding narrowing the scope of Winston's subpoena response, explaining that based on the narrowed requests, no responsive, nonprivileged documents exist, other than documents that were previously produced to DigiDeal or are already available from DigiDeal.  (Ex. 36.)
- April 1, 2016:  Kilpatrick Townsend makes the agreed document production to Plaintiffs consisting of approximately 200 documents.
- April 8, 2016:  Joint status report in which Plaintiffs request that the Court assist with (1) the timing of Defendants' decision about whether to present an advice of counsel defense; (2) the start and finish dates for Defendants' document production; and (3)

Defendants' responsibility for producing documents in their attorneys' possession.  (Dkt. 84.)

- April 11, 2016:  Status hearing.  The Court orders the parties to make disclosures relying on the advice of counsel by May 23, 2016 and sets a date for a status report with proposed document production deadlines of May 3, 2016.  (Dkt. 85.)
- April 15, 2016:  Defendants provide Plaintiffs a 58-page letter making particular disclosures in full satisfaction of Plaintiffs' requests for production 66-69, 108, 111-114, and 117-118, as agreed by the parties.
- April 22, 2016:  Defendants make a second production of documents.
- April 26, 2016:  After more than two months' effort, which ultimately results in the collection of four terabytes of information, Defendants provide a detailed spreadsheet to Plaintiffs reflecting the current status of ESI document collection, and available data sources and custodians.  (Ex. 2.)
- April 27, 2017:  The parties hold a meet and confer call to discuss data sources, custodians, and search terms.
- May 2, 2016:  Defendants make a third production of documents.
- May 3, 2016:  Joint status report reporting disagreement on (1) the finish date for Defendants' document production; and (2) Defendants' responsibility for producing documents in their attorneys' possession.  (Dkt. 87.)
- May 3, 2016:  Plaintiffs propose search terms for the first time.  (Ex. 3.)
- May 6, 2016:  The parties hold a call to discuss discovery issues, and make two non-waiver agreements relating to the production of documents, in order to facilitate document discovery.
- May 6, 2016:  Defendants provide a search term breakdown to Plaintiffs, showing the number of hits (567,789 with family) Plaintiffs' proposed searches generate by search to permit Plaintiffs to narrow their searches.  (Ex. 37.)
- May 6, 2016:  Supplement to joint status report, reporting additional work to confer on a substantial completion date for Defendants' document production.  (Dkt. 88.)
- May 8, 2016:  The Court vacates the May 10 status hearing and resets it for May 24 to permit more time for the parties to confer.  (Dkt. 89.)
- May 13, 2016:  Plaintiffs provide revised search terms.  (Ex. 4.)
- May 16, 2016:  Defendants provide Plaintiffs a search term breakdown, showing the number of hits (195,104 with family) Plaintiffs' revised proposed searches generate by search to permit Plaintiffs to narrow their searches.  (Ex. 38.)
- May 16, 2016:  Plaintiffs provide slightly revised search terms and a proposal that Defendants review only "hits" rather than entire families of documents hitting on search terms.  (Ex. 6.)
- May 17, 2016:  Defendants provide search results.  (Ex. 39.)
- May 19, 2016:  Defendants accept Plaintiffs' proposed search terms, subject to certain conditions regarding the treatment of family members.  (Ex. 7.)
- May 20, 2016:  Plaintiffs indicate that they "withdraw [their] proposal and insist that [Defendants] proceed as originally contemplated with concurrent production of 'hits' and 'families.'"  (Ex. 40.)
- May 20, 2016:  Defendants respond, explaining that the conditions are designed "to ensure that [Defendants] were not placed into a position where [Defendants] agreed to a

broader search on the understanding that only hits and not families would be produced, and then were required to later review all of the families because there are no restrictions on [Plaintiffs'] later right to request them." (Ex. 41.)

- May 20, 2016: Plaintiffs respond to Defendants' email, but agree to accept only part of one of Defendants' conditions, and refuse to accept any limitation on their ability to later demand the review of all of the remaining family documents. (Ex. 42.)
- May 20, 2016: The parties submit an updated joint status report regarding the substantial completion date for Defendants' document production. (Dkt. 90.)
- May 23, 2016: Defendants report that they intend to invoke the attorney-client privilege and attorney work product privilege, and not to rely on an advice of counsel defense. (Dkt. 91.)
- May 24, 2016: Status hearing. The Court indicates that the Court will resolve discovery disputes on the record and sets a motion to compel schedule (Dkt. 90.)
- May 25, 2016: Defendants send a comprehensive document review proposal to Plaintiffs, designed to address all outstanding issues between the parties, and asks for a conference, indicating availability almost any time on Thursday or Friday. (Ex. 9.)
- May 26, 2016: Plaintiffs respond, indicate they disagree with Defendants' proposal, and do not make a counter offer. (Ex. 10.) Plaintiffs do not agree to have a conference.
- May 26, 2016: Within four hours of Plaintiffs' response, Defendants respond to Plaintiffs' letter with another letter, making another offer designed to address all outstanding issues between the parties, and again ask to confer by telephone. (Ex. 11.)
- May 27, 2016 (2:20 p.m.): Plaintiffs write to Defendants, again indicating they disagree with Defendants' proposal, and requesting several new conditions never previously requested, such as interim production deadlines, and proposals relating to the review of outside counsel documents. (Ex. 12.)
- May 27, 2016 (4:23 p.m.): Defendants respond to Plaintiffs' letter, making additional commitments regarding discovery. (Ex. 13.)
- May 27, 2016 (4:40 p.m.): Bob Rowan responds to Defendants' proposal, indicating "a muddled response, at best. Did not address one of my issues, turnaround time on follow up family requests. I'm not seeing a good way to conclude this in a hurry." (Ex. 26.)
- May 27, 2016 (4:52 p.m.): David Jimenez-Ekman responds to Bob Rowan's email, stating Defendants are "happy to get on the phone right now and address any muddle to be followed up by a confirming email" and committing that, as plaintiffs have committed to making reasonable follow up requests for family members, Defendants will produce family members within a reasonable time after the requests. (Ex. 27.)
- May 27, 2016 (6:19 p.m.): Plaintiffs indicate that they will be filing their motion to compel. Plaintiffs state the "all lines of communication remain open and we will continue good faith efforts to resolve all outstanding issues." (Ex. 15.)
- May 29, 2016: Plaintiffs send Defendant another letter, raising various issues not raised in the motion to compel, including an interim production deadline and proposals relating to the review of outside counsel documents. Plaintiffs do not offer any narrowing from their previous new demands raised in their May 27 letter. (Ex. 16.)