# EXHIBIT 5

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

|  |  |
|---|---|
| SHUFFLE TECH INTERNATIONAL, LLC, *et al* <br><br> Plaintiffs, <br><br> v. <br><br> SCIENTIFIC GAMES CORPORATION, *et al* <br><br> Defendants. | Civil Action No. 1:15-cv-3702 <br><br> Honorable Matthew F. Kennelly |

**JOINT SUPPLEMENT TO MAY 3, 2016 STATUS REPORT**

In their May 3, 2016 Joint Status Report, the parties indicated that they would supplement their joint status report with a short report on any additional available information regarding their attempts to agree on an estimated substantial completion date for their document production.

I.       **Plaintiffs' Position**:

Defendants' supplemental report below addresses their initial response to Plaintiffs' initial search terms.  Plaintiffs have not yet had a chance to respond to Defendants' chart showing the number of hits generated by Plaintiffs' initial search terms.  As Defendants correctly note below, "Plaintiffs are willing to work to narrow the universe of documents requiring review."  The volume of documents noted by Defendants will significantly decrease with the next iteration of search terms.

Plaintiffs have no objection to a further conference in two weeks.  However, they do not believe that this changes the need for Tuesday's conference or the need to establish a document production completion date at that time, which Plaintiffs' still believe can be accomplished by the first week of July.  Defendants' statement that it would take one lawyer 6 years to complete review of the currently located documents can obviously be drastically

reduced by properly staffing the case and by the ongoing narrowing of search terms. In addition, the parties still need the Court's assistance in resolving their dispute, hopefully on Tuesday, with respect Defendants' "control" over their attorneys' and former attorney's documents.

II.     **<u>Defendants' Position</u>**:

Defendants have continued to work diligently to determine the scope of documents that will be reviewed and a resulting reasonable substantial completion date. However, the parties still have more work to do together, and Defendants believe that it would be useful to set an additional status in approximately two weeks for the parties to either report an agreement or an impasse.

Defendants have now collected and are processing over *four terabytes* of data. Defendants' in-house counsel and IT staff believe they have now conducted a reasonable search to collect, and shipped to the vendor for processing, currently-identified sources of electronic data that may contain documents responsive to Defendants' requests for production. The electronic data includes (1) email data, (2) personal online folder data, and (3) server data. For email data, Defendants have processed and are able to search substantial email data for eight of the eleven email custodians requested by Plaintiffs, and are in the process of loading additional email data. As for personal online folder data and server data, Defendants are in the process of providing Plaintiffs a list of available folder information (comprising thousands of folder names), and have asked Plaintiffs to provide their views as to which folders should be loaded for searching and review.

As previously reported, on May 3, 2016, Plaintiffs provided Defendants an initial set of proposed search terms. Defendants have applied those search terms against the email

2

data sources that have been loaded (substantial email data for eight of the eleven selected custodians).  So far, the application of Plaintiffs' proposed terms to the data sources has resulted in more than **567,000 hits** (including document families) representing more than **258 GB** of data.  The final number will be higher, given that certain data remains to be processed.  Based on the first-level review pace to date, this volume of data would represent more than **12,500 attorney-hours of review time** to complete only a first-level review (not including time for additional review and redaction of potentially-privileged documents, quality control, and other substantial review tasks).  It will not surprise the Court to hear that Defendants believe a review of this scope (or larger, given that more documents are being loaded)—representing approximately six attorney-years of time, with an attendant expense—is not reasonable.

Consequently, Defendants believe the parties can benefit from additional time to attempt to reach agreement (or impasse) on the scope of the review.  Counsel for the parties conferred by telephone today, May 6, 2016, and Defendants understand that Plaintiffs are willing to work to narrow the universe of documents requiring review.  To that end, today Defendants sent to Plaintiffs a chart showing the number of hits that each search term generated (so far) on a custodian-by-custodian basis, and Defendants understand Plaintiffs will review those terms and propose narrowing changes.  However, that process will take some additional time, as Plaintiffs need time to analyze the information provided and, given the massive volume of data being searched, it can take Defendants' vendor a day or longer to apply a new set of search terms to the gathered data.  Once those search terms are applied and Defendants provide the new list of hits to Plaintiffs, Plaintiffs will again need to analyze the results and provide new search terms,

Case: 1:15-cv-03702 Document #: 83 Filed: 05/06/16 Page 4 of 5 PageID #:708

and the process will continue to iterate until the parties have either reached agreement or determined that they cannot agree. Therefore, Defendants suggest that the Court give the parties approximately two weeks to continue to work to reach agreement or impasse on the scope of the review, which will in turn drive the date by which Defendants can agree to make a substantially complete production.

Dated: May 6, 2016

Respectfully submitted,

By: */s/ Robert A. Rowan*

By: */s/ David Jimenez-Ekman*

One of the Attorneys for Plaintiff

One of the Attorneys for Defendant

Robert A. Rowan (*pro hac vice*)
rar@nixonvan.com
Joseph S. Presta (pro hac vice)
jsp@nixonvan.com
NIXON & VANDERHYE P.C.
901 North Glebe Rd.
Arlington, Virginia 22203
Phone: 703-816-4000
Fax:    703-816-4100

Jonathan Hill (IBN 6256939)
jhill@freeborn.com
Jeffery Cross
David Ter Molen
FREEBORN & PETERS LLP
311 South Wacker Drive, #3000
Chicago, IL 60606
Phone: 312-360-6643
Fax:    312-360-6520

*Attorneys for Plaintiffs*
*Shuffle Tech International, LLC,*
*Aces Up GAMING, INC., and*
*Poydras-TALRICK HOLDINGS LLC*

Craig C. Martin
David Jimenez-Ekman
Timothy J. Barron
Sara T. Horton
JENNER & BLOCK LLP
353 N. Clark Street
Chicago, IL 60654-3456
Tel: 312.222.9350
Fax: 312.527.0484
cmartin@jenner.com
djimenez-ekman@jenner.com
tbarron@jenner.com
shorton@jenner.com

*Attorney for Defendants Scientific*
*Games Corporation, Bally Technologies,*
*Inc., and Bally Gaming, Inc.*