# EXHIBIT 10

# Nixon & Vanderhye P.C.

ATTORNEYS AT LAW

11TH FLOOR
901 NORTH GLEBE ROAD
ARLINGTON, VIRGINIA 22203-1808
UNITED STATES OF AMERICA

May 26, 2016

TELEPHONE: (703) 816-4000
FACSIMILE: (703) 816-4100
WRITER'S DIRECT DIAL NUMBER:
**(703) 816-4007**
**E-MAIL: RAR@NIXONVAN.COM**

<u>VIA E-MAIL</u>

Mr. David Jiménez-Ekman
**JENNER & BLOCK LLP**
353 North Clark Street
Chicago, Illinois 60654-3456

*Subject:*     *Shuffle Tech International LLC et al v. Scientific Games Corporation et al*
           *Case No. 1:15-cv-03702*
           *Our Ref: 6176-2*

Dear David:

We are in receipt of your May 25 letter containing your "proposal as an *indivisible* 'package' compromise," which we can only interpret as an 'all-or-nothing' offer and decline to accept. Your proposed "compromise" imposes unreasonable conditions outside the rules and is inconsistent with your clients' clear duties to respond to Plaintiffs' document requests under Fed. R. Civ. P. 34. Accordingly, we see no point in further negotiation of endless and extremely complicated "solutions," and will press forward with a motion to compel pursuant to Judge Kennelly's 5/24 very clear Minute Order [Dkt. # 92].

Plaintiffs' motion to compel, among other things, will seek the documents to which they are clearly entitled under Rule 34. This includes all responsive, non-privileged documents in the possession, custody or control of Defendants and Defendants' outside counsel, as well as a log identifying all documents withheld from production on the basis of privilege per the parties' November 30, 2015 Joint Status Report and Discovery Plan. The motion will also seek all family documents associated with any "hits" resulting from the search terms that have been provided to Defendants (and significantly narrowed over the last several weeks). Plaintiffs are very clearly entitled these documents by law, as more fully discussed in Plaintiffs' Motion to Compel.

One reason for Plaintiffs' rejection of Defendants' "indivisible package," is your continuing denial of Defendants' obligation to produce (or log as privileged) responsive documents within their control, including all responsive documents held by their outside counsel. The Northern District's recent decision in *Boyd* could not be clearer in rejecting your client's position. As Magistrate Judge Cox made explicitly clear, *Hobley* does not hold to the contrary. Defendants' position that "almost all of these documents will be covered by the attorney-client privilege and/or work product doctrine or be in the court or prosecution file" lacks credibility. Surely these files contain, at a minimum, some non-privileged, non-public documents, such as unfiled deposition transcripts, produced documents, correspondence between opposing counsel,

2625639

Mr. David Jiménez-Ekman
**JENNER & BLOCK LLP**
May 26, 2016
Page 2

correspondence with third parties, etc. Plaintiffs are entitled to production of these non-privileged responsive documents under Rule 34 and controlling case law.

We reject your proposal to search for responsive Trask Britt documents using undisclosed "search parameters designed by Trask Britt" for Rule 45 purposes because Defendants are required to search for responsive documents under their control at Trask Britt pursuant to Plaintiffs' Rule 34 requests. We also reject Defendants' proposed additional 60 day review time following further meet and confer regarding the documents in the possession of Defendants' counsel as an unwarranted extension of time for Defendants to produce documents under the pending Rule 34 requests initially served on 12/18/05. We further reject Defendants' proposal to search their outside counsels' ESI using the same search terms and methodology described in paragraph 1 of your letter, since those terms and methodology were not designed for that purpose and the parties have clearly failed to reach agreement on a "family document" compromise, among other things. We also disagree with your notion that our search terms must necessarily coincide with the Rule 34 Requests served months ago. We have repeatedly advised you that, to the extent you unilaterally decide that a search term hit is outside the scope an earlier request, you should treat it as a new request and respond accordingly, rather than unilaterally disregard or delete such hits. These objections are equally applicable to your Kirkland and Kilpatrick proposals.

With regard to the attorney documents, and particularly the Winston & Strawn documents, we disagree that Defendants can avoid their duty to produce responsive materials under Rule 34 by using the outstanding Rule 45 subpoena to W&S as a shield or simply relying on the subpoenaed entities' representations without your own review of the documents pursuant to your unequivocal Rule 34 obligations, particularly in light of that firms' cavalier attitude towards discovery obligations in the just concluded *DigiDeal* case. Winston and Strawn has refused to produce any documents to Plaintiffs under the Rule 45 subpoena. That is simply not credible and Winston's indefensible position in that regard makes it all the more imperative that your firm fulfill its duty to review and produce (or log as withheld as privileged) all documents and things in the possession of Winston & Strawn that are responsive to the outstanding Rule 34 requests to Defendants.

We also disagree with Defendants' proposed August 15 date for the production of ESI "hits" (including ESI of Trask Britt). At that rate, with follow-up requests for attachments etc., which your letter completely ignores, the process would not be completed until Thanksgiving. We believe that Defendants have had ample opportunity to substantially complete their production by early July, and that any delays that have made that date difficult for Defendants is entirely of their own doing.

As I mentioned to you with respect to Caroline's 5 "conditions" on our right to receive "family" documents in response to our good faith proposal to accept delayed production of those family members until we determined they were necessary, it is not helpful to send us entirely unreasonable demands, such as Caroline's email and your letter of last night, then say, after the fact, that it was just a starting point for negotiation. I do not see the meet and confer process as comparable to haggling over an oriental rug. There simply isn't time for unreasonable demands, followed by "I didn't really mean it." If you want us to seriously consider your proposals, you have to make serious proposals.

2625639

Mr. David Jiménez-Ekman
**JENNER & BLOCK LLP**
May 26, 2016
Page 3

It is clear that our multiple attempts to meet and confer on document discovery have done nothing to advance Defendants' document production and have only further frustrated Plaintiffs' good faith attempts to move discovery at a pace in keeping with the Court-ordered discovery schedule. Defendants therefore intend to move to compel production in accordance with Judge Kennelly's most recent Order. Plaintiffs believe the parties have met their meet and confer obligations under LR 37.2, many times over, and/or that any further obligations have been mooted by the Court's oral and written directives to file motions to compel by tomorrow. In any event there are far too many issues outstanding to possibly resolve by tomorrow and we have a court-ordered deadline we intend to meet.

Nevertheless, I am certainly willing to continue talking prior to the hearing if you really think we can reach acceptable solutions to what looks to me to be multiple impasses. As I mentioned on the phone I am traveling to Ottawa tomorrow and will be in Toronto next week, but I will be connected by email and cell (571-214-6642). The best time for me to have an extended discussion would be Monday as I will be in meetings most of the day Tuesday. I think the most productive approach might be for you to let me know by email where you stand on the issues we raised and what changes you propose in advance of any phone call as I will be on my cell. It would also be best if you propose a time to confer in advance so I can have someone in the office on the line as well.

Very truly yours,

**NIXON & VANDERHYE P.C.**

By: _____

Robert A. Rowan

RAR:cg
Attachment

2625639