# EXHIBIT 13

353 NORTH CLARK STREET CHICAGO ILLINOIS 60654-3456

# JENNER&BLOCK LLP

David Jiménez-Ekman
Tel +1 312 923 2683
Fax +1 312 840 7683
djimenez-ekman@jenner.com

May 27, 2016

Robert A. Rowan
Joseph S. Presta
Nixon & Vanderhye
901 North Glebe Road, 11th Floor
Arlington, VA 22203

**Re: Shuffle Tech International LLC et al v. Scientific Games Corporation et al, Case No. 1:15-cv-03702**

Dear Bob:

Thanks for your May 27, 2016 letter. As you know, we continue to disagree with your positions,[1] and reserve all of our rights. We note that many of your current positions greatly exceed the agreements reached in the status report attached to your letter, and will result in a very significant burden on our clients.

Your letter contains a number of new demands that have not been previously discussed or raised. Here are our responses:

1. In response to your new demand that we produce 50% of the ESI described in our letter by June 20, 2016, we offer a rolling production of documents as soon as reasonably practicable.

2. In response to your question and demand regarding Mr. Litman, to the extent that they still exist, Mr. Litman's returned paper documents are among the paper documents we have been reviewing and producing to you on a rolling basis over the past months.

3. In response to your new demand that physical (i.e., non-ESI) files from outside counsel be produced without applying an ESI filter, we agree that the entire content of those physical files

---

[1] Among other things, Defendants disagree that they have been untimely in providing a substantial completion date for our document production. Plaintiffs agreed to a procedure by which regular document requests do not apply to email and Plaintiffs did not provide Defendants with an initial email search proposal until May 3, or a final email search proposal until May 16. (Dkt. 64 at 2 and LPR ESI 2.6.) The parties have discussed Defendants' position that the agreement reflected at Dkt. 64 likewise applies to all other ESI ("noncustodial data sources," *id.*). Plaintiffs have agreed that Defendants may also apply search terms to their noncustodial data sources, and those search terms were likewise not provided until May 16. Defendants provided a substantial completion date for email on May 26 – 10 days after the final search term request.

Robert A. Rowan
Joseph S. Presta
May 27, 2016
Page 2


will be reviewed for responsiveness to the document requests but not also filtered through an ESI filter.

4. In response to your new demand that all non-privileged raw "hits" from the ESI files of outside counsel be produced without a responsiveness review, it has no legal basis or support in the status report you reference, and we do not agree to that. We note that all of these documents must be reviewed for privilege and work product immunity, so a responsiveness review will not add any additional delay.

5. In response to your new demand of short production deadlines for the outside law firms, we note that you have not taken action with respect to any of the firms since March 2016, and that a good faith dispute has been teed up on the status reports since April 8, 2016 about our obligations with respect to those firms. Consequently, we are not able to agree to the deadlines you propose, but make the following proposals:

      a.     Trask Britt. We offer to make a substantially complete production of the responsive, non-privileged ESI we have in our possession, as described in my prior letters, by July 1, 2016. To the extent we receive additional ESI from Trask Britt in response to a request for our client's file, we offer to make a substantially complete production of the additional responsive, non-privileged ESI within 30 days of receipt.

      b.     Kirkland & Ellis, Kilpatrick, and Winston & Strawn. As we have noted, we offered to make an immediate request for our clients' files from these firms, and remain willing to do so. We are not in control of how long it will take those firms to comply with our request. Consequently, we are not able to agree to the deadlines you propose. However, we are willing to reduce the time we proposed for production from receipt of those files, to 45 days for a substantially complete production of responsive, non-privileged documents.

      c.     Sidley & Austin. This is the first mention of your position as it relates to Sidley. CARD was not a Scientific Games entity at the time of the CARD litigation; it was a litigation counterparty. Defendants are already reviewing for production their own documents relating to the CARD litigation. Presumably, all non-privileged documents from that litigation will be equally available in the Shuffle Master files. Nonetheless, to the extent that Sidley has files of our clients, we are willing to also make a request for those files, and offer to make a substantially complete production of responsive, non-privileged, documents within 45 days of receipt pursuant to the Paragraph 1 protocol in yesterday's letter.

We repeat our offer to discuss these issues with you or any member of your team this afternoon.

Best personal regards.

Sincerely,

David Jimenez-Ekman