# EXHIBIT 16

# Nixon & Vanderhye P.C.

ATTORNEYS AT LAW

11TH FLOOR
901 NORTH GLEBE ROAD
ARLINGTON, VIRGINIA 22203-1808
UNITED STATES OF AMERICA

May 29, 2016

TELEPHONE: (703) 816-4000
FACSIMILE: (703) 816-4100
WRITER'S DIRECT DIAL NUMBER:
**(703) 816-4007**
E-MAIL: RAR@NIXONVAN.COM

**VIA E-MAIL**

Mr. David Jiménez-Ekman
**JENNER & BLOCK LLP**
353 North Clark Street
Chicago, Illinois 60654-3456

*Subject:*     *Shuffle Tech International LLC et al v. Scientific Games Corporation et al*
         *Case No. 1:15-cv-03702*
         *Our Ref: 6176-2*

Dear David:

We are in receipt of your May 27 letter containing Defendants' revised discovery proposals. Due to the remaining impasse on a number of issues, Plaintiffs felt we had no choice but to file our motion to compel. Nevertheless, we are still hopeful that the parties will be able to resolve all outstanding issues prior to Thursday's hearing.

Plaintiffs' requirement that Defendants produce 50% of their ESI documents by June 20, 2016 seeks to prevent further delays in discovery. As Judge Kennelly stated at the April 11, 2016 discovery status hearing, the parties "need to have some sort of a deadline for whatever is on the table right now that will allow people to get what they need in hand to be able to take the depositions and get those done before the discovery cutoff date." Although Defendants have agreed on a July 15 substantial completion date, and now offered to produce documents on a rolling basis (with no rolling timeline), that simply hasn't happened so far. As we have noted repeatedly, Defendants have only produced 7,500 documents in the more than 5 months since Plaintiffs' first set of RFPs were served and not a single document since May 2. Accordingly, we must require that Defendants produce at least half of their ESI documents by June 20. Not doing so would prejudicially delay Plaintiffs' ability to review Defendants' ESI (and other documents which have been due for months), ability to potentially seek additional discovery, particularly with respect to email attachments and the like, and timely prepare for timely depositions. Defendants represented that all ESI documents have already been processed and all searches conducted. The only task remaining is to review the documents for privilege and confidentiality. Responsiveness is irrelevant to the process. As your own letter acknowledges, the RFPs are irrelevant to the email discovery which is self-defining based on search terms. Moreover, even if the RFPs were relevant to the emails, we have repeatedly advised you to treat them as new RFPs thereby mooting any need to compare the results to the original RFPs, which only creates further, totally unnecessary delay. Finally, any irrelevant hit documents will do Plaintiffs no good and cause Defendants no harm as they will have been screened for privilege and confidentiality and, further, the parties' agreed upon very liberal claw back provisions that

2625857

Mr. David Jiménez-Ekman
**JENNER & BLOCK LLP**
May 29, 2016
Page 2

can readily cure any mishaps in those regards. July 15 is two months after search terms were finalized so a commitment to produce 50% of the documents by June 20 is imminently reasonable.

Your position on Mr. Litman's documents is equally problematic. Although Defendants provided box descriptions in their April 22, 2016 letter regarding the paper documents that were being reviewed and produced, Mr. Litman's name does not appear in any of those descriptions. Since Defendants failed to identify any custodians for those documents, Plaintiffs are unable to determine which documents may have come from those that Mr. Litman indicated he returned to Shuffle Master in 2011. Furthermore, a basic search for "Litman" in the 657 documents that Defendants produced only results in 12 "hits" and the majority of those "hits" are patents. It is inconceivable that all of the non-privileged documents responsive to Plaintiff's Rule 34 requests from Mr. Litman's decade of patent prosecution of card shufflers for Shuffle Master and involvement in multiple Shuffle Master card shuffler litigations would produce 12 "hits" for a search for "Litman". Thus, Defendants' representation that Mr. Litman's returned paper documents were already reviewed and produced appears to be false. What Mr. Litman knew and when he knew it is directly relevant to Plaintiffs' *Walker Process* fraud claim. Moreover, Rule 34 requires Defendants to produce documents "as they are kept in the usual course of business or … organize and label them to correspond to the categories in the request" and the parties' own December 8, 2015 Standard Delivery Specifications require that custodians be identified. Plaintiffs need to have Mr. Litman's documents identified as such and produced as soon as possible. Two weeks should be more than sufficient to complete that task, particularly considering that it should have commenced long ago and you have indicated that those documents have already been reviewed.

