# EXHIBIT 18

1

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

SHUFFLE TECH INTERNATIONAL LLC, et )   Docket No. 15 C 3702
al.,                                )
                                    )
                  Plaintiffs,       )
                                    )
         vs.                        )
                                    )   Chicago, Illinois
SCIENTIFIC GAMES CORPORATION, et    )   April 11, 2016
al.,                                )   9:45 o'clock a.m.
                                    )
                  Defendants.       )

TRANSCRIPT OF PROCEEDINGS - MOTION
BEFORE THE HONORABLE MATTHEW F. KENNELLY

APPEARANCES:

For the Plaintiffs:     NIXON & VANDERHYE P.C.
                        BY: MR. ROBERT A. ROWAN
                        1100 North Glebe Road, 8th Floor
                        Arlington, VA  22201
                        (703) 816-4000


                        FREEBORN & PETERS LLP
                        BY:  MR. JONATHAN HILL
                        311 South Wacker Drive, Suite 3000
                        Chicago, IL  60606
                        (312) 360-6643


For the Defendants:     JENNER & BLOCK LLP
                        BY:  MR. CRAIG CHRISTOPHER MARTIN
                             MR. DAVID ERIC JIMENEZ-EKMAN
                        353 North Clark Street
                        Chicago, IL  60654
                        (312) 222-9350



Court Reporter:         MS. CAROLYN R. COX, CSR, RPR, CRR, FCRR
                        Official Court Reporter
                        219 S. Dearborn Street, Suite 2102
                        Chicago, Illinois  60604
                        (312) 435-5639

(The following proceedings were had in open court:)

THE CLERK:  Case No. 15 C 3702, Shuffle Tech v. Scientific Games.

MR. MARTIN:  Good morning, your Honor.  Craig Martin and David Jimenez-Ekman for the defendant.

MR. ROWAN:  Your Honor, Robert Rowan for the plaintiffs.

MR. HILL:  Good morning, your Honor.  Jonathan Hill for plaintiffs.

THE COURT:  Okay.  So I went through the status report, which was very comprehensive.  Thank you.

Now, listen carefully to this question because it's hedged.  Is there anything that you want to tell me that you haven't already told me in the status report about the issues that are raised in there?  In other words, don't repeat anything you have told me because I have read it and read it and read it.  Is there anything new you want to tell me besides what's in here?

MR. MARTIN:  Yes.

THE COURT:  What?

MR. MARTIN:  I think the parties have a substantial disagreement with regard to whether the waiver of privilege applies to what I'll call one litigation or one issue in the litigation versus everything that's in the complaint.  And I think that that's a substantial legal issue that the Court

will -- that we'll have to address with the Court when we get to the point of waiver of the attorney-client privilege.

THE COURT: Okay. Fair enough.

MR. MARTIN: So I think that that is -- of all the other stuff, it's sausage-making --

THE COURT: Honestly, that's a reason to have the date -- that's the reason to have an earlier deadline for you to fish or cut bait as opposed to a later one, which was what I was going to do anyway.

So there is a question or two I am going to have later on, I am just going to kind of walk through my notes here, assuming I can read them.

So first of all, the first issue has to do with whether and when the defendants should be directed or required to advise the plaintiff whether they're going to raise advice of counsel as a defense.

So first of all, the local patent rules don't apply to this case. It's not a patent infringement case. In my view, the question of advice of counsel is much more integral to the merits in this case than it would be in a standard patent infringement case.

We have a fact discovery cutoff of December the 15th, so about four months has run since -- actually, at least four months has run since discovery started in this case, and we have about eight months until that date.

The -- in addition to the point that Mr. Martin just made, one of the issues is going to be that, you know, right now, there's all these third-party subpoenas out there to the lawyers that they have objected to. So once there is a decision about invoking advice of counsel or not and whatever skirmishing has to be done to determine its scope is basically going to trigger the obligation of those folks to produce documents, if there is one, and that's going to take time because they're probably large files, and then people are going to need to have time to depose, you know, lawyers and witnesses, and it's preferable to do that with, you know, the documents rather than doing it without the documents.

So all of those are reasons why there needs to be a relatively prompt date, what I'll call the fish or cut bait date by the defendants. And so I am going to make it six weeks from now.

So the defendants have until -- six weeks is the 23rd of May to make what I am going to just refer to as specific disclosures regarding their reliance on advice of counsel. And what I mean by that is not just a one-line letter saying, yes, we are relying on advice of counsel, end of letter. You are going to need -- I mean, I'm assuming, particularly based on what you just said, Mr. Martin, that you are going to have a position about maybe you invoke it on this and not on that, maybe it applies to this, maybe it doesn't apply to that. I

want your disclosure to be sufficiently detailed so that the plaintiffs know what it is that is going to be at issue. You can do whatever discussing you're going to have to do, and then people can get back in front of me promptly so that I can adjudicate whatever scope issues or whatever other issues I am going to have in a way that allows us to try to maintain the current fact discovery cutoff date in December.

So that's it on that.

The second issue that's discussed in the status report has to do with the document production. There's a reference made in I think the defendants' section of that that you have a meeting scheduled for a week from Friday or something like that, some sort of a conference scheduled for the 22nd of April?

MR. ROWAN: Your Honor, on the 22nd we are going to be discussing working on the search terms for email, which is --

THE COURT: So that's just the email part, not the rest of it.

MR. ROWAN: That's just email, your Honor.

And we have on the 15th I think counsel has agreed to provide responses to certain document production, 11 document production requests in the form of interrogatories.

