# EXHIBIT 32

| From: | Bob Rowan |
|---|---|
| To: | Jimenez-Ekman, David |
| Cc: | Martin, Craig C.; Lindsey, Caroline A.; Joe Presta; Bobby Foster |
| Subject: | RE: Shuffle Tech v. Scientific Games -- Rule 408 Agreement |
| Date: | Saturday, February 27, 2016 4:14:39 PM |

David-

As promised, here is my summary of our conversation regarding discovery and other matters:

1) **Waiver of privilege/advice of counsel defense.** We understand that you have not ruled out the possibility that defendants will rely on advice of counsel to defend against the sham litigation and *Walker-Process* fraud claims at issue. Obviously, if your clients rely on such advice, they will have to waive the attorney-client privilege with respect to communications relevant to that testimony. Therefore, we need to know your intentions in this regard before we depose witnesses who gave or received such advice. As we indicated, we intend to start taking depositions, including of such persons, as early as June of this year and therefore would need to know your position in this regard in advance of any such depositions. You indicated that your client should not be required to make that decision so early in the case. Accordingly, this may be an issue we need to discuss with Judge Kenelly next Wednesday.

2) **Documents relating to prior litigations.** You indicated that your clients would be producing, subject to other objections such as privilege and accessibility, the documents we requested regarding earlier litigations that were identified in our discovery requests regardless of whether they were identified by name in our amended complaint. Such document requests include: 6, 11, 16, 40-47, 50, 51, 54, 58-62, 66, 68, 72, 78, 79, 82, 84, 111, 112, and 117-118. Please let us know if we have correctly stated your position in this regard.

3) **Starting and ending dates for production of documents.** We have asked, pursuant to amended Rule 34, that you identify starting and end dates for your rolling production of documents, including both hard copies and electronic documents. You indicated

that you will provide us more information in that regard by the end of next week. You also indicated that you already have some hard copy documents in your possession, but don't wish to start producing them. We asked that you start producing those hard copies within the next week or two. You declined. We also asked that you advise us as quickly as possible when you can identify the parameters and initial results of your electronic searches for both email and non-email electronic documents. You agreed. We agreed to work with you regarding proposed search terms with respect to both kinds of electronic documents, but pointed out that the ten custodian/ten search term limitations previously agreed to do not apply to non-email electronic documents. You indicated you will review the orders and stipulations in that regard and let us know whether you agree with our position next week.

4) <u>Discovery regarding competitive products</u>. You indicated that your clients will respond to interrogatories 4 and 5 within two weeks of our discussion, i.e., by March 10. In addition to those Interrogatories, this topic includes requests for production nos. 30, 31, and 116. We assume that you will also be responding to those requests within a relatively short time frame. Please advise.

5) <u>Document retention policies</u>. You agreed to produce your client's document retention policies including, but not limited to, those relating to electronic storage of documents. Document requests directed to this topic include nos. 63 and 109. We assume that these documents can be produced in relatively short order. Please advise in that regard.

6) <u>Identification of persons, titles, and duties</u>. A number of our requests seek documents that would permit us to identify (by name, title and duties) various persons with knowledge, such as persons involved in the litigation and patent prosecutions at issue, including the decision-makers with respect to such litigations and prosecutions;

persons with knowledge of certain prior art; persons with knowledge of your client's channels of trade for Shuffler sales; persons with knowledge of your client's corporate acquisitions (including due diligence), e.g., the acquisition of Shuffler Master by Bally and of Bally by Scientific Games. Document requests in this category include 66-69, 108, 111-114 and 117-118. You asked if we would accept an alternative response, such as a verified interrogatory type response providing the same information. We indicated that we would accept the information in that format. Can you provide us a date for that response?

7) <u>Product sales</u>. We indicated that we are willing to limit the scope of document requests 28 and 29 to a time period of 15 years and further limit those requests to documents sufficient to show your client's annual sales in dollars and units, including identification of the models, and any documents that show your client's market share with respect to such products. That information can be provided on an annual basis except for 2016, which will necessarily include a period less than a full year.

