# EXHIBIT 35

| | |
|---|---|
| **From:** | Lindsey, Caroline A. |
| **To:** | Rooney, Daniel T. |
| **Subject:** | FW: Shuffle Tech v. Scientific Games: W&S" objections to Plaintiff"s Rule 45 subpoena |
| **Date:** | Tuesday, March 15, 2016 3:56:00 PM |

## Caroline A. Lindsey

**Jenner & Block LLP**
353 N. Clark Street, Chicago, IL 60654-3456 | jenner.com
+1 312 840 7410 | TEL
CLindsey@jenner.com
Download V-Card | View Biography

CONFIDENTIALITY WARNING: This email may contain privileged or confidential information and is for the sole use of the intended recipient(s). Any unauthorized use or disclosure of this communication is prohibited. If you believe that you have received this email in error, please notify the sender immediately and delete it from your system.

**From:** Bob Rowan [mailto:rar@nixonvan.com]
**Sent:** Tuesday, March 15, 2016 3:56 PM
**To:** 'Anderson, Kimball R.'
**Cc:** Jimenez-Ekman, David; Lindsey, Caroline A.; Joe Presta; 'Pesce, Anthony DeMarco'; 'Shin, Howard I.'; Michael D. Gaffney; Bobby Foster
**Subject:** RE: Shuffle Tech v. Scientific Games: W&S' objections to Plaintiff's Rule 45 subpoena

Kimball-

This is a revised version of my March 8 email that includes the further narrowing of our document demands that we discussed in our "meet and confer" telephone conference yesterday afternoon. Please let us know whether you will be producing documents responsive to our narrowed requests at your earliest convenience. As I believe you are aware, we have a status conference with Judge Kennelly on 4/11 that will deal primarily with discovery, including your client's progress on document production, as well as its position on the advice of counsel issue.

**General response to all requests to "narrow and clarify."**
Plaintiffs do not seek any documents publicly available from the U.S. Patent and Trademark Office or www.pacer.gov (except for Request No. 30). Additionally, unless otherwise specified in a particular request, Plaintiffs do not seek any documents outside the period from mid-2012 through April 28, 2015. This period encompasses Winston & Strawn's preparations and investigations prior to the filing of the *TCS* and *DigiDeal* litigation complaints and ends on the date Plaintiffs' ND Ill. complaint was filed. All document requests for VendingData litigation materials and Request Nos. 37 and 47 have been withdrawn. We are also modifying our demands to exclude any documents you received from Ms. Kerr in the DigiDeal litigation under the protective order issued in that case.

**Assertion of attorney client privilege/ provision of a privilege log.**
Plaintiffs are expressly requesting attorney/client communications responsive to our Requests because: a) Defendants have not indicated whether they are relying on advice of counsel,

thereby triggering a waiver of privilege, as part of their defense against our *Walker-Process* and sham litigation claims, an issue that needs to be resolved before any depositions are taken that may invoke privilege issues; and b) Defendants' decision on waiver and/or other discovery developments may require us to address the fraud exception to privilege, sooner rather than later. You have indicated that W&S is asserting the privilege on behalf of the Defendants regarding all such communications, but does not wish to prepare a privilege log.. However, paragraph 5 of the Joint Status Report And Discovery Plan agreed to by your client and entered by the court on November 30 requires all documents generated prior to April 28, 2015 that are withheld as privileged to be logged. If W&S is unwilling to do so, Plaintiffs suggest that the withheld documents be provided to Defendants' counsel of record, Jenner & Block, so that J&B may prepare the required privilege log. Either way, we need a privilege log.

**Responses to specific requests**

**Temporal narrowing of Request Nos. 10, 11, 15 and 16.** These requests seek documents, things and communications related to any pre-filing investigation in connection with: 1) the claims asserted against Digideal in the *DigiDeal* litigation (Request Nos. 10 and 11); and 2) the infringement claims in the *TCS* litigation (Request Nos. 15 and 16). The relevant time period in each instance commences with W&S' first knowledge of the facts and circumstances leading to its claim or counterclaim in each matter up to the actual filing of the respective counterclaims/claims.

