# EXHIBIT 36

**From:** Rooney, Daniel T.
**To:** Wagner, Kendra L.
**Subject:** FW: Shuffle Tech v. Scientific Games: Plaintiff's Rule 45 subpoena to Winston & Strawn LLP -- Confidential
**Date:** Tuesday, March 29, 2016 10:20:00 AM
**Attachments:** image002.jpg

**From:** Lindsey, Caroline A.
**Sent:** Tuesday, March 29, 2016 10:19 AM
**To:** Rooney, Daniel T.
**Subject:** FW: Shuffle Tech v. Scientific Games: Plaintiff's Rule 45 subpoena to Winston & Strawn LLP -- Confidential

## Caroline A. Lindsey

**Jenner & Block LLP**
353 N. Clark Street, Chicago, IL 60654-3456 | jenner.com
+1 312 840 7410 | TEL
CLindsey@jenner.com
Download V-Card | View Biography

CONFIDENTIALITY WARNING: This email may contain privileged or confidential information and is for the sole use of the intended recipient(s). Any unauthorized use or disclosure of this communication is prohibited. If you believe that you have received this email in error, please notify the sender immediately and delete it from your system.

**From:** Anderson, Kimball R. [mailto:KAnderso@winston.com]
**Sent:** Tuesday, March 29, 2016 10:19 AM
**To:** Bob Rowan (rar@nixonvan.com)
**Cc:** Jimenez-Ekman, David
**Subject:** Shuffle Tech v. Scientific Games: Plaintiff's Rule 45 subpoena to Winston & Strawn LLP -- Confidential

Bob, thank you for narrowing somewhat the information requested in your clients' subpoena served (improperly) on Winston & Strawn LLP. Without waiving any applicable privilege and subject to the objections stated in our January 13, 2016 correspondence regarding the subpoena served on Winston & Strawn LLP, please find our responses to your March 15, 2016 email below.

First, please be advised that your First Amended Complaint allegations about Winston & Strawn LLP attorneys are totally false and are in violation of Rule 11, Federal Rules of Civil Procedure. The only sham litigation about which we are aware is the lawsuit that you filed in the United States District Court for the Northern District of Illinois on behalf of Shuffle Tech International, LLC, Aces Up

Gaming, Inc., and Poydras-Talrick Holdings LLC.

Second, as you know, we are engaged on behalf of SHFL entertainment, Inc. (now known as Bally Gaming) in an on-going lawsuit against DigiDeal. We know of no authority for the proposition that third-parties, such as your clients, are entitled to invade the attorney-client and attorney-work product privileges just because your clients made recklessly false allegations about the conduct of SHFL and its lawyers.

Third, much of the information requested in your subpoena can be obtained from your client's surrogate, DigiDeal. It is apparent that you have not investigated responsive materials possessed by DigiDeal or its attorneys, including its prior attorney Marie Kerr.

Fourth, your clients' subpoena to Winston & Strawn LLP almost exclusively seeks privileged information. We do not own the attorney-client privilege. That privilege is owned by our clients. They have not waived the privilege. Moreover, Winston & Strawn LLP is not a party to the lawsuit, was not a participant in the Status Report and Discovery Plan, and has no obligation under Rule 45 to log voluminous privileged materials in its possession. Communications with our client likely will be reflected on Defendants' log and need not be double-logged by us.

Fifth, your clients have no proper basis under Rule 26, Federal Rules of Civil Procedure, to subpoena privileged materials. Rule 26(b) limits the scope of discovery to "any non-privileged matter that is relevant to any party's clam or defense and proportional to the needs of the case . . . ." (FRCP 26(b), emphasis added). Serving a subpoena on Winston & Strawn LLP that disregards the legitimate scope of discovery under Rule 26 and then attempts to saddle Winston & Strawn LLP with the burden of logging hundreds, if not thousands of privileged communications is a violation of Rule 45(d), Federal Rules of Civil Procedure, for which the District Court "shall" issue sanctions. Accordingly, we urge you again to withdraw these objectionable requests.

Turning now to your specific requests of Winston & Strawn, we respond as follows:

Paragraphs 1 – 9.  We understand that you have withdrawn these requests.

