# EXHIBIT 41

| From: | Lindsey, Caroline A. |
|---|---|
| To: | Rooney, Daniel T.; Wagner, Kendra L. |
| Subject: | FW: Shuffle Tech -- Folder Structure Information |
| Date: | Friday, May 20, 2016 2:29:58 PM |

---

**From:** Jimenez-Ekman, David
**Sent:** Friday, May 20, 2016 12:28 PM
**To:** 'Bob Rowan'; Lindsey, Caroline A.; Martin, Craig C.
**Cc:** Joe Presta; Michael D. Gaffney; Bobby Foster; Lisa M. Thompson
**Subject:** RE: Shuffle Tech -- Folder Structure Information

Dear Bob:

Thanks for your e-mail. Regarding search parameters: the intent of the conditions we proposed, for discussion and negotiation, not on a take-it-or-leave-it basis, was to ensure that we were not placed into a position where we agreed to a broader search on the understanding that only hits and not families would be produced, and then were required to later review all of the families because there are no restrictions on your later right to request them. Do Plaintiffs have a counterproposal of any kind that would give us some assurance that will not happen? If so, we will consider it in good faith. If not, do Plaintiffs intend to propose more narrowing of the searches? Do you have any alternative, or do you intend to press for us to review the entire set of documents, which is now at more than 287,000, and will grow as more sources are processed, and will require more than 6,300 attorney hours just for first-level initial review?

We disagree that what you proposed is an "accommodation"; you have an obligation under the rules to work with us to ensure that any burden imposed is reasonable and proportionate. I repeat my offer to have a call today to further discuss these issues.

We disagree with other portions of your e-mail, and reserve all of our rights, but in the interest of time, will respond later if necessary.

Best personal regards.

David

---

**From:** Bob Rowan [mailto:rar@nixonvan.com]
**Sent:** Friday, May 20, 2016 11:40 AM
**To:** Lindsey, Caroline A.; Jimenez-Ekman, David; Martin, Craig C.
**Cc:** Joe Presta; Michael D. Gaffney; Bobby Foster; Lisa M. Thompson
**Subject:** FW: Shuffle Tech -- Folder Structure Information

Caroline-

As to your second paragraph, you are essentially telling us that we wasted our time and client's money in reviewing, at your invitation, the voluminous list of 8,206 personal folders that you provided to us as potential exclusions, a number of which were clearly relevant. In the future, we

ask that you clear any further requests, proposal or invitations to us with your vendor <u>before</u> asking us to waste our time on what you are now telling us was a completely wasted "make-work" project. We also note that we only selected 159 subfolders out of the 8,206 on your list. My people find it hard to believe that searching 159 subfolders is now harder than searching all of them, especially since over half of the selected subfolders are concentrated in Eric Abbott's folders and we only selected one Hinman, 9 Snow, and 12 Mooberry subfolders. Surely those 22 subfolders would be much easier to search than the entire folders of those custodians.

As to your fourth paragraph, our "proposal" was, as you correctly state," an effort to reduce [your] burden." Now you are turning our efforts to minimize your expense against us by requiring five "conditions" as a predicate to our accommodation to you. This is obviously unacceptable, particularly your "conditions" 3-5 which require that "Plaintiffs must withdraw (and not reissue)" portions of our RFP instructions"; that "Plaintiffs must articulate, in writing a context dependent... rationale for the likely responsiveness of [each] document...."; and that Plaintiffs must fulfill that unilaterally imposed requirement within the first six week after a document is produced. You leave us no choice but to reject your conditions, withdraw our proposal and insist that you proceed as originally contemplated with concurrent production of "hits" and their "families."

Caroline, your email has really given us pause in proposing any further accommodations to reduce your costs.

-Bob

**From:** Lindsey, Caroline A. [mailto:CLindsey@jenner.com]
**Sent:** Thursday, May 19, 2016 6:42 PM
**To:** Bob Rowan <rar@nixonvan.com>
**Cc:** Joe Presta <jsp@nixonvan.com>; Michael D. Gaffney <MDG@nixonvan.com>; Bobby Foster <RKF@nixonvan.com>; Jimenez-Ekman, David <DJimenez-Ekman@jenner.com>; Martin, Craig C. <CMartin@jenner.com>
**Subject:** RE: Shuffle Tech -- Folder Structure Information

Bob:

Our vendor has completed processing of the subfolders within the personal folders that we initially selected for searching, and has added those documents into the search pool, along with the email data for the 11 requested custodians that was already processed and reported. A report of those cumulative results is attached. There are now 287,029 hits including family; 57,268 hits excluding family.

After you requested adding the additional personal folder subfolders into our search, our vendor advised us to process and search all subfolders rather than continuing to select particular subfolders for review. We are advised that selecting only specific subfolders for searching has been technically difficult and this is supposed to be a faster process. As a result, we are now processing all personal folder data for the eight requested custodians. When the entire universe of personal folder data for the eight requested custodians is loaded, we will rerun the searches; we expect that the hit count

will increase somewhat.

