# EXHIBIT 42

| | |
|---|---|
| **From:** | Bob Rowan |
| **To:** | Jimenez-Ekman, David; Lindsey, Caroline A.; Martin, Craig C. |
| **Cc:** | Joe Presta; Michael D. Gaffney; Bobby Foster; Lisa M. Thompson |
| **Subject:** | FW: Shuffle Tech -- Folder Structure Information |
| **Date:** | Friday, May 20, 2016 3:05:04 PM |

David and Caroline-

Responding to your follow-up email, we are happy to talk, but thought that it would be more efficient to first set out our positon and rationale in more detail in an email. Perhaps you will even agree to our points.

On reflection, we cannot accept condition 1 because a "child", e.g., an attachment to an email, would be devoid of context and may be entirely meaningless without the "parent." We have to receive the parent in all instances.

As to condition 2, the search terms were crafted to seek emails and other electronic documents within the scope of the outstanding RFPs. However, fact discovery is far from over and we are not limited to the currently outstanding document requests. So, if you think our search terms or the responsive "hits" they generate address matters outside the existing RFPs, please let us know and we can discuss. If we cannot agree that all of the search terms or the responsive "hits" are within the scope of the currently outstanding RFPs, you may consider the terms or portions of terms that generate the assertedly non-responsive hits to be new RFPs and respond accordingly.

As to condition 3, the first sentence is fine. However, we cannot agree to the rest. As to the second sentence, we are not going to "throw out the baby with the bathwater" by withdrawing (and agreeing not to reissue) our RFP instructions on a wholesale basis. We are willing to modify them for present purposes only and only as specifically agreed. Our response to your last sentence is addressed in the preceding paragraph.

As to 4, we see no need or obligation to disclose our mental processes, i.e., protected work product, as a prerequisite to follow-up requests, particularly on the terms you have dictated. If you think any follow-up request is unreasonable, as to scope or required expense, we will be happy to discuss it at that time. We see no need to impose artificial numerical limitations in advance.

As to 5, we will endeavor to review the produced documents and provide any follow-up requests as quickly as we can, and certainly well before the discovery cutoff. However, we see no need or right to impose an artificial six week time limit that is not contained within any rule, particularly since it has already taken defendants over six months to review their own documents and virtually none have been actually produced to date. Our need for additional documents may also change as the facts and circumstances of the case, including other discovery, develop. That cannot be predicted in advance.

Regards,
Bob

**From:** Michael D. Gaffney
**Sent:** Friday, May 20, 2016 7:12 AM
**To:** Bob Rowan <rar@nixonvan.com>
**Cc:** Bobby Foster <RKF@nixonvan.com>; Joe Presta <jsp@nixonvan.com>
**Subject:** Re: Shuffle Tech -- Folder Structure Information

My initial thoughts are to reject 3-5. Specifically 3) expressly reserve our rights to entire document upon request; 4) reject as wholly outside our proposal and rule 26; 5) ditto. As to 1, it does not look too harmful as long as we can tell if the hit is attached to another doc that we can freely obtain. As to 2 (and parts of 3), it looks like a sneaky way to hold back a hit. Defendants should have to describe the (non-responsive) subject matter of any doc so withheld. I agree, Bob, that this is the game they are most comfortable playing, hopefully judge will see through their deliberate complications. G.

> **From:** Lindsey, Caroline A. [mailto:CLindsey@jenner.com]
> **Sent:** Thursday, May 19, 2016 6:42 PM
> **To:** Bob Rowan <rar@nixonvan.com>
> **Cc:** Joe Presta <jsp@nixonvan.com>; Michael D. Gaffney <MDG@nixonvan.com>;
> Bobby Foster <RKF@nixonvan.com>; Jimenez-Ekman, David <DJimenez-
> Ekman@jenner.com>; Martin, Craig C. <CMartin@jenner.com>
> **Subject:** RE: Shuffle Tech -- Folder Structure Information
>
> Bob:
>
> Our vendor has completed processing of the subfolders within the personal folders that we initially selected for searching, and has added those documents into the search pool, along with the email data for the 11 requested custodians that was already processed and reported. A report of those cumulative results is attached. There are now 287,029 hits including family; 57,268 hits excluding family.
>
> After you requested adding the additional personal folder subfolders into our search, our vendor advised us to process and search all subfolders rather than continuing to select particular subfolders for review. We are advised that selecting only specific subfolders for searching has been technically difficult and this is supposed to be a faster process. As a result, we are now processing all personal folder data for the eight requested custodians. When the entire universe of personal folder data for the eight requested custodians is loaded, we will rerun the searches; we expect that the hit count will increase somewhat.
>
> In addition, our vendor has not finished processing the legal server data yet (given its massive size), and it is not ready to search. These results will also increase based on the legal server search results.
>
> We have considered your proposal that we review only direct search term hits rather

than entire families in an effort to reduce burden while maximizing the number of documents we review that hit on search terms. We are open to your proposal subject to the following conditions:

1. The limitation to direct search hits (rather than including family members) applies regardless of whether the document containing a search term is a parent document (such as a cover email) or a child document (such as an attachment to an email.).

