IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Shuffle Tech International, LLC, et al., | ) |
| | ) |
| Plaintiffs, | ) Civil Action No. 1:15-cv-3702 |
| | ) |
| v. | ) Honorable Matthew F. Kennelly |
| | ) |
| Scientific Games Corporation, et al., | ) |
| | ) |
| Defendants. | ) |

## JOINT STATUS REPORT REGARDING OUTSTANDING DISCOVERY ISSUES

The parties submit this Joint Status Report regarding outstanding discovery issues for the January 20, 2017 status hearing.

**1.  The Parties' Fact Depositions and the Close of Discovery**

Discovery is currently scheduled to close on January 31, 2017. The approach of the close of discovery has resulted in a flurry of depositions taken and many more noticed by Defendants.

This Court's prior orders have limited fact depositions to 20 per side. This number does not include Rule 30(b)(6) depositions.

To date, Plaintiffs have taken 16 depositions, including an incomplete Rule 30(b)(6) deposition. Two additional depositions have been firmly scheduled and another deposition of one of the Defendants' officers has been noticed, but a mutually agreeable date has not been set, which also is the case for the Rule 30(b)(6) deposition which was not completed because Defendants' witness was not prepared on several topics on which Defendants have agreed to provide another witness(es).

Defendants have taken nine depositions, have firmly scheduled one additional deposition, and have noticed 22 further depositions for which they have issued notices and/or served subpoenas on non-party witnesses. See attached table as Exhibit A.

Plaintiffs respectfully submit that the Court imposed the deposition limit for good and valid reasons, and Plaintiffs do not agree to an extension of the limit unless appropriately justified to the Court's satisfaction. Defendants have not provided Plaintiffs with any justifications that would merit an increase in the limit.

As can be seen by the attached table, the 21 additional depositions noticed by the Defendants involve many non-parties located all over the country (for example, Las Vegas, Nevada; Denver, Colorado; Westport, Connecticut; Phoenix, Arizona; Seattle, Washington; Salt Lake City, Utah; and Spokane, Washington). Many dates overlap and have been noticed on less than 10 days' notice.

Plaintiffs respectfully point out that Defendants have known of the non-parties for several months. Defendants assert, however, that the delay in serving subpoenas on some of the non-parties has been due to the difficulty in locating some of them, and efforts of other witnesses to avoid service. Counsel for Defendants also claim that such difficulty has been, in part, due to misspellings in Plaintiffs' initial disclosures. While there were some errors in Plaintiffs' designations, these errors do not justify Defendants' failure to comply with this Court's Scheduling Order.

In an effort to justify their lack of diligence in conducting discovery in a timely manner, Defendants have identified 28 individuals or entities "whom Defendants have not been able to depose." However, that list includes five individuals (Dickinson, Barnett, Pietrasanto, Gola, and Solberg) who have already been deposed by Plaintiffs with Defendants' counsel in attendance

and invited to cross-examine, plus another individual (Luciano) who is being deposed this Friday.

Defendants' list also includes one entity, the Kerr IP Group, that was allegedly "not disclosed by Plaintiffs," whose only principals (Michael and Marie Kerr) were both disclosed and have already been deposed by Defendants, as well as another entity, Galaxy Gaming Inc., whose name appears no less than six times in Plaintiffs' disclosures and whose employees (Barnett and Pietrosanto) have already been deposed by Plaintiffs with Defendants' counsel in attendance.

The only other entity allegedly "not disclosed by Plaintiffs" (Wolff Gaming) was actually disclosed in Plaintiffs' initial Complaint in this case and has been well known to Defendants since that time. Of the three individuals allegedly not disclosed, one is the principal of Wolff Gaming, Kevin Wolff, and the other two were expert witnesses (Hampton and McDaniels) in the Washington state litigation involving certain of the Plaintiffs which has been known to Defendants for over a year. Moreover, Plaintiffs have never indicated an intention to call any of these individuals to support their claims.[1]

Of the remaining individuals identified on Defendants' list, two (Lopez and Skvorzov) were identified by Plaintiffs as employees of American Gaming Systems ("AGS"), an entity which features prominently in this case as the purchaser of Plaintiff Shuffle Tech's shuffler patents. AGS' change of address was as easily ascertainable by Defendants as Plaintiffs, via a five-second Google search. It should also be noted that these individuals were disclosed months ago. In fact Mr. Lopez was disclosed in 2015.

