# EXHIBIT 22

# ORIGINAL

FILED
'25 PM 3:44
L. ... WILSON
BY ...
DEPUTY

JAMES R. MYERS
KENNETH A. GODLEWSKI
KILPATRICK STOCKTON LLP
607 Fourteenth Street, NW, Suite 900
Washington, DC 20005
Tel: (202)508-5800
Fax: (202)508-5858

MARGO PISCEVICH
Nevada State Bar No.: 000917
PISCEVICH & FENNER
350 South Center Street, Suite 300
Reno, Nevada 89501
Tel: (775)329-0958
Fax: (775)329-2666

Attorneys for Defendant/Counterclaimant
SHUFFLE MASTER, INC., a Minnesota Corporation

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEVADA

CARD, LLC, A Nevada Corporation,

   Plaintiff,

  v.

SHUFFLE MASTER, INC.,
A Minnesota Corporation,

   Defendant.
_____/

SHUFFLE MASTER, INC.,
A Minnesota Corporation,

   Counterclaimant,

  v.

CARD, LLC,
A Nevada Corporation,

   Counterdefendant.
_____/

Case No.: 03-0244-ECR-RAM

**ANSWER OF DEFENDANT
SHUFFLE MASTER, INC.,
AND COUNTERCLAIM**

**JURY TRIAL DEMANDED**

PISCEVICH & FENNER
Attorneys at Law
Suite 300
350 South Center Street
Reno, Nevada 89501
(775) 329-0958

WSHLIB01 176157.5

PISCEVICH & FENNER
Attorneys at Law
Suite 300
350 South Center Street
Reno, Nevada 89501
(775) 329-0958

# ANSWER AND COUNTERCLAIM

Shuffle Master, Inc., through its undersigned attorneys, hereby responds to the Complaint and asserts counterclaims as follows:

## NATURE OF THIS ACTION

1. Shuffle Master denies the allegations of Paragraph 1 of the Complaint.

2. Shuffle Master lacks sufficient information to admit or deny the allegation in Paragraph 2 of the Complaint, and therefore, denies the same.

3. Shuffle Master in response to the allegations of Paragraph 3 of the Complaint hereby realleges and incorporates Paragraphs 32 and 33 below of this Answer and Counterclaim.

## JURISDICTION AND VENUE

4. Shuffle Master admits the allegations of Paragraph 4 of the Complaint that this action arises under patent laws. Shuffle Master denies the allegations of Paragraph 4 of the Complaint that this action arises under the Declaratory Judgment Act.

5. Shuffle Master admits the allegations of Paragraph 5 of the Complaint.

6. Shuffle Master admits the allegations of Paragraph 6 of the Complaint.

## BACKGROUND

7. Shuffle Master lacks sufficient information to admit or deny the allegations in Paragraph 7 of the Complaint, therefore denies same.

8. Shuffle Master lacks sufficient information to admit or deny the allegations in Paragraph 8 of the Complaint, therefore denies same.

9. Shuffle Master admits the allegations of Paragraph 9 of the Complaint.

/

2

WSHLIB01 176157.5

10. Shuffle Master lacks sufficient information to admit or deny the allegations in Paragraph 10 of the Complaint as to the activities and interactions of CARD, LLC. Shuffle Master admits that apparently there have been and are ongoing efforts to sell the one2six shufflers within Nevada.

11. Shuffle Master admits the allegations of Paragraph 11 of the Complaint.

12. Shuffle Master admits the allegations of Paragraph 12 of the Complaint.

13. Shuffle Master lacks sufficient information to admit or deny the allegations in Paragraph 13 of the Complaint, therefore denies same.

14. Shuffle Master denies the allegations of Paragraph 14 of the Complaint.

## COUNT ONE

## INFRINGEMENT OF U.S. PATENT NO. 4,832,342

15. Shuffle Master repeats and incorporates by reference all of the answers set forth above in answering the allegations set forth in paragraphs 1-14.

16. Shuffle Master denies the allegations of Paragraph 16 of the Complaint.

17. Shuffle Master denies the allegations of Paragraph 17 of the Complaint.

18. Shuffle Master denies the allegations of Paragraph 18 of the Complaint.

## COUNT TWO

## DECLARATORY JUDGMENT OF NON-INFRINGEMENT

## OF U.S. PATENT NO. 6,149,154

19. Shuffle Master repeats and incorporates by reference all of the answers set forth above in answering the allegations set forth in paragraphs 1-18.

