# EXHIBIT 52

*Ex 18*

**From:** Marie Kerr [mailto:mmk@kipg.com]
**Sent:** Friday, June 07, 2013 9:36 AM
**To:** Rick Schultz
**Cc:** Mike Kuhn; Stephen Crystal; Mick Kerr
**Subject:** RE: PRIVILEGED ATTORNEY CLIENT COMMUNICATION


Dear Clients,

When we took on this litigation, we understood that Shuffle Tech had received substantial advance royalties from Poydras, which would have been more than sufficient to cover the costs of litigation. In return, Shuffle Tech had the obligation was to indemnify and defend DigiDeal and other duties it had under your three-way agreement. We have been diligently representing DigiDeal in this matter. **Redacted**
**Redacted**
**Redacted** Since that time, we have brought this case up to speed by successfully getting the case out of default, preparing the non-infringement and invalidity contentions, and performing discovery. These actions have placed DigiDeal in a position to win this litigation, which they were not in when we undertook representation.

As of this morning, the current outstanding amount for this litigation is $109,177.50. This balance is likely to go up to about $150,000 during the next 30 days as we finish the first set of discovery, finalize definitions for claim construction, and prepare for the settlement conference. This is far beyond the amount that we are willing to carry for even established clients, let alone new clients.

By failing to pay for DigiDeal's legal fees, Shuffle Tech is in breach of our contract, **Redacted**
**Redacted** As of tomorrow, Shuffle Tech will be 90 days out on an invoice. At this point, a minor breach has become a major breach, **Redacted**
**Redacted**

We therefore respectfully request that DigiDeal: (1) undertake payment of attorneys fees and deal with you separately or (2) find other counsel to substitute in as counsel of record. Our only recourse if this is not done is to prepare and file a motion to withdraw. As stated before, I don't want to have such a motion on file because it takes DigiDeal from a strong position to a weak position in this case, and likely re-opens the default scenario because at that time DigiDeal will be a corporation that is not be represented by counsel, in violation of our Local Rules.

Thank you,

Marie Kerr


**From:** Rick Schultz [rick@shuffletech.com]
**Sent:** Thursday, June 06, 2013 7:57 AM
**To:** Marie Kerr

CONFIDENTIAL

PLA00133727

**Cc:** mkuhn@digideal.com Kuhn; Stephen Crystal
**Subject:** Re: PRIVILEGED ATTORNEY CLIENT COMMUNICATION

Dear Marie,

The payment schedule that we had discussed on Tuesday morning was not limited to mere progress payments in perpetuity. The $10,000 in May (and $5,000 for Foodman), and the same amounts in June, have been what I have been able to borrow from whatever sources I can, at whatever cost, to keep some money flowing prior to having any cash flow resulting from sales. In relation to the actual balances due, this was more "good faith money" until we can obtain the rest.

However, as discussed, that was separate from the funding that we should now be able to obtain as a result of having a finished machine and the ability to write orders for potential delivery of over 250 machines in September and October, and in turn being able to obtain some funding starting very soon as required in advance to deliver on those orders.

Raising funding for delivery and installation of firm orders in 90-120 days is much different from raising money to fund product development based on projected demand. With these actual orders, we should be able to raise funds for both Digideal to manufacture and deliver machines, and for us to catch up the legal bills that are an essential cost for delivery of these orders. Furthermore, on the basis of delivery and successful installation of these machines, we should be able to begin to write more orders for more casinos, which will enable me to fund both ongoing patent litigation costs at $20-$40,000/month. **Redacted**

**Redacted**

**Redacted**

Thanks.

Rick

On Jun 5, 2013, at 10:38 PM, Marie Kerr <mmk@kipg.com> wrote:

DigiDeal1550

CONFIDENTIAL

PLA00133728

Dear Rick,

In follow-up to our conversation earlier this week, I spoke with my partner about making progress payments in this matter, and we simply cannot sustain such an arrangement. We have two staff working full time on your case, in addition to my hours, and the invoices are about 90 days out at this time, with our law firm 60 days out on invoices to third parties on your behalf. This is just the beginning of discovery, and I cannot provide an adequate defense at this rate.

We thus request prompt and full payment of our overdue invoices if we are to continue with providing representation. Otherwise, we will be forced to move to withdraw from litigation. It is my belief that a motion to withdraw may put DigiDeal back into a default position with the litigation, and we may not be able to dig them out of that hole again.

Thank you,

Marie Kerr



DigiDeal1551

CONFIDENTIAL

PLA00133729