# EXHIBIT 65

Kimball R. Anderson (admitted *pro hac vice*)
kanderson@winston.com
Howard I. Shin (admitted *pro hac vice*)
hshin@winston.com
WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, Illinois 60601
Telephone: 312-558-5600
Facsimile: 312-558-5700

James J. Pisanelli, Esq., Bar No. 4027
JJP@pisanellibice.com
Christopher R. Miltenberger, Esq., Bar No. 10153
CRM@pisanellibice.com
Eric T. Aldrian, Esq., Bar No. 11897
ETA@pisanellibice.com
PISANELLI BICE PLLC
3883 Howard Hughes Parkway, Suite 800
Las Vegas, Nevada 89169
Telephone: 702-214-2100
Facsimile: 702-214-2101

*Attorneys for Plaintiff SHFL entertainment, Inc.*

Marie M. Kerr, 7808
Kerr IP Group, LLC
P.O. Box 18600
Reno, NV  89511
Tel: (775) 624-8700
Fax: (775) 622-0686
mmk@kipg.com

*Attorneys for Defendant, DigiDeal Corporation*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| SHFL ENTERTAINMENT, INC., a Minnesota corporation,<br><br>                                        Plaintiff,<br><br>               v.<br><br>DIGIDEAL CORPORATION, a Nevada corporation,<br><br>                                        Defendant. | Case No.: 2:12-cv-01782-GMN-(VCF)<br><br>**STIPULATION AND ORDER TO STAY** |

1

Plaintiff, SHFL entertainment, Inc. ("SHFL") and Defendant DigiDeal Corporation ("DigiDeal"), by and through their respective counsel of record, hereby stipulate as follows:

1. Defendant DigiDeal has filed petitions with the United States Patent Office to re-examine the patents-in-suit, namely: U.S. Patent No. 7,523,935 (the '935 patent) and United States Patent No. 6,651,982 ("the '982 patent").

2. Subject to the approval of the Court, SHFL's claims in this action against DigiDeal under the '935 patent and '982 patent shall be stayed pending the final disposition of the pending *ex parte* reexaminations.

3. In the litigation, if and when the stay is lifted, Defendant DigiDeal, including its successors and assigns, may not present section 102 or 103 arguments for the invalidity of any claims of the '935 and '982 patents which were confirmed in the pending *ex parte* reexaminations (or any subsequent reexamination petitions on the '935 or '982 patents that DigiDeal or its successors or assigns may file) where those arguments are based on the same prior art references under section 102 or combinations of prior art references under section 103 that were applied to those confirmed claims in the *ex parte* reexamination petitions or in an Office Action from the examiner issued in such *ex parte* reexaminations.

4. During the pendency of the stay of this action and in the United States, DigiDeal, its successors and assigns, or any party in active concert or participation with DigiDeal, shall not manufacture, market, lease, offer to sell, sell, or place with any customer the accused DigiDeal card shuffler (*i.e*., the DigiShuffle), or any substantially similar automatic card shuffler, including the manufacture of the components of the DigiShuffle for assembly outside of the United States. DigiDeal also shall immediately take steps to remove any DigiShuffle card shuffler that is currently operating and/or has been installed for any customer.

5. Any of the Parties may request that the Court lift the stay following the final disposition of the pending *ex parte* reexaminations.

6.      The foregoing is without prejudice to (a) after the stay has been lifted, SHFL's ability to request leave to amend its pleadings to add claims under other patents that may later issue; (b) either party's ability to request that the Court lift the stay upon settlement of the litigation between the parties or DigiDeal's sale of assets associated with the DigiShuffle; (c) either party's ability to request that the Court continue the stay; or (d) either party's ability to oppose any such request.

7.      Except as expressly stated above, the parties make no admissions and reserve all rights.  This stipulation does not, and is not intended to, create any rights or immunities, express or implied, in any other persons or entities.  This stipulation does not constitute an admission by any of the parties regarding, and has no bearing whatsoever on, any patents not specifically listed above or on any of the parties' claims or contentions in any other matter.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED: April 17, 2014

By:    /s/Kimball R. Anderson
    Kimball R. Anderson (admitted *pro hac vice)*
    Howard I. Shin (admitted *pro hac vice*)
    WINSTON & STRAWN LLP
    35 West Wacker Drive
    Chicago, IL, 60601

    James J. Pisanelli, Esq., Bar No. 4027
    Christopher R. Miltenberger, Esq., Bar No. 10153
    Eric T. Aldrian, Esq., Bar No. 11897
    PISANELLI BICE PLLC
    3883 Howard Hughes Parkway, Suite 800
    Las Vegas, Nevada 89169

    *Attorneys for Plaintiff SHFL entertainment, Inc.*

DATED: April 17, 2014

By:  /s/ Marie M. Kerr
    Marie Martin Kerr, Esq., Bar No.7808
    KERR IP GROUP LLC
    1695 Meadow Wood Lane, Suite 200
    Reno, Nevada 89502

    *Attorney for Defendant DigiDeal Corporation*

IT IS SO ORDERED:

_____

UNITED STATES MAGISTRATE JUDGE

DATED: _____

CASE NO. 2:12-cv-01782-GMN-VC

3