# EXHIBIT 67

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

SHFL ENTERTAINMENT, INC., a )
Minnesota corporation, )
                                )     Case No.: 2:12-cv-01782-GMN-VCF
           Plaintiff, )
   vs.                       )     **ORDER**
                                )
DIGIDEAL CORPORATION, a Nevada )
corporation, )
                                )
          Defendants. )
                                )

      Pending before the Court is the Motion for Summary Judgment (ECF No. 123) and the Motion to Vacate Injunctive Relief (ECF No. 124) filed by Defendant Digideal Corporation ("Defendant"). The instant Motions have been fully briefed.

## I.      <u>BACKGROUND</u>

      This case arises from Defendant's alleged infringement of United States Patent No. 6,651,982 ("the '982 Patent"), titled "Card Shuffling Apparatus With Integral Card Delivery," and United States Patent No. 7,523,935 ("the '935 Patent"), titled "Card Shuffling Apparatus With Integral Card Delivery" (collectively, "the Asserted Patents"). (Am. Compl. ¶¶ 6–7, ECF No. 67). *See generally* United States Patent No. 6,651,982 (filed Apr. 23, 2002); United States patent No. 7,523,935 (filed Oct. 15, 2003). Plaintiff has asserted Claims 1–3, 42–44, and 46 of the '982 Patent, and Claims 1, 2, 9–11, and 14 of the '935 Patent. (Pl.'s Opening Claim Construction Br. 11:16–17, ECF No. 60).

      Plaintiff SHFL entertainment, Inc. ("Plaintiff") is "a global gaming supplier based in Clark County, Nevada that . . . manufactures, sells, and leases gaming products including automatic card shufflers, proprietary table games, electronic table games, video slot machines

(not for sale in North America), deck verification devices, card delivery dispensers, and roulette chip sorters." (Am. Compl. ¶ 8). The card shuffler technology incorporated in many of Plaintiff's card shuffler products, including the *Deck Mate* and the *Deck Mate 2*, is an embodiment of the claims of the Asserted Patents. (*Id.* ¶¶ 10, 11).

Defendant also "manufactures and markets gaming equipment including at least marketing an automatic card shuffler known as the DigiShuffle." (*Id.* ¶ 12). In the Amended Complaint, Plaintiff alleges that, "[o]n September 24, 2012, SHFL provided notice to DigiDeal that the DigiShuffle appeared to have features similar to those found in and encompassed by, among others, the claims of the Asserted Patents." (*Id.* ¶ 14). Plaintiff further alleges that it explained to Defendant that Plaintiff's *Deck Mate* product was patented. (*Id.*). Additionally, Plaintiff asserts that Defendant exhibited the accused device at the "2012 Global Gaming Expo ("G2E") in Clark County, Nevada," "where the DigiShuffle was displayed, used, and offered for sale to potential customers" and that, "[s]ince G2E, DigiDeal has continued to offer for sale the DigiShuffle in the United States." (*Id.* ¶¶ 13, 15, 18).

On April 17, 2014, the parties filed a Stipulation and Order to Stay, requesting that the Court grant a stay pending the final disposition of the United States Patent and Trade Office's ("USPTO") *ex parte* reexaminations of the Asserted Patents. (Stip. Stay ¶ 2, ECF No. 100). That same day, the Court entered an Order granting the Stipulation and Order to Stay. (ECF No. 101). On November 13, 2015, Plaintiff filed a Motion to Lift Stay, requesting that the Court lift the stay based on the completion of the reexaminations of the Asserted Patents. (Mot. Lift Stay 3:4–5, ECF No. 117). Shortly thereafter, Magistrate Judge Cam Ferenbach entered an Order lifting the stay and directing the parties that "an appropriate request for dispositive adjudication based on the results of the reexamination of the patents-in-issue must be filed on

or before on or before January 8, 2016, to be briefed in the ordinary course."[1] (Order 1:23–25, ECF No. 121). Accordingly, Defendant timely filed the instant Motions.

