# EXHIBIT 70



JAMES D. BOYLE, ESQ.
Nevada Bar No. 08384
E-mail: jboyle@nevadafirm.com
SEAN E. STORY, ESQ.
Nevada Bar No. 13968
Email: sstory@nevadafirm.com
HOLLEY DRIGGS WALCH
FINE WRAY PUZEY & THOMPSON
400 South Fourth Street, Third Floor
Las Vegas, Nevada 89101
Telephone:    702/791-0308
Facsimile:    702/791-1912

*Attorneys for Defendant/Counterclaimant DigiDeal Corporation*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

|  |  |
|---|---|
| SHFL ENTERTAINMENT, INC., a Minnesota corporation, | CASE NO.:    2:12-cv-01782-GMN-(VCF) |
| Plaintiff/Counter-Defendant, | **DEFENDANT/COUNTERCLAIMANT DIGIDEAL CORPORATION'S MOTION FOR ATTORNEYS' FEES** |
| v. | |
| DIGIDEAL CORPORATION, a Nevada corporation, | |
| Defendant/Counterclaimant. | |

Pursuant to Fed. R. Civ. P. 54(d)(2) and 35 U.S.C. § 285, Defendant and Counterclaimant DigiDeal Corporation ("DigiDeal"), by and through its undersigned counsel, hereby submits this Motion for Attorneys' Fees (the "Motion"). DigiDeal bases this Motion on the documents and records on file herein, the Memorandum of Points and Authorities set forth below, and any oral argument presented to this Court.

DigiDeal brings this Motion based on the following grounds: (1) this Court entered an Order in favor of DigiDeal on March 30, 2016 (Dkt. No. 143) (the "March 30th Order"), which granted DigiDeal's Motion for Summary Judgment in full; (2) Judgment was subsequently entered in favor of DigiDeal on this same date (Dkt. No. 143); (3) DigiDeal's Motion is timely under FRCP 54(d)(2)(B)(i) as the Motion is filed no later than fourteen (14) days after the entry

- 1 -

06451-06/1673963_2.doc

of the Judgment; and (3) the attorneys' fees and costs sought by DigiDeal in the Motion are permitted under 35 U.S.C. § 285 as this is an exceptional case and DigiDeal is the prevailing party herein.

Should this Court grant this Motion—which as DigiDeal explains *infra* is both warranted and reasonable—DigiDeal requests that this Court grant DigiDeal ten (10) business days in which to submit supporting affidavits, fee invoices, and other supporting documents to identify and itemize the attorneys' fees that DigiDeal should thereafter recover pursuant to Fed. R. Civ. P. 54(d)(2) and LR 54-16(b).

## MEMORANDUM OF POINTS AND AUTHORITIES

### A. PROCEDURAL OVERVIEW.

#### 1. SHFL's Allegations Against DigiDeal.

SHFL initially filed a Complaint for patent infringement against Digideal on October 10, 2012 (Dkt. No. 1). SHFL later filed a First Amended Complaint for patent infringement against Digideal on September 25, 2013 (the "FAC") (Dkt. No. 67). In its FAC, SHFL alleged that Digideal infringed U.S. Patent Nos. 6,651,982 (the "'982 Patent") and 7,523,935 (the "'935 Patent") through Digideal's selling, offering to sell, manufacturing and/or using Digideal's *DigiShuffle* device (the "Accused Device"). *See* FAC, at ¶¶ 20-23.

In its Disclosure of Asserted Claims and Infringement Contentions [LR 16.1-6], propounded on March 12, 2013, SHFL identified the following allegations of infringement by DigiDeal with regard to the claims of the '982 Patent and the '935 Patent:

A. U.S. Patent No. 6,651,982: Claims 1-3, 42-44, and 46.

B. U.S. Patent No. 7,523,935: Claims 1, 2, 9-11, and 14.

(collectively hereinafter, the "Asserted Claims").

#### 2. The USPTO Reexamination Proceedings.

On January 2, 2014, DigiDeal filed an Application for *Ex Parte* Reexamination of the '982 Patent and the '935 Patent with the United States Patent and Trademark Office (the "USPTO"). The USPTO granted reexamination of the '982 Patent on March 3, 2014, and it granted reexamination of the '935 Patent on February 20, 2014.

-2-

06451-06/1673963_2.doc

Ultimately, on July 7, 2015, the USPTO issued an *Ex Parte* Reexamination Certificate for the '982 Patent, wherein the USPTO rejected Claims 1-3, 42-44, and 46 of the '982 Patent as asserted, determined that Claims 1-3 and 42 were patentable *as amended*, and that Claims 43, 44 and 46 were patentable *dependent on an amended claim*. The USPTO further determined that newly added Claims 52 and 53 of the '982 Patent were patentable. Similarly, on August 19, 2015, the USPTO issued an *Ex Parte* Reexamination Certificate for the '935 Patent, wherein the UPSTO canceled Claims 1, 2, 9-11 and 14 of the '935 Patent in their entirety. The USPTO further determined that newly added Claim 15 of the '935 Patent was patentable.

