Kimball R. Anderson (admitted *pro hac vice*)
kanderson@winston.com
Howard I. Shin (admitted *pro hac vice*)
hshin@winston.com
WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, Illinois  60601
Telephone: 312-558-5600
Facsimile: 312-558-5700

James J. Pisanelli, Esq., Bar No. 4027
JJP@pisanellibice.com
M. Magali Calderon, Esq., Bar No. 11742
mmc@pisanellibice.com,
PISANELLI BICE PLLC
3883 Howard Hughes Parkway, Suite 800
Las Vegas, Nevada 89169
Telephone: 702-214-2100
Facsimile: 702-214-2101

*Attorneys for Plaintiff*
*SHFL entertainment, Inc.*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| SHFL ENTERTAINMENT, INC., a Minnesota corporation, <br><br> Plaintiff, <br><br> v. <br><br> DIGIDEAL CORPORATION, a Nevada corporation, <br><br> Defendant. | Case No.: 2:12-cv-01782-GMN-(VCF) <br><br> **PLAINTIFF'S MOTION TO STRIKE PORTIONS OF DEFENDANT'S REPLY IN SUPPORT OF MOTION FOR ATTORNEYS' FEES [DKT. NO. 158]** |

Winston & Strawn LLP
35 West Wacker Drive
Chicago, IL 60601-9703

**Winston & Strawn LLP**
35 West Wacker Drive
Chicago, IL 60601-9703

Plaintiff SHFL entertainment, Inc. ("SHFL") respectfully moves this Court pursuant to Rule 12(f), Federal Rules of Civil Procedure, for the entry of an order striking those portions of Defendant DigiDeal Corporation's Reply in Support of Motion for Attorneys' Fees [Dkt. No. 158] containing new factual allegations, which are demonstrably incorrect and procedurally improper. Attached as Exhibit A to this Motion is a redline of DigiDeal's reply brief, showing the new matter that should be stricken.

**I.      INTRODUCTION**

The Court should strike those portions of DigiDeal's Reply brief and the Declaration of Tyler Kuhn because the filing of new material is procedurally improper, and these documents are incorrect.

DigiDeal's new factual allegations regarding SHFL's pre-filing investigation, and its conduct before the United States Patent and Trademark Office, are plainly incorrect. SHFL conducted a proper pre-filing investigation, and has offered to provide the Court with an *in camera* submission showing the analysis done on DigiDeal's infringing products. (*See* Opp'n at 8.) Likewise, SHFL has proven that DigiDeal's assertions about SHFL's conduct before the PTO are untrue, and that contrary to DigiDeal's allegation, the reexamination rejection references were brought to the attention of the USPTO by SHFL at least ten years before DigiDeal did. (Opp'n at 10.)

These incorrect allegations in DigiDeal's Reply should also be stricken because they are procedurally improper. They are new matter which could have been, but was not, raised in DigiDeal's Opening Brief. It is well settled in the Ninth Circuit that "it is improper for a party to raise a new argument in a reply brief because the opposing party is not afforded an opportunity to respond." *Beckett v. Brinx Resources, Ltd.*, No. 3:13–CV–00342–LRH–WGC, 2013 WL 6058487, at *1 (D. Nev. Nov. 14, 2013). Without an opportunity for a sur-reply, SHFL has no ability to rebut DigiDeal's new allegations, which are procedurally improper to advance for the first time in a reply brief. Accordingly, SHFL requests this Court strike those portions of DigiDeal's Reply brief containing new matter.

## II.   LEGAL STANDARDS

Rule 12(f) of the Federal Rules of Civil Procedure permits a district court to strike immaterial and impertinent material.  Such material includes that which a party attempts to raise for the first time in a reply brief.  *Eberle v. City of Anaheim,* 901 F.2d 814, 818 (9th Cir. 1990). *See also Beckett v. Brinx Resources, Ltd.*, 2013 WL 6058487, at *1 ("[I]t is improper for a party to raise a new argument in a reply brief because the opposing party is not afforded an opportunity to respond.") (citing *Salem Vegas, L.P. v. Guanci,* No. 2:12–CV–01892–GMN, 2013 WL 5493126, at *3 (D. Nev. Sept. 30, 2013)).  Pursuant to Federal Rule of Civil Procedure 12(f), the court may strike "any redundant, immaterial, impertinent, or scandalous matter."  *Shakopee Mdewakanton Sioux Community v. FBCV, LLC*, 2011 WL 4708063, at *1 (D. Nev. 2011).  "It is well established that '[d]istrict courts have inherent power to control their docket.'"  *Ready Transp., Inc. v. AAR Mfg., Inc.*, 627 F.3d 402, 404 (9th Cir. 2010) (quoting *Atchison, Topeka & Santa Fe Ry. v. Hercules, Inc.,* 146 F.3d 1071, 1074 (9th Cir.1998)).  In the Ninth Circuit, "the general rule is that [a party] cannot raise a new issue for the first time in [its] reply brief."  *Eberle v. City of Anaheim,* 901 F.2d 814, 818 (9th Cir.1990).  "This rule is important because it ensures opposing counsel has an opportunity to respond to the substantive arguments and evidence of the moving party."  *Shakopee Mdewakanton Sioux Community v. FBCV, LLC*, 2011 WL 4708063, at *1 (D. Nev. 2011); *see also, Pacquiao v. Mayweather,* 2010 WL 3271961, *1 (D. Nev. Aug. 13, 2010).  "Where a reply asserts new evidence, the court may strike the information, and should not consider it without giving the opposing party an opportunity to respond."  *Queensridge Towers LLC v. Allianz Global Risks US Ins. Co.*, No. 2:13–CR–197 JCM (PAL), 2015 WL 1403479, at *3 (D. Nev. Mar. 26, 2015) (citing *Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir.1996)).

## III.   ARGUMENT

### A.   DIGIDEAL'S ARGUMENTS CONCERNING SHFL'S PRE-FILING INVESTIGATION ARE INCORRECT AND PROCEDURALLY IMPROPER

DigiDeal argues for the first time in its Reply that this case is exceptional because SHFL failed to conduct a proper pre-filing investigation.  (Reply Br. at 4.)  In support, DigiDeal

Winston & Strawn LLP
35 West Wacker Drive
Chicago, IL 60601-9703

submits the Declaration of Tyler Kuhn and emails exchanged between the parties.  The Tyler Kuhn Declaration is false and misleading.  SHFL conducted a proper pre-filing investigation, and has offered to provide the Court with an *in camera* submission showing the analysis done on DigiDeal's infringing products.  (*See* Opp'n at 8.)

Furthermore, DigiDeal's injection of new facts and allegations concerning SHFL's pre-filing investigation into its Reply is improper, and they are in no way a "reply" to an argument SHFL made.  *Tara Minerals Corp. v. Carnegie Min. and Exploration, Inc.*, No. 2:11–CV–01816–KJD–GWF, 2012 WL 2860702, at *1 (D. Nev. July 11, 2012) ("It is impermissible to introduce new arguments or evidence in a reply brief.") (citing *White v. City of Sparks,* 341 F. Supp. 2d 1129, 1134 (D. Nev. 2004) *aff'd*, 500 F.3d 953 (9th Cir.2007)).  SHFL will be unable to respond to DigiDeal's incendiary remarks unless given the opportunity to file a sur-reply, or the matter is stricken.

The Kuhn Declaration is "an entirely new piece of evidence that was carefully crafted to address the weaknesses [SHFL] asserts exist in defendants' moving papers." *Shakopee Mdewakanton Sioux Community v. FBCV, LLC*, No. 2:10–CV–10 JCM (RJJ), 2011 WL 4708063, at *1 (D. Nev. Oct. 4, 2011).  DigiDeal did not argue in its Opening Brief that SHFL failed to conduct a proper pre-filing investigation.  Rather, DigiDeal's Opening Brief focused on the vague allegation that SHFL's case "lacked substantive strength" and was "tremendously aggressive."  (Opening Br. at 4-5.)  In its Opposition, SHFL argued that under the totality of the circumstances this case was not exceptional because, among other things, SHFL had conducted a proper pre-filing investigation, and offered to submit its pre-filing materials for *in camera* review.  (Opp'n at 8.)  SHFL also explained that its original infringement contentions set forth in detail the clear evidence of DigiDeal's infringement.  Only after SHFL filed its Opposition did DigiDeal prepare and submit the Kuhn Declaration, new material specifically crafted to respond to SHFL's arguments.  *Shakopee Mdewakanton Sioux Community*, 2011 WL 4708063, at *1 ("Importantly, the [ ] declaration was dated . . . nine days after SMSC filed its opposition to the motion[.]").

Winston & Strawn LLP
35 West Wacker Drive
Chicago, IL 60601-9703

MOTION TO STRIKE REPLY TO MOTION FOR ATTORNEYS' FEES – NO. 2:12-CV- 01782-GMN-VCF

3

Moreover, nothing prevented DigiDeal from making this argument earlier.  Instead, DigiDeal filed a conspicuously short opening brief,[1] making few arguments in support, and waited for SHFL to respond.  Just like the defendant in *Shakopee Mdewakanton Sioux Community v. FBCV, LLC*, "[t]his evidence was available to" DigiDeal when it filed its initial motion, and its failure to include it in its opening brief signaled its abandonment of that argument for purposes of seeking attorney's fees.  In fact, DigiDeal has been arguing about a lack of pre-filing investigation since at least April 2013.  (*See e.g.*, DigiDeal's Resp. to Motion for Entry of Default Judgment [Dkt. No. 45].)

It is well established that once SHFL makes arguments in opposition to DigiDeal's motion, DigiDeal "cannot present entirely new, specifically crafted evidence to rebut that argument when [SHFL] has no opportunity to respond."  2011 WL 4708063, at *1.  Accordingly, the portions of DigiDeal's Reply regarding SHFL's pre-filing investigation (shown in the attached red-line), and relying on the Kuhn Declaration should be stricken.  *Beckett v. Brinx Resources, Ltd.*, No. 3:13–CV–00342–LRH–WGC, 2013 WL 6058487, at *1 (D. Nev. Nov. 14, 2013) ("Where the moving party presents new matters for the first time in a reply brief, the Court may either refuse to consider the new matters or allow the opposing party an opportunity to respond."); *see Zamani v. Carnes,* 491 F.3d 990, 997 (9th Cir. 2007) (citing *Koerner v. Grigas,* 328 F.3d 1039, 1048 (9th Cir. 2003) ("[t]he district court need not consider arguments raised for the first time in a reply brief").

Further, DigiDeal's factually erroneous allegations that SHFL's September 24, 2012 notice letter to DigiDeal was "more of a demand to see the DigiShuffle device than anything else," is also new matter and should be stricken.  (Reply Br. at 4.)  Likewise, DigiDeal's inaccurate allegation that SHFL "filed this action on a whim" is new, and improperly relies on new facts alleged in the Kuhn Declaration.  (Reply Br. at 4.)  Additionally, DigiDeal's allegation

[1] DigiDeal has pursued a similar briefing strategy throughout this litigation.  For example, DigiDeal's Opening Brief in support of its Motion to Dismiss [Dkt. No. 10] was less than ten pages long, and did not provide the proper standards for evaluating complaints for patent infringement.  After SHFL pointed this error and additional weaknesses out in its Opposition, DigiDeal filed a 20 page Reply, offering numerous new arguments that could have been made in its Opening Brief.  (*See* Dkt. No. 25.)

Winston & Strawn LLP
35 West Wacker Drive
Chicago, IL 60601-9703

that SHFL "did not engage any expert to evaluate the DigiShuffle device, [and] did not view the DigiShuffle device at any material time in the litigation," is further new matter which DigiDeal could have argued in its Opening Brief.  (Reply Br. at 4.)

It is apparent that DigiDeal waited for SHFL to respond to DigiDeal's intentionally short opening brief, and ambushed SHFL with new matter and arguments in DigiDeal's Reply.  SHFL has not had an opportunity to respond to these new arguments.  Under these circumstances, the new matter is improper and should be stricken.

### B.   DIGIDEAL'S ALLEGATIONS REGARDING SHFL'S CONDUCT BEFORE THE USPTO ARE INCORRECT AND PROCEDURALLY IMPROPER.

DigiDeal also offers new factual and legal allegations regarding SHFL's conduct before the USPTO which should be stricken as new matter.  Here, DigiDeal alleged in its Opening Brief that SHFL "failed to disclose any of that prior art to the USPTO in its initial prosecution of the Asserted Patents."  (Opening Br. at 5.)  In its Opposition, SHFL proved that DigiDeal's assertion was untrue, and that contrary to DigiDeal's allegation, the reexamination rejection references were brought to the attention of the USPTO by SHFL at least ten years before DigiDeal did. (Opp'n at 10.)  In its Reply, however, DigiDeal misdirects attention away from its earlier false statement by making new allegations that are also untrue.  This is improper, and DigiDeal's erroneous new allegations do not remediate its earlier false statement.  *See Salem Vegas, L.P. v. Guanci,* No. 2:12–CV–01892–GMN, 2013 WL 5493126, at *3 (D. Nev. Sept. 30, 2013); *see also Beckett v. Brinx Resources, Ltd.*, 2013 WL 6058487, at *1 ("[I]t is improper for a party to raise a new argument in a reply brief because the opposing party is not afforded an opportunity to respond.").

Additional new matter includes DigiDeal's argument that SHFL's reliance on the public record before the USPTO is somehow improper, or incorrect, and SHFL has no ability to respond to this new argument.

DigiDeal also points to "an exchange between SHFL's counsel and DigiDeal's former counsel" as demonstrating "the point that SHFL had intentionally failed to disclose prior art – of which it had knowledge – with regard to at least the '935 Patent."  (Reply Br. at 8, Ex. F [Dkt.

Winston & Strawn LLP
35 West Wacker Drive
Chicago, IL 60601-9703

**Winston & Strawn LLP**
**35 West Wacker Drive**
**Chicago, IL 60601-9703**

No. 158-7].)  This exchange introduces an improper, misleading, and entirely new allegation concerning what amounted to nothing more than a discovery dispute, and it should be stricken. Moreover, for the same reasons discussed above, DigiDeal's reliance on this new matter should be stricken because DigiDeal could have raised an argument concerning this dispute in its Opening Brief. *Shakopee Mdewakanton Sioux Community*, 2011 WL 4708063, at *1. Reference to this exchange ensured that DigiDeal could raise a baseless allegation without SHFL having the opportunity to properly respond. Accordingly, DigiDeal's reliance on Exhibit F as well as its arguments that SHFL acted improperly before the PTO should be stricken.

**IV.     CONCLUSION**

For the reasons set forth above, SHFL respectfully requests that the Court strike those portions of DigiDeal's Reply Brief (including its supporting Kuhn declaration) filed in support of DigiDeal's Motion for Attorneys' Fees, which contain or rely upon new matter.

DATED: May 20, 2016                    By:     Kimball R. Anderson

Kimball R. Anderson (admitted *pro hac vice)*
Howard I. Shin (admitted *pro hac vice*)
WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, Illinois 60601

James J. Pisanelli, Esq., Bar No. 4027
M. Magali Calderon, Esq., Bar No. 11742
PISANELLI BICE PLLC
3883 Howard Hughes Parkway, Suite 800
Las Vegas, Nevada 89169

*Attorneys for Plaintiff SHFL entertainment, Inc.*

**Winston & Strawn LLP**
**35 West Wacker Drive**
**Chicago, IL 60601-9703**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing **PLAINTIFF'S MOTION TO STRIKE PORTIONS OF DEFENDANT'S "REPLY IN SUPPORT OF MOTION FOR ATTORNEYS' FEES" [DKT. NO. 158]** served by the Court's ECF system on May 20, 2016 upon the following:

James D. Boyle, Esq.,
HOLLEY DRIGGS WALCH FINE WRAY PUZEY & THOMPSON
400 South 4th Street, 3rd Floor
Las Vegas, NV 89101
702-791-0308
Fax: 702-791-1912
jboyle@nevadafirm.com

*Attorney for DigiDeal Corporation*

/s/  Kimball R. Anderson