PX26.1

## SETTLEMENT AGREEMENT, ASSIGNMENT OF CLAIM, AND MUTUAL GENERAL RELEASE

This Settlement Agreement, Assignment Of Claim, and Mutual General Release (the "Settlement Agreement") is entered into this 2nd day of August, 2016 by and between Shuffle Tech International, LLC, an Illinois limited liability company ("Shuffle Tech"), Richard J. Schultz ("Schultz"), in his individual capacity, and Poydras-Talrick Holdings LLC ("Poydras-Talrick") on the one hand, and Digideal Corporation, a Nevada corporation ("Digideal"), and Michael J. Kuhn ("Kuhn"), in his individual capacity, on the other hand.

### RECITALS

WHEREAS, beginning on September 13, 2012, Shuffle Tech, Poydras-Talrick, and Digideal had previously entered into agreements for the license and manufacture of automatic card shuffling machines based on patents owned by Shuffle Tech, specifically the September 13, 2012 Master Patent and Technology License and Sublicense Agreement (the "Master Agreement") and the July 22, 2013 First Amendment to the Master Agreement ("First Amendment"). Shuffle Tech and DigiDeal subsequently entered into the February 4, 2014 Exclusive Patent Technology License Agreement Limited to the License and Sale and Leases of Licensed Products in the State of Washington (the "Washington Agreement") (the Master Agreement, First Amendment and Washington Agreement shall herein be referred to as the "License Agreements");

WHEREAS, beginning on October 2, 2012, Digideal introduced the DigiShuffle automatic card shuffler manufactured under the Master Agreement to the marketplace at the Global Gaming Expo in Las Vegas, Nevada;

WHEREAS, on October 10, 2012, a competitor, SHFL Entertainment, Inc. ("SHFL") filed a purportedly sham patent infringement lawsuit alleging that the DigiShuffle infringed

**CONFIDENTIAL**                                                                 PLA00141862

certain claims of two patents owned by SHFL, titled SHFL Entertainment, Inc. v. Digideal Corporation, District of Nevada, case no. 2:12-cv-1782 ("Nevada Litigation");

WHEREAS pursuant to Paragraph 11.1 of the Master Agreement and the First Amendment, and Recital F.1. of the First Amendment, Shuffle Tech agreed to defend Digideal in the Nevada Litigation, while Digideal and Poydras-Talrick agreed that Shuffle Tech shall be entitled to any reimbursement for fees and expenses and/or other damages resulting from the Nevada Litigation payable by SHFL to any of the Parties, and that the Parties shall cooperate with Shuffle Tech as required to pursue reimbursement of fees and other damages against SHFL;

WHEREAS Digideal initiated a lawsuit against Shuffle Tech, Poydras-Talrick, and Schultz in August 2014, titled Digideal Corporation v. Shuffle Tech International, Richard Schultz, and Poydras-Talrick Holdings LLC, in the Eastern District of Washington, case no. 2:14-cv-277, and whereas Shuffle Tech and Poydras filed counterclaims against Digideal and Kuhn ("Washington Litigation");

WHEREAS Shuffle Tech, Poydras-Talrick, and non-party Aces Up, Inc. filed an antitrust lawsuit against Scientific Games Corporation, *et al.*, the successor of SHFL Entertainment, Inc. in the Northern District of Illinois, case no. 1:15-cv-3702, alleging, *inter alia*, that the patent claims asserted against Digideal in Nevada Litigation were obtained by fraud on the U.S. Patent Office, and known by SHFL to be invalid prior to initiation of the Nevada Litigation against Digideal ("Illinois Litigation"); and

WHEREAS, Shuffle Tech, Poydras-Talrick, Schultz, Digideal, and Kuhn, having had the advice of their respective counsel, have determined that it is in their individual and mutual best interests to settle and compromise any and all potential claims that have been or could have been brought under the License Agreements and/or the Washington Litigation on the terms and

PLA00141863

conditions recited in this Settlement Agreement, without any admission of fault, liability or wrongdoing on behalf of any of the parties to this Agreement.

NOW, THEREFORE, in light of the foregoing recitals and other good and valuable consideration the receipt and sufficiency of which are hereby acknowledged, the parties hereto agree as follows:

1. **Incorporation of Recitals**. The recitals set forth above are hereby incorporated herein by reference and made a part of this Settlement Agreement.

2. **Reimbursement of Attorney Fees and Expenses for Nevada Litigation**. In consideration of the foregoing, Shuffle Tech and Poydras-Talrick shall pay $225,000 to Digideal as reimbursement for funds disbursed by Digideal to attorneys and other related vendors to defend Digideal in the Nevada Litigation. This shall be paid to Digideal as follows: $150,000 within 15 days of execution of this Settlement Agreement, and $75,000 within 30 days of execution of this Settlement Agreement.

3. **Confession of Judgment**. The payment of $225,000 as set forth above shall be secured by a confession of judgment against Shuffle Tech, Poydras-Talrick, and Richard Schultz (individually), and in favor of Digideal and Mr. Kuhn in the amount of $225,000, less any amounts actually paid pursuant to this Settlement Agreement. The confession of judgment is attached hereto as Exhibit A and shall be executed by Shuffle Tech, Poydras-Talrick and Schultz concurrent with this Settlement Agreement and the fully executed confession of judgment shall immediately be provided to DigiDeal and Mr. Kuhn. This stipulated judgment shall not be filed in any court unless Shuffle Tech, Poydras-Talrick, and Schultz default on their payment obligations and do not timely cure any such default. Digideal shall provide ten (10) days written notice of any default and the non-performing

**PLA00141864**

parties shall have fifteen (15) days to cure any default.

4.   **Assignment of Digideal Claims Against SHFL.** Digideal, in consideration of Shuffle Tech's prior payments of DigiDeal's attorney fees and costs for the Nevada Litigation and the related *ex-parte* re-examination of the asserted patent claims pursuant to Paragraph 11.1 of the Master Agreement and First Amendment between the parties, and Recital F.1. of the First Amendment, and the further payment of $225,000 in additional attorneys' fees being paid pursuant to those contractual provisions and this Settlement Agreement, and for other good and valuable consideration, hereby irrevocably confirms, ratifies and reaffirms its prior assignment to Shuffle Tech of all of Digideal's right, title and interest in and to all claims of any kind of Digideal against Scientific Games Corporation, Bally Gaming, Inc., and/or SHFL Entertainment, Inc. (collectively "*Scientific*") resulting from the Nevada Litigation including, but not limited to, the claims set forth in Shuffle Tech's Amended Complaint against Scientific in the Illinois Litigation, as well the right to recover the $225,000 paid pursuant to the above-recited contractual provisions and this Settlement Agreement. The aforementioned assignment expressly excludes (i) the award and payment of $2,086.04 in costs to DigiDeal in the Nevada Litigation pursuant to the June 29th, 2016, Report and Recommendation & Order entered in the Nevada Litigation, docket No. 163, regarding DigiDeal's motion for attorneys fees in the Nevada Litigation which was made without Shuffle Tech's involvement or consent; DigiDeal shall retain the $2,086.04; and (ii) any future award to DigiDeal for recovery of attorneys fees related to any appeal in the Nevada Litigation that has been directly incurred by DigiDeal and not paid for or reimbursed by Shuffle Tech or Poydras-Talrick.

5.   **Cooperation With Shuffle Tech Illinois Litigation.** Digideal, and its officers and

**CONFIDENTIAL**

PLA00141865

employees, shall reasonably cooperate in good faith with Shuffle Tech as required for Shuffle Tech to pursue its antitrust damage claims against Scientific Games Corporation, *et al.*, in the Illinois Litigation. Digideal and its officers and employees shall not be responsible for any expenses related to the Illinois Litigation, and Shuffle Tech shall pay all such reasonable expenses of Digideal, or its employees, for any future cooperation requested by Shuffle Tech, including but not limited to travel costs, copying/reproduction costs, attorneys' fees, etc., provided that any such fees must be approved in advance by attorneys for Shuffle Tech and paid in advance to DigiDeal or its employees. Nothing herein shall be deemed or construed to limit DigiDeal's rights or ability to defend and/or settle, or pursue the litigation strategy of DigiDeal's sole discretion in, the Nevada Litigation on terms and conditions acceptable to DigiDeal in its sole discretion, and DigiDeal shall have complete discretion to determine its own litigation strategy in the Nevada Litigation, provided however, that Digideal must disclose this Settlement Agreement in its entirety, including DigiDeal's assignment of its claims against Scientific to Shuffle Tech, to the opposing party in the Nevada Litigation prior to entering into or executing any agreement terminating that litigation, if any.

6. **Digideal Attorney Invoices**. Within 10 days of receipt of full payment of $225,000, Digideal shall produce to Shuffle Tech all attorney invoices, without redaction, for attorney fees and other costs paid directly by Digideal to its attorneys and related vendors in connection with the Nevada Litigation and shall make good faith efforts to obtain any such invoices which are not in Digideal's possession.

7. **DigiShuffle Samples For Use As Exhibits In Antitrust Litigation**. Digideal shall provide two (2) completed, functioning DigiShuffle units to Shuffle Tech's attorneys for

**CONFIDENTIAL**

PX26.6

the Illinois Litigation (Nixon & Vanderhye, P.C.) for use as exhibits in the Illinois Litigation. These prototypes shall be delivered directly by Digideal's attorney, Eowen Rosentrater, to Nixon & Vanderhye upon their request, solely for use in the Illinois litigation, and not for other commercial purposes and shall be considered confidential and trade secret material for that purpose, and shall be returned by Nixon & Vanderhye to Digideal's attorney, Eowen Rosentrater, upon termination of the Illinois Litigation in the same condition in which they were provided.

8. **Compliance With Discovery Requests**. Digideal shall cooperate and comply with all reasonable discovery requests in connection with the Illinois Litigation, provided that DigiDeal incur no unreimbursed cost or expense.

9. **Assignment of Digideal Patent Application.** Digideal shall assign its pending DigiShuffle improvement patent application to Shuffle Tech (U.S. Patent Office Application 14/286,997), and provide the entire file history related to this patent application, and neither Shuffle Tech, nor any employee, member, affiliate, partner, or successor will assert any claims of misconduct or fraud related to this patent application by Digideal, or any current or former employee of Digideal. Neither DigiDeal or any of its employees shall have any obligation to pursue prosecution of the improvement patent nor shall DigiDeal or its employees have any obligation to make or pay any fees related to the applicable application.

10. **Release by Shuffle Tech and Richard Schultz**. Subject to the provisions of this Settlement Agreement, in consideration of the performance of the obligations of Digideal and Kuhn as stated in this Settlement Agreement, Shuffle Tech and Schultz, on behalf of themselves and their successors, assigns, current and former representatives, distributors,

**CONFIDENTIAL**

PLA00141867

licensees, members, shareholders, agents, attorneys, heirs, personal representatives, executors, and administrators absolutely, fully and forever, release, relieve, waive, relinquish and discharge Digideal and Kuhn, on behalf of itself and its successors, assigns, current and former representatives, distributors, licensees, agents, and attorneys, of and from any and all manner of actions, causes of action, suits, debts, deficiencies, liabilities, demands, defaults, claims, obligations, costs, expenses, sums of money, controversies, damages, accounts, reckonings, and liens of every kind or nature whatsoever, whether known or unknown, direct or indirect, claimed or unclaimed, suspected or unsuspected, choate or inchoate, liquidated or unliquidated, contingent or determined, in law or in equity, arising out of, from, or in any way related to the Washington Litigation and/or the License Agreements, except for the obligations created by this Settlement Agreement.

11. **Release by Poydras-Talrick**. Subject to the provisions of this Settlement Agreement, in consideration of the performance of the obligations of Digideal and Kuhn as stated in this Settlement Agreement, Poydras-Talrick, on behalf of themselves and their successors, assigns, current and former representatives, distributors, licensees, members, shareholders, agents, attorneys, heirs, personal representatives, executors, and administrators absolutely, fully and forever, release, relieve, waive, relinquish and discharge Digideal and Kuhn, on behalf of itself and its successors, assigns, current and former representatives, distributors, licensees, agents, and attorneys, of and from any and all manner of actions, causes of action, suits, debts, deficiencies, liabilities, demands, defaults, claims, obligations, costs, expenses, sums of money, controversies, damages, accounts, reckonings, and liens of every kind or nature whatsoever, whether known or unknown, direct or indirect, claimed or unclaimed,

**CONFIDENTIAL**

PLA00141868

suspected or unsuspected, choate or inchoate, liquidated or unliquidated, contingent or determined, in law or in equity, arising out of, from, or in any way related to the Washington Litigation and/or the License Agreements, except for the obligations created by this Settlement Agreement.

12. **Release by Digideal and Kuhn.** Subject to the provisions of this Settlement Agreement, in consideration of the performance of the obligations of Shuffle Tech, Poydras-Talrick, and Schultz as stated in this Settlement Agreement, Digideal and Kuhn, on behalf of themselves and their successors, assigns, current and former representatives, distributors, licensees, members, shareholders, agents, attorneys, heirs, personal representatives, executors, and administrators absolutely, fully and forever, release, relieve, waive, relinquish and discharge Shuffle Tech, Poydras-Talrick, and Schultz, on behalf of itself and its successors, assigns, current and former representatives, distributors, licensees, agents, and attorneys, of and from any and all manner of actions, causes of action, suits, debts, deficiencies, liabilities, demands, defaults, claims, obligations, costs, expenses, sums of money, controversies, damages, accounts, reckonings, and liens of every kind or nature whatsoever, whether known or unknown, direct or indirect, claimed or unclaimed, suspected or unsuspected, choate or inchoate, liquidated or unliquidated, contingent or determined, in law or in equity, arising out of, from, or in any way related to the Washington Litigation and/or the License Agreements, except for the obligations created by this Settlement Agreement.

13. **Authority of Signatories.** Shuffle Tech, Poydras-Talrick, and Digideal represent and warrant that the individuals signing this Agreement are empowered and duly authorized to execute this Agreement on behalf of each respective Party, and to bind said Party.

14. **Joint Drafting.** Shuffle Tech, Poydras-Talrick, and Digideal agree that this Settlement

**CONFIDENTIAL**

PLA00141869

Agreement reflects the joint drafting efforts of the parties. In the event any dispute, disagreement or controversy arises regarding this Settlement Agreement, all parties shall be considered joint authors and no provision shall be interpreted against any party because of authorship. Each party also agrees that it is fully informed as to the meaning and intent of this Agreement and that this Agreement was negotiated at arm's length with each party to this Agreement receiving advice from independent legal counsel of its own choosing.

15. **Costs and Fees.** Shuffle Tech, Poydras-Talrick, Schultz, Digideal, and Kuhn shall each bear all of their own attorneys' fees, costs and expenses related to the claims being settled herein.

16. **Payment of Taxes.** Each party shall be responsible for the payment of its own taxes for any and all payments made pursuant to this Agreement.

17. **No Pending Claims.** Shuffle Tech, Poydras-Talrick, Schultz, Digideal, and Kuhn all agree and acknowledge that there are no claims, complaints, charges or other proceedings pending in court, administrative agency, commission, regulatory body, professional agency, or any other forum between the parties to this Settlement Agreement.

18. **Section Headings.** Section headings are for convenience of reference only and shall not be used to interpret or construe the terms of this Settlement Agreement.

19. **Non-Disparagement.** Shuffle Tech, Poydras-Talrick, Schultz, Digideal, and Kuhn hereto each agree that they shall not disparage any other party to this Settlement Agreement about or with respect to any claims, events or circumstances occurring after or prior to the execution of this Settlement Agreement.

20. **No Admission of Liability.** The resolution set forth in this Settlement Agreement is hereby acknowledged by Shuffle Tech, Poydras-Talrick, Schultz, Digideal, and Kuhn as a

**CONFIDENTIAL**

compromise of claims that could be disputed by Shuffle Tech, Poydras-Talrick, Schultz, Digideal, and Kuhn, and shall not be construed to constitute an admission of liability on the part of any party in connection with the potential claims asserted by Shuffle Tech, Poydras-Talrick, Schultz, Digideal, and Kuhn.

21. **Choice of Law**. Shuffle Tech, Poydras-Talrick, Schultz, Digideal, and Kuhn agree that this Settlement Agreement shall be governed by the laws of the State of Washington.

22. **Voluntary and Informed Execution**. Shuffle Tech, Poydras-Talrick, Schultz, Digideal, and Kuhn hereby acknowledge that they have had an opportunity to consult with legal counsel of their choosing with respect to this Settlement Agreement and acknowledge and agree that each of the covenants, waivers and releases set forth in this Settlement Agreement were knowingly and voluntarily made.

23. **Counterparts**. This Settlement Agreement may be effectuated in counterparts and by facsimile signatures, each of which must be signed by the parties and, together with any counterparts, shall be deemed one agreement.

24. **Severability**. If any portion of this Settlement Agreement is deemed by a court of competent jurisdiction or similar body to be unenforceable, the remaining portions of this Agreement shall remain in full force and effect.

25. **Integration**. Except as specifically set forth in this Settlement Agreement, this Settlement Agreement sets forth the entire agreement between the parties hereto with regard to the subject matter hereof and supersedes any and all other agreements contrary to the terms and provisions contained in this Settlement Agreement. All agreements, covenants, representations and warranties, express or implied, oral and written, of the parties hereto with regard to the subject matter hereof are contained herein. No other

**CONFIDENTIAL**

PLA00141871

agreements, covenants, representations or warranties, express or implied, oral or written, have been made by any party hereto to another with respect to the subject matter of this Settlement Agreement. All prior and contemporaneous conversations, negotiations, possible and alleged agreements and representations, covenants and warranties with respect to the subject matter hereof are waived, merged herein and superseded hereby. This is an integrated agreement. Each of the parties hereto acknowledges that any party or agent or attorney of any other party has not made any promise, representation or warranty whatsoever, express or implied, written or oral, not contained herein concerning the subject matter hereof to induce it to execute this Settlement Agreement and each of the parties acknowledges that it has not executed this Settlement Agreement in reliance on any promises, representation, or warranty not contained herein.

26. **Modification**. No modification, amendment or waiver of any of the provisions of this Settlement Agreement shall be effective unless in writing signed and delivered by all the parties hereto.

27. **Notice**. All notices required under this Agreement shall be given by regular mail and email or facsimile transmission to the following persons, addresses and facsimile numbers:

| To: | DigiDeal and Mr. Kuhn | Shuffle Tech | Mr. Schultz | Poydras-Talrick |
|-----|----------------------|--------------|-------------|-----------------|
| | Eowen Rosentrater Attorneys 108 N. Washington St. Suite 302 Spokane, WA 99201 Phone 509.868.5389 Fax 509.271.3432 | | | |

The parties hereto shall each be obligated to notify all other parties of any new, different or change of address and facsimile number for purposes of receiving any notices

**CONFIDENTIAL**

PLA00141872

required by or under this Agreement and that party's failure to receive any such notices shall not be interpreted or construed to be or constitute a failure to give any notice required by any party under this Agreement.

[SIGNATURES ON FOLLOWING PAGE]

CONFIDENTIAL

PLA00141873

PX26.13

IN WITNESS WHEREOF, the parties hereto have caused this Agreement to be executed on the dates set forth below.

**SHUFFLE TECH INTERNATIONAL, LLC**

By: _____    Date: ___Aug 2, 2016___
    Richard J. Schultz, Manager

**POYDRAS-TALRICK HOLDINGS LLC**

By: _____    Date: _____
    Brookhill Corporation, Manager

**DIGIDEAL CORPORATION**

By: _____    Date: _____
    Michael J. Kuhn, President

**RICHARD SCHULTZ, Individually**

_____    Date: ___Aug 2, 2016___

**MICHAEL J. KUHN, Individually**

_____    Date: _____

Exhibits:
Exhibit A – Stipulated Judgment

**CONFIDENTIAL**                                                                      **PLA00141874**

PX26.14

Exhibit A
Stipulated Judgment

On Following Pages

1114322/290783RV 1

CONFIDENTIAL

PLA00141875

PX26.15

IN WITNESS WHEREOF, the parties hereto have caused this Agreement to be executed on the dates set forth below.

**SHUFFLE TECH INTERNATIONAL, LLC**

By: _____  Date: Aug 2, 2016
  Richard J. Schultz, Manager

**POYDRAS-TALRICK HOLDINGS LLC**

By: _____  Date: 8.3.16
  Brookhill Corporation, Manager

**DIGIDEAL CORPORATION**

By: _____  Date: _____
  Michael J. Kuhn, President

**RICHARD SCHULTZ, Individually**

_____  Date: Aug 2, 2016

**MICHAEL J. KUHN, Individually**

_____  Date: _____

Exhibits:
Exhibit A – Stipulated Judgment

**CONFIDENTIAL**

PLA00141876

PX26.16

**CONFIDENTIAL**

**PLA00141877**

PX26.17

IN WITNESS WHEREOF, the parties hereto have caused this Agreement to be executed on the dates set forth below.

**SHUFFLE TECH INTERNATIONAL, LLC**

By: _____     Date: _Aug 2, 2016_
    Richard J. Schultz, Manager

**POYDRAS-TALRICK HOLDINGS LLC**

By: _____     Date: _____
    Brookhill Corporation, Manager

**DIGIDEAL CORPORATION**

By: _____     Date: _May 3, 2016_
    Michael J. Kuhn, President

**RICHARD SCHULTZ, Individually**

_____     Date: _Aug 2, 2016_

**MICHAEL J. KUHN, Individually**

_____     Date: _Aug 3, 2016_

Exhibits:

Exhibit A – Stipulated Judgment

**CONFIDENTIAL**                                              **PLA00141878**