COPY

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

BEFORE THE HONORABLE EDWARD C. REED, JR., DISTRICT JUDGE

---oOo---

CARD LLC.,                          )
                                    )
                                    )          NO. CV-N-03-244-ECR(RAM)
                    PLAINTIFF,      )
                                    )          DECEMBER 8, 2003
                                    )
         -VS-                       )          RENO, NEVADA
                                    )
SHUFFLE MASTER, INC.,               )
                                    )
                    DEFENDANT.      )
_____)

DECISION OF THE COURT

APPEARANCES:

FOR THE PLAINTIFF:              ROBERT MORRILL ESQUIRE
BY TELEPHONE                   THEODORE CHANDLER, ESQUIRE
                               PETER MIKHAIL, ESQUIRE
                               SAN FRANCISCO, CALIFORNIA

BY TELEPHONE                   BRIAN OGONOWSKY, ESQUIRE
                               SAN JOSE, CALIFORNIA

IN COURT                       MICHAEL HOY, ESQUIRE
                               RENO, NEVADA

FOR THE DEFENDANT:             ERIC LAMISON, ESQUIRE
BY TELEPHONE                   BENJAMIN OSTAPUK, ESQUIRE
                               SAN FRANCISCO, CALIFORNIA

BY TELEPHONE                   BARRY IRWIN, ESQUIRE
                               CHICAGO, ILLINOIS

IN COURT                       MARGO PISCEVICH, ESQUIRE
                               RENO, NEVADA

CATHY M. WORKEN, OFFICIAL REPORTER, (775) 324-6777



PLA00113717

28

MOVEMENT OF THE STORAGE DEVICE.

THE PFIEFFER PATENT DISCLOSED "OTHER METHODS OF FEEDBACK IN MOTOR CONTROL MAY BE USED TO TURN AND POSITION THE CAROUSEL SO THAT CARDS ARE INJECTED OR EJECTED IN A FAST AND EFFICIENT MANNER".

THEREFORE, THERE IS A SUBSTANTIAL QUESTION WHETHER ONE SKILLED IN THE ART WOULD KNOW WHETHER TO CHANGE THE POLARITY WOULD THEREBY CHANGE THE DIRECTION OF THE STORAGE DEVICE "DURING SHUFFLING".

WE CONCLUDE THAT CARD HAS SHOWN THAT THE '248 PATENT IS VULNERABLE TO A VALIDITY CHALLENGE.

WE NEXT TURN TO CLAIM 2 OF THE '751 PATENT.

THE FIRST PARAGRAPH, THE PREAMBLE READS:

"A DEVICE FOR DELIVERING SHUFFLED CARDS COMPRISING".

PARAGRAPH 5 READS:

"A SECOND CARD MOVER FOR MOVING CARDS FROM A COMPARTMENT TO A SECOND CARD RECEIVER UPON DEMAND".

WE CONSTRUE THIS CLAIM AS FOLLOWS:

A COMPARTMENT MEANS ONE COMPARTMENT IN THIS CASE, AND THE WORD "CARDS" MEANS MORE THAN ONE CARD.

LORBER AND GREENBERG PROVIDE FOR MOVEMENT OF ONLY ONE CARD FROM A COMPARTMENT, THEREFORE LORBER AND GREENBERG DO NOT ANTICIPATE.

THE SECOND SUPPLEMENTAL GREENBERG DECLARATION

PLA00113744

Shuffler Art-Tab 17                                        PX117.29

29

PRESENTED AT THE HEARING STATES THAT THE ROBLEJO PROTOTYPE TYPE CONTAINS A SECOND CARD MOVER FOR REMOVING CARDS FROM A COMPARTMENT TO A SECOND CARD RECEIVER ON DEMAND.

A PICTURE OF THE ROBLEJO PROTOTYPE WAS PRESENTED AT THE HEARING, BUT DOES NOT SHOW THIS FEATURE.

THIS EVIDENCE IS NOT SUFFICIENTLY PERSUASIVE FOR US TO CONCLUDE THAT THE ROBLEJO PROTOTYPE CONTAINS THIS FEATURE AND IS THEREFORE PRIOR ART IN SUPPORT OF ANTICIPATION, CITING JUICY WHIP, INC. VERSUS ORANGE BANG, INC., 292 F.3d 728, FEDERAL CIRCUIT, 2002.

HISTORICALLY COURTS HAVE LOOKED WITH DISFAVOR UPON FINDING ANTICIPATION BASED ONLY ON ORAL TESTIMONY.

WE NEXT CONSTRUE PARAGRAPH 6, WHICH I WILL READ:

"A PROCESSING UNIT PROGRAMMED TO CONTROL THE FIRST CARD MOVER AND A SECOND CARD MOVER WHEREIN THE PROCESSING UNIT RANDOMLY ASSIGNS EACH CARD IN THE STACK TO A COMPARTMENT AND CONTROLS THE FIRST CARD MOVER AND THE SECOND CARD MOVER UPON DEMAND".

WE CONSTRUE THIS PART OF THE CLAIM AS REQUIRING THE PROCESSING UNIT TO RANDOMLY ASSIGN EACH CARD IN THE STACK TO A COMPARTMENT.

WEBSTER'S NEW INTERNATIONAL, THAT'S 3RD NEW INTERNATIONAL DICTIONARY DEFINES "RANDOM" AS "LACKING OR SEEMING TO LACK REGULAR PLAN, PURPOSE OR PATTERN, ALTERNATIVELY, HAVING THE SAME PROBABILITY OF OCCURRING AS

CATHY M. WORKEN, OFFICIAL REPORTER, (775) 324-6777

PLA00113745

Shuffler Art-Tab 17                                                PX117.30

30

EVERY OTHER MEMBER OF THE SET".

WE CONCLUDE THAT THE HOFFMAN AND PLEVYAK PATENTS DO NOT ANTICIPATE PARAGRAPH 6 OF CLAIM 2 OF THE '751 PATENT BECAUSE THEY DO NOT RANDOMLY ASSIGN EACH CARD IN THE STACK TO A COMPARTMENT. THE PROCESS REPORTED IN EACH OF THESE PATENTS DOES NOT READ ON THIS CLAIM.

IN HOFFMAN, THE DEVICE RANDOMLY SELECTS ONE OF TEN DISTRIBUTION PROGRAMS.

IN PLEVYAK, THERE IS A PREDETERMINED NON-RANDOM ASSIGNMENT OF CARDS TO A COMPARTMENT.

WE REJECT THE PROPOSITION THAT THERE ARE DEGREES OF RANDOMNESS.

THE PROCESSING UNIT EITHER RANDOMLY ASSIGNS EACH CARD TO A COMPARTMENT OR IT DOES NOT.

NEITHER HOFFMAN NOR PLEVYAK RANDOMLY ASSIGNS, EACH HAS A NON-RANDOM ELEMENT INVOLVED.

UNDER HOFFMAN AND PLEVYAK THERE WOULD BE A LIMITED NUMBER OF CARD DISTRIBUTION SCHEMES, WHEREAS CLAIM 2 OF THE '751 PATENT TEACHES A POTENTIALLY FULLY RANDOM DISTRIBUTION, WHICH IS ONLY LIMITED BY THE NUMBER OF CARDS.

WE CONCLUDE THAT THE LORBER, GREENBERG, HOFFMAN AND PLEVYAK PATENTS DO NOT ANTICIPATE CLAIM 2.

THE PATENT IS VALID IN THIS RESPECT.

NO CLAIM HAS BEEN MADE THAT OTHER LIMITATIONS INVOLVED IN THIS PATENT ARE INVALID.



PLA00113746