## UNITED STATES DISTRICT COURT

### DISTRICT OF NEVADA

***

SHFL ENTERTAINMENT, INC.,

               Plaintiff,

vs.

DIGIDEAL CORPORATION,

               Defendant.

Case No. 2:12–cv–1782–GMN–VCF

**REPORT AND RECOMMENDATION &
ORDER**

This matter involves Plaintiff SHFL Entertainment's civil action against the Digideal Corporation. Before the court are the following motions:

1.     Digideal's motion for attorneys' fees (ECF No. 147); SHFL's response (ECF No. 156); and Digideal's reply (ECF No. 158).

2.     SHFL's motion to strike Digideal's reply (ECF No. 159); Digideal's response (ECF No. 160); and SHFL's reply (ECF No. 161).

3.     Digideal's motion for taxation of costs (ECF No. 146); SHFL's response (ECF No. 155); and Digideal's reply (ECF No. 157).

For the reasons stated below, Digideal's motion for attorneys' fees (ECF No. 147) should be granted. SHFL's motion to strike (ECF No. 159) is denied, and Digideal's motion for taxation of costs (ECF No. 146) is granted in part and denied in part.

### I. Discussion

1.    <u>Digideal's Motion for Attorneys' Fee is Denied</u>

In a patent action, "the court in exceptional cases may award reasonable attorney fees to the prevailing party." 35 U.S.C. § 285.

WS_0023308

An exceptional case is "one that stands out from other with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 134 S.Ct. 1749, 1755, 188 L.Ed.2d 816 (2014). "District courts may determine whether a case is 'exceptional in the case-by-case exercise of their discretion, considering the totality of the circumstances." *Id.*

i.       *SHFL's Claims Possessed Substantive Strength*

As an initial matter, this action is not a "prototypical exceptional case" that involves a non-practicing entity filing a lawsuit "merely to extract a settlement from the alleged infringer." *JS Products, Inc. v. Kabo Tool Co.*, Case No. 2:11-cv-1856-RCJ-GWF, 2014 WL 7336063 at* 4 (D.Nev. 2014). SHFL participates in the gaming industry by marketing a variety of automatic card shufflers. (ECF No. 1) As a patent holder, SHFL was entitled to presume the validity of its patent and engage in a good-faith effort to enforce its perceived rights under the patent. *JS Products, Inc,.* 2014 WL 7336063 at 4-5.

In order to succeed, Digideal was required to show that "no reasonable litigant could realistically [have] expect[ed] success on the merits. *Id.* at 3. Digideal has not made this showing. The company argues that the U.S. Patent Office's decision coupled with the entry of summary judgment in its favor demonstrates that SHFL's infringement claims were meritless. (ECF No. 147) However the "defeat of a litigation position, even on summary judgment, does not warrant an automatic finding" that SHFL's claims lacked substantive strength. *Id.* (quoting *Aspex Eyewear, Inc. v. Clariti Eyewear, Inc.*, 650 F.3d 1305, 1315 (Fed. Cir. 2010)).

Additionally, for the first time in its reply, Digideal alleges that SHFL failed to conduct an adequate investigation before filing this infringement action. (ECF No. 158) The company's argument

WS_0023309

PX158.3

however are only supported by defense counsel's declarations and speculation about the First Amended Complaint. (*Id.*) On the contrary, SHFL's success at the claims construction hearing (ECF No. 77) suggests that SHFL conducted an adequate investigation prior to filing this lawsuit. It was thus reasonable for SHFL to bring this infringement action and defend against Digideal's counterclaims, despite the U.S. Patent Office's subsequent alteration of SHFL's original claims.

ii.    *SHFL's Used Reasonable Litigation Methods*

Digideal accuses SHFL of engaging in an "aggressive, full-throttle, and resource consuming" litigation strategy. (ECF No. 147) The company argues that these tactics demonstrated that SHFL conducted this litigation in an unreasonable manner. In support of its position, Digideal provides a brief synopsis of SHFL's conduct. This summary includes a description of SHFL's efforts to lift the stay of proceedings as well as SHFL's repeated requests regarding the allegedly infringing product. (*Id.*) Even if the court were to accept as true Digideal's synopsis, SHFL did not litigate this action in an unreasonable manner. Indeed, SHFL's strategy and tactics are those of a party aggressively pursuing its patent rights rather than a party abusing the system.

2.    <u>SHFL's Motion to Strike is Denied</u>

SHFL moved to strike Digideal's reply to the motion for attorneys' fees. (ECF No. 159) In its motion to strike, SHFL correctly notes that Digideal's arguments regarding SHFL's pre-lawsuit investigation and subsequent conduct before the U.S. Patent Office were raised for the first time in its reply brief. Generally, this court would not consider arguments raised for the first time in a reply brief. *Turtle Island Restoration Network v. U.S. Dept. of Commerce*, 672 F.3d 1160, 1166 n. 8 (9th Cir. 2012). In this instance, this court has considered Digideal's additional arguments and has determined that, even with this additional information, this action does not present an "exceptional case" that warrants an award of attorneys' fees.

3

WS_0023310

3.      Digideal's Motion for Taxation of Costs is Granted in Part and Denied in Part[1]

As an initial matter, SHFL does not dispute that Digideal is the prevailing party in this action and would be entitled to an award of costs under Federal Rule of Civil Procedure 54(b).  (ECF No. 155)  SHFL does raise specific objections to each category of requested costs.

i.      *Clerk's Fees*

Digideal requests $12,000 in clerk's fees it incurred during proceedings before the U.S. Patent Office.[2]  (ECF No. 146)  28 U.S. § 1920(1) authorizes this court to award "fees of the clerk" to the prevailing party.  This court will exercise its discretion to deny Digideal's request for $12,000 in clerk's fees. *See Twentieth Century Fox Film Corp. v. Goldwyn*, 328 F.2d 190, 221 (9th Cir. 1964).  This court does not believe that the scope of § 1920 encompasses clerk's fees incurred in related proceedings before the U.S. Patent Office.  Digideal's request for $12,000 in clerk's fee is denied.

ii.      *Process Server Fees*

Local Rule 54-2 authorizes the taxation of process server fees.  SHFL objects to Digideal's request for $531 in process server fees because the request includes costs associated with the service of deposition subpoenas.  (ECF No. 155)  Although Local Rule 54-2 does not expressly state what types process server fees may be taxed, this court finds that Digideal's request, including the cost to serve deposition subpoenas, is reasonable.  Digideal is awarded $531 for process server fees.

*/// /// ///*

*/// /// ///*

---

[1] SHFL correctly notes that Digideal did not follow the Local Rules governing bills of cost.  (ECF No. 155)   Instead Digideal filed a motion for taxation of costs under Federal Rule of Civil Procedure 54.  Because this court has Digideal's bill of costs as well as its supporting document before it, this court will decide which costs Digideal may recover.  Digideal is reminded that compliance with the Local Rules is mandatory unless otherwise ordered by the court.

[2] As a defendant in this action, Digideal would not have paid filing fees in this court. *See* U.S. District Court – Schedule of Fees, (Jan. 1, 2015), http://www.nvd.uscourts.gov.

4

WS_0023311

### iii.     *Deposition Transcript Fees*

Local Rule 54-4 authorizes the taxation of the costs associated with deposition transcripts. Digideal requests $587.05 for a deposition transcript.  In support of its requests, the company attached an invoice from a transcription company.  (ECF No. 157-1)  Accordingly Digideal is awarded $587.05 in costs associated with obtaining a deposition transcript.

### iv.     *Exemplification and Copies of Papers*

Local Rule 54-6 lists five categories of copies for which costs are taxable and four categories of copies for which costs are not taxable.   For example copies of exhibits attached to filed documents are taxable, while copies made for an attorney's own use are not taxable.  LR 54-6.  In support of its fee request, Digideal attached an 89-page invoice that documents each photocopy made during the course of this action.  The company's list however does not distinguish between the different categories of copies. (ECF No. 146-2)  Instead each entry simply lists the expense as "photocopies."  Because this court is unable to distinguish between categories of permissible and impermissible copies, Digideal's request for $1,716.85 in copying costs is denied.

### v.     *Patent File Wrappers and Prior Art Patents*

Local Rule 54-6(a)(5) expressly allows this court to tax costs associated with patent file wrappers and prior art patents charged by the U.S. Patent Office.  Accordingly, Digideal's is awarded $500 in costs associated with patent file wrappers and prior art patents.

### vi.     *Charts, Models, Photographs, and Summaries*

Local Rule 54-7 allows this court to tax costs of "photographs, 8" x 10" in size or less, … if the photographs are admitted into evidence or attached to documents required to be filed and served on opposing parties.  Digideal requests $2,056.80 in costs associated with exhibits created for the parties' claim construction hearing.  (ECF No. 146)  In support of its request, Digideal attached the following

5

documents: (1) a FedEx Office receipt for $1,503.20[3]; (2) an invoice for $411.99 that appears to list Digideal's exhibits for the claim construction hearing; (3) a T E Dianda & Associates invoice for $56.00 for DVD duplication. (ECF No. 157-1) Based on these documents and Digideal's representations, this court awards Digideal $467.99 for the costs of charts, models, photographs, and summaries. This court excludes the $1,503.20 documented in the FedEx Office receipt because it is unable to determine whether Digideal is permitted to recover the full amount represented by the receipt.

ACCORDINGLY, and for good cause shown,

IT IS HEREBY RECOMMENDED that Digideal's motion for attorneys' fees (ECF No. 147) beDENIED.

IT IS HEREBY ORDERED that SHFL's motion to strike (ECF No. 159) is DENIED.

IT IS FURTHER ORDERED that Digideal's motion for a taxation of costs (ECF No. 146) is GRANTED in part and DENIED in part. On or before July 31, 2016, SHFL must pay Digideal $2, 086.04 for various costs the company incurred during this action.

IT IS SO ORDERED.

DATED this 29th day of June, 2016.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE

---

[3] The receipt does not itemize the services for which Digideal was charged. (ECF No. 157-1) It simply lists a total amount.

6

WS_0023313