PX172.1



North America  Europe  Asia

35 W. Wacker Drive
Chicago, IL 60601
T +1 312 558 5600
F +1 312 558 5700

**KIMBALL R. ANDERSON**
Partner
(312) 558-5858
kanderso@winston.com

March 8, 2016

**CONFIDENTIAL ATTORNEY WORK PRODUCT – ATTORNEY / CLIENT
PRIVILEGED COMMUNICATION**

Communication Subject to
Federal Rule of Evidence 408

James D. Boyle
Holley Driggs Walch Fine Wray Puzey & Thompson
400 South Fourth Street, Third Floor
Las Vegas, Nevada  89101

Re: SHFL v. Digideal

Dear Jim:

Thanks for your February 16, 2016 letter. We have passed it on to SHFL and carefully discussed it with our client.

It will not surprise you that we disagree with your assessment of the merits of our claims or your defenses. Among other things, your papers offer no defense on the merits to our request for a permanent injunction, and your failure to answer our inquiries in December 2015 regarding your client's future intentions required us to press forward with the case. As a result, we think there is little, if any, risk of your being awarded any fees even if (contrary to what we believe will happen) your mootness argument prevailed.

We also disagree that the scope of the injunction you offer, to cover similar card shuffling devices, is beyond the scope of what the court may order. We have requested that relief and we have seen courts routinely grant that kind of relief in other cases. Consequently, your demand for a payment from SHFL is not reasonable and is rejected.

Here is SHFL's counteroffer:

1.      As in your demand, DigiDeal will agree to a stipulated permanent injunction that enjoins DigiDeal from any further conduct (including without limitation all of the conduct covered by the prior agreed preliminary injunction as well as any licensing activities) involving the DigiShuffle device or any similar card shuffling device;

2.      The permanent injunction will include, as a basis for the injunction, the following stipulated factual predicates:

WS_0023430

WINSTON
&STRAWN

March 8, 2016
Page 2

**CONFIDENTIAL ATTORNEY WORK PRODUCT – ATTORNEY / CLIENT**
**PRIVILEGED COMMUNICATION**

a.      The Asserted Patents are valid and enforceable patents, and in defending the case, DigiDeal discovered no basis to assert that the Asserted Patents were improperly obtained;

b.      The DigiShuffle device infringed the Asserted Patents as they existed prior to the re-examination and as they were issued after the reexam; and

c.      DigiDeal is agreeing to the injunction because it determined that SHFL's claims had merit and that DigiDeal would likely be enjoined by the court if it did not agree;

3.      DigiDeal will pay SHFL $250,000; and

4.      The parties will dismiss their claims and counterclaims, and exchange mutual general releases and covenants not to sue in a confidential settlement agreement that contains other usual and customary terms.

We are happy to further discuss our position at any mutually convenient time.

Very truly yours,

Kimball R. Anderson

KRA/k