12/08/2003 23:15 FAX 415 4391500          KIRKLAND & ELLIS LLP                          ☑003

Margo Piscevich, Nevada Bar No. 000917
PISCEVICH & FENNER
350 South Center Street, Suite 300
Reno, Nevada 89501
Telephone: (775) 329-0958
Facsimile: (775) 329-2666

Eric R. Lamison (admitted *pro hac vice*)
Benjamin R. Ostapuk (admitted *pro hac vice*)
KIRKLAND & ELLIS LLP
333 Bush Street, 26th Floor
San Francisco, California 94104
Telephone: (415) 439-1400
Facsimile: (415) 439-1500

Robert G. Krupka (admitted *pro hac vice*)
KIRKLAND & ELLIS LLP
777 South Figueroa Street
Los Angeles, California 90017
Telephone: (213) 680-8400
Facsimile: (213) 680-8500

Attorneys for SHUFFLE MASTER, INC.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEVADA

CARD, LLC, a Nevada company,

     Plaintiff-Counterdefendant,

v.

SHUFFLE MASTER, INC., a Minnesota corporation,

     Defendant-Counterclaimant.

SHUFFLE MASTER, INC., a Minnesota corporation,

     Plaintiff-Counterdefendant,

v.

CARD AUSTRIA FORSCHUNGS UND ENTWICKLUNGS GmbH, d/b/a CARD CASINO AUSTRIA RESEARCH & DEVELOPMENT, GmbH; d/b/a CARD; and d/b/a CARD AUSTRIA, An Austrian Corporation,

     Defendants-Counterplaintiff.

Case No. CV-N-03-0244-ECR-(RAM)
(Consolidated Lead Case Number)

**SHUFFLE MASTER, INC.'S SECOND SUPPLEMENTAL RESPONSE TO CARD, LLC'S INTERROGATORIES NOS. 1-3**

**RESPONSES TO INTERROGATORY NO. 3 DESIGNATED HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY**

COR000323

PLA00007964

12/08/2003 23:15 FAX 415 4391500          KIRKLAND & ELLIS LLP                    ☑004

In accordance with Rules 26 and 33 of the Federal Rules of Civil Procedure, Shuffle Master, Inc. ("Shuffle Master") hereby supplements its response and abjections to the First Set of Interrogatories of CARD, LLC ("CARD"). Each of Shuffle Master's responses is subject to and without waiver of Shuffle Master's General Statement and Objections that follow the responses below, as well as to any specific objections stated in each response.

## SPECIFIC RESPONSES

### INTERROGATORY NO. 1:

Separately, for each product or apparatus (identified by product name, model number, and firmware or software version) of CARD, LLC that you allege infringes any claim in the patents you allege CARD, LLC infringes, identify where each element of each asserted claim is found within each product or apparatus, including:

(A) for each element that you contend is governed by 35 U.S.C. § 112(6), the identity of the structure(s), act(s) or material(s) in the product or apparatus that performs the claimed function;

(B) whether each element of each asserted claim is claimed to be literally present or present under the doctrine of equivalents; and

(C) for any patent that claims priority to an earlier application, the priority date to which each asserted claim allegedly is entitled.

### RESPONSE TO INTERROGATORY NO. 1:

Subject to and without waiving the objections stated below, Shuffle Master responds as follows:

In responding to this interrogatory, Shuffle Master incorporates by reference its motion for preliminary injunction and supporting materials, including the opening brief, reply brief and declarations of Mr. Grauzer, and the exhibits in support of those materials, including the detailed graphical claim charts and CD-ROM demonstrations. In responding to this interrogatory, Shuffle Master notes that it has not yet had an opportunity for an expert to inspect the accused devices, nor review Highly Confidential -- Attorneys' Eyes Only materials. Shuffle Master also notes that it has had only a brief opportunity to inspect the accused products themselves. CARD's products infringe as is described in the charts below.

1          Responses to Interrogatory No. 3 Designated Highly
                        Confidential - Attorneys' Eyes Only

PLA00007965

12/08/2003 23:15 FAX 415 4391500     KIRKLAND & ELLIS LLP        ☑ 005

**CARD's Infringement of Claim 39 of the '154 Patent**

| '154 Claim | One2six |
|---|---|
| 23. A device for delivering at least one shuffled hand of cards, comprising: | The one2six is a device for delivering at least one shuffled hand of cards. |
| A card receiver for receiving at least one stack of unshuffled cards; | The one2six has a card receiver for receiving at least one stack of unshuffled cards. |
| A plurality of individual compartments, comprising at least one hand forming compartment and one discard compartment; | The one2six has a plurality of individual compartments, comprising at least one hand forming compartment and one discard compartment. |
| A card moving mechanism adapted to move each card in the stack individually from the card receiver to a compartment; and | The one2six has a card moving mechanism adapted to move each card in the stack individually from the card receiver to a compartment. |
| A processing unit programmed to control the card moving mechanism, wherein the processing unit randomly assigns each card in the stack to a compartment, thereby forming at least one shuffled hand of cards in the at least one hand forming compartment and at least one stack of discard cards in the discard compartment, the at least one stack of discard cards comprising cards not used in forming the at least one randomized hand of cards. | Upon information and belief, the one2six has a processing unit programmed to control the card moving mechanism, wherein the processing unit randomly assigns each card in the stack to a compartment, thereby forming at least one shuffled hand of cards in the at least one hand forming compartment and at least one stack of discard cards in the discard compartment, the at least one stack of discard cards comprising cards not used in forming the at least one randomized hand |

2     Responses to Interrogatory No. 3 Designated Highly Confidential - Attorneys' Eyes Only

PLA00007966

12/08/2003 23:15 FAX 415 4391500        KIRKLAND & ELLIS LLP                    🗹 006

|  |  |
|---|---|
|  | of card.  This contention is likely to have evidentiary support after a reasonable opportunity for further investigation or discovery into the exact operation of CARD's one2six.  In addition, upon information and belief, Shuffle Master asserts that certain other dependent claims of claim 23 are infringed by the one2six and states that this contention is likely to have evidentiary support after a reasonable opportunity for further investigation or discovery. |
| 39.  A device for delivering at least one shuffled hand of cards, comprising: | The one2six is a device for delivering at least one hand of shuffled cards. |
| a card receiver for receiving at least one stack of unshuffled cards; | The one2six provides a card receiver for receiving at least one stack of unshuffled cards. |
| A plurality of hand forming compartments; | The one2six has a storage device containing a plurality of hand forming compartments. |
| an input for communicating into a processing unit a number of cards to be dealt to each player; and | The one2six provides an input for communicating into a processing unit a number of cards to be dealt to each player. |
| a card moving mechanism, operably coupled to the processing unit, that moves each card in the stack of unshuffled cards to a randomly selected hand forming compartment, | The one2six has a card moving mechanism operably coupled to the processing unit that moves each card in the stack of unshuffled cards to a randomly selected hand forming compartment. |

3        Responses to Interrogatory No. 3 Designated Highly
Confidential - Attorneys' Eyes Only

PLA00007967

12/08/2003 23:16 FAX 415 4391500        KIRKLAND & ELLIS LLP                    ☑007

| thereby forming at least one shuffled hand having a number of cards equal to the number of cards to be dealt to each player. | The one2six thereby forms at least one shuffled hand having a number of cards equal to the number of cards to be dealt to each player. |
|---|---|

Documents that may be relevant to the above are: Attila Grauzer's 10/8 Declaration in Support of Shuffle Master's Motion for Preliminary Injunction ("Grauzer 10/8 PI Declaration") and Exhibits E, I, and J thereto; Attila Grauzer's 11/3 Declaration in Support of Shuffle Master's Motion for a Preliminary Injunction ("Grauzer 11/3 PI Declaration"); David Lopez's Declaration in Support of Shuffle Master's Motion for Preliminary Injunction ("Lopez PI Declaration") and Exhibit M thereto; and the exhibits to the 11/3 Declaration of Eric R. Lamison in Support of Shuffle Master's Motion for a Preliminary Injunction ("Lamison 11/3 PI Declaration").

**CARD's Infringement of the '248 Patent**

| '248 Patent | One2six & Pre-Shuffler |
|---|---|
| 1. An apparatus for arranging playing cards in a desired order, said apparatus including: | Each product arranges cards in a desired random order. |
| A housing; | In the products, there is a housing. |
| A sensor to sense playing cars prior to arranging; | The products have a sensor to sense playing cards prior to arranging. |
| A feeder for feeding said playing cards sequentially past the sensor; | The products have a feeder for feeding the cards sequentially past the sensor. |
| A storage assembly having a plurality of storage locations in which playing | In each of the products, there is a storage assembly having a plurality of storage locations |

      Responses to Interrogatory No. 3 Designated Highly
Confidential - Attorneys' Eyes Only

PLA00007968

| | |
|---|---|
| cards may be arranged in groups in a desired order, wherein the storage assembly is adapted for movement in at least two directions during shuffling; | in which playing cards may be arranged in groups in a desired order, wherein the storage assembly is adapted for movement in at least two directions during shuffling. |
| A selectively programmable computer coupled to said sensor and to said storage assembly to assemble in said storage assembly groups of playing cards in a desired order; | The products have a selectively programmable computer that is coupled to the storage assembly and sensor, which assembles in the storage assembly groups of playing cards in a desired order. |
| A delivery mechanism for selectively delivering playing cards located in selected storage locations of the storage assembly; and | The products have a delivery mechanism for selectively delivering playing cards located in selected storage locations of the storage assembly. |
| A collector for collecting arranged groups of playing cards. | The Pre-Shuffler and the one2six have a collector for collecting randomly arranged groups of cards. |
| 2. The apparatus of claim 1 wherein the storage assembly comprises a carousel that rotates with respect to the delivery mechanism. | The products have a storage assembly comprising a carousel that rotates with respect to the delivery mechanism. |
| 4. The apparatus of claim 1 wherein the desired order is random order of cards. | In the products, the desired order is a random order of cards. |
| 6. The apparatus of claim 1 wherein the sensor senses only the presence of a card. | With respect to claims 6 through 8, upon information and belief Shuffle Master identifies at least one of those claims as infringed and |

    Responses to Interrogatory No. 3 Designated Highly
Confidential - Attorneys' Eyes Only

PLA00007969

12/08/2003 23:16 FAX 415 4391500         KIRKLAND & ELLIS LLP                    ☑009

| | |
|---|---|
| | states that its contention is likely to have evidentiary support after a reasonable opportunity for further investigation or discovery. Shuffle Master is aware that the Pre-Shuffler and one2six shufflers have a card sensor that is used in relation to the operation of those devices. |
| 7. The apparatus of claim 1 wherein the sensor senses the value of the card. | With respect to claims 6 through 8, upon information and belief Shuffle Master identifies at least one of those claims as infringed and states that its contention is likely to have evidentiary support after a reasonable opportunity for further investigation or discovery. Shuffle Master is aware that the Pre-Shuffler and one2six shufflers have a card sensor that is used in relation to the operation of those devices. |
| 8. The apparatus of claim 1 wherein the sensor is an optical reader. | With respect to claims 6 through 8, upon information and belief Shuffle Master identifies at least one of those claims as infringed and states that its contention is likely to have evidentiary support after a reasonable opportunity for further investigation or discovery. Shuffle Master is aware that the Pre-Shuffler and one2six shufflers have a card sensor that is used in relation to the operation of those devices. |
| 10. The apparatus of claim 1 wherein | The products have a carousel storage assembly. |

6        Responses to Interrogatory No. 3 Designated Highly
Confidential - Attorneys' Eyes Only

PLA00007970

PX191.8

12/08/2003 23:17 FAX 415 4391500        KIRKLAND & ELLIS LLP                    ☒010

| | |
|---|---|
| the storage assembly is a carousel. | |
| 11. The apparatus of claim 1 wherein the feeder is capable of withdrawing individual playing cards from the group of playing cards and feed individual playing cards sequentially past the sensor. | The products have a feeder that is capable of withdrawing individual playing cards from a group of playing cards and feed individual playing cards sequentially past the sensor. |
| 12. The apparatus of claim 1, wherein the sensor includes means to identify the presence of a playing card. | The products have a sensor that includes a means to identify the presence of a playing card. |
| 13. An apparatus as claimed in claim 12 wherein the sensor is adapted to identify one or more physical attributes. | The products have a sensor that is adapted to identify one or more physical attributes. |
| 15. An apparatus as claimed in claim 14 wherein the sensor comprises a scanning device. | Upon information and belief Shuffle Master identifies this claim as infringed and states that its contention is likely to have evidentiary support after a reasonable opportunity for further investigation or discovery. Shuffle Master is aware that the Pre-Shuffler and one2six shufflers have a card sensor that is used in relation to the operation of those devices. |
| 17. An apparatus as claimed in claim 1 wherein the feeder is adapted to withdraw individual playing cards from a group of playing cards and feed said individual playing cards sequentially past the sensor. | The products have a feeder that is adapted to withdraw individual playing cards from a group of playing cards and feed said individual playing cards sequentially past the sensor. |

7        Responses to Interrogatory No. 3 Designated Highly Confidential - Attorneys' Eyes Only

PLA00007971

PX191.9

12/08/2003 23:17 FAX 415 4391500        KIRKLAND & ELLIS LLP                    ☑011

| | |
|---|---|
| 19. An apparatus as claimed in claim 1 wherein the storage assembly comprises one or more storage magazines each having a plurality of storage spaces. | The products have a storage assembly that comprises one storage magazine having a plurality of storage spaces. |
| 27. An apparatus as claimed in claim 19 wherein said collector is adapted to collect a collated group of playing cards. | The Pre-Shuffler and the one2six have a collector that is adapted to collect a collated group of playing cards. |
| 30. An apparatus as claimed in claim 1 wherein said programmable computing means includes data memory and data storage capacity to store data relating to each individual playing card sensed by the sensor. | The products have a programmable computing means that includes data memory and data storage capacity to store data relating to each individual playing card sensed by the sensor. |
| 31. An apparatus as claimed in claim 30 including a random number generator for randomly allocating playing cards to said storage assembly. | The products include a random number generator for randomly allocating playing cards to said storage assembly. |
| 37. A method of shuffling a pack of cards, said method comprising the steps of: | The products employ a method of shuffling a pack of cards. |
| Feeding cards by means of a card delivery mechanism individually past a sensor to determine the presence of each card and transmitting sensor data to a computer; | The products employ the step of feeding cards by means of a card delivery mechanism individually past a sensor to determine the presence of each card and transmitting sensor data to a computer. |

8        Responses to Interrogatory No. 3 Designated Highly
                        Confidential - Attorneys' Eyes Only

PLA00007972

12/08/2003 23:17 FAX 415 4391500     KIRKLAND & ELLIS LLP     ☑012

| | |
|---|---|
| Computing sensor signals data for each respective card and allocating there to a value generated by a random number generator to a storage space in a collator; | The products employ the step of computing sensor signals data for each respective card and allocating there to a value generated by a random number generator to a storage space in a collator. |
| Delivering sensed cards to a collator having a plurality of storage spaces; | The products employ the step of delivering sensed cards to a collator having a plurality of storage spaces. |
| Indexing said collator with a card delivery mechanism to deliver each said card to the corresponding storage space of said collator, wherein relative motion between the collator and card feeder is in at least two directions during shuffling; and | The products employ the step of indexing said collator with a card delivery mechanism to deliver each said card to the corresponding storage space of said collator, wherein relative motion between the collator and card feeder is in at least two directions during shuffling. |
| Collecting cards from said collator to form a randomly ordered pack of playing cards. | The Pre-Shuffler and the one2six employ the step of collecting cards from said collator to form a randomly ordered pack of playing cards. |
| 38. A method as claimed in claim 37 wherein said pack comprises one or more decks of cards. | The Pre-Shuffler and the one2six forms one or more decks of cards. |
| 40. A card sorting device, comprising: | The products are card sorting devices. |
| A housing; | The products have a housing. |
| An infeed receptacle for accepting cards to be fed; | The products have an infeed receptacle for accepting cards to be fed. |
| A card moving mechanism for moving cards from the infeed | The products have a card moving mechanism for moving cards from the infeed receptacle to a |

Responses to Interrogatory No. 3 Designated Highly
Confidential - Attorneys' Eyes Only

PLA00007973

Case 3:03-cv-00244-ECR-RAM Document 170-2663177 Filed 01/02/04 Page 22 of 50

12/08/2003 23:18 FAX 415 4391500        KIRKLAND & ELLIS LLP                    ☒013

| | |
|---|---|
| receptacle to a storage device; | storage device. |
| A storage device comprising a plurality of compartments for receiving cards to be sorted; | The products have a storage device comprising a plurality of compartments for receiving cards to be sorted. |
| A mechanism for moving the storage device relative to the card moving mechanism to permit card placement in different compartments in the card storage device; | The products have a mechanism for moving the storage device relative to the card moving mechanism to permit card placement in different compartments in the card storage device. |
| A card unloading device for removing cards from the compartments in the card storage device; and | The products have a card unloading device for removing cards from the compartments in the card storage device. |
| A selectively programmable microprocessor for selecting a compartment in the card storage device to receive each card being moved and for changing a direction of movement of the storage device during shuffling. | The products have a selectively programmable microprocessor for selecting a compartment in the card storage device to receive each card being moved and for changing a direction of movement of the storage device during shuffling. |
| 41. The card sorting device of claim 40 further comprising a sensor for sensing cards prior to insertion into compartments in the storage device. | The products further comprise a sensor for sensing cards prior to insertion into compartments in the storage device. |
| 43. The card sorting device of claim 40 wherein the storage device is a carousel. | The products have a carousel storage device. |

Documents that may be relevant to the above chart are: Grauzer 10/8 PI Declaration and

10        Responses to Interrogatory No. 3 Designated Highly
Confidential - Attorneys' Eyes Only

PLA00007974

12/08/2003 23:18 FAX 415 4391500          KIRKLAND & ELLIS LLP                    ☑014

Exhibits F, I, and J thereto; Grauzer 11/3 PI Declaration; and Lopez PI Declaration and Exhibit M thereto.

**CARD's Infringement of the '750 Patent.**

| '750 Claim | One2six and Pre-Shuffler |
|---|---|
| 21. An apparatus for handling cards comprising: | CARD's products are apparatuses for handling cards. |
| a shuffling chamber having a plurality of card-receiving compartments. | The apparatuses have a shuffling chamber in the form of a rotatable chamber having a plurality of card-receiving compartments. |
| each card-receiving compartment is in a fixed relationship to adjacent card-receiving compartments, | Each card receiving compartment in the shuffling chamber is in a fixed relationship to adjacent card receiving compartments. |
| each compartment is able to receive more than one card within an opening of the card-receiving compartment, | Each compartment is able to receive more than one card within an opening of the card-receiving compartment. |
| a card moving mechanism is positioned for moving at least one card at a time into a card-receiving compartment, | There is a card moving mechanism positioned for moving at least one card at a time from the stack of unshuffled cards into a card receiving compartment. |
| a mechanism that moves the card moving mechanism and the shuffling chamber relative to each other so that cards moved by the card moving mechanism are aligned for delivery into a card receiving compartment, and | The apparatuses have a mechanism that moves the card moving mechanism and the shuffling chamber relative to each other so that cards moved by the card moving mechanism are aligned for delivery into a card receiving compartment. |
| a microprocessor for controlling card | The apparatuses contain a microprocessor |

11          Responses to Interrogatory No. 3 Designated Highly
                Confidential - Attorneys' Eyes Only

PLA00007975

PX191.13

12/08/2003 23:18 FAX 415 4391500          KIRKLAND & ELLIS LLP                              ☑015

| | |
|---|---|
| movement | that controls the function of the mechanisms in the machine, including the card moving mechanism. |
| wherein a separator is between each adjacent card-receiving compartment, and there is an edge of the separator that a card moved into card-receiving compartments contacts before that card is fully inserted into a card-receiving compartment and wherein separators are able to alter the card's angle relative to a direction of card movement when cards are inserted into card-receiving compartments. | There is a separator between each adjacent card-receiving compartment and there is an edge of the separator that a card moved into card-receiving compartments contacts before the card is fully inserted into a card-receiving compartment, and the separators are able to alter the card's angle relative to a direction of card movement when cards are inserted into card-receiving compartments. |
| 22. An apparatus for handling cards comprising: | The products are apparatuses for handling cards. |
| a shuffling chamber having a plurality of card-receiving compartments, | The apparatuses have a shuffling chamber having a plurality of card-receiving compartments. |
| each card-receiving compartment is in a fixed relationship to adjacent card-receiving compartments, | Each card receiving compartment in the shuffling chamber is in a fixed relationship to adjacent card receiving compartments. |
| each compartment is able to receive more than one card within an opening of the card-receiving compartment, | Each compartment is able to receive more than one card within an opening of the card-receiving compartment. |
| a card moving mechanism is positioned for moving at least one card at a time into a card-receiving compartment, | There is a card moving mechanism positioned for moving at least one card at a time into a card receiving compartment. |

12      Responses to Interrogatory No. 3 Designated Highly
Confidential - Attorneys' Eyes Only

12/08/2003 23:19 FAX 415 4391500            KIRKLAND & ELLIS LLP                          ☑016

| a mechanism that moves the card moving mechanism and the shuffling chamber relative to each other so that cards moved by the card moving mechanism are aligned for delivery into a card receiving compartment, and | The apparatuses have a mechanism that moves the card moving mechanism and the shuffling chamber relative to each other so that cards moved by the card moving mechanism are aligned for delivery into a card receiving compartment. |
|---|---|
| a microprocessor for controlling card movement | The apparatuses contain a microprocessor that controls the function of the mechanisms in the machine, including the card moving mechanism, based upon a computer program contained in the machine. |
| wherein the card moving mechanism moves only one card at a time into a card-receiving compartment | The card moving mechanism moves only one card at a time into a card-receiving compartment. |
| wherein a separator is between each adjacent card-receiving compartment, and there is an edge of the separator that a card moved into card-receiving compartments contacts before that card is fully inserted into a card-receiving compartment and wherein separators are able to alter the card's angle relative to a direction of card movement when cards are inserted into card-receiving compartments. | There is a separator between each adjacent card receiving compartment and there is an edge of the separator that a card moved into the card-receiving compartments contacts before that card is fully inserted into a card-receiving compartment, and the separators are able to alter the card's angle relative to a direction of card movement when cards are inserted into card-receiving compartments. |

Documents that may be relevant to the above are: Grauzer 10/8 PI Declaration and Exhibits G, I, J, and L thereto; Grauzer 11/3 PI Declaration; Lopez PI Declaration and Exhibit M thereto; and

13          Responses to Interrogatory No. 3 Designated Highly
Confidential - Attorneys' Eyes Only

PLA00007977

12/08/2003  23:19 FAX 415 4391500          KIRKLAND & ELLIS LLP                    ☑017

Lamison 11/3 PI Declaration and Exhibits thereto.

14          Responses to Interrogatory No. 3 Designated Highly
                 Confidential - Attorneys' Eyes Only

PLA00007978

Case 3:03-cv-00244-ECR-RAM   Document 170-2663177   Filed 01/02/04   Page 27 of 50

12/08/2003 23:19 FAX 415 4391500          KIRKLAND & ELLIS LLP                    ☒018

**CARD's Infringement of the '751 Patent.**

| '751 Claim | One2six |
|---|---|
| 1. An apparatus for continuously shuffling playing cards, said apparatus comprising: | The one2six is an apparatus that continuously shuffles playing cards. |
| a card receiver for receiving a first group of cards; | The one2six has a card receiver for receiving a first group of cards. |
| a single moveable stack of card-receiving compartments generally adjacent to the card receiver, and means for moving the stack; | The one2six has a single moveable stack of card-receiving compartments in the form of a carousel. The stack is generally adjacent to the card receiver, and there is means for moving the stack. |
| a card-moving mechanism between the card receiver and the stack; | The one2six has a card-moving mechanism between the card receiver and the stack. |
| a processing unit that controls the card-moving mechanism and the means for relatively moving the stack with respect to the card receiver so that cards placed in the card receiver are moved into a selected number of compartments; | The one2six has a microprocessor that controls the card-moving mechanism and the means for relatively moving the stack with respect to the card receiver so that cards placed in the card receiver are moved into a selected number of compartments. |
| a second card-moving mechanism between the stack and the second card receiver; | The one2six has a second card-moving mechanism between the stack and the second card receiver. |
| a second card receiver for receiving cards from the compartments, and | The one2six has a second card receiver for receiving cards from the compartments. |
| a counting system that counts cards when 1) passed from the card receiver to the stack of | Upon information and belief, the one2six has a card counting system that counts cards when 1) |

15      Responses to Interrogatory No. 3 Designated Highly
Confidential - Attorneys' Eyes Only

PLA00007979

Case 3:03-cv-00244-ECR-RAM Document 170-2663177 Filed 01/02/04 Page 28 of 50

12/08/2003 23:19 FAX 415 4391500     KIRKLAND & ELLIS LLP     ☑019

| | |
|---|---|
| card-receiving compartments, and/or 2) passed from the stack of card-receiving compartments to the second card receiver so that the number of cards in a location between the card receiver and the second card receiver is known. | passed from the card receiver to the stack of card-receiving compartments, and/or 2) passed from the stack of card-receiving compartments to the second card receiver so that the number of cards in a location between the card receiver and the second card receiver is known. This contention is likely to have evidentiary support after a reasonable opportunity for further investigation or discovery concerning the exact operation of the card counting function Shuffle Master knows exists in the one2six. |
| 2. A device for delivering shuffled cards comprising: | The one2six is a device for delivering shuffled cards. |
| A card receiver for receiving at least one stack of unshuffled cards; | The one2six has a card receiver for receiving at least one stack of unshuffled cards. |
| a plurality of individual compartments; | The one2six has a shuffling chamber containing a plurality of individual compartments. |
| a first card mover for moving each card in the stack individually from the card receiver upon demand; | The one2six has a first card mover for moving each card in the stack individually from the card receiver upon demand. |
| a second card mover for moving cards from a compartment to a second card receiver upon demand; and | The one2six has a second card mover for moving cards from a compartment to a second card receiver upon demand. |
| a processing unit programmed to control the first card mover and the second card mover, wherein the processing unit randomly assigns | The one2six has a processing unit programmed to control the first card mover and the second card mover. The processing unit randomly |

16     Responses to Interrogatory No. 3 Designated Highly
Confidential - Attorneys' Eyes Only

PLA00007980

12/08/2003 23:20 FAX 415 4391500          KIRKLAND & ELLIS LLP                          Ø020

| | |
|---|---|
| each card in the stack to a compartment, and controls the first card mover and the second card movers upon demand. | assigns each card in the stack to a compartment, and controls the first card mover and the second card movers upon demand. |
| 3. A method for continuously resupplying randomly arranged cards in a playing card handler comprising: | The one2six continuously resupplies randomly arranged cards in a playing card handler. |
| providing a card staging area for receiving playing cards to be handled; | The one2six provides a card staging area for receiving playing cards to be handled. |
| providing a plurality of playing card-receiving compartments that are capable of receiving one-at-a-time more than one card into each compartment, the card staging area and the playing card-receiving compartments are relatively movable; | The one2six provides a plurality of playing card-receiving compartments that are capable of receiving one-at-a-time more than one card into each compartment, and the one2six's card staging area and playing card-receiving compartments are relatively movable. |
| providing a first playing card mover generally between the staging area and the playing card-receiving compartments and moving a playing card from the staging area into the playing card-receiving compartments; | The one2six has a first playing card mover generally between the staging area and the playing card-receiving compartments, and the one2six moves a playing card from the staging area into the playing card-receiving compartments. |
| providing a second playing card mover for removing one or more playing cards from the playing card-receiving compartments; | The one2six provides a second playing card mover for removing one or more playing cards from the playing card-receiving compartments. |
| a microprocessor randomly removing one or more playing cards from the card-receiving compartments to a shuffled playing card receiving area; and | The one2six has a microprocessor for randomly removing one or more playing cards from the card-receiving compartments to a shuffled playing card receiving area. |

17      Responses to Interrogatory No. 3 Designated Highly
Confidential - Attorneys' Eyes Only

PX191.19

12/08/2003 23:20 FAX 415 4391500          KIRKLAND & ELLIS LLP                    ☒021

| | |
|---|---|
| a drive system responsive to the microprocessor providing a relative motion between the second playing card mover and the playing card receiving compartments. | The one2six has a drive system responsive to the microprocessor providing a relative motion between the second playing card mover and the playing card receiving compartments. |
| 4. The method of claim 3 wherein a counting system present in the playing card handler counts cards that are located within specified areas within the card handler so that the number of cards within the specified areas within the card handler is known. | Upon information and belief, the one2six uses the method of claim 3 wherein a counting system present in the playing card handler counts cards that are located within specified areas within the card handler so that the number of cards within the specified areas within the card handler is known. This contention is likely to have evidentiary support after a reasonable opportunity for further investigation or discovery concerning the exact operation of the card counting function Shuffle Master knows exists in the one2six. |
| 5. A method of delivering a continuous supply of shuffled cards on demand, apparatus comprising: | The one2six utilizes a method of delivering a continuous supply of shuffled cards on demand. |
| a) providing a card shuffling chamber for randomizing cards that includes compartments for receiving random cards; | The one2six provides a card shuffling chamber for randomizing cards that includes compartments for receiving random cards. |
| b) a card receiver and feed mechanism receiving and feeding unshuffled cards into the shuffling chamber; | The one2six has a card receiver and feed mechanism receiving and feeding unshuffled cards into the shuffling chamber. |
| c) at least one sensor sensing the presence of a card as the card is being fed into the shuffling chamber; | Upon information and belief, the one2six has at least one sensor sensing the presence of a card as the card is being fed into the shuffling |

18        Responses to Interrogatory No. 3 Designated Highly
          Confidential - Attorneys' Eyes Only

PLA00007982

12/08/2003 23:20 FAX 415 4391500      KIRKLAND & ELLIS LLP                    ☒022

| | |
|---|---|
| | chamber. This contention is likely to have evidentiary support after a reasonable opportunity for further investigation or discovery concerning the exact operation of the one2six card sensor(s). |
| d) at least one sensor sensing the presence of a card as the card is being removed from the shuffling chamber; | Upon information and belief, the one2six has at least one sensor sensing the presence of a card as the card is being removed from the shuffling chamber. This contention is likely to have evidentiary support after a reasonable opportunity for further investigation or discovery concerning the exact operation of the one2six card sensor(s). |
| e) removing cards from the shuffling chamber upon demand to provide a continuous supply of shuffled cards; | The one2six removes cards from the shuffling chamber upon demand to provide a continuous supply of shuffled cards. |
| f) a microprocessor receiving signals from at least sensors c) and d) and counting cards entering and being removed from the shuffling chamber and maintaining a count of cards present in the shuffling chamber so that the number of cards within the shuffling chamber is known; | Upon information and belief, the one2six has a microprocessor receiving signals from at least sensors c) and d) and counting cards entering and being removed from the shuffling chamber and maintaining a count of cards present in the shuffling chamber so that the number of cards within the shuffling chamber is known. This contention is likely to have evidentiary support after a reasonable opportunity for further investigation or discovery concerning the exact operation of the one2six card sensor(s). |
| g) receiving instructions from an apparatus | Upon information and belief, the one2six |

19      Responses to Interrogatory No. 3 Designated Highly
Confidential - Attorneys' Eyes Only

PLA00007983

| | |
|---|---|
| user to initiate a card counting process to count cards within a specified area of the apparatus, and | receives instructions from an apparatus user to initiate a card counting process to count cards within a specified area of the apparatus. This contention is likely to have evidentiary support after a reasonable opportunity for further investigation or discovery concerning the exact operation of the card counting function in the one2six. |
| h) signaling the mechanism to remove cards from the shuffling chamber by removing cards randomly from the compartments in the shuffling chamber. | The one2six signals the mechanism to remove cards from the shuffling chamber by removing cards randomly from the compartments in the shuffling chamber. |
| 8. A method of operation of a continuous card shuffling apparatus, comprising: | The one2six utilizes a method of operation of a continuous card shuffling apparatus. |
| providing a card receiver having a support surface for supporting a stack of cards to be randomized; | The one2six provides a card receiver with a support surface for supporting a stack of cards to be randomized. |
| providing a card shuffling chamber comprising a plurality of card receiving compartments, each compartment capable of receiving multiple cards; | The one2six provides a card shuffling chamber comprising a plurality of compartments each of which can receive multiple cards. |
| moving cards individually from the card receiver to a compartment in the card shuffling chamber with a first card moving mechanism; | The one2six moves cards individually from the receiver to a compartment in the card shuffling chamber by use of a first card moving mechanism. |
| aligning the card moving mechanism and a selected card receiving compartment; | The one2six aligns the card moving mechanism and a selected card receiving |

20        Responses to Interrogatory No. 3 Designated Highly
                Confidential - Attorneys' Eyes Only

PLA00007984

PX191.22

12/08/2003 23:21 FAX 415 4391500          KIRKLAND & ELLIS LLP                           ☑024

| | compartment. |
|---|---|
| a second card moving mechanism for moving cards from a card receiving compartment to a shuffled card receiver having a support surface for receiving randomly arranged cards; and | The one2six has a second card moving mechanism for moving cards from a card receiving compartment to a shuffled card receiver having a support surface for receiving randomly arranged cards. |
| a microprocessor controlling operation of the continuous card shuffling apparatus. | The one2six has a microprocessor for controlling its operation. Upon information and belief, certain other dependant claims of claim 8 are also infringed by CARD's one2six. Shuffle Master believes that it will be able to identify these other claims, and will obtain evidentiary support for this contention, after a reasonable opportunity for further investigation or discovery. |
| 9. The method of claim 8, wherein the microprocessor controls unloading of cards from the card receiving compartments to the shuffled card receiver. | The one2six microprocessor controls unloading cards from the card-receiving compartments to the shuffled card receiver. Upon information and belief, certain other dependant claims of claim 9 are also infringed by CARD's one2six. Shuffle Master believes that it will be able to identify these other claims, and will obtain evidentiary support for this contention, after a reasonable opportunity for further investigation or discovery. |
| 17. A method of substantially continuously resupplying randomly arranged cards, said method comprising the steps of: | The one2six utilizes a method of substantially continuously resupplying randomly arranged cards. |

PLA00007985

PX191.23

12/08/2003 23:21 FAX 415 4391500          KIRKLAND & ELLIS LLP                    ☒025

| | |
|---|---|
| providing a card receiver for receiving cards to be processed; | The one2six provides a card receiver for receiving cards to be processed. |
| providing a single stack of card-receiving compartments that are able to receive more than one card into each compartment generally adjacent to the card receiver and means for moving the stack relative to a card moving mechanism; | The one2six provides a single stack of card-receiving compartments that are able to receive more than one card into each compartment generally adjacent to the card receiver and means for moving the stack relative to a card moving mechanism. |
| providing a card moving mechanism between the card receiver and the stack and moving cards from the card receiver to the card receiving compartments; | The one2six provides a card moving mechanism between the card receiver and the stack and moves cards from the card receiver to the card receiving compartments. |
| providing a second receiver for receiving processed cards; | The one2six provides a second receiver for receiving processed cards. |
| providing a second card moving mechanism for moving cards from the compartments to the second card receiver; and | The one2six provides a second card moving mechanism for moving cards from the compartments to the second card receiver. |
| counting each number of cards that has been moved to more than one specified area within the card handler so that the number of cards within the specified areas within the card handler is known. | Upon information and belief, the one2six counts each number of cards that has been moved to more than one specified area within the card handler so that the number of cards within the specified areas within the card handler is known. This contention is likely to have evidentiary support after a reasonable opportunity for further investigation or discovery concerning the one2six card counting function. |

Documents that may be relevant to the above are: Grauzer 10/8 PI Declaration and Exhibits H, I, and

22          Responses to Interrogatory No. 3 Designated Highly
Confidential - Attorneys' Eyes Only

PLA00007986

12/08/2003 23:22 FAX 415 4391500          KIRKLAND & ELLIS LLP                    ☒028

J thereto; Grauzer 11/3 PI Declaration; Lopez PI Declaration and Exhibit M thereto.

**CARD's Infringement of the '014 Patent.**

On or about September 6, 2002, CARD shipped two infringing one2six shufflers to John Huxley USA, Inc. One of those two devices was eventually provided to the Nevada Gaming Control Board on January 10, 2003. As imported, the two devices infringed at least claims 1 and 13 of U.S. Patent No. 6,139,014. Certain documents produced by CARD to Shuffle Master suggest that CARD may have modified its one2six product line in general and these two devices in particular. Shuffle Master requires further discovery on the matter, but thus far CARD has not provided evidence that its products have been changed so as not to infringe these claims.

| '014 Claim | One2six and Pre-Shuffler |
|---|---|
| 1. A recovery method for recovering from a card jam in an apparatus for automatically shuffling cards, | The products utilize a recovery method for recovering from a card jam in an apparatus for automatically shuffling cards |
| the apparatus including a card mover for moving the cards and | The apparatuses include a card-moving mechanism for moving the cards from the infeed receptacle to the magazine storage device. |
| sensors for monitoring movement of the cards wherein, | The apparatuses have sensors for monitoring movement of the cards. |
| during normal movement, the cards are moved substantially one at a time and | During normal movement, the cards are moved substantially one at a time into the carousel. |
| the sensors are alternately blocked and unblocked, said recovery method comprising the steps of: | The apparatuses has sensors that are alternately blocked and unblocked. |
| sensing a prolonged blocked state thereby indicating that the card jam has occurred; | Upon information and belief, the apparatuses sense a prolonged blocked state thereby indicating that the card jam has occurred. This |

23        Responses to Interrogatory No. 3 Designated Highly
Confidential - Attorneys' Eyes Only

PLA00007987

12/08/2003 23:22 FAX 415 4391500          KIRKLAND & ELLIS LLP                    ☑027

| | |
|---|---|
| | contention is likely to have evidentiary support after a reasonable opportunity for further investigation or discovery. |
| altering the normal movement of the cards; | The normal movement of the cards is altered to clear a card jam. |
| sensing an end of the prolonged blocked state; and | The apparatuses sense whether the altering of the normal movement of the cards has cleared the jam. |
| resuming the normal movement of the cards. | At the conclusion of the jam, the normal movement of cards is resumed. |
| 13. A recovery method for recovering from a card jam in an apparatus for automatically shuffling cards, | The products utilize a recovery method for recovering from a card jam in an apparatus for automatically shuffling cards. |
| the apparatus including sensors for monitoring movement of the cards wherein, | The apparatuses have sensors for monitoring movement of the cards. |
| during normal movement, the sensors are alternately blocked and unblocked, said recovery method including the steps of: | The apparatuses have sensors that are alternately blocked and unblocked during normal movement. |
| sensing a prolonged blocked state thereby indicating that the card jam has occurred; | Upon information and belief, the apparatuses sense a prolonged blocked state thereby indicating that the card jam has occurred. This contention is likely to have evidentiary support after a reasonable opportunity for further investigation or discovery. |
| selectively altering the movement of the cards; | The normal movement of the cards is selectively altered to clear a card jam. |
| sensing an end of the prolonged blocked state; | The apparatus senses whether the altering of the |

24          Responses to Interrogatory No. 3 Designated Highly
            Confidential - Attorneys' Eyes Only

PLA00007988

| and | normal movement of the cards has cleared the jam. |
|---|---|
| resuming the normal movement of the cards. | At the conclusion of the jam, the normal movement of cards is resumed. |

Shuffle Master further notes that the Pre-Shuffler may also infringe to the extent it is based on the one2six technology contained in the shufflers imported as noted above. CARD has not at this time demonstrated that its Pre-Shuffler operates differently in this regard, and instead has advertised that its Pre-Shuffler is based on the one2six shuffler technology. Shuffle Master will supplement this response upon further discovery into the Pre-Shuffler.

**Sub-part Responses to Interrogatory No. 1:**

(A) No element of the above-referenced claims is governed by 35 U.S.C. § 112(6).

(B) CARD's products literally infringe the above-asserted claims. CARD has identified no non-infringement position for the '751 and '014 patents. For the other three patent claims asserted, CARD is relying upon erroneous claim constructions. None of the few purported differences CARD has asserted is material to the claims, let alone substantial. With respect to the '154 patent, the separation of cards into two hand forming compartments, as compared to CARD's other version that provided cards in one hand forming compartment, does not avoid literal infringement, and certainly is an insubstantial change in any event. CARD's claim that "sorting" is not "shuffling" in claim 40 of the '248 patent is belied by the plain meaning and intrinsic records of the patent. CARD's claim construction assertion about relative movement in connection with the '750 patent is also flawed and contrary to the plain meaning, as is its assertion that its storage device does not move relative to the card moving mechanism. If it should be decided, however, that CARD's products do not literally infringe any of the above-asserted claims, then CARD's products infringe such claims under the Doctrine of Equivalents.

(C) For the asserted claims of U.S. Patent No. 6,588,751, Shuffle Master claims for priority the filing date of the parent filed on April 15, 1998, U.S. Patent No. 6,254,096, as assumed by CARD in its opposition brief to Shuffle Master's motion for preliminary injunction. For the asserted

25     Responses to Interrogatory No. 3 Designated Highly
Confidential - Attorneys' Eyes Only

PLA00007989

12/06/2003 23:23 FAX 415 4391500          KIRKLAND & ELLIS LLP                    029

claims of U.S. Patent No. 6,588,750, Shuffle Master claims for priority the filing date of the parent filed on April 15, 1998, as assumed by CARD in its opposition brief to Shuffle Master's motion. For the asserted claims of U.S. Patent No. 6,139,014, Shuffle Master claims for priority the filing date of the parent filed on August 9, 1994.

As the case proceeds, and in accordance with the Federal Rules and Local Rules, Shuffle Master may supplement its responses.

26          Responses to Interrogatory No. 3 Designated Highly
Confidential - Attorneys' Eyes Only

PLA00007990

12/06/2003 23:23 FAX 415 4391500          KIRKLAND & ELLIS LLP                    ☑030

**THE FOLLOWING IS HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY**

27          Responses to Interrogatory No. 3 Designated Highly
                  Confidential - Attorneys' Eyes Only

PLA00007991

12/08/2003 23:23 FAX 415 4391500          KIRKLAND & ELLIS LLP                    ☑031

**THE FOLLOWING IS HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY**

**INTERROGATORY NO. 3:**

For each of the patents you allege CARD, LLC infringes, state the dates and circumstances of conception, reduction to practice, first written description, first sale, first offer for sale, first public use, and first disclosure to another.

**RESPONSE TO INTERROGATORY NO. 3:**

Shuffle Master objects to the extent this request seeks Privileged Materials. Subject to and without waiving the objections stated below, Shuffle Master responds as follows:

<u>U.S. Patent No. 6,149,154</u>

**Date of Conception:** No later than March 1997.

**First Written Description:** April 3, 1997.

**Reduction to Practice:** In or about June 1997.

**First Disclosure to Another:** On or about May 1, 1998.

**First Public Use:** On or about May 18, 1998.

**First Offer for Sale:** On or about October 2, 1998.

**First Sale:** On or about January 5, 1999.

Documents that may be relevant to the above dates related to the '154 patent can be found at: SMI 000001- SMJ 000007, SMI 000010-SMI 000014, SMI 000023-SMI 000027, SMI 000048-SMI 000066, SMI 000790-SMI 000793, SMI 000844-SMI 000849, SMI 001033-SMI 001140, SMI 001266-SMI 001297, SMI 001350-SMI 001358, SMI 001634-SMI 001798, SMI 002775-SMI 002834, SMI 002925, SMI 002997-SMI 003052, SMI 003262-SMI 003393, and SMI 008178-SMI 0008179.

28          Responses to Interrogatory No. 3 Designated Highly
                              Confidential - Attorneys' Eyes Only

PLA00007992

12/08/2003 23:23 FAX 415 4391500      KIRKLAND & ELLIS LLP      @032

## THE FOLLOWING IS HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

### U.S. Patent No. 6,267,248

**Date of Conception:** No later than November 12, 1996.

**First Written Description:** November 12, 1996.

**Reduction to Practice:** March 13, 1997.

**First Disclosure to Another:** Not applicable. No prototype completed.

**First Public Use:** Not applicable. No prototype completed.

**First Offer for Sale:** Not applicable. No prototype completed.

**First Sale:** Not applicable. No prototype completed.

Documents that may be relevant to the above dates related to the '248 patent can be found at: SMI 000008-SMI 000009, SMI 002835-SMI 002888, and SMI 008177.

### U.S. Patent No. 6,588,750

**Date of Conception:** No later than March 1997.

**First Written Description:** April 3, 1997.

**Reduction to Practice:** In or about June 1997.

**First Disclosure to Another:** On or about May 1, 1998.

**First Public Use:** On or about May 18, 1998.

**First Offer for Sale:** On or about October 2, 1998.

**First Sale:** On or about January 5, 1999.

Documents that may be relevant to the above dates related to the '154 patent can be found at: SMI 000001- SMI 000007, SMI 000010-SMI 000014, SMI 000023-SMI 000027, SMI 000048-SMI 000066, SMI 000790-SMI 000793, SMI 000844-SMI 000849, SMI 001033-SMI 001140, SMI 001266-SMI 001297, SMI 001350-SMI 001358, SMI 001634-SMI 001798, SMI 002775-SMI 002834, SMI 002925, SMI 002997-SMI 003052, SMI 003262-SMI 003393, and SMI 008178-SMI 0008179.

29      Responses to Interrogatory No. 3 Designated Highly Confidential - Attorneys' Eyes Only

12/06/2003 23:23 FAX 415 4391500        KIRKLAND & ELLIS LLP                    ☑033

## THE FOLLOWING IS HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

### U.S. Patent No. 6,588,751

**Date of Conception:** No later than July 2, 1997.

**First Written Description:** July 2, 1997.

**Reduction to Practice:** April 15, 1998.

**First Disclosure to Another:** In or about December 1998.

**First Public Use:** On or about January 7, 1999.

**First Offer for Sale:** The first offer appears to have occurred during the August to November 1999 time frame. Shuffle Master is continuing its investigation into this issue.

**First Sale:** On or about December 3, 1999.

Documents that may be relevant to the above dates related to the '751 patent can be found at: SMI 000015-SMI 000022, SMI 000028-SMI 000047, SMI 000789, SMI 000794-SMI 001032, SMI 001254-SMI 001265, SMI 001298-SMI 001310, SMI 001328-SMI 001349, SMI 001528-SMI 001633, SMI 001799-SMI 001813, SMI 002009-SMI 002023, SMI 002330-SMI 002405, SMI 002925-SMI 002996, SMI 003053-SMI 003056, SMI 003061-SMI 003112, SMI 003125-SMI 003261, and SMI 008880-SMI 8884.

### U.S. Patent No. 6,139,014

**Date of Conception:** No later than November 17, 1993.

**First Written Description:** No later than March 28, 1994.

**Reduction to Practice:** In or about March 1994.

**First Disclosure to Another:** On or about August 11, 1994.

**First Public Use:** August 11, 1994.

**First Offer for Sale:** In or about November 1994.

**First Sale:** December 2, 1994.

Documents that may be relevant to the above dates related to the '014 patent can be found at: SMI 008185 - SMI 008417.

In accordance with the Federal Rules and Local Rules, Shuffle Master may supplement its response.

30        Responses to Interrogatory No. 3 Designated Highly
Confidential - Attorneys' Eyes Only

PLA00007994

12/08/2003 23:24 FAX 415 4391500          KIRKLAND & ELLIS LLP                          ☒034

## GENERAL STATEMENT AND OBJECTIONS

The following General Responses and Objections are incorporated into each response set forth above:

1.      Shuffle Master's responses are made without in any way waiving or intending to waive but, on the contrary, intending to preserve and preserving:

a.      The right to raise all questions of authenticity, relevance, materiality, privilege and admissibility as evidence for any purpose of the information provided and the documents identified and/or produced in connection with these responses, in any proceeding in, or the trial of, this or any other action;

b.      The right to object on any grounds to the use of any information and/or documents in any proceeding in, or the trial of, this or any other action; and

c.      The right to amend or supplement these responses if Shuffle Master learns of additional information and/or documents called for by the Interrogatories, as Shuffle Master's investigation of the facts and the evidence pertinent to this action continues. Shuffle Master's investigation of the facts and the evidence pertinent to this action continues.

2.      Shuffle Master objects to each of CARD's Interrogatories to the extent they seek information protected from disclosure by the attorney-client privilege, the work product doctrine, and/or the common interest privilege. Any specific objections stated below on the grounds of privilege or the work product doctrine in no way limit the generality of this objection. Nothing contained in these responses is intended to be, nor should be considered, a waiver of any attorney-client privilege, work product protection, the right of privacy, or any other applicable privilege or doctrine ("Privileged Materials" or "Privileged Information"), and to the extent that any Interrogatory may be construed as calling for disclosure of information protected by such privileges or doctrines or other exclusions from discovery, a continuing objection to each such Interrogatory is hereby asserted.

3.      Shuffle Master objects to each of CARD's Interrogatories to the extent they seek proprietary, trade secret, or confidential information.

4.      Shuffle Master's responses and objections herein do not constitute, are not intended

31          Responses to Interrogatory No. 3 Designated Highly
Confidential - Attorneys' Eyes Only

PLA00007995

12/08/2003  23:24 FAX 415 4391500        KIRKLAND & ELLIS LLP                    035

to constitute, and shall not be interpreted as, an agreement with any characterization or express or implied fact, allegation, or suggestion by CARD contained within any of the individual Interrogatories. Shuffle Master does not intend any incidental or implied admissions from its responses, and none shall be drawn. Nothing stated or unstated by Shuffle Master in these responses is an admission of the existence of any fact or document referred to or assumed in any Interrogatory, or an admission that anything stated in these responses is admissible evidence or a waiver of any objection.

Dated: December ___, 2003

By: _____
     Margo Piscevich, Nevada Bar No. 000917
     PISCEVICH & FENNER
     350 South Center Street, Suite 300
     Reno, Nevada 89501
     Telephone: (775) 329-0958
     Facsimile: (775) 329-2666

     Eric R. Lamison (admitted *pro hac vice*)
     Benjamin R. Ostapuk (admitted *pro hac vice*)
     KIRKLAND & ELLIS LLP
     333 Bush Street, 26th Floor
     San Francisco, California 94104
     Telephone: (415) 439-1400
     Facsimile: (415) 439-1500

     Robert G. Krupka (admitted *pro hac vice*)
     KIRKLAND & ELLIS LLP
     777 South Figueroa Street
     Los Angeles, California 90017
     Telephone: (213) 680-8400
     Facsimile: (213) 680-8500

     Attorneys for SHUFFLE MASTER, INC.

32      Responses to Interrogatory No. 3 Designated Highly
        Confidential - Attorneys' Eyes Only

PLA00007996

12/08/2003 23:24 FAX 415 4391500          KIRKLAND & ELLIS LLP                    ☑038

## VERIFICATION

Jennifer Farrar declares under penalties of perjury:

That she is an employee of Shuffle Master, Inc., a party to this action, and that she verifies the foregoing **Shuffle Master, Inc.'s Second Supplemental Response to CARD, LLC's Interrogatories 1 and 3**, and is duly authorized to do so; that certain of the matters stated in the foregoing answers are not within the personal knowledge of the deponent; and that the facts stated in said answers have been assembled by employees and/or legal counsel of the defendants, and deponent is informed by said employees and/or legal counsel that the facts stated herein are true and correct.

December _____, 2003

_____
Jennifer Farrar

33     Responses to Interrogatory No. 3 Designated Highly
       Confidential - Attorneys' Eyes Only

PLA00007997

PX191.35

12/08/2003 23:24 FAX 415 4391500     KIRKLAND & ELLIS LLP     ☑037

## CERTIFICATE OF SERVICE

I am a citizen of the United States, over the age of 18, and not a party to this action. My place of employment and business address is 333 Bush Street, 26th Floor, San Francisco, California 94104. On December 8, 2003, I caused a copy of the following to be served on CARD, LLC as follows:

### SHUFFLE MASTER, INC.'S SECOND SUPPLEMENTAL RESPONSE TO CARD, LLC'S INTERROGATORIES NOS. 1-3

[X]    **BY MAIL.** I am readily familiar with the business practice at my place of business for collection and processing of correspondence for mailing with the United States Postal Service. Correspondence so collected and processed is deposited with the United States Postal Service that same day in the ordinary course of business. The above document was placed in a sealed envelope with first-class postage thereon fully prepaid, and placed for collection and mailing on that date following ordinary business practice.

[ ]    **BY HAND DELIVERY.** I caused the above document(s) to be placed in the hands of the addressee listed below, or a representative thereof.

[X]    **BY FACSIMILE.** By transmitting via facsimile, the document(s) listed above to the fax number set forth above on this date before 5:00 p.m. I am aware that service is presumed invalid unless the transmission machine properly issues a transmission report stating the transmission is complete and without error.

[ ]    **BY OVERNIGHT COURIER SERVICE.** I am readily familiar with the business practice at my place of business for collection and processing of correspondence for deposit with an overnight delivery service. Correspondence placed for collection and processing is either delivered to a courier or driver authorized by said overnight delivery service to receive documents or deposited by an employee or agent of this firm in a box or other facility regularly maintained by said overnight delivery service that same day in the ordinary course of business.

Robert B. Morrill            Michael D. Hoy
SIDLEY AUSTIN BROWN & WOOD LLP     BIBLE, HOY & TRACHOK
555 California Street           201 W. Liberty Street, 3rd Floor
San Francisco, CA 94104-1715       Reno, NV 89501
Telephone: (415) 772-1200         Telephone: (775) 786-8000
Facsimile: (415) 397-4621          Facsimile: (775) 786-7426

I declare that I am employed in the office of a member of the bar of this court at whose direction the serve was made.

Executed December 8, 2003, at San Francisco, California

Benjamin R. Ostapuk