PX870.1

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

SHUFFLE TECH INTERNATIONAL, LLC, *et al.*,

　　　　Plaintiffs,

　　　　v.

SCIENTIFIC GAMES CORPORATION, *et al.*,

　　　　Defendant.

Civil Action No. 1:15-cv-3702
Honorable Matthew F. Kennely

**DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFFS'
FIFTH SET OF INTERROGATORIES (NOS. 20-24)**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Defendants Scientific Games Corp., Bally Technologies, Inc., and Bally Gaming, Inc. (collectively, "Defendants") respond to Plaintiffs' Fifth Set of Requests for Production (Nos. 20-24) (the "Responses") as follows:

**GENERAL OBJECTIONS**

1.　　　　Defendants' investigation and development of all facts and circumstances related to this action is ongoing. The responses and objections are based on Defendants' knowledge, information, and belief at this time. Defendants have made a reasonable and good faith effort to respond. However, discovery is not complete. Defendants do not waive, and expressly reserve, their right to amend these responses should additional information become available and to use such information at trial.

2.　　　　Defendants do not waive, and expressly reserve, all objections concerning the authenticity, competency, relevancy, materiality, and admissibility of evidence produced and the subject matter thereof, and reserve all rights to object on any ground to the use of any subject matter in any proceeding.

3.　　　　Defendants object to these Interrogatories, including Definitions, Instructions, and specific Interrogatories, to the extent that they seek to impose on Defendants any requirements that are beyond or inconsistent with the requirements imposed by the applicable Federal Rules of Civil

PX870.6

in that it purports to Require Defendants to identify by name any attorney that had any role in "determining" in which cases to file an IDS going back as much as 12 years. Subject to the foregoing objections, the General Objections, and Additional Objections to Definitions and Instructions, Defendants incorporate by reference Ms. Farrar's deposition testimony concerning the filing of an IDS and 'Shuffler Art' discs generally. (*See generally* Deposition of J. Farrar, 11/8/2016.)

**Interrogatory 24:** In an email dated October 13, 2016, Defendants' counsel represented to Plaintiffs that "Defendants believe that in general, most senior executives, product managers, and sales staff employed by Shuffle Master likely attended the World Gaming Congress & Expo '97." Please identify by name all individual members of the group of "senior executives, product managers, and sales staff" to which Defendants are referring in that October 13, 2016 e-mail, whether or not they attended the World Gaming Congress & Expo '97.

**RESPONSE:** Defendants incorporate all of their General Objections and Additional Objections to Definitions and Instructions as if specifically stated herein. Subject to the foregoing objections, the General Objections, and Additional Objections to Definitions and Instructions, Defendants state that the following SHFL personnel may have attended World Gaming Congress and Expo events at various times: Tom Nieman, Joe Lahti, Tom Barry, John Breeding, Roger Young, Gary Griffin, Attila Grauzer, Jennifer Farrar, Mark Yoseloff, Mike Skvorzov, Russell Brooke Dunn, and Tom Barnett. Defendants do not state that each of these individuals, with the exceptions of Jennifer Farrar, Mark Yoseloff, and Russell Brooke Dunn, attended the World Gaming Congress & Expo '97. Answering further, Defendants state that Jennifer Farrar, Mark Yoseloff, and Russell Brooke Dunn attended the World Gaming Congress & Expo '97.