# EXHIBIT 95

## AGREEMENT

Shuffle Master Inc. and Taiwan Fulgent Enterprises Co., for good and valuable consideration, agree as follows:

Definitions:

"Subject Product" means the shuffler now known as the "A Plus" or "A+" shuffler (including without limitation, the versions and models advertised or shown at the November 2009 G2E Show in Las Vegas), and any similar shuffler.

"TF" means Taiwan Fulgent Enterprise Co., Ltd and its subsidiaries, parent company, and affiliates.

"SMI" means Shuffle Master, Inc. and its subsidiaries and affiliates.

"Sell" means all acts considered to be acts of infringement under 35 USC 271 as to the United States.

Terms:

1.      The current litigation between the parties shall be dismissed without prejudice. All parties shall bear their own fees and costs.

2.      Except for each party's undertakings and obligations under this Agreement, each party hereby generally releases the other for all claims, liabilities and damages of any kind that either has or may have against the other, as of the date of this Agreement, whether known or unknown, asserted or unasserted, or accrued or unaccrued.

3.      In recognition of SMI's asserted patent claims, but subject to paragraph 6, below, TF hereby agrees not to Sell the Subject Product in the U.S. for a period of three years from the date hereof; provided, however, that TF may display the Subject Product annually in Las Vegas at G2E but only with a prominent written disclaimer stating that the Subject Product is not available for sale, lease, use, or import into the United States. If TF complies with this restriction, SMI hereby covenants not to sue TF for patent infringement in regards to the Subject Product in the United States for a period of three years from the date hereof.

4.      TF consents to the Alston & Bird LLP law firm to be its agent for service of process for any future lawsuit[s]: for patent infringement filed by SMI against TF in the U.S and/or related to any alleged breach of this Agreement.

5.      Except as expressly agreed herein, the rights and remedies at law or in equity of the parties are not prejudiced, restricted, or affected by this Agreement.

1

Confidential Pursuant to Protective Order                                                                                              SGC 0000189399

6. TF does not admit infringement, any wrong doing, or damage to SMI.

7. This Agreement shall be confidential except as may be necessary:

   a. To be disclosed in any public filings;
   b. To be disclosed to gaming regulators; and
   c. To be disclosed in any court proceeding.

8. Notwithstanding paragraph 7 hereof, the fact that a resolution has been reached in the subject litigation shall not be confidential; and SMI may disclose, for regulatory purposes or in any SEC filings, that the litigation has been dismissed without prejudice, that TF has agreed to respect SMI's patent rights in the United States but without any admission of infringement or liability, and that the settlement is otherwise confidential.

9. This Agreement represents the entire agreement of the parties with respect to the subject matter hereof, and supersedes any prior or contemporaneous agreements, negotiations or discussions. There are no promises or understanding between the parties other than as stated herein. This Agreement shall be deemed to have been jointly drafted by counsel for both parties, for all purposes. This Agreement may be executed in counterparts.

This Agreement is executed by the parties as of February 22, 2010.

Taiwan Fulgent Enterprises Co. Ltd.

By_____
Its _____


Shuffle Master, Inc.
By_____
Its _EVP, GC and Corp. Secy_

2

Confidential Pursuant to Protective Order

SGC 0000189400

# AGREEMENT

Shuffle Master Inc. and Taiwan Fulgent Enterprises Co., for good and valuable consideration, agree as follows:

Definitions:

"Subject Product" means the shuffler now known as the "A Plus" or "A+" shuffler (including without limitation, the versions and models advertised or shown at the November 2009 G2E Show in Las Vegas), and any similar shuffler.

"TF" means Taiwan Fulgent Enterprise Co., Ltd and its subsidiaries, parent company, and affiliates.

"SMI" means Shuffle Master, Inc. and its subsidiaries and affiliates.

"Sell" means all acts considered to be acts of infringement under 35 USC 271 as to the United States.

Terms:

1.    The current litigation between the parties shall be dismissed without prejudice. All parties shall bear their own fees and costs.

2.    Except for each party's undertakings and obligations under this Agreement, each party hereby generally releases the other for all claims, liabilities and damages of any kind that either has or may have against the other, as of the date of this Agreement, whether known or unknown, asserted or unasserted, or accrued or unaccrued.

3.    In recognition of SMI's asserted patent claims, but subject to paragraph 6, below, TF hereby agrees not to Sell the Subject Product in the U.S. for a period of three years from the date hereof; provided, however, that TF may display the Subject Product annually in Las Vegas at G2E but only with a prominent written disclaimer stating that the Subject Product is not available for sale, lease, use, or import into the United States. If TF complies with this restriction, SMI hereby covenants not to sue TF for patent infringement in regards to the Subject Product in the United States for a period of three years from the date hereof.

4.    TF consents to the Alston & Bird LLP law firm to be its agent for service of process for any future lawsuit[s]: for patent infringement filed by SMI against TF in the U.S and/or related to any alleged breach of this Agreement.

5.    Except as expressly agreed herein, the rights and remedies at law or in equity of the parties are not prejudiced, restricted, or affected by this Agreement.

1

Confidential Pursuant to Protective Order



SGC 0000189401

6. TF does not admit infringement, any wrong doing, or damage to SMI.

7. This Agreement shall be confidential except as may be necessary:

    a. To be disclosed in any public filings;
    b. To be disclosed to gaming regulators; and
    c. To be disclosed in any court proceeding.

8. Notwithstanding paragraph 7 hereof, the fact that a resolution has been reached in the subject litigation shall not be confidential; and SMI may disclose, for regulatory purposes or in any SEC filings, that the litigation has been dismissed without prejudice, that TF has agreed to respect SMI's patent rights in the United States but without any admission of infringement or liability, and that the settlement is otherwise confidential.

9. This Agreement represents the entire agreement of the parties with respect to the subject matter hereof, and supersedes any prior or contemporaneous agreements, negotiations or discussions. There are no promises or understanding between the parties other than as stated herein. This Agreement shall be deemed to have been jointly drafted by counsel for both parties, for all purposes. This Agreement may be executed in counterparts.

This Agreement is executed by the parties as of February **22**, 2010.

Taiwan Fulgent Enterprises Co. Ltd.

By ___Daniel Ho___

Its ___MGR.___

Shuffle Master, Inc.

By _____

Its _____

2

Confidential Pursuant to Protective Order

SGC 0000189402