**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

|  |  |
|---|---|
| Shuffle Tech International, LLC, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>Scientific Games Corporation, et al.,<br><br>Defendants. | Civil Action No. 1:15-cv-3702<br>Honorable Matthew F. Kennelly |

**PROPOSED JOINT STIPULATION
TO EXCLUDE CERTAIN EVIDENCE AND ARGUMENT**

Plaintiffs and Defendants (collectively, the "Parties"), through their respective attorneys, respectfully stipulate and agree that no Party shall introduce or attempt to introduce any evidence, elicit any expert testimony, or make any comment or argument to the jury within the scope of the following topics:

1. The *Mikohn Gaming* case previously brought by Derek Webb (*Webb v. Mikohn Gaming Corp.*, No. 3:02-CV-01838-HTW-LRA (S.D. Miss. filed Dec. 27, 2002)), including without limitation any reference to Mr. Webb's assertion that SHFL, Mikohn Gaming, Corp., and Progressive Games, Inc. orchestrated a purported conspiracy, including an alleged sham settlement, in order to force Mr. Webb's sale of Three Card Poker.

2. The civil SEC action against Brooke Dunn, SHFL's former Senior Vice President (*Securities & Exchange Commission v. Dunn*, No. 2:09-CV-2213-JCM-VCF (D. Nev. filed Feb. 12, 2012)), including without limitation:

    (a) the nature of the allegations against Mr. Dunn;

    (b) the resolution by settlement by Mr. Dunn; and

(c) the restrictions Mr. Dunn agreed to as part of the settlement.

3. Any reference to any of the trial lawyers' being members of the patent bar or the fact that Plaintiffs' trial lawyers are from Virginia.

4. The action *Ocean Tomo, LLC v. Barney*, No. 12-CV-8450 (N.D. Ill.), including without limitation:

> (a) the existence of and allegations in the action;
>
> (b) the involvement of Mr. Malackowski's firm, Ocean Tomo, in the action;
>
> (c) the factual or legal allegations concerning Mr. Malackowski's conduct in the action; and
>
> (d) Jenner & Block's representation of Ocean Tomo's opponent.

5. The overall magnitude of Defendants' business operations or ownership structure, including without limitation:

> (a) The three named Defendants' overall yearly revenues;
>
> (b) The three named Defendants' overall worth and/or market capitalization;
>
> (c) Scientific Games' status as a publicly-traded company;
>
> (d) The three named Defendants' overall number of offices and employees; and
>
> (e) Scientific Games' capitalization structure, including any references to being owned by a "hedge fund" or "private equity fund" or MacAndrews & Forbes.

Provided, however, that this stipulation will not extend to information relating solely to the size, revenues, costs and profits of Defendants' automatic card shuffler business. Nothing in this stipulation shall prohibit Plaintiffs from seeking the admission of financial reports or other documents, or portions of such reports or documents, which are directed to shufflers but also include other products, provided, however, that Defendants reserve their right to object to any

2

individual document and/or to request that overall figures be redacted from a document before it is admitted.

6.      The fact that Plaintiffs interviewed, but chose not to retain, a retained expert for Defendants, Dr. Christine Meyer.

The Parties also stipulate and agree that they shall refrain from intentionally posing any question that is reasonably likely to cause the opposing party to assert the attorney-client privilege or work product protection, or making any argument or comment on the assertion of the privilege, regardless of whether the assertion was made during live testimony, in a deposition, or by the withholding or redaction of documents.  This stipulation shall neither prohibit nor permit the use of redacted documents at trial, with both sides reserving all their rights with respect to using, and objecting to the use of, such documents.

SO STIPULATED.

By   /s/ Robert A. Rowan
_____
One of Plaintiffs' Attorneys

Robert A. Rowan (*pro hac vice*
rar@nixonvan.com
Joseph S. Presta (*pro hac vice*)
jsp@nixonvan.com
NIXON & VANDERHYE P.C.
901 North Glebe Rd.
Arlington, Virginia 22203
Phone: 703-816-4000
Fax: 703-816-4100

Jeffery Cross (IBN 547980)
jcross@freeborn.com
FREEBORN & PETERS LLP
311 South Wacker Drive, #3000
Chicago, Illinois 60606
Phone: 312-360-6643
Fax: 312-360-6520

By   /s/ Craig C. Martin
_____
One of Defendants' Attorneys

Craig C. Martin
David Jimenez-Ekman
Timothy J. Barron
Sara T. Horton
JENNER & BLOCK LLP
353 N. Clark Street
Chicago, IL 60654-3456
Tel: 312.222.9350

*Attorney for Defendants*
*SCIENTIFIC GAMES CORPORATION,*
*BALLY TECHNOLOGIES, INC., and*
*BALLY GAMING, INC.*

*Attorneys for Plaintiffs*
*SHUFFLE TECH INTERNATIONAL, LLC,*
*ACES UP GAMING, INC., and*
*POYDRAS-TALRICK HOLDINGS LLC*

## CERTIFICATE OF SERVICE

I certify that on April 18, 2018 I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will then send a Notice of Electronic Filing to all counsel of record.


/s/ Craig C. Martin