Plaintiffs' requirement that Defendants produce all non-privileged raw "hits" from the ESI files of their outside counsel seeks to avoid an improper "triple-filtering" of those documents. Application of the search term methodology to those files was your idea. We agreed solely to expedite the process. Now you want to essentially triple screen those law firm documents through the search terms, the Rule 45 subpoenas and the Rule 34 requests. Under *Boyd* and our Discovery Plan, only Rule 34 is appropriate. Either give us all the documents we asked for or the raw hits. You cannot have it both ways. There is absolutely no reason for Rule 34/45 post search term responsiveness reviews, especially when *Boyd* is clear that those documents are under the control of Defendants' and subject to Plaintiffs' Rule 34 requests without the need for a Rule 45 subpoena at all. Finally, no post-search responsiveness review is contemplated by the parties' Discovery Plan and is totally unnecessary for the additional reasons explained above regarding irrelevance, privilege and confidentiality.

Defendants have known the controlling law and that there is no "good faith dispute" on their client's control of their attorneys' documents since at least the filing of the parties' May 3, 2016 Joint Status Report. Accordingly, we were not required to take further action on the Rule 45 subpoenas to obtain documents already covered by our Rule 34 requests. Defendants' continued insistence on ignoring the law on this subject and consequent document production delays are one of the main reasons for Plaintiffs' Motion to Compel. The production deadlines required by Plaintiffs are an attempt to prevent further unnecessary delay of our review of your documents and our preparation for depositions. Nevertheless, in a final attempt to resolve the

Mr. David Jiménez-Ekman
**JENNER & BLOCK LLP**
May 29, 2016
Page 3

remaining disputes without the need for Thursday's hearing in Chicago, Plaintiffs are willing to modify the following deadlines:

- All files from Trask Britt – June 10, 2016
- All physical files from Kirkland & Ellis, Kilpatrick and Winston & Strawn – June 24, 2016
- All ESI files from Kirkland & Ellis, Kilpatrick and Winston & Strawn – July 1, 2016

Trask Britt's documents are already in your possession and a July 1, 2016 production deadline will cause too much delay on depositions that Plaintiffs wish to take. According to Exhibit B of your May 26 letter, Trask Britt has provided Jenner with 4,483 documents, some of which may be repeat "hits," further lowering that number. Given that the majority of those documents will be privileged, it is implausible that Defendants will need 1 month to produce documents from Trask Britt that it should have already started reviewing in advance of Judge Kennelly's May 23, 2016 "fish or cut bait" deadline. Additionally, any subsequent documents that Jenner receives from Trask Britt should be produced within ten days. Thirty days is clearly excessive and unnecessary and the adverse impact of such delays on depositions is untenable.

Defendants' counsel should have already been in possession of its clients' documents from Kirkland & Ellis, Kilpatrick and Winston & Strawn and Jenner's continued delay in obtaining those documents is inexplicable, especially after the parties' May 24 teleconference with Judge Kennelly and the Judge's statement that he was "stunned" that Jenner had not reviewed its clients' outside counsel documents. In this light, Defendants' back-tracking modification of their May 26 letter from 30 days to 45 days in Defendants' May 27 letter is also "stunning" and obviously counterproductive. Nevertheless, Plaintiffs are willing to push back the deadlines proposed in our May 27 letter to those set out above in a final attempt to resolve this matter.

According to Shuffle Master's 2004 Form 10-K, "[e]ffective May 1, 2004, we acquired a 100% ownership in CARD Casinos Austria Research & Development GmbH & Co KG and its wholly-owned subsidiaries ("CARD"). CARD… is now a subsidiary of our Shuffle Master International subsidiary." As a subsidiary of Shuffle Master, Defendants are in control of CARD's documents from Sidley Austin from the CARD litigation and the supporting case law on this subject is clear. Where control of the corporation has been transferred to new management (such as through a merger, takeover, acquisition by another), generally any authority to assert and waive the attorney-client privilege passes to the new management. See, e.g., *Commodity Futures Trading Commission v. Weintraub*, 471 U.S. 343, 348-349 (1985). This logic also extends to control of Sidley Austin's documents for Rule 34 purposes. If Defendants truly disagree on this issue, you must expressly inform Plaintiffs of your positions so we can bring the matter before Judge Kennelly immediately. If there is no disagreement, Plaintiffs are willing to give Defendants' until July 8, 2016 (40 days) to produce Sidley Austin's CARD documents responsive to Plaintiffs' Rule 34 requests.

I will be available to discuss any outstanding issues over the telephone tomorrow with appropriate notice. I am in Canada on holiday with my family and would like at least one member of our team in Virginia and/or Chicago on the line with us.

2625993

Mr. David Jiménez-Ekman
**JENNER & BLOCK LLP**
May 29, 2016
Page 4

Very truly yours,

**NIXON & VANDERHYE P.C.**

By: _____

Robert A. Rowan

RAR:cg
Attachment

2625993