THE COURT: So I think you might want to, you know, roll some other things into your meeting that you have set for

next Friday because rather than -- because I don't have a sense -- I am never going to have the same sense that you all do of, you know, what's involved exactly in producing documents. I am not just talking about emails; I am talking about everything. Some of it is probably electronic, some of it is probably not electronic because some of this goes back pretty far.

What I'd like to get -- what I want you to do is to try to agree on basically a deadline by which documents are going to be produced. And we can talk about, you know, documents that are responsive to requests that are on the table right now. I mean, obviously, there might be things that you request later on in the case that you might have to roll out farther, but I think you need to have some sort of a deadline for whatever is on the table right now that will allow people to get what they need in hand to be able to take the depositions and get those done before the discovery cutoff date. So I'd like to get a further status from you on that by the 25th of April.

And in the status report, you can sort of set out any agreements that you have, and then as you did in this one, just lay out where your differences are and what your positions are, and I will have you back shortly after that and I will rule on those.

Let's see. So I'll give you a status date in a

second.

The third topic has to do with the third-party document subpoenas, which were largely, maybe entirely, to law firms.

I just had one question. Are any of these local or are they all out of district?

MR. MARTIN: Kirkland and --

THE COURT: Kirkland and Winston are local?

MR. MARTIN: -- Winston are local.

THE COURT: Okay. The rest are out of district, though?

MR. ROWAN: Yes, your Honor. The other ones are out of district.

THE COURT: And so you may end up having to deal with other judges in other places about those.

MR. ROWAN: We may, your Honor.

THE COURT: I mean, honestly, that's one of the rules that has never made sense to me, but whatever. And I know it's changed a little bit now, but, you know, the judge that's supervising the underlying case in some circumstances now has the ability, if it's transferred by the other judge, to deal with it. And so you can let anybody know that I am willing to accept transfer of anything.

MR. ROWAN: Thank you, your Honor.

There is another way to approach that, your Honor,

which is that the documents we are seeking -- and this is a little bit of a belt and suspender -- are we contend --

THE COURT: I know it's this whole issue of control.

MR. ROWAN: Yes, your Honor.

THE COURT: I get that. Well, there's law about that. I mean, this would not -- I wouldn't have to be reinventing any wheels here to determine whether a client has control over a law firm's documents.

So put that in the next status report too. Just put your positions on that, and if I need to rule on it, I will.

Fact depositions, I think that's -- you know, when those happen is all going to get resolved based on how the other issues get resolved. I mean, I am not going to weigh in right now on this question of whether you get to do this fellow Fanucci, F-a-n-u-c-c-i, twice. I mean, you are going to put up your money and take your chances on that, I guess, if you decide to take it now without getting documents. I will tell you later, in other words.

So I want to have you come back -- I am going to get a status report from you on the 25th of April. I want to have you come back on the -- we can do it -- I think we ought to be able to do it by phone. So how about a phone conference on April the 29th at 9:00 o'clock?

MR. MARTIN: My partner who really handles the discovery has a pro bono trial starting that day.

THE COURT: On a Friday? Somebody is starting a trial on a Friday?

MR. JIMENEZ-EKMAN: Judge, it's a pro bono trial at 26th and California.

THE COURT: Ah, okay. Is it a one-day?

MR. JIMENEZ-EKMAN: No, it's not. So I'm actually not positive why it's starting on a Friday. I don't know if we're going to just deal with legal issues that day or whether they're going to call in a jury, but --

THE COURT: It sounds like cruel and unusual punishment to me.

MR. JIMENEZ-EKMAN: So I think --

THE COURT: Yeah, so let's not do it then. Let's make it the 5th. The 2nd and 3rd are the Seventh Circuit judicial conference. I'm not going to -- let's say the -- do you think you will be done by then?

MR. JIMENEZ-EKMAN: I'm not positive. I don't want to delay --

THE COURT: Is it a murder case?

MR. JIMENEZ-EKMAN: It's an alleged -- well, it's a shooting of a police officer.

THE COURT: Okay.

MR. JIMENEZ-EKMAN: He didn't die or anything.

THE COURT: How about the 10th?

MR. JIMENEZ-EKMAN: I'm sorry?

THE COURT:  Do you think you will be done by the 10th?

MR. JIMENEZ-EKMAN:  The 10th we have a mediation, and it's totally --

THE COURT:  Okay.  So how about this --

MR. MARTIN:  We can to it on the 10th.

MR. JIMENEZ-EKMAN:  We can do it by phone on the 10th.

MR. MARTIN:  We're before Judge Holderman, and he will accommodate us by backing up.

THE COURT:  Okay.  9:00 o'clock phone call on the 10th of May.  If it's easier, since you have people in multiple places, for you to arrange a call-in number, just get it to my chambers a day ahead of time.

MR. JIMENEZ-EKMAN:  Can I, in light of that, though, make a --

THE COURT:  You have 10 seconds because I have a full courtroom and 50 jurors sitting --

MR. JIMENEZ-EKMAN:  Can we push the status report out to a little bit before that because stuff may happen between --

THE COURT:  Sure.  I don't care.

MR. JIMENEZ-EKMAN:  -- the 25th.  And why don't we file it two days in advance of that?  Why don't --

THE COURT:  No, more than two days because this was

too long.  So let's make it a week before that.  The status report date is the 3rd of May.

MR. MARTIN:  Thank you.

MR. ROWAN:  Thank you, your Honor.

THE COURT:  Take care.

(Which were all the proceedings had in the above-entitled cause on the day and date aforesaid.)

I certify that the foregoing is a correct transcript from the record of proceedings in the above-entitled matter.

Carolyn R. Cox                              Date
Official Court Reporter
Northern District of Illinois

/s/Carolyn R. Cox, CSR, RPR, CRR, FCRR