8) <u>Other narrowed document requests</u>:

RFP 36 – (investigative reports) narrowed to exclude attorney work product;

RFP 52 –limited to market share and market exclusivity;

RFP 53 –narrowed to documents relating to bundled or tied products and package offers involving shufflers and other products, such as proprietary card games;

RFP 64 – limited to documents relating to Shuffle King, USA and Apex Gaming;

RFP 70, 74 – narrowed to sales dollars, margin and profits (or loss) on Shuffler products, further limited to 15 years;

RFP 93-94 –limited to 15 years;

RFP 95 –limited to manuals, performance reports, reviews, and ratings;

8) <u>Other RFPs that stand "as is"</u>. In addition to specific requests already discussed, our requests 32 (relating to strategic planning on Shufflers), and 65 (Apex and Shuffle

King) stand "as is." Please advise if you will produce.

9) <u>Awareness of patents and prior art</u>. RFPs 3-4, 8-9, 13-14 seek documents showing your clients' and the named inventors' first awareness of certain prior art including, Block, Roblejo, and Luciano. Your objections seek to limit this request to patent files identified in the complaint. We don't agree to that limitation. Your client's first awareness of this prior art is relevant regardless of how or when that information first came to your clients' or the named inventors' attention. Please let us know if you will drop this objection.

Please let me know the extent of your agreement or disagreement with my summary. I look forward to discussing these issues with you again on Tuesday. Please provide a time convenient to you.

Another issue we need to discuss is the subpoena response of Winston & Strawn, your clients' reexamination counsel, its current DigiDeal litigation counsel and its former TCS John Huxley and VendingData litigation counsel. W&S' Kimball Anderson objected to 46 of 47 document demands. Because Winston & Strawn's documents are really your client's documents, we have to look to you to provide us a more reasonable response. Accordingly, we ask that you will look into the matter and be prepared to discuss more appropriate responses from Mr. Anderson and Winston & Strawn when we talk next week.

Thanks.

Bob

---

**From:** Joe Presta
**Sent:** Thursday, February 25, 2016 6:22 PM
**To:** 'Jimenez-Ekman, David'; Bob Rowan
**Cc:** Martin, Craig C.; Lindsey, Caroline A.
**Subject:** RE: Shuffle Tech v. Scientific Games -- Rule 408 Agreement

Thank you David.

**From:** Jimenez-Ekman, David [mailto:DJimenez-Ekman@jenner.com]
**Sent:** Thursday, February 25, 2016 6:13 PM
**To:** Joe Presta; Bob Rowan
**Cc:** Martin, Craig C.; Lindsey, Caroline A.
**Subject:** RE: Shuffle Tech v. Scientific Games -- Rule 408 Agreement

Joe:

I have countersigned and attached.

Thanks very much.

David

**From:** Joe Presta [mailto:jsp@nixonvan.com]
**Sent:** Thursday, February 25, 2016 2:16 PM
**To:** Jimenez-Ekman, David; Bob Rowan
**Cc:** Martin, Craig C.; Lindsey, Caroline A.
**Subject:** RE: Shuffle Tech v. Scientific Games -- Rule 408 Agreement

David:

  Roger asked Derek to have the meeting this Monday, so we have filled in the date and executed the agreement.  Please execute for your side and return.

  Thanks,
  Joe

**From:** Jimenez-Ekman, David [mailto:DJimenez-Ekman@jenner.com]
**Sent:** Wednesday, February 24, 2016 10:12 PM
**To:** Joe Presta; Bob Rowan
**Cc:** Martin, Craig C.; Lindsey, Caroline A.
**Subject:** Shuffle Tech v. Scientific Games -- Rule 408 Agreement

Joe and Bob:

Thanks for talking to Caroline and me last week.

Per your request, I had chance to confer about the Rule 408 agreement that was proposed.  We are fine with the form of the agreement, and we are fine with your signing on behalf of the parties in the litigation (on the assumption you have authority to do so).  Since the agreement does not specifically refer to the folks who will be involved, can you please just confirm by reply e-mail that we all intend it to cover conversations between Roger White and Derek Webb?

In response to your earlier note about our call tomorrow regarding discovery issues, we had it down for 4:00 EST, which we can still do. I have a conflict at 3:30 EST.

Best personal regards.

David

---

**David Jimenez-Ekman**

**Jenner & Block LLP**
353 N. Clark Street, Chicago, IL 60654-3456 | jenner.com
+1 312 923 2683 | TEL
+1 312 840 7683 | FAX
DJimenez-Ekman@jenner.com
Download V-Card | View Biography

CONFIDENTIALITY WARNING: This email may contain privileged or confidential information and is for the sole use of the intended recipient(s). Any unauthorized use or disclosure of this communication is prohibited. If you believe that you have received this email in error, please notify the sender immediately and delete it from your system.