**Request Nos. 12, 13, 17** seek all documents, things and communications related to the awareness of W&S, both prior to and after the filing of the complaints in the *DigiDeal* litigation (Request Nos. 12 and 13) and in the *TCS* litigation (Request No. 17), of the Roblejo prototypes (using the definition in the subpoena), the Luciano prototypes, and/or the Block '044 patent. This request is limited to documents, things and communications that were in W&S' possession, custody or control (regardless of when acquired) during the time period from mid-2012 through April 28, 2015. With respect to electronic discovery, W&S will only need to search its email for that three year period, but may not exclude from production any earlier-dated documents that are uncovered by that search. As noted above, you may exclude documents you received from Ms. Kerr in the DigiDeal litigation under the protective order issued in that case. With the exception of those documents, if any, I understand that you will produce all non-privileged documents related to the Block '044 patent and the Roblejo/Luciano prototypes.

**Request Nos. 14, 18, 19, 25, 29, 31, 33**: These requests should be construed to include documents, things and communications in W&S' possession, custody or control from the *DigiDeal* litigation (other than documents produced by DigiDeal) and/or *TCS* litigation during the time period from mid-2012 through April 28, 2015.

**Request Nos. 20, 21 and 22** seek documents, things and communications in W&S' possession, custody or control related to the Roblejo prototypes (as defined by Plaintiffs in the subpoena), the Luciano prototypes, and/or the Block '044 patent during the time period from mid-2012 through April 28, 2015.

**Request No. 28** does not require additional narrowing or clarification aside from eliminating the need to produce any documents publicly available from the U.S. Patent and Trademark Office.

**Plaintiffs narrow Request No. 30** to all documents, things and communications (as further described in Request No. 30) from the *CARD II* litigation in W&S' possession, custody or control during the time period from mid-2012 through April 28, 2015. This request specifically includes publicly available documents from the *CARD II* litigation as well as documents not publically available, such as the "Report on Shuffler Competition" referenced in page 33 of Plaintiffs' Amended Complaint.

**Request No. 34** seeks W&S's document retention policies in place from mid-2012 through April 28, 2015 which are applicable to the documents sought by the subpoena.

**W&S has already agreed to respond to Request No. 32**, but has not yet done so.

**Request Nos. 38-46**: We continue to assert requests for market share materials (as defined in Requests Nos. 38-46), to the extent non-privileged responsive documents exist and are in your possession, custody or control. These requests include, but are not limited to, documents, things and communications in W&S' possession, custody or control from or related to the *DigiDeal* litigation (that were not not produced by DigiDeal) and/or *TCS* litigation during the time period from mid-2012 through April 28, 2015.

Please let me know if you have any questions.

Regards,
Bob

---

**From:** Bob Rowan
**Sent:** Monday, March 14, 2016 1:04 PM
**To:** 'Anderson, Kimball R.'
**Cc:** 'Jimenez-Ekman, David'; 'Lindsey, Caroline A.'; Joe Presta; 'Pesce, Anthony DeMarco'; 'Shin, Howard I.'; Michael D. Gaffney; Bobby Foster
**Subject:** RE: Shuffle Tech v. Scientific Games: W&S' objections to Plaintiff's Rule 45 subpoena

Kimball-

Are we still on for 1:00 Central? Will David be on the phone? It would seem productive if he is as David and I have already thrashed out some of the issues we'll be addressing today and reported them to the court, and most or all of the documents at issue are the property of, and remain in the ultimate control of SG. Further, as you point out, many of the documents at issue are also encompassed by our outstanding Rule 34 requests to the defendants. Additionally, the attorney client privilege, which has already been brought to Judge Kennelly's attention, belongs to SG, which is represented by David in the Chicago litigation.

We will also be also further narrowing our requests from our last written communication.

-Bob

**From:** Bob Rowan
**Sent:** Friday, March 11, 2016 11:48 AM
**To:** 'Anderson, Kimball R.'
**Cc:** 'Jimenez-Ekman, David'; Lindsey, Caroline A.; Joe Presta; Pesce, Anthony DeMarco; Shin, Howard I.; Michael D. Gaffney; Bobby Foster
**Subject:** RE: Shuffle Tech v. Scientific Games: W&S' objections to Plaintiff's Rule 45 subpoena

That should work.

**From:** Anderson, Kimball R. [mailto:KAnderso@winston.com]
**Sent:** Thursday, March 10, 2016 11:00 PM
**To:** Bob Rowan
**Cc:** 'Jimenez-Ekman, David'; Lindsey, Caroline A.; Joe Presta; Pesce, Anthony DeMarco; Shin, Howard I.
**Subject:** RE: Shuffle Tech v. Scientific Games: W&S' objections to Plaintiff's Rule 45 subpoena

1 pm central works for me. I will be in my office. 312 350 9152

**From:** Bob Rowan [mailto:rar@nixonvan.com]
**Sent:** Thursday, March 10, 2016 5:54 PM
**To:** Anderson, Kimball R.
**Cc:** 'Jimenez-Ekman, David'; Lindsey, Caroline A.; Joe Presta
**Subject:** RE: Shuffle Tech v. Scientific Games: W&S' objections to Plaintiff's Rule 45 subpoena

Kimball-

We obviously disagree with the substance of your email, but agree that a meet and confer would probably be more productive than further written communications at this point. Obviously, we would prefer to confer by phone, as provided in Rule 37.2, rather than in person at your offices in Chicago. I could be available any time Monday afternoon. Pick a time that's convenient for you and provide me the number you'd like me to call, and I'll call you.

-Bob

**From:** Anderson, Kimball R. [mailto:KAnderso@winston.com]
**Sent:** Thursday, March 10, 2016 6:32 PM
**To:** Bob Rowan
**Cc:** 'Jimenez-Ekman, David'; Lindsey, Caroline A.; Joe Presta
**Subject:** RE: Shuffle Tech v. Scientific Games: W&S' objections to Plaintiff's Rule 45 subpoena

Bob, I apologize for the typo in my email. Please see the correction highlighted below.

**From:** Anderson, Kimball R.
**Sent:** Thursday, March 10, 2016 5:14 PM
**To:** 'Bob Rowan'
**Cc:** 'Jimenez-Ekman, David'; 'Lindsey, Caroline A.'; 'Joe Presta'
**Subject:** RE: Shuffle Tech v. Scientific Games: W&S' objections to Plaintiff's Rule 45 subpoena

Bob, your email below appears to just restate most of your client's document requests. Little or no attempt has been made to narrow them. Moreover, the vast majority of the requested materials are protected by the attorney-client and attorney work product privileges. The scope of permissible discovery under Rule 26(b)(1) is limited to "**non-privileged matter** that is relevant to any party's claim or defense and proportional to the needs or the case ... ." (Emphasis added). Notwithstanding Rule 26(b)(1), you have made no attempt to limit your requests to non-privileged matter. We do not intend to produce or log massive privileged matter spanning more than a decade and multiple lawsuits, including an on-going lawsuit. Nor do we intend to produce material that you can just as easily get from the public record and the parties to the lawsuit, including your client.

You also appear to have overlooked Rule 45(d)(1) which states:

"A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose appropriate an sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply."

Your subpoena is not compliant with Rule 45(d)(1). We urge you to try harder in revising your request for documents in a way that is compliant with the Federal Rules of Civil Procedure.

That said, we are available to meet and confer with you about your subpoena. I am available Friday (3/11) or Monday (3/14), for example, for a meeting pursuant to Local Rule 37.2 at Winston & Strawn LLP, 35 W. Wacker Drive, Chicago, IL. Let me know what works best for you.

**From:** Bob Rowan [mailto:rar@nixonvan.com]
**Sent:** Tuesday, March 08, 2016 1:43 PM
**To:** Anderson, Kimball R.
**Cc:** 'Jimenez-Ekman, David'; Lindsey, Caroline A.; Joe Presta
**Subject:** Shuffle Tech v. Scientific Games: W&S' objections to Plaintiff's Rule 45 subpoena

Dear Mr. Anderson-

We have been working with David Jimenez-Ekman at Jenner & Block to resolve various discovery issues with respect to Plaintiffs' document requests and interrogatories to Defendants which are similar, and in some cases identical, to the issues raised by your objections to our clients' document subpoena to Winston & Strawn. We were able to report significant progress to Judge Kennelly at our status conference last week and would like to now turn our attention to your objections to the subpoena served on W&S and, in particular, your request that the Plaintiffs "narrow and clarify" 46 of the 47 document demands. Our effort to narrow and clarify those document demands, which we think should more than suffice for Winston & Strawn to comply with the subpoena, are set out below.

**General response to all requests to narrow and clarify.**
Plaintiffs do not seek any documents publicly available from the U.S. Patent and Trademark Office or www.pacer.gov (except for Request No. 30). Additionally, unless otherwise specified in a particular request, we do not seek any documents outside the period March 2005-April 2015. This period encompasses Winston & Strawn's first appearance on behalf of VendingData in the *VendingData 1* litigation and ends on the date Plaintiffs' ND Ill. complaint was filed.

**Responses to specific requests**

**Temporal narrowing of Requests Nos. 1, 10, 11, 15 and 16.** These requests seek documents, things and communications related to any pre-filing investigation in connection with: 1) the fraud counterclaims filed by VendingData in the *VendingData 1* litigation (Request No. 1); 2); the claims asserted against Digideal in the *DigiDeal* litigation (Requests Nos. 10 and 11); and 3) the infringement claims in the *TCS* litigation (Request Nos. 15 and 16). The relevant time period in each instance commences with W&S' first knowledge of the facts and circumstances leading to its claim or counterclaim in each matter up to the actual filing of the respective counterclaims/claims.

**Temporal narrowing of Requests Nos. 2 and 8.** These requests seek documents, things and communications related to the settlements: 1) between VendingData and Shuffle Master, Inc. in the *VendingData 1* litigation (Request No. 2); and 2) between Elixir Gaming Technologies Inc. (formerly VendingData) and Shuffle Master, Inc. in the *VendingData 3* litigation (Request No. 8). The relevant time periods are from the first instance in which W&S initially explored settlement in connection with each matter until the respective settlements were completed, including the settlement agreements.

**Requests Nos. 5, 6 and 7** . These Requests seek documents, things and communications from the *VendingData* 1 litigation and the *VendingData* 3 litigation that are not publicly available at the USPTO or via Pacer. The requests include, but are not limited to, document requests, interrogatories, requests for admission, and/or document subpoenas and any responses thereto, including all documents, things and communications produced in response to any such discovery request (Request No. 5), plus any infringement and/or invalidity contentions (Request No. 6). Request No. 7 will be deemed answered if the discovery and contentions produced in response to Requests Nos. 5 and 6 include all prior art produced in discovery in the *VendingData 1 and 3* litigations. The relevant time periods are the discovery periods of the respective cases, plus any additional documents, witnesses or prior art identified in either parties' initial disclosures or in declarations, briefs or exhibits filed in connection with dispositive or other motions outside the respective discovery periods.

**Requests Nos. 12, 13, 17** seek documents, things and communications related to the awareness of the attorneys hired by *VendingData* and by Defendants prior to and after the filing of the complaints in the *DigiDeal* litigation (Request Nos. 12 and 130) and in the *TCS* litigation (Request No. 17) of the Roblejo prototypes (using the definition in the subpoena), the Luciano prototypes, and/or the Block '044 patent. This request is limited to documents, things and communications in W&S' possession, custody or control during the time period from March 2005-April 2015.

**Requests Nos. 20, 21 and 22** seek documents, things and communications in W&S' possession, custody or control related to the Roblejo prototypes (as defined by Plaintiffs in the subpoena), the Luciano prototypes, and/or the Block '044 patent during the time period from March 2005-April 2015.

**Plaintiffs narrow Request No. 30** to all documents, things and communications (as further described in Request No. 30) related to the *CARD II* litigation. This request is limited to documents, things and communications in W&S' possession, custody or control during the time period from March 2005-April 2015, and includes publicly available documents related to the *CARD II* litigation that were in W&S' possession at that time.

**Request No. 34** seeks W&S's document retention policies in place from March 2005-April 2015 which are applicable to the documents sought by the subpoena.

**Requests Nos. 3, 4, 9, 28, 35, 36** do not require additional narrowing or clarification aside from eliminating the need to produce any documents publicly available from the U.S. Patent and Trademark Office or www.pacer.gov.

**Request No. 31** does not require additional narrowing or clarification. This request is limited to documents, things and communications in W&S' possession, custody or control during the time period from March 2005-April 2015.

**W&S has already agreed to respond to Request No. 32**, but has not done so.

**Request Nos. 14, 18, 19, 23-24, 25-27, 29, 33 37-47**: W&S need not produce documents publicly available at the USPTO or on Pacer pursuant to these requests.

To the extent W&S is withholding any documents based on attorney-client privilege, it must provide a privilege log.

Please let us know as soon as possible if you have any questions or continued objections to any of the above document demands.

Regards,

Robert A. Rowan
NIXON & VANDERHYE, P.C.
901 North Glebe Road
12th Floor
Arlington, Virginia 22203
Tel: 703-816-4007
Fax: 703-816-4100


<

The contents of this message may be privileged and confidential. Therefore, if this message has been received in error, please delete it without reading it. Your receipt of this message is not intended to waive any applicable privilege. Please do not disseminate this message without the permission of the author.

The contents of this message may be privileged and confidential. Therefore, if this message has been received in error, please delete it without reading it. Your receipt of this message is not intended to waive any applicable privilege. Please do not disseminate this message without the permission of the author.