Paragraph 10.  We have no responsive documents that are not privileged.

Paragraph 11.  We have no responsive documents that are not privileged.

Paragraph 12.  We have no responsive documents.

Paragraph 13.  We understand that you have limited this request to the period "mid-2012 to April 28, 2015."  We also understand that you have excluded information that we obtained from DigiDeal's counsel. With these understandings, we have no responsive documents pertaining to the "Roblejo prototypes" or the "Block '044 patent." We first learned of the so-called "Luciano prototype" from DigiDeal's counsel on or about February 14, 2014. We determined that it was not relevant prior art.  You can obtain our communications with DigiDeal's counsel from DigiDeal.  Our internal communications and communications with our client about the so-called "Luciano prototype" are privileged.

Paragraph 14.  We have no responsive documents.

Paragraph 15.  We have no responsive documents that are not privileged.

Paragraph 16.  We have no responsive documents that are not privileged.

Paragraph 17.  We have no responsive documents.

Paragraph 18.  We have no responsive documents.

Paragraph 19.  We understand that you have narrowed to this request to the DigiDeal and TCS lawsuits during the time period from mid-2012 through April 28, 2015. We have no responsive documents that are not privileged.

Paragraph 20. We have no responsive documents.

Paragraph 21. We understand that you have limited this request to the period "mid-2012 to April 28, 2015." We also understand that you have excluded information that we obtained from DigiDeal's counsel. With these understandings, we first learned of the so-called "Luciano prototype" from DigiDeal's counsel on or about February 14, 2014. We determined that it was not relevant prior art. You can obtain our communications with DigiDeal's counsel on this subject from DigiDeal. Our internal communications and communications with our client about the so-called "Luciano prototype" are privileged.

Paragraph 22. We understand that you have limited this request to the period "mid-2012 to April 28, 2015." We also understand that you have excluded information that we obtained from DigiDeal's counsel. With these understandings, we have no responsive documents pertaining to the "Roblejo prototypes" or the "Block '044 patent." We first learned of the so-called "Luciano prototype" from DigiDeal's counsel on or about February 14, 2014. We determined that it was not relevant prior art. You can obtain our communications with DigiDeal's counsel on this subject from DigiDeal. Our internal communications and communications with our client about the so-called "Luciano prototype" are privileged.

Paragraph 23. We have no responsive documents.

Paragraph 24. We have no responsive documents.

Paragraph 25. We understand that you have limited this request to the period "mid-2012 to April 28, 2015." We also understand that you have excluded information that we obtained from DigiDeal's counsel. With these understandings, we have no responsive documents pertaining to the "Roblejo prototypes" or the "Block '044 patent." We first learned of the so-called "Luciano prototype" from DigiDeal's counsel on or about February 14, 2014. We determined that it was not relevant prior art. You can get our

communications with DigiDeal's counsel on this subject. from DigiDeal. Our internal communications and communications with our client about the so-called "Luciano prototype" are privileged.

Paragraph 26. We object to the premise of this request, namely that we did not disclose this information to the USPTO or in the DigiDeal litigation. We disclosed this information to the PTO. You can obtain the disclosure from the USPTO. And, we produced all responsive information regarding the so-called Luciano prototype to Digideal's counsel. You can get that information from DigiDeal.

Paragraph 27. We have no responsive documents.

Paragraph 28. Our submissions on behalf of SHFL to the USPTO can be obtained from the USPTO. Our internal working files and communications with our client regarding the re-examination proceeds are privileged.

Paragraph 29. The only responsive documents in our possession are our investigations in anticipation of filing the TCS and DigiDeal lawsuits where we were counsel of record. These documents are privileged.

Paragraph 30. We understand that you have limited this request to the Card II litigation. We have no responsive documents.

Paragraph 31. We understand that you have limited this request to the period "mid-2012 to April 28, 2015." We also understand that you have excluded information that we obtained from DigiDeal's counsel. With these understandings, we have no responsive documents pertaining to Mr. Gola, Dr. Roblejo, Mr. Solberg, Casino Concepts, Mr. Block or Mr. Koestner. We first learned of the so-called "Luciano prototype" and Mr. Luciano (and his companies) from DigiDeal's counsel on or about February 14, 2014. We determined that the so-called "Luciano prototype" was not relevant prior art. You can obtain our communications with DigiDeal's counsel on this subject from DigiDeal.

Paragraph 32.  We object to producing "all documents" identifying experts, attorneys, and employees who worked on the DigiDeal litgation. As you know, or should know if you have interviewed DigiDeal's counsel, we retained Lynn Hessing and Samuel Phillips to inspect the accused DigiShuffle in Las Vegas. Howard Shin and I attended the inspection, along with DigiDeal's counsel.  At Winston & Strawn LLP, partners Kimball Anderson and Howard Shin worked on the DigiDeal and TCS cases.  Howard Shin and Alan Fanucci worked on the DigiDeal re-examination petition.  We object to identifying associates, paralegals, and administrative staff.  James Pisanelli and Christopher Miltenberger also served as counsel of record for SHFL in the DigiDeal and TCS lawsuits.

Paragraph 33.  The only potentially responsive documents are our pre-filing investigations.  They are privileged.

Paragraph 34.  We object.  This request is not probative of any contested issue in the case.  Subject to this objection, and without waiving it, we generally retain emails for two years (unless archived or subject to a litigation hold) and we generally retain hard copies of client files for ten (10) years, unless our clients ask that these files be returned earlier.

Paragraph 35.  We have no responsive documents.

Paragraph 36.  We have a letter to DigiDeal from SHFL dated  September 24, 2012 asking DigiDeal to review certain SHFL patents potentially relevant to DigiDeal's DigiShuffle product.  You can obtain a copy from DigiDeal's counsel.

Paragraph 37.  We understand that you have withdrawn this request.

Paragraphs 38-46.  We have publicly available information concerning SHFL's financial position (now several years old).  This information was produced to DigiDeal in response to discovery requests.  You can obtain copies from DigiDeal's counsel.  We have no other responsive documents.

Paragraph 47.  We have no responsive documents.

**Kimball Anderson**

Winston & Strawn LLP

D: +1 (312) 558-5858

M: +1 (312) 350-9152

winston.com



---

**From:** Bob Rowan [mailto:rar@nixonvan.com]
**Sent:** Tuesday, March 15, 2016 3:56 PM
**To:** Anderson, Kimball R.
**Cc:** 'Jimenez-Ekman, David'; 'Lindsey, Caroline A.'; Joe Presta; Pesce, Anthony DeMarco; Shin, Howard I.; Michael D. Gaffney; Bobby Foster
**Subject:** RE: Shuffle Tech v. Scientific Games: W&S' objections to Plaintiff's Rule 45 subpoena

Kimball-

This is a revised version of my March 8 email that includes the further narrowing of our document demands that we discussed in our "meet and confer" telephone conference yesterday afternoon. Please let us know whether you will be producing documents responsive to our narrowed requests at your earliest convenience. As I believe you are aware, we have a status conference with Judge Kennelly on 4/11 that will deal primarily with discovery, including your client's progress on document production, as well as its position on the advice of counsel issue.

**General response to all requests to "narrow and clarify."**
Plaintiffs do not seek any documents publicly available from the U.S. Patent and Trademark Office or www.pacer.gov (except for Request No. 30). Additionally, unless otherwise specified in a particular request, Plaintiffs do not seek any documents outside the period from mid-2012 through April 28, 2015. This period encompasses Winston & Strawn's preparations and investigations prior to the filing of the *TCS* and *DigiDeal* litigation complaints and ends on the date Plaintiffs' ND Ill. complaint was filed. All document requests for VendingData litigation materials and Request Nos. 37 and 47 have been withdrawn. We are also modifying our demands to exclude any documents you received from Ms. Kerr in the DigiDeal litigation under the protective order issued in that case.

**Assertion of attorney client privilege/ provision of a privilege log.**
Plaintiffs are expressly requesting attorney/client communications responsive to our Requests because: a) Defendants have not indicated whether they are relying on advice of counsel,

thereby triggering a waiver of privilege, as part of their defense against our *Walker-Process* and sham litigation claims, an issue that needs to be resolved before any depositions are taken that may invoke privilege issues; and b) Defendants' decision on waiver and/or other discovery developments may require us to address the fraud exception to privilege, sooner rather than later. You have indicated that W&S is asserting the privilege on behalf of the Defendants regarding all such communications, but does not wish to prepare a privilege log.. However, paragraph 5 of the Joint Status Report And Discovery Plan agreed to by your client and entered by the court on November 30 requires all documents generated prior to April 28, 2015 that are withheld as privileged to be logged. If W&S is unwilling to do so, Plaintiffs suggest that the withheld documents be provided to Defendants' counsel of record, Jenner & Block, so that J&B may prepare the required privilege log. Either way, we need a privilege log.

**Responses to specific requests**

**Temporal narrowing of Request Nos. 10, 11, 15 and 16.** These requests seek documents, things and communications related to any pre-filing investigation in connection with: 1) the claims asserted against Digideal in the *DigiDeal* litigation (Request Nos. 10 and 11); and 2) the infringement claims in the *TCS* litigation (Request Nos. 15 and 16). The relevant time period in each instance commences with W&S' first knowledge of the facts and circumstances leading to its claim or counterclaim in each matter up to the actual filing of the respective counterclaims/claims.

**Request Nos. 12, 13, 17** seek all documents, things and communications related to the awareness of W&S, both prior to and after the filing of the complaints in the *DigiDeal* litigation (Request Nos. 12 and 13) and in the *TCS* litigation (Request No. 17), of the Roblejo prototypes (using the definition in the subpoena), the Luciano prototypes, and/or the Block '044 patent. This request is limited to documents, things and communications that were in W&S' possession, custody or control (regardless of when acquired) during the time period from mid-2012 through April 28, 2015. With respect to electronic discovery, W&S will only need to search its email for that three year period, but may not exclude from production any earlier-dated documents that are uncovered by that search. As noted above, you may exclude documents you received from Ms. Kerr in the DigiDeal litigation under the protective order issued in that case. With the exception of those documents, if any, I understand that you will produce all non-privileged documents related to the Block '044 patent and the Roblejo/Luciano prototypes.

**Request Nos. 14, 18, 19, 25, 29, 31, 33**: These requests should be construed to include documents, things and communications in W&S' possession, custody or control from the *DigiDeal* litigation (other than documents produced by DigiDeal) and/or *TCS* litigation during the time period from mid-2012 through April 28, 2015.

**Request Nos. 20, 21 and 22** seek documents, things and communications in W&S' possession, custody or control related to the Roblejo prototypes (as defined by Plaintiffs in the subpoena), the Luciano prototypes, and/or the Block '044 patent during the time period from mid-2012 through April 28, 2015.

**Request No. 28** does not require additional narrowing or clarification aside from eliminating the need to produce any documents publicly available from the U.S. Patent and Trademark Office.

**Plaintiffs narrow Request No. 30** to all documents, things and communications (as further described in Request No. 30) from the *CARD II* litigation in W&S' possession, custody or control during the time period from mid-2012 through April 28, 2015. This request specifically includes publicly available documents from the *CARD II* litigation as well as documents not publically available, such as the "Report on Shuffler Competition" referenced in page 33 of Plaintiffs' Amended Complaint.

**Request No. 34** seeks W&S's document retention policies in place from mid-2012 through April 28, 2015 which are applicable to the documents sought by the subpoena.

**W&S has already agreed to respond to Request No. 32**, but has not yet done so.

**Request Nos. 38-46**: We continue to assert requests for market share materials (as defined in Requests Nos. 38-46), to the extent non-privileged responsive documents exist and are in your possession, custody or control. These requests include, but are not limited to, documents, things and communications in W&S' possession, custody or control from or related to the *DigiDeal* litigation (that were not not produced by DigiDeal) and/or *TCS* litigation during the time period from mid-2012 through April 28, 2015.

Please let me know if you have any questions.

Regards,
Bob

The contents of this message may be privileged and confidential. Therefore, if this message has been received in error, please delete it without reading it. Your receipt of this message is not intended to waive any applicable privilege. Please do not disseminate this message without the permission of the author.