In addition, our vendor has not finished processing the legal server data yet (given its massive size), and it is not ready to search.  These results will also increase based on the legal server search results.

We have considered your proposal that we review only direct search term hits rather than entire families in an effort to reduce burden while maximizing the number of documents we review that hit on search terms.  We are open to your proposal subject to the following conditions:

1. The limitation to direct search hits (rather than including family members) applies regardless of whether the document containing a search term is a parent document (such as a cover email) or a child document (such as an attachment to an email.).

2. As in any case, the fact that a document contains a search term does not mean that it is responsive.  Documents will still be reviewed for responsiveness to the Requests for Production that have been served and only responsive, non-privileged documents will be produced.

3. Each document within a family will be considered its own document for purposes of responsiveness and privilege.  Plaintiffs must withdraw (and not reissue) the portion of their RFP instruction 8, which states that "[a]ll documents and things that respond, in whole or in part, to any portion of the Requests below shall be produced in their entirety, including all attachments and enclosures."  Instead, to the extent that Defendants are asked to review additional family members of produced documents, each family member will be evaluated independently for responsiveness and privilege, and will only be produced if it is independently responsive and non-privileged.

4. To the extent that Plaintiffs later seek the production of other documents in a family with a produced document, Plaintiffs must articulate, in writing, a context-dependent (i.e., non-boilerplate) rationale for the likely responsiveness of the document, based on the content of the document within the family that was produced.  Plaintiffs shall limit their requests for family members of produced documents to no more than 5% of produced documents, or 1,000 families total, whichever is lesser.

5. Plaintiffs must request the production of a document's family members within the first six weeks after a document is produced.

If possible, we would like to have a call tomorrow morning to discuss whether we can reach agreement.  Please let us know when you are available.

Thanks,
Caroline

-----Original Message-----
From: Bob Rowan [mailto:rar@nixonvan.com]
Sent: Tuesday, May 17, 2016 4:09 PM
To: Lindsey, Caroline A.; Jimenez-Ekman, David; Martin, Craig C.
Cc: Joe Presta; Michael D. Gaffney; Bobby Foster
Subject: FW: Shuffle Tech -- Folder Structure Information

Caroline-

Responding to the second part of your email below, we have attached a spread sheet of the additional personal folders we would like you to search.  Some of the folders, particularly some of Eric Abbott's, appear duplicative, but we assume you can make that determination better than we can.

Thanks,
Bob

> From: Lindsey, Caroline A. [mailto:CLindsey@jenner.com]
> Sent: Friday, May 13, 2016 2:15 PM
> To: Bob Rowan <rar@nixonvan.com<mailto:rar@nixonvan.com>>; Joe Presta <jsp@nixonvan.com<mailto:jsp@nixonvan.com>>; Michael D. Gaffney <MDG@nixonvan.com<mailto:MDG@nixonvan.com>>; Bobby Foster <RKF@nixonvan.com<mailto:RKF@nixonvan.com>>
> Cc: Jimenez-Ekman, David <DJimenez-Ekman@jenner.com<mailto:DJimenez-Ekman@jenner.com>>; Martin, Craig C. <CMartin@jenner.com<mailto:CMartin@jenner.com>>
> Subject: RE: Shuffle Tech -- Folder Structure Information
>
> Bob,
>
>
> Thank you for providing revised search terms.  Our ESI vendor has informed us that your proposed search terms 6 through 9 exceed the standalone term limit for our hosting platform (Relativity), which is 450 characters. To run the searches they would need to be broken down into their component parts and run that way. For example search 6 would break down into 3,762 individual terms (see examples below) and would take hours to build. Given the time and expense of performing the searches this way we would ask you to modify terms 6 through 9 so that they can be run efficiently and we can provide results quickly.
> Examples:
>
> litigat* AND Casinos Austria AND Roblejo AND NOT commissioner of patents
>
> litigat* AND CARD-Austria AND Roblejo AND NOT commissioner of patents
>
> litigat* AND CARD LLC AND Roblejo AND NOT commissioner of patents
>
> We have run the other 7 terms through the data we have processed to date and there are 188,397 results including family groups.  A more detailed breakdown is attached.  We understand the personal folder and legal server data is still being processed and not included in these search results, so this number will rise.
>
> As for your questions about personal folders, we confirm that we are proposing to search all folder titles that we believe may potentially relate to items described in the RFPs, including the items listed in my third

sentence in the personal folders section. I am happy to talk about the spreadsheet when you are available. However, we are willing to load and search any additional folders that you think it is necessary to search, so if you have particular folders you think need to added, it may be easiest just to identify them (perhaps by highlighting them in the spreadsheet), and we'll go ahead and load and include them in our searches.
>
> Caroline
>

> From: Bob Rowan [mailto:rar@nixonvan.com]
> Sent: Friday, May 13, 2016 10:34 AM
> To: Lindsey, Caroline A.; Joe Presta; Michael D. Gaffney; Bobby Foster
> Cc: Jimenez-Ekman, David; Martin, Craig C.
> Subject: RE: Shuffle Tech -- Folder Structure Information
>
> Dear Caroline-
>
> We have no problem with the approach you propose regarding the Legal Servers.
>
> However, we have some questions regarding the Personal Folders you propose to omit. The second and third sentences of your discussion of those personal folders are a little confusing to us. Can you confirm that that the list of subjects in your third sentence are what you loading and reviewing, not omitting. We also have trouble understanding why you propose to eliminate certain folders on your attached spreadsheet. Some eliminations are obvious, such as Eric Abbott's folders that relate to Pai Gow or collection litigation or legal forms, but the reasons for exclusion of other files, such as those of Mr. Isaacs, are not apparent to me from the file descriptions. Perhaps you and I should get on the phone and walk through your spreadsheet at your convenience. I'm tied up from noon until about 3:30 EDT today, but could be available for a couple of hours after that or any time on Monday except noon to 1:30 our time.
>
> Thanks,
> Bob
>
> From: Lindsey, Caroline A. [mailto:CLindsey@jenner.com]
> Sent: Tuesday, May 10, 2016 7:37 PM
> To: Bob Rowan <rar@nixonvan.com<mailto:rar@nixonvan.com>>; Joe Presta <jsp@nixonvan.com<mailto:jsp@nixonvan.com>>; Michael D. Gaffney <MDG@nixonvan.com<mailto:MDG@nixonvan.com>>; Bobby Foster <RKF@nixonvan.com<mailto:RKF@nixonvan.com>>
> Cc: Jimenez-Ekman, David <DJimenez-Ekman@jenner.com<mailto:DJimenez-Ekman@jenner.com>>; Martin, Craig C. <CMartin@jenner.com<mailto:CMartin@jenner.com>>
> Subject: Shuffle Tech -- Folder Structure Information
>
> Dear Counsel:

\>
\> We have reviewed the native folders listings for the four legal servers that you asked us to search and for the personal folders you asked us to search.
\>
\> Legal Servers
\>
\> There are 87,390 folders on the legal servers.  In an attempt to reduce the volume of data to be loaded from the legal servers, we propose excluding:
\>
\>
\> *        All folders that contain stored or restored user data for individual employees other than the 11 custodians you have previously identified, based on the folder names
\>
\> *        All folders relating to trademarks, which are not at issue in this case (and which will eliminate thousands of folders), based on the folder names
\>
\> *        All folders relating to litigation cases except for those identified in your document requests, based on the folder names
\>
\> *        All folders that are clearly personal in nature and not work-related, such as itunes data or "my pictures."
\>
\> Even with these exclusions, we expect to have tens of thousands of folders to load and search.  However, the folder structure on the legal servers is not such that we can easily identify which folders are most likely to contain responsive information, and we believe this large collection will be the most efficient way to proceed.
\>
\> Please let us know if you have any objection to this plan.
\>
\> Personal Folders
\>
\> There are about 12,000 folders in the personal folders available so far. Attached is a list of personal folders for the custodians you identified that we propose not to load and search in our document collection process.  We arrived at this list by identifying all folder titles that we believe may potentially relate to items described in the RFPs, such as folder titles relating to the names of the companies about which there are discovery requests; folder titles relating to card shufflers; folder titles relating to board meetings; folders relating to corporate acquisitions; folders relating to budgets and financial matters; sales forecasts; etc.  In addition, to the extent that a folder title itself contained sensitive private information, such as revealing employment termination information about a specific employee, we have included that folder in our list of folders to load and evaluate for responsiveness, and will search and review it as appropriate (rather than being forced to deal with third-party confidentiality issues in the context of providing this list to you).  This spreadsheet reflects data

that we intend to omit from our searches of the personal folders for 6 of the 8 personal folder custodians you requested.  We plan to search the personal folder data we have for Jennifer Farrar in its entirety.  We have not yet received folder structure information for Attila Grauzer at this time; our vendor is confirming whether any is available.
>
> Please note that this document has been designated as HIGHLY CONFIDENTIAL pursuant to the protective order.  As previously discussed, this spreadsheet is produced under the agreement that producing it will not constitute a waiver of any immunity from discovery (including without limitation of the attorney-client or work product privilege) over any other documents or communication.
>
> Thanks,
> Caroline
>
> _____
> Caroline A. Lindsey
>
> Jenner & Block LLP
> 353 N. Clark Street, Chicago, IL 60654-3456  |
jenner.com<http://www.jenner.com>
> +1 312 840 7410 | TEL
> CLindsey@jenner.com<mailto:CLindsey@jenner.com>
> Download V-
Card<https://svcs.jenner.com/JBvCard/vcardhandler/getcardbypid/68941>  |  View
Biography<http://www.jenner.com/people/CarolineLindsey>
>
> CONFIDENTIALITY WARNING: This email may contain privileged or confidential information and is for the sole use of the intended recipient(s). Any unauthorized use or disclosure of this communication is prohibited. If you believe that you have received this email in error, please notify the sender immediately and delete it from your system.
> _____
>