2. As in any case, the fact that a document contains a search term does not mean that it is responsive. Documents will still be reviewed for responsiveness to the Requests for Production that have been served and only responsive, non-privileged documents will be produced.

3. Each document within a family will be considered its own document for purposes of responsiveness and privilege. Plaintiffs must withdraw (and not reissue) the portion of their RFP instruction 8, which states that "[a]ll documents and things that respond, in whole or in part, to any portion of the Requests below shall be produced in their entirety, including all attachments and enclosures." Instead, to the extent that Defendants are asked to review additional family members of produced documents, each family member will be evaluated independently for responsiveness and privilege, and will only be produced if it is independently responsive and non-privileged.

4. To the extent that Plaintiffs later seek the production of other documents in a family with a produced document, Plaintiffs must articulate, in writing, a context-dependent (i.e., non-boilerplate) rationale for the likely responsiveness of the document, based on the content of the document within the family that was produced. Plaintiffs shall limit their requests for family members of produced documents to no more than 5% of produced documents, or 1,000 families total, whichever is lesser.

5. Plaintiffs must request the production of a document's family members within the first six weeks after a document is produced.

If possible, we would like to have a call tomorrow morning to discuss whether we can reach agreement. Please let us know when you are available.

Thanks,
Caroline

-----Original Message-----
From: Bob Rowan [mailto:rar@nixonvan.com]
Sent: Tuesday, May 17, 2016 4:09 PM
To: Lindsey, Caroline A.; Jimenez-Ekman, David; Martin, Craig C.
Cc: Joe Presta; Michael D. Gaffney; Bobby Foster
Subject: FW: Shuffle Tech -- Folder Structure Information

Caroline-

Responding to the second part of your email below, we have attached

a spread sheet of the additional personal folders we would like you to search. Some of the folders, particularly some of Eric Abbott's, appear duplicative, but we assume you can make that determination better than we can.

Thanks,
Bob

> From: Lindsey, Caroline A. [mailto:CLindsey@jenner.com]
> Sent: Friday, May 13, 2016 2:15 PM
> To: Bob Rowan <rar@nixonvan.com<mailto:rar@nixonvan.com>>; Joe Presta <jsp@nixonvan.com<mailto:jsp@nixonvan.com>>; Michael D. Gaffney <MDG@nixonvan.com<mailto:MDG@nixonvan.com>>; Bobby Foster <RKF@nixonvan.com<mailto:RKF@nixonvan.com>>
> Cc: Jimenez-Ekman, David <DJimenez-Ekman@jenner.com<mailto:DJimenez-Ekman@jenner.com>>; Martin, Craig C. <CMartin@jenner.com<mailto:CMartin@jenner.com>>
> Subject: RE: Shuffle Tech -- Folder Structure Information
>
> Bob,
>
>
> Thank you for providing revised search terms. Our ESI vendor has informed us that your proposed search terms 6 through 9 exceed the standalone term limit for our hosting platform (Relativity), which is 450 characters. To run the searches they would need to be broken down into their component parts and run that way. For example search 6 would break down into 3,762 individual terms (see examples below) and would take hours to build. Given the time and expense of performing the searches this way we would ask you to modify terms 6 through 9 so that they can be run efficiently and we can provide results quickly.
> Examples:
>
> litigat* AND Casinos Austria AND Roblejo AND NOT commissioner of patents
>
> litigat* AND CARD-Austria AND Roblejo AND NOT commissioner of patents
>
> litigat* AND CARD LLC AND Roblejo AND NOT commissioner of patents
>
> We have run the other 7 terms through the data we have processed to date and there are 188,397 results including family groups. A more detailed breakdown is attached. We understand the personal folder and legal server data is still being processed and not included in these search results, so this number will rise.
>
> As for your questions about personal folders, we confirm that we are proposing to search all folder titles that we believe may

potentially relate to items described in the RFPs, including the items listed in my third sentence in the personal folders section. I am happy to talk about the spreadsheet when you are available. However, we are willing to load and search any additional folders that you think it is necessary to search, so if you have particular folders you think need to added, it may be easiest just to identify them (perhaps by highlighting them in the spreadsheet), and we'll go ahead and load and include them in our searches.
>
> Caroline
>

> From: Bob Rowan [mailto:rar@nixonvan.com]
> Sent: Friday, May 13, 2016 10:34 AM
> To: Lindsey, Caroline A.; Joe Presta; Michael D. Gaffney; Bobby Foster
> Cc: Jimenez-Ekman, David; Martin, Craig C.
> Subject: RE: Shuffle Tech -- Folder Structure Information
>
> Dear Caroline-
>
> We have no problem with the approach you propose regarding the Legal Servers.
>
> However, we have some questions regarding the Personal Folders you propose to omit.  The second and third sentences of your discussion of those personal folders are a little confusing to us. Can you confirm that that the list of subjects in your third sentence are what you loading and reviewing, not omitting.  We also have trouble understanding why you propose to eliminate certain folders on your attached spreadsheet.  Some eliminations are obvious, such as Eric Abbott's folders that relate to Pai Gow or collection litigation or legal forms, but the reasons for exclusion of other files, such as those of Mr. Isaacs, are not apparent to me from the file descriptions.  Perhaps you and I should get on the phone and walk through your spreadsheet at your convenience.  I'm tied up from noon until about 3:30 EDT today, but could be available for a couple of hours after that or any time on Monday except noon to 1:30 our time.
>
> Thanks,
> Bob
>
> From: Lindsey, Caroline A. [mailto:CLindsey@jenner.com]
> Sent: Tuesday, May 10, 2016 7:37 PM
> To: Bob Rowan <rar@nixonvan.com<mailto:rar@nixonvan.com>>; Joe Presta <jsp@nixonvan.com<mailto:jsp@nixonvan.com>>; Michael D. Gaffney <MDG@nixonvan.com<mailto:MDG@nixonvan.com>>; Bobby Foster <RKF@nixonvan.com<mailto:RKF@nixonvan.com>>
> Cc: Jimenez-Ekman, David <DJimenez-

Ekman@jenner.com<mailto:DJimenez-Ekman@jenner.com>>; Martin, Craig
C. <CMartin@jenner.com<mailto:CMartin@jenner.com>>
> Subject: Shuffle Tech -- Folder Structure Information
>
> Dear Counsel:
>
> We have reviewed the native folders listings for the four legal
servers that you asked us to search and for the personal folders
you asked us to search.
>
> Legal Servers
>
> There are 87,390 folders on the legal servers.  In an attempt to
reduce the volume of data to be loaded from the legal servers, we
propose excluding:
>
>
> *        All folders that contain stored or restored user data
for individual employees other than the 11 custodians you have
previously identified, based on the folder names
>
> *        All folders relating to trademarks, which are not at
issue in this case (and which will eliminate thousands of folders),
based on the folder names
>
> *        All folders relating to litigation cases except for
those identified in your document requests, based on the folder
names
>
> *        All folders that are clearly personal in nature and not
work-related, such as itunes data or "my pictures."
>
> Even with these exclusions, we expect to have tens of thousands
of folders to load and search.  However, the folder structure on
the legal servers is not such that we can easily identify which
folders are most likely to contain responsive information, and we
believe this large collection will be the most efficient way to
proceed.
>
> Please let us know if you have any objection to this plan.
>
> Personal Folders
>
> There are about 12,000 folders in the personal folders available
so far.  Attached is a list of personal folders for the custodians
you identified that we propose not to load and search in our
document collection process.  We arrived at this list by
identifying all folder titles that we believe may potentially
relate to items described in the RFPs, such as folder titles
relating to the names of the companies about which there are

discovery requests; folder titles relating to card shufflers; folder titles relating to board meetings; folders relating to corporate acquisitions; folders relating to budgets and financial matters; sales forecasts; etc. In addition, to the extent that a folder title itself contained sensitive private information, such as revealing employment termination information about a specific employee, we have included that folder in our list of folders to load and evaluate for responsiveness, and will search and review it as appropriate (rather than being forced to deal with third-party confidentiality issues in the context of providing this list to you). This spreadsheet reflects data that we intend to omit from our searches of the personal folders for 6 of the 8 personal folder custodians you requested. We plan to search the personal folder data we have for Jennifer Farrar in its entirety. We have not yet received folder structure information for Attila Grauzer at this time; our vendor is confirming whether any is available.

> 
> Please note that this document has been designated as HIGHLY CONFIDENTIAL pursuant to the protective order. As previously discussed, this spreadsheet is produced under the agreement that producing it will not constitute a waiver of any immunity from discovery (including without limitation of the attorney-client or work product privilege) over any other documents or communication.
> 
> Thanks,
> Caroline
> 
> _____
> Caroline A. Lindsey
> 
> Jenner & Block LLP
> 353 N. Clark Street, Chicago, IL 60654-3456  |
jenner.com<http://www.jenner.com>
> +1 312 840 7410 | TEL
> CLindsey@jenner.com<mailto:CLindsey@jenner.com>
> Download V-
Card<https://svcs.jenner.com/JBvCard/vcardhandler/getcardbypid/68941
>  |  View Biography<http://www.jenner.com/people/CarolineLindsey>
> 
> CONFIDENTIALITY WARNING: This email may contain privileged or confidential information and is for the sole use of the intended recipient(s). Any unauthorized use or disclosure of this communication is prohibited. If you believe that you have received this email in error, please notify the sender immediately and delete it from your system.
> _____
>