---

[1] Wolff, Wolff Gaming, Hampton and McDaniel were not on Plaintiffs' Rule 26 disclosures precisely because Plaintiffs never had any intention, and still don't, to use any of these individuals or entities "to support its claims or defenses" as provided in Rule 26.

Of the remaining individuals not discussed above, Defendants were specifically advised to contact Mr. Cranford "through Plaintiffs' counsel," but they chose not to do so. Mr. Saucier, the CEO of Galaxy Gaming, was disclosed in 2015, and the current address of his publicly traded company is also readily ascertainable from a brief Google search. Plaintiffs previously informed Defendants' counsel that Plaintiffs would not be calling the misspelled Mr. Sniezck or Mr. Hansen as witnesses, and that Plaintiffs were removing them from their Rule 26 list. The same is also true of the misspelled Mr. Omohundro, as well as Mr. Foxman and Mr. Wolff (who was never on Plaintiffs' list).

It will be physically impossible to take all of the Defendants' noticed depositions by the discovery cutoff. Counsel for Defendants have indicated that they will ask for a three-week extension of discovery. However, they acknowledge that, if they do, the dates for expert reports must also be extended. Plaintiffs have agreed to two depositions being taken after the discovery cutoff, one by Plaintiffs, one by Defendants, plus the completion of the Rule 30(b)(6) deposition in early February, but do not agree to an extension for other depositions.

**2.     Transaction Data**

Defendants are not meeting their obligations with regard to the discovery of sales and lease transactional and cost data. They clearly are not meeting their obligations under Local Patent Rule for Electronically Stored Information 2.5, which requires the parties to confer on whether ESI stored in a database or a database management system can be produced by querying the database for discoverable information.

As set forth in the Joint Status Report filed on December 20, 2016 (Docket No. 119), Plaintiffs raised issues in mid-November, 2016 regarding Defendants' production of sales

transaction data responsive to Plaintiffs' Document Request Nos. 154 and 156. Those requests were served on Defendants on September 19, 2016.

Document Request No. 154 seeks electronically stored sales data, including the name of the customer, whether the transaction was a sale or lease, a description of the model of the shufflers sold or leased, the date of the transaction, and the price.

Document Request No. 156 seeks electronically stored information on the cost of production, including the name of the manufacturer, the date of the manufacture, the model number manufactured, and the cost of each unit of the particular model.

Defendants' Responses and Objections, served on October 19, 2016, stated that the Defendants would produce such documents "to the extent they exist [and] can be located after reasonable search."

By the beginning of November, Defendants had not conferred with Plaintiffs on what was available in ESI as required by Rule 2.5. Defendants had produced a spreadsheet numbered SGC0000073631, which contained some sales and license data for the years 1999 through 2012, but no cost data.

When Plaintiffs asked Defendants on November 9, 2016 for similar data for the years 2013 to 2015, Defendants responded on November 29 by email that the spreadsheet was generated on an ad hoc basis and not in the normal course of business for all time periods. Defendants' email also referenced Bates numbers for over 150 financial documents that they indicated reflected historical financial data. Plaintiffs' counsel examined the 150+ financial documents cited by Defendants in their November 29 email and determined that they did not provide the type of transactional sales data requested in Document Request No. 154.

On December 12, 2016, counsel conferred by telephone regarding the foregoing production deficiencies. Counsel for Plaintiffs indicated that Plaintiffs would like to have the sales transactional data from the Defendants' electronically stored databases for all of the years requested, 2000 through the present.

For the first time, counsel for Defendants agreed to ask their clients what transactional databases existed and whether they could be queried to capture the sought-after information.

Meantime on December 13-15, 2016, Plaintiffs took the deposition of a Rule 30(b)(6) designee of Defendants. Prior to that deposition, Plaintiffs provided Defendants with a list of questions regarding document SGC0000073631, the so-called ad hoc spreadsheet produced by Defendants from Scientific Games' files. The company and the designee claimed that no one had knowledge of the document, and the designee would not answer any questions regarding the document.

On January 6, 2017 and January 11, 2017, Mr. Jeffery Cross, one of the counsel for Plaintiffs, sent emails to counsel for Defendants asking them to speak by telephone regarding the issue of the transactional sales data. Counsel for defendants did not respond Mr. Cross' request.

During the week of January 11, 2017, counsel for Defendants told Mr. Robert Rowan, lead counsel for Plaintiffs, that some documents would be produced soon. Mr. Rowan told counsel that they needed to speak with Mr. Cross.

On January 11 and January 17, 2017, Defendants produced spreadsheets containing transactional sales and lease data for the years 2012 through July 2014, and sales and cost data for July 2014 to December 2016.

On January 18, 2017, counsel conferred by telephone. Counsel for Plaintiffs pointed out that there were missing years of data in the recent production. He also asked that counsel for

Defendants ask their clients if there were archival ESI storage, such as backup tapes, that may contain transactional sales, lease and cost data for prior years. Counsel for Defendants agreed to make that inquiry.

### B. Defendants' Position:

#### 1. Depositions

Since the last status hearing on December 19, 2016, the parties have continued to work on deposition discovery. To date, Plaintiffs have taken 17 depositions and Defendants have taken 9 depositions (including Rule 30(b)(6) depositions). Plaintiffs have used 65 documents produced by Defendants as deposition exhibits, out of a total production of 76,382 documents.

The breadth of this case creates a challenge for efficiently conducting depositions. Plaintiffs disclosed 92 witnesses or categories of witnesses in their current set of initial disclosures, served on October 17, 2016, and did not provide any information on which of those 92 witnesses they might actually use as trial witnesses until December 14, 2016. At that time, Plaintiffs indicated that, in addition to any witness in Defendants' control and any witness already deposed, they additionally considered at least 19 other witnesses as potential trial witnesses. (The parties never reached a final agreement on this matter, and as of today, all 92 witnesses remain potential trial witnesses.) Defendants then attempted to serve those 19 witnesses with document and/or deposition subpoenas, but have faced significant difficulties in actually serving the witnesses because Plaintiffs have not complied with Federal Rule of Civil Procedure 26, which requires Plaintiffs to disclose "the name and, if known, the address and telephone number of each individual likely to have discoverable information[.]" Fed. R. Civ. P. 26(a)(i).

Plaintiffs' initial disclosures contain numerous misspelled names and invalid or missing addresses, even for witnesses whom Plaintiffs say can be contacted through Plaintiffs' counsel. Based on the volume of incorrect information, it does not appear that Plaintiffs made a good-faith effort to provide correct names and addresses in their initial disclosures. The deficiencies extend to witnesses whom Plaintiffs say can be contacted through Plaintiffs' counsel. For example, Plaintiffs misspelled the name for, and provided an incorrect address for, Paul Omohundro, identified as a consultant to Plaintiff Aces Up. Similarly, Plaintiffs appear to have provided an incorrect name for Bryan Hansen (a name that does not appear in any document produced by Plaintiffs), identified as a salesman for Aces Up, and did not provide any address for him even though he is apparently their employee and they should have his address available to them.[2]

Additionally, numerous witnesses appear to be ducking service, as detailed in the chart below. Defendants' vendors have been making service attempts on a daily or near-daily basis with no success. Many witnesses have been evading service for more than a month as of this status report.

A chart of the status of Defendants' service of document and deposition subpoenas on third-party witnesses, including within it (but not limited to) a list of outstanding witnesses whom Defendants have not yet been able to depose is provided below.

---

[2] Defendants appreciate Plaintiffs' apparent representation that Mr. Cranford can be served through them. Defendants note that Plaintiffs were served with notice of Mr. Cranford's deposition on December 20, 2016. Based on Plaintiffs' comments above, it appears that service should be sufficient for Mr. Cranford and Defendants are prepared to proceed with the deposition on January 25, 2017.

**Shuffle Tech et al. v. Scientific Games et al.**
*Service of Document and Deposition Subpoenas on Third-Party Witnesses*

| Name | Problems With Plaintiffs' Identification | Date First Identified In Initial Disclosures | Date Subpoena Was Issued | Date Served (or Service Incomplete) |
|---|---|---|---|---|
| David Lopez | Address out of date/inaccurate | 11/04/15 | 1st – 12/19/16<br>2nd – 1/10/17 | Incomplete |
| Matt Pijnappels | address out of date/inaccurate misspelled last name as "Prjnappels" | 10/17/16 | 1st – 12/19/16<br>2nd – 1/10/17 | Incomplete |
| Tony Cranford | address out of date/inaccurate | 11/04/15 | Dep – 12/20/16<br>Docs – 12/19/16 | Incomplete |
| Mike Skvorzov | address out of date/inaccurate | 09/29/16 | 1st – 12/19/16<br>2nd – 1/10/17 | Incomplete |
| Nile Konicek | address out of date/inaccurate; name misspelled (provided as Konichek) | 10/17/16 | 1st – 12/19/16<br>2nd – 01/04/17 | 01/09/17 |
| Jeff Kowalchuk | address out of date/inaccurate | 09/29/16 | Dep – 12/20/16<br>Docs – 12/19/16 | 01/08/17 |
| Bryan Hansen | failed to include contact information; the Hansen we located indicated he lacks knowledge about the subject matter of the suit, and was not familiar with Aces Up even though Plaintiffs state he is a salesman for Aces Up | 10/17/16 | 12/20/16 | Complete (date unknown, but accomplished by 01/06/17) |
| Dan Louis | name misspelled (provided as Lewis); failed to include contact information | 10/17/16 | 1st (Lewis) – 12/19/16<br>2nd (Lewis) – 12/22/16<br>3rd (Louis) – 01/06/17 | 01/09/17 |

| | | | | |
|---|---|---|---|---|
| Paul Omohundro | misspelled name (provided as Olamandro); address out of date | 09/29/16 | 1st (Olamandro) – 12/19/16<br>2nd (Omohundro) – 01/17/17 | Incomplete |
| Ken Dickinson * | misspelled name (provided as Dickenson); failed to provide contact information | 11/04/15 | Docs – 12/19/16 | 01/03/17 |
| Scott Sniezek † | misspelled name (provided as Sniezak); failed to provide contact information | 10/17/16 | 1st – 12/19/16<br>2nd – 12/28/16 | 12/28/16 |
| Dean Barnett * † | failed to provide contact information | 10/17/16 | Docs – 12/19/16 | 12/21/16 |
| Bobby Pietrosanto * † | misspelled name (provided as Peitrosanto); failed to provide contact information | 10/17/16 | Docs – 12/19/16 | 12/22/16 |
| Robert Saucier † | failed to provide contact information | 11/04/15 | Docs – 12/19/16<br>Dep – 12/20/16 | 12/21/16 |
| Mark Newburg | failed to provide contact information | 11/04/15 | Docs – 12/19/16<br>Dep – 12/20/16 | 12/22/16 |
| Kent Odekirk | Misspelled name (provided as Odiker); failed to provide contact information | 10/17/16 | Docs – 12/19/16<br>Dep – 12/20/16 | 12/22/16 |
| Michael Foxman | address out of date/inaccurate | 9/29/16 | Dep – 1/17/17 | Incomplete |
| Steven Gola* | failed to provide contact information | 11/04/15 | Docs – 09/22/16 | 9/23/16 |
| Robert Luciano | address out of date/inaccurate | 11/04/15 | Docs – 09/26/16 | Unknown |
| Lawrence Luciano | address out of date/inaccurate | 11/04/15 | Docs – 09/23/16 | 09/23/16 |
| Conrad Roblejo | failed to provide contact information | 11/04/15 | Docs – 09/22/16 | 09/23/16 |
| Halvard Solberg* | address out of date/inaccurate | 11/04/15 | Docs – 09/26/16 | 09/26/16 |

| | | | | |
|---|---|---|---|---|
| Scott Hampton | Not specifically identified in plaintiffs' initial disclosures | n/a | Dep – 01/17/17 | Incomplete |
| Douglas McDaniel | Not specifically identified in plaintiffs' initial disclosures | n/a | Dep – 01/17/17 | 01/18/17 |
| Kevin Wolff | Not specifically identified in plaintiffs' initial disclosures | n/a | Dep – 01/17/17 | Incomplete |
| Wolff Gaming | Not specifically identified in plaintiffs' initial disclosures | n/a | Docs – 01/13/17 | Incomplete |
| Galaxy Gaming | Not specifically identified in plaintiffs' initial disclosures | n/a | Docs – 01/13/17 | 01/17/17 |
| Kerr IP Group ** | Not specifically identified in plaintiffs' initial disclosures | n/a | Docs – 01/13/17 | Incomplete |

\* Witness was issued a deposition subpoena by plaintiffs and has been deposed
† Objections to subpoena served by witness's counsel
\*\* Michael (Mick) Kerr and Marie Kerr were previously deposed on December 1 and December 2, 2016, respectively

Defendants have outstanding deposition subpoenas or deposition notices for about 22 witnesses, although they will cancel some of these if they are able to determine the witnesses are not necessary to depose. Defendants have served subpoenas for more depositions than are allowed under the deposition limit in order to preserve their right to depose witnesses should it be necessary, recognizing that it has been a lengthy and complicated process to subpoena most witnesses identified by Plaintiffs. Defendants do not anticipate exceeding the 20-deposition limit (excluding Rule 30(b)(6) depositions).

Because the parties have a number of depositions remaining, and because the necessity for taking many depositions close to the deadline was caused by Plaintiffs' overbroad disclosure of 92 witnesses and failure to subsequently narrow the list, as well as Plaintiffs' failure to correctly identify witnesses, Defendants request a three-week extension to the discovery deadline (solely for depositions, and not for written discovery) to February 21, 2017.

**2.  Documents**

Plaintiffs' assertions about transactional data are incorrect and suggest that Plaintiffs have continued their pattern of issuing immensely burdensome discovery requests, forcing Defendants to incur enormous costs to procure the requested information, and then not using – or even reviewing – the discovery when it is received.

Defendants believe they have produced both sales and lease transactional data for the entire period of 2012 to the present – the entire period for which Scientific Games is presently able to generate such data (although we continue to investigate whether further archival data may be available). *See* SGC0001092868 (leases and sales 2012 to July 2014); SGC0001092869 (lease pricing information, correlated to SGC0001092868, which is separately stored from the other data available in SGC0001092868); SGC0001094350 (leases July 2014 to December 2016); SGC0001094351 (sales July 2014 to December 2016). The contents of these spreadsheets is clearly identified in their file names and the spreadsheets were identified to Plaintiffs' counsel before the date of this status report. Defendants remain willing to seek other data if Plaintiffs identify it with specificity. Defendants continue to search for any potential archival source of transactional data before 2012, although no one has yet been able to identify any way to obtain this data. In addition, Defendants continue to confer with Plaintiffs on these

issues. Defendants' counsel David Jimenez-Ekman has personally conferred with Plaintiffs' counsel Bob Rowan on several recent occasions in person at scheduled depositions.

Dated: January 19, 2017

By: /s/ Robert A. Rowan
    One of the Attorneys for Plaintiff

Robert A. Rowan (*pro hac vice*)
Joseph S. Presta (*pro hac vice*)
NIXON & VANDERHYE P.C.
901 N. Glebe Road
Arlington, VA 22203
Phone: (703) 816-4000
Fax: (703) 816-4100
rar@nixonvan.com
jsp@nixonvan.com

Jonathan Hill (IBN 6256939)
Jeffery Cross (IBN 0547980)
FREEBORN & PETERS LLP
311 S. Wacker Drive, Suite 3000
Chicago, IL 60606
Phone: (312) 360-6000
Fax: (312) 360-6520
jhill@freeborn.com
jcross@freeborn.com

*Attorneys for Plaintiffs*
*Shuffle Tech International, LLC,*
*Aces Up Gaming, Inc., and*
*Poydras-Talrick Holdings LLC*

Respectfully submitted,

By: /s/ David Jimenez-Ekman
    One of the Attorneys for Defendant

Craig C. Martin
David Jimenez-Ekman
Timothy J. Barron
Sara T. Horton
JENNER & BLOCK LLP
353 N. Clark Street
Chicago, IL 60654-3456
Tel: 312.222.9350
Fax: 312.527.0484
cmartin@jenner.com
djimenez-ekman@jenner.com
tbarron@jenner.com
shorton@jenner.com

*Attorney for Defendants Scientific*
*Games Corporation, Bally Technologies,*
*Inc., and Bally Gaming, Inc.*

3773082v1/30432-0001