/

3

WSHLIB01 176157.5

20. Shuffle Master denies the allegations of Paragraph 20 of the Complaint regarding infringement of U.S. Patent No. 6,149,154. Shuffle Master lacks sufficient information to admit or deny the allegations in Paragraph 20 of the Complaint as to the activities (especially future activities) and intentions of CARD, LLC.

## COUNT THREE

## DECLARATORY JUDGMENT OF NON-INFRINGEMENT

## OF U.S. PATENT NO. 6,267,248

21. Shuffle Master repeats and incorporates by reference all of the answers set forth above in answering the allegations set forth in paragraphs 1-20.

22. Shuffle Master denies the allegations of Paragraph 22 of the Complaint regarding infringement of U.S. Patent No. 6,267,248. Shuffle Master lacks sufficient information to admit or deny the allegations in Paragraph 22 of the Complaint as to the activities (especially future activities) and intentions of CARD, LLC.

## COUNT FOUR

## DECLARATORY JUDGMENT OF INVALIDITY

## OF U.S. PATENT NO. 6,149,154

23. Shuffle Master repeats and incorporates by reference all of the answers set forth above in answering the allegations set forth in paragraphs 1-22.

24. Shuffle Master denies the allegations of Paragraph 24 of the Complaint.

/

/

/

4

PISCEVICH & FENNER
Attorneys at Law
Suite 300
350 South Center Street
Reno, Nevada 89501
(775) 329-0958

## COUNT FIVE

## DECLARATORY JUDGMENT OF INVALIDITY

## OF U.S. PATENT NO. 6,267,248

25.    Shuffle Master repeats and incorporates by reference all of the answers set forth above in answering the allegations set forth in paragraphs 1-24.

26.    Shuffle Master denies the allegations of Paragraph 26 of the Complaint.

## COUNTERCLAIM

## (PATENT INFRINGEMENT)

For its complaint against CARD, LLC, Shuffle Master, Inc. ("Shuffle Master") states as follows:

## JURISDICTION AND VENUE

27.    This is an action for patent infringement under 35 U.S.C. § 271.  CARD, LLC is liable for direct infringement, contributory infringement and inducing infringement of the following United States Patents: (a) U S. Patent No. 6,149,154, issued on Nov. 21, 2000, to Attila Grauzer, Feraidoon Bourbour, James Philip Helgesen, Troy Nelson, Robert J. Rynda, Paul K. Scheper, James Bernard Stasson, and Ronald R. Swanson; and (b) U.S. Patent 6,267,248, issued on July 31, 2001 to Rodney George Johnson and Mark William Piacun.  Both patents have been assigned to Shuffle Master.

28.    This Court has subject matter jurisdiction over the federal infringement claims stated herein pursuant to 28 U.S.C. §§ 1331 and 1338(a).

29.    Upon information and belief, the Court has personal jurisdiction over CARD, LLC because CARD, LLC, or its affiliates, have conducted and/or presently conduct business within the State of Nevada, and has and will continue to cause injury in Nevada to Shuffle Master.  CARD, LLC is organized under the laws of Nevada.

5

WSHLIB01 176157.5

30.     Venue lies in this judicial district pursuant to 28 U.S.C. § 1391(b).

## PARTIES

31.     Shuffle Master is the owner of the entire right, title and interest in United States Letters Patent No. 6,149,154, entitled "Device and Method for Forming Hands of Randomly Arranged Cards" and United States Letters Patent No. 6,267,248, entitled "Collating and Sorting Apparatus," which includes the right to bring suit thereon. Shuffle Master has obtained an assignment of all rights, title and interest in and to U.S. Patent No. 6,149,154 from Attila Grauzer et al. and the assignment of all rights, title and interest in and to the U.S. Patent No. 6,267,248 from Rodney George Johnson and Mark William Piacun.

32.     Shuffle Master is a corporation organized and existing under the laws of the State of Minnesota, having a place of business at 1106 Palms Airport Drive, Las Vegas, Nevada 89119-3731.

33.     Shuffle Master is engaged in the design, development, marketing and sale of gaming equipment, including card shufflers. Shuffle Master is a Minnesota corporation, having its main card shuffler engineering facilities located in Minnesota, and employing Minnesota residents. Shuffle Master also has facilities located in Nevada, and employs Nevada residents. Shuffle Master regularly transacts business in Minnesota and Nevada, which includes the marketing and sale of its products that are covered by both U.S. Patent Nos. 6,149,154 and 6,267,248. Shuffle Master has for all pertinent times marked its card shuffler products in compliance with 35 U.S.C. § 287(a). The inventors of the U.S. Patent No. 6,149,154 are Shuffle Master employees who were living in Minnesota at the time the invention was created, and the majority of whom continue to reside in Minnesota. U.S. Patent Nos. 6,149,154 and 6,267,248

6

WSHLIB01 176157.5

were prosecuted by the Minnesota law firm of Mark A. Litman LLP, although different law firms drafted the initial applications.

34. CARD, LLC (and/or its affiliates) imports, designs, develops, distributes, markets, displays and sells gaming equipment worldwide or act as an agent for others, including upon information and belief, in the United States including Nevada.

35. CARD, LLC (and/or its affiliates) has imported, designed, developed, and are importing, distributing, marketing, displaying, selling and offering to sell a card shuffler product known as the "one2six" in the United States, including Nevada, and in foreign countries. Upon information and belief, the one2six device was designed and promoted to be used in an infringement; and such device is not a staple article or commodity of commerce designed, promoted or used in a substantial noninfringing manner.

## **FACTUAL BACKGROUND**

36. Upon information and belief, on or about September 6, 2002, Casinos Austria Research and Development (d/b/a/ CARD) shipped two one2six shufflers to John Huxley USA, Inc, which is located in Nevada, in preparation for the 2002 Global Gaming Expo ("G2E") in Las Vegas later that month. The one2six shuffler was not displayed at the 2002 G2E in Las Vegas. One of the one2six shufflers was returned to Casinos Austria Research and Development in Vienna, Austria. On January 10, 2003, John Huxley USA, Inc., provided the other one2six shuffler to the Nevada Gaming Control Board on behalf of Casinos Austria Research and Development. On or about October 24, 2002, Casinos Austria Research and Development sent a one2six shuffler to Shuffle Master's lawyers. Shuffle Master's lawyers have returned the one2six shuffler to Casinos Austria Research and Development in Vienna, Austria.

7

37. As stated at www.johnhuxley.com, John Huxley USA, Inc., had entered into distribution agreements with CARD to import, distribute and sell the infringing shuffling device in the United States, including the State of Nevada, under the name "one2six." John Huxley USA, Inc., was preparing to show the one2six shufflers at the 2002 G2E in Las Vegas, Nevada, in September, 2002. The one2six shufflers were never displayed at the 2002 G2E apparently in response to the claims of patent infringement asserted in the Minnesota action filed by Shuffle Master. During the pendency of the Minnesota action, John Huxley USA, Inc., the exclusive distribution of the one2six shuffler in the United States, elected to terminate its distribution of the one2six shuffler in the United States. Ernst Blaha, a member of CARD, LLC stated that CARD was not soliciting business in the United States and Minnesota nor did they have any interest in serving the Minnesota market for gaming products in the near future. Based on the above knowledge, Shuffle Master requested a dismissal without prejudice in the Minnesota law suit.

38. Upon information and belief, CARD, LLC has an exclusive right to distribute the one2six shuffler in the United States and has stated its desire to sell the one2six shuffler in Nevada. CARD and CAI (Casinos Austria) have registered for a booth for the 2003 G2E in Las Vegas, Nevada on September 16-18, 2003 (see http://www.globalgamingexpo.com). As the exclusive distributor for the one2six shuffler, Shuffle Master believes that CARD, LLC is planning to import, demonstrate, display, distribute, sell, offer to sell, market and use the one2six shuffler at the 2003 G2E.

39. CARD, LLC asserts that it is the owner, by assignment, of U.S. Patent No. 4,832,342. The U.S. Patent No. 4,832,342 expired, on or about May 23, 2001, due to failure to pay the required maintenance fee. The expired U.S. Patent No. 4,832,342 was improperly reinstated on or about May 19, 2003, due to a payment of a late maintenance fee accompanied by a petition for revival. CARD, LLC purchased this patent for the purpose of asserting it against

8

Shuffle Master. A request for reexamination on the U.S. Patent No. 4,832,342 was filed with the U.S. Patent and Trademark Office on or about July 8, 2003, based on the judicially-created doctrine of obviousness-type double patenting. Shuffle Master maintains in papers filed with U.S. Patent and Trademark Office that another patent issued to the same inventor has substantially the same patent claims. The earlier patent has expired. Because an inventor cannot obtain two patents that extend the life of patent protection for one invention, U.S. Patent No. 4,832,342 is invalid for obviousness-type double patenting. The U.S. Patent and Trademark Office issued a Notice of Reexamination Request Filing Date on August 4, 2003. The reexamination control number is 90/006,700.

## COUNT I

## INFRINGEMENT OF U.S. PATENT NO. 6,149,154

40. Shuffle Master repeats and incorporates by reference all of its allegations set forth in paragraphs 1 through 39 above.

41. On information and belief, CARD, LLC has infringed and will continue to infringe, under 35 U.S.C. § 271(a), (b), or (c), one or more of the claims of the U.S. Patent No. 6,149,154, by making, using, importing, selling and/or offering for sale one2six shufflers or related methods.

42. Unless enjoined, CARD, LLC will continue to infringe the U.S. Patent No. 6,149,154 by making, using, selling and/or offering for sale gaming devices using the invention claimed by the U.S. Patent No. 6,149,154.

43. On information and belief, CARD, LLC is infringing with knowledge (actual or constructive) of the U.S. Patent No. 6,267,248.

9

WSHLIB01 176157.5

44. On information and belief, CARD, LLC's infringement of the U.S. Patent No. 6,149,154 is and has been willful.

45. CARD, LLC's infringement has injured Shuffle Master and, thus, Shuffle Master is entitled to recover damages adequate to compensate them for CARD, LLC's infringement.

46. Shuffle Master is entitled to injunctive and compensatory relief, including attorney's fees under 35 U.S.C. §§ 271, 281, 283-285.

## COUNT II

## INFRINGEMENT OF U.S. PATENT NO. 6,267,248

47. Shuffle Master repeats and incorporates by reference all of its allegations set forth in paragraphs 1 through 46 above.

48. On information and belief, CARD, LLC has infringed, under 35 U.S.C. § 271(a), (b), or (c), one or more claims of the U.S. Patent No. 6,267,248 by making, using, importing, selling and/or offering for sale one2six shufflers or related methods.

49. Unless enjoined, CARD, LLC will continue to infringe the U.S. Patent No. 6,267,248 by making, using, selling and/or offering for sale gaming devices using the invention claimed by the U.S. Patent No. 6,267,248.

50. On information and belief, CARD, LLC is infringing with knowledge (actual or constructive) of the U.S. Patent No. 6,267,248.

51. On information and belief, CARD, LLC's infringement of the U.S. Patent No. 6,267,248 is and has been willful.

52. CARD, LLC's infringement has injured Shuffle Master and, thus, Shuffle Master is entitled to recover damages adequate to compensate them for CARD, LLC's infringement.

10

WSHLIB01 176157.5

53.   Shuffle Master is entitled to injunctive and compensatory relief, including attorneys' fees, under 35 U.S.C. §§ 271, 281, 283-285.

## COUNT III

## INVALIDITY AND NON-INFRINGEMENT OF U.S. PATENT NO. 4,832,342

54.   This Counterclaim for Declaratory Judgment arises under the Patent Laws of the United States, Title 35, United States Code.  Jurisdiction is based upon Title 28, United States Code §§1331, 1338(a), 2201 and 2202.

55.   An actual and justiciable controversy has arisen between CARD, LLC and Shuffle Master as to the non-infringement and invalidity of the U.S. Patent No. 4,832,342.

56.   The U.S. Patent No. 4,832,342, and all claims thereof, are invalid, void, and unenforceable on the grounds that they fail to meet the conditions of patentability set forth in 35 U.S.C. §§ 101, 102, 103, 112.

57.   The U.S. Patent No. 4,832,342, and all claims therein, are invalid, void and unenforceable on the grounds that the claims in the U.S. Patent No. 4,832,342 are substantially identical in scope to the claims that issued in U.S. Patent No. 4,497,488, which has expired.  The differences between the claims are only semantic in nature, and do not rise to the level of even obvious differences that would rise to a finding under the Judicially-Created Doctrine of Obviousness-Type Double Patenting.  The claims of the U.S. Patent No. 4,832,342 are invalid under 35 U.S.C. §101 under the Doctrine of Obviousness-Type Double Patenting.

58.   The U.S. Patent No. 4,832,342, and all claims therein, are invalid, void and unenforceable on the grounds that the differences between the subject matter of such patents and the prior art, if any, are such that the subject matter of such patents as a whole would have been

11

WSHLIB01 176157.5

obvious at the time of the alleged invention thereof to a person having ordinary skill in the art to which the subject matter pertains.

59. No product ever made, used or sold by Shuffle Master falls within the scope of any claims of the U.S. Patent No. 4,832,342 when properly construed. Therefore, the U.S. Patent No. 4,832,342 has not been infringed and is not being infringed by Shuffle Master.

60. The U.S. Patent No. 4,832,342, and all claims thereof are invalid, void and unenforceable under 35 U.S.C. § 102.

61. The U.S. Patent No. 4,832,342, and all claims therein, are invalid, void, and unenforceable because U.S. Patent No. 4,832,342 expired and was improperly revived.

62. Because of the foregoing controversy, Shuffle Master now seeks a declaration under the Declaratory Judgments Act, 28 U.S.C. §§ 2201, et. seq., that it has not infringed the U.S. Patent No. 4,832,342s.

63. Because of the foregoing controversy, Shuffle Master also seeks a declaration under the Declaratory Judgments act, 28 U.S.C. §§ 2201, et. seq., that the asserted claims of the U.S. Patent No. 4,832,342 is invalid and unenforceable against Shuffle Master.

## JURY DEMAND

64. Trial by jury for all matters raised in the complaint and counterclaims is hereby demanded.

## WHEREFORE

Shuffle Master prays for the entry of judgment as follows:

a. declaring that CARD, LLC has infringed the claims of both U.S. Patent Nos. 6,149,154 and 6,267,248;

b. declaring that CARD, LLC's infringement has been willful;

WSHLIB01 176157.5

c.     preliminarily and permanently enjoining CARD, LLC from infringing both U.S. Patent Nos. 6,149,154 and 6,267,248, under 35 U.S.C. 271 (a), (b) or (c);

d.     declaring that all of the claims of U.S. Patent No. 4,832,342 are invalid.

e.     declaring that all of the claims of U.S. Patent No. 4,832,342 are unenforceable.

f.     declaring that U.S. Patent No. 4,832,342 has not been infringed by Shuffle Master;

g.     awarding Shuffle Master its damages;

h.     awarding Shuffle Master its costs and attorneys' fees; and

i.     granting Shuffle Master such other and further relief as justice may require.

Date:   August 25, 2003

By: _____

*Attorneys for Shuffle Master*

Margo Piscevich
PISCEVICH & FENNER
Suite 300
350 South Center Street
Reno, Nevada, 89501
Tel: 775-329-0958
Fax: 775-329-2666

James R. Myers
Kenneth A. Godlewski
KILPATRICK STOCKTON LLP
Suite 900
607 Fourteenth Street, NW
Washington, DC 20005
Tel: 202-508-5800
Fax: 202-508-5858

13

WSHLIB01 176157.5

## CERTIFICATE OF SERVICE

Pursuant to FRCP 5(b) I hereby certify that I am an employee of PISCEVICH & FENNER and that on the date shown below I served a true and correct copy of the foregoing **ANSWER OF DEFENDANT SHUFFLE MASTER, INC., AND COUNTERCLAIM – JURY TRIAL DEMANDED** by:

_____✗_____      Depositing for mailing, in a sealed envelope, U.S. Postage prepaid, at Reno, Nevada

_____      Personal Delivery

_____✗_____      Facsimile

_____      Federal Express/Airborne Express/Other Overnight Delivery

_____      Reno-Carson Messenger Service

addressed as follows:

Robert E. Lyle
Marvin W. Murphy
Lyle & Murphy LLP
201 West Liberty Street, Suite 200
Reno, Nevada 89501
Fax No.: 348-7370

Robert B. Morril
Sidley Austin Brown & Wood LLP
555 California Street
San Francisco, California 94104-1715
Fax No.: 415-397-4621

DATED this 25th day of August, 2003.

YVONNE LARSSEN

PISCEVICH & FENNER
Attorneys at Law
350 South Center Street
Suite 300
Reno, Nevada 89501
(775) 329-0958

4