## II. LEGAL STANDARD

The Federal Rules of Civil Procedure provide for summary adjudication when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Material facts are those that may affect the outcome of the case. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *See id.* "Summary judgment is inappropriate if reasonable jurors, drawing all inferences in favor of the nonmoving party, could return a verdict in the nonmoving party's favor." *Diaz v. Eagle Produce Ltd. P'ship*, 521 F.3d 1201, 1207 (9th Cir. 2008) (citing *United States v. Shumway*, 199 F.3d 1093, 1103–04 (9th Cir. 1999)). A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

In determining summary judgment, a court applies a burden-shifting analysis. "When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial. In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *C.A.R. Transp.*

---

[1] In the Order granting the Stipulation and Order to Stay, the Court provided that, "[d]uring the pendency of the stay of this action and in the United States, DigiDeal, its successors and assigns, or any party in active concert or participation with DigiDeal, shall not manufacture, market, lease, offer to sell, sell, or place with any customer the accused DigiDeal card shuffler (i.e., the DigiShuffle), or any substantially similar automatic card shuffler, including the manufacture of the components of the DigiShuffle for assembly outside of the United States. DigiDeal also shall immediately take steps to remove any DigiShuffle card shuffler that is currently operating and/or has been installed for any customer." (Order ¶ 4, ECF No. 101). However, because the stay has been lifted, this provision is no longer in effect. Accordingly, the Court grants Defendant's Motion to Vacate Injunctive Relief (ECF No. 124).

*Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citations omitted). In contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323–24. If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not consider the nonmoving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

If the moving party satisfies its initial burden, the burden then shifts to the opposing party to establish that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987). In other words, the nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations that are unsupported by factual data. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine issue for trial. *See Celotex Corp.*, 477 U.S. at 324.

At summary judgment, a court's function is not to weigh the evidence and determine the truth but to determine whether there is a genuine issue for trial. *See Anderson*, 477 U.S. at 249. The evidence of the nonmovant is "to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255. But if the evidence of the nonmoving party is merely colorable or is not significantly probative, summary judgment may be granted. *See id.* at 249–50.

Page 4 of 6

## III. DISCUSSION[2]

The Court of Appeals for the Federal Circuit, in *Fresenius USA Inc. v. Baxter Int'l, Inc.*, 721 F.3d 1330 (Fed. Cir. 2013), held that, "under the reissue or reexamination statute, … if the original claim is cancelled or amended to cure invalidity, the patentee's cause of action is extinguished and the suit fails." *Fresenius*, 721 F.3d at 1340. That is precisely the scenario presented in the instant action. As a result of the reexamination of the '935 Patent, all of the original asserted claims of the '935 Patent were cancelled in their entirety. (Reexamination Certificate of the '935 Patent 2:25, ECF No. 116-1). Moreover, as a result of the reexamination of the '982 Patent, all of the original asserted claims of the '982 Patent were either amended to cure invalidity or dependent on an amended claim. (Reexamination Certificate of the '982 Patent 2:17–20, ECF No. 115-1; Reexamination File for the '982 Patent at 88–89, 142, Ex. A-5 to Mot Summ. J.).

Therefore, based on the binding holding in *Fresenius*, because the asserted claims were either cancelled or amended to cure invalidity during reexamination, the Court is bound to find that Plaintiff's cause of action is extinguished and the suit fails. Accordingly, the Court must enter summary judgment in favor of Defendant and close this case.

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that Defendant's Motion to Vacate Injunctive Relief (ECF No. 124) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Strike (ECF No. 135) is **DENIED as moot**.

---

[2] Defendant filed an Errata to its Motion for Summary Judgment. (ECF No. 129). Moreover, Plaintiff filed a Motion to Strike Defendant's Errata. (ECF No. 135). However, the Court does not rely upon Defendant's Errata in the disposition of the Motion for Summary Judgment. Accordingly, the Court denies Plaintiff's Motion to Strike as moot.

**IT IS FURTHER ORDERED** that Defendant's Motion for Summary Judgment (ECF No. 123) is **GRANTED**. Accordingly, judgment is entered in favor of Defendant and against Plaintiff.

The Clerk of the Court shall enter judgment accordingly and close the case.

**DATED** this ___30___ day of March, 2016.

_____

Gloria M. Navarro, Chief Judge
United States District Judge