Subsequently, on December 18, 2015, Magistrate Judge Ferenbach entered an Order lifting the stay of these proceedings and instructing that any dispositive motions addressing the reexamination proceedings be filed on or before January 8, 2016 (Dkt. No. 121).

### 3. DigiDeal's Motion for Summary Judgment.

DigiDeal filed a Motion for Summary Judgment on January 8, 2016 (Dkt. No. 123) (the "MSJ"), contending in principal part that the USPTO's determinations with regard to the reexamination of the '982 Patent and the '935 Patent rendered SHFL's claims against DigiDeal extinguished such that SHFL's suit failed. *See Fresenius USA, Inc. v. Baxter Int'l, Inc.*, 721 F.3d 1330, 1340 (Fed. Cir. 2013). On March 30, 2016, this Court issued an Order (Dkt. No. 143)] (the "March 30th Order") granting DigiDeal's MSJ in its entirety, and stating unambiguously that:

> As a result of the reexamination of the '935 Patent, all of the original asserted claims of the '935 Patent were cancelled in their entirety. (Reexamination Certificate of the '935 Patent 2:25, ECF No. 116-1). Moreover, as a result of the reexamination of the '982 Patent, all of the original asserted claims of the '982 Patent were either amended to cure invalidity or dependent on an amended claim. (Reexamination Certificate of the '982 Patent 2:17-20, ECF No. 115-1; Reexamination File for the '982 Patent at 88-89, 142, Ex. A-5 to Mot Summ. J.).
>
> Therefore, based on the binding holding in [*Fresenius USA Inc. v. Baxter Intl, Inc.*, 721 F.3d 1330 (Fed. Cir. 2013)] because the asserted claims were either cancelled or amended to cure invalidity during reexamination, the Court is bound to find that Plaintiff's cause of action is extinguished and the suit fails. Accordingly, the Court must enter summary judgment in favor of Defendant and close this case.

06451-06/1673963_2.doc

*See* March 30th Order, at 5:6-16. On this same date, the Clerk entered Judgment in favor of DigiDeal (Dkt. No. 144).

**B.     DIGIDEAL SHOULD RECOVER ITS REASONABLE ATTORNEYS' FEES AS THIS IS AN EXCEPTIONAL CASE.**

Pursuant to 35 U.S.C. § 285, this Court "in exceptional cases may award reasonable attorneys' fees to the prevailing party." Thus, in determining whether DigiDeal should recover its attorneys' fees in this action, this Court must determine that (1) this action is "exceptional", and (2) that DigiDeal is the prevailing party. As explained below, such a determination is both warranted and reasonable.

**1.     This Case Is Plainly An Exceptional Case Under 35 U.S.C. § 285.**

As the term "exceptional" is interpreted under Section 285, the instant case is certainly an exceptional case for purposes of concluding that DigiDeal should recover its reasonable attorneys' fees. In 2014, the United States Supreme Court concluded, with regard to Section 285, that an exceptional case is simply one that "stands out from others with respect to the ***substantive strength of a party's litigating position*** (considering both the governing law and the facts of the case)" or "***the unreasonable manner in which the case was litigated***." *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 134 S.Ct. 1749, 1755-56 (2014) (emphasis added).[1] In light of *Octane Fitness*, the instant action is plainly an exceptional case under either examination, and certainly under both.

**a.     The Lack of Substantive Strength of SHFL's Case Supports A Finding That This Is An Exceptional Case.**

Under the facts and circumstances of this case, the readily-apparent lack of any substantive strength to SHFL's claims against DigiDeal demonstrates that this case is exceptional. The net effect of the reexamination proceedings commenced by DigiDeal with regard to both the '982 Patent and the '935 Patent resulted in the USPTO: (i) rejecting every one of the claims of the '982 Patent asserted against DigiDeal as unpatentable over prior art, and

---

[1] A case may be considered exceptional due to litigation-related conduct that is not otherwise sanctionable. *Octane Fitness*, 134 S.Ct. at 1756. Bad faith is no longer required. *Id.* at 1757. Further, the Supreme Court concluded that Section 285 no longer requires that a party seeking to recover its attorney's show that it is entitled to a recovery by clear and convincing evidence. *Id.*, at 1758.

- 4 -

06451-06/1673963_2.doc

requiring that SHFL substantially amend Claims 1-3 and 42 of the '982 Patent in order to overcome prior art; and (ii) canceling every one of the asserted claims of the '935 Patent that SHFL had asserted against DigiDeal. Thus, DigiDeal was required to expend substantial monies in an effort to deflect SHFL's tremendously aggressive patent infringement allegations, which ultimately resulted in a fundamental elimination of every one of the asserted claims leveled by SHFL. Thus, as this Court concluded in its March 30th Order:

> [B]ased on the binding holding in [*Fresenius USA Inc. v. Baxter Intl, Inc.*, 721 F.3d 1330 (Fed. Cir. 2013)] because the asserted claims were either cancelled or amended to cure invalidity during reexamination, the Court is bound to find that ***Plaintiff's cause of action is extinguished and the suit fails***. Accordingly, the Court must enter summary judgment in favor of Defendant and close this case.

March 30th Order, at 5:11-16 (emphasis added).

Furthermore, DigiDeal was required to expend its substantial resources to defend against SHFL's baseless infringement allegations despite SHFL's knowledge of the prior art that underscored the reexamination proceedings. SHFL simply failed to disclose any of that prior art to the USPTO in its initial prosecution of the Asserted Patents. Instead, DigiDeal was the party that brought the relevant prior art to the attention of the USPTO in the reexamination petitions. Under such circumstances, this Court need not stretch to conclude that this is an exceptional case under Section 285. *See Taltech Ltd. v. Esquel Enterprises Ltd.*, 604 F.3d 1324 (Fed. Cir. 2010) (applying higher pre-*Octane Fitness* standard and finding that a patentee's failure to disclose prior art to the patent examiner supported a finding of an exceptional case); *Bruno Indep. Living Aids, Inc. v. Acorn Mobility Services, Ltd.*, 394 F.3d 1348, 1351 (Fed. Cir. 2005) (same); *Agfa Corp. v. Creo Prods. Inc.*, 451 F.3d 1366, 1379–80 (Fed. Cir. 2006) (same).

This action is no different. SHFL's conduct in aggressively pursuing what proved to be substantively unsupportable patent claims as the premise of its infringement suit against DigiDeal warrants a conclusion that this case is exceptional under Section 285. The lack of any substantive strength to SHFL's claims alone, based on the plain standard set forth in *Octane Fitness*, demonstrates that this case "stands out from others" such that it is an exceptional case under Section 285.

HOLLEY·DRIGGS·WALCH
FINE·WRAY·PUZEY·THOMPSON

HDW

06451-06/1673963_2.doc

b.    The Unreasonable Manner In Which SHFL Litigated This Case Validates This Case Being Deemed Exceptional.

Furthermore, the unreasonable manner in which SHFL litigated this case also warrants this case being designated as exception under 35 U.S.C. § 285. That is, at all junctures of this case SHFL has pursued an aggressive, full-throttle and resource-consuming strategy which can only be viewed as an effort to prop up the unsupportable Asserted Claims and starve DigiDeal into financial submission.

For example, SHFL aggressively pursued the Markman proceedings in an effort to portray the Asserted Claims as not requiring any further interpretation and, frankly, to being subject to their "plain and ordinary meaning." *See gen.* Markman Hearing Transcript (Dkt. No. 77). Following the USPTO's issuance of the reexamination certificate for the '982 Patent and the '935 Patent, SHFL filed a motion with this Court requesting the lifting of the then-existing stay, which not only failed to address the substantial impact of the USPTO's reexamination on the Asserted Claims but also sought to deflect the impact of the reexamination by claiming that "this case is now ready to proceed where it left off and this Court should lift the stay" and "rely on the existing claim construction briefing and hearing in issuing its final claim construction order" for purposes of advancing the case to trial or summary judgment. *See* Motion to Lift Stay, at 2:15-22 (Dkt. No. 117). Similarly, subsequent to the issuance of the USPTO's reexamination certificates for the '982 Patent and the '935 Patent, SHFL has made repeated demands that DigiDeal definitively state whether or not DigiDeal intended to "make, use, sell, offer to sale, or import the accused DigiShuffle, or a substantially similar card shuffler"—which is simply a reflection of SHFL's continued use of this action as a means of stymying DigiDeal's business even though the USPTO plainly eliminated the Asserted Claims as a basis for SHFL's pursuit of a lawsuit against DigiDeal. *See* Opposition to Motion for Summary Judgment, at 10:5-8 (Dkt. No. 130). Thus, it is readily apparent that SHFL has unreasonably pursued its litigation against DigiDeal in a manner that warrants this case being deemed an exceptional case under Section 285.

///

06451-06/1673963_2.doc

Thus, under both evaluations identified by the Supreme Court in *Octane Fitness*, this case satisfies the definition of being an "exceptional case" such that DigiDeal should recover its reasonable attorneys under 35 U.S.C. § 285.[2]

### 2. DigiDeal Is the Prevailing Party Herein.

To be deemed a "prevailing party" a party must have received at least some relief on the merits of the action such that it "materially [alters] the legal relationship between the parties by modifying one party's behavior in a way that 'directly benefits' the opposing party." *Shum v. Intel Corp.*, 629 F.3d 1360, 1367 (Fed. Cir. 2010) (*reh'g and reh'g en banc den.* 2011) (citation omitted). In a case wherein one party prevails on all claims, "determining which part has prevailed is a straightforward task." *Manildra Milling Corp. v. Ogilvie Mills, Inc.*, 76 F.3d 1178, 1182 (Fed. Cir. 1996).

Such is the case herein, where this Court's March 30th Order plainly and unambiguously stated that "[SHFL's] cause of action is extinguished and the suit fails [and], [a]ccordingly, the Court must enter summary judgment in favor of [DigiDeal] and close this case." March 30th Order, at 5:14-16. Thus, as it prevailed on all claims in this action, DigiDeal is the "prevailing party" under 35 U.S.C. § 285.

### CONCLUSION

Based on the foregoing, Digideal respectfully requests that this Court conclude that this case is an exceptional case, and that DigiDeal is the prevailing party, such that DigiDeal is entitled to recover its reasonable attorneys' fees pursuant to 35 U.S.C. § 285. DigiDeal further respectfully requests that this Court grant DigiDeal ten (10) business days in which to submit

---

[2] See *Gaymar Indus., Inc. v. Cincinnati Sub-Zero Products, Inc.*, 790 F.3d 1369, 1377 (Fed. Cir. 2015) (reversing denial of the alleged infringer's attorneys' fees after the USPTO had previously canceled claims of the patentee's patent in reexamination); *AdjustaCam, LLC v. Newegg, Inc.*, 626 Fed. Appx. 987, 991 (Fed. Cir. 2015) (remanding a district court's denial of the alleged infringer's attorneys' fees after the patentee's patent had been reissued upon reexamination with new and amended claims); *Yufa v. TSI Inc.*, 2014 WL 4071902, at *1 (N.D.Cal. Aug. 14, 2014) (reexamination resulting in the addition of certain specific wording to the plaintiff's patent claim; district court subsequently granting summary judgment in favor of the defendant based on the amended claims and upholding an award of attorney's fees because the court found it relevant that the plaintiff should have known that addition of the specific wording to the claim during reexamination rendered it invalid yet the plaintiff still pursued the claim); *Bayer CropScience AG v. Dow AgroSciences LLC*, 2015 WL 108415, at *4 (D. Del. Jan. 5, 2015) (exceptional case when the patentee continued to pursue the action even after "it became apparent that [the patentee's] case was going nowhere").

06451-06/1673963_2.doc

HOLLEY·DRIGGS·WALCH
FINE·WRAY·PUZEY·THOMPSON

supporting affidavits, fee invoices, and other supporting documents to identify and itemize the attorneys' fees that DigiDeal should thereafter recover pursuant to Fed. R. Civ. P. 54(d)(2) and LR 54-16(b).

DATED this 13th day of April, 2016.

**HOLLEY DRIGGS WALCH**
**FINE WRAY PUZEY & THOMPSON**


_____/s/ James D. Boyle_____
JAMES D. BOYLE, ESQ. (NBN 8384)
SEAN E. STORY, ESQ. (NBN 13968)
400 South Fourth Street, Third Floor
Las Vegas, Nevada 89101

*Attorneys for Defendant/Counterclaimant*
*DigiDeal Corporation*

- 8 -

06451-06/1673963_2.doc

## CERTIFICATE OF SERVICE

Pursuant to Fed. R. Civ. P. 5(b), I certify that on the 13th day of April, 2016, I caused the foregoing document entitled **DEFENDANT/COUNTERCLAIMANT DIGIDEAL CORPORATION'S MOTION FOR AN AWARD OF ATTORNEYS' FEES**, to be served as follows:

| Attorneys of Record | Parties Represented | Method of Service |
|---|---|---|
| James J. Pisanelli, Esq.<br>Jarrod L. Rickard, Esq.<br>PISANELLI BICE PLLC<br>400 South Seventh Street<br>Suite 300<br>Las Vegas, Nevada 89101 | SHFL entertainment, Inc. | ☐ Personal Service<br>■ Email/E-File<br>☐ Fax Service<br>☐ Mail Service |
| Kimball R. Anderson, Esq.<br>Howard I. Shin, Esq.<br>WINSTON & STRAWN LLP<br>35 West Wacker Drive<br>Chicago, Illinois 60601<br><br>*Admitted Pro Hac Vice* | SHFL entertainment, Inc. | ☐ Personal Service<br>■ Email/E-File<br>☐ Fax Service<br>☐ Mail Service |

_____
An employee of Holley Driggs Walch Fine Wray Puzey & Thompson

- 9 -

06451-06/1673963_2.doc