**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| Shuffle Tech International, LLC, <br><br> Aces Up Gaming, Inc., <br><br>    and <br><br> Poydras-Talrick Holdings LLC, <br><br>            Plaintiffs, <br><br>     v. <br><br> Scientific Games Corporation, <br><br> Bally Technologies, Inc., d/b/a SHFL Entertainment or Shuffle Master, <br><br>    and <br><br> Bally Gaming, Inc., d/b/a Bally Gaming and Systems, <br><br>            Defendants. | Civil Action No. 1:15-cv-3702 <br><br> Honorable Matthew F. Kennelly |

**FINAL PRETRIAL ORDER – ATTACHMENT 8A**

**(Agreed Proposed Jury Instructions)**

# TABLE OF CONTENTS

AGREED PROPOSED JURY INSTRUCTION NO. 1:   FUNCTIONS OF THE COURT AND THE JURY ..................................................................................................1

AGREED PROPOSED JURY INSTRUCTION NO. 2:   NO INFERENCE FROM JUDGE'S QUESTIONS ...............................................................................................2

AGREED PROPOSED JURY INSTRUCTION NO. 3:   ALL LITIGANTS EQUAL BEFORE THE LAW....................................................................................................3

AGREED PROPOSED JURY INSTRUCTION NO. 4:  EVIDENCE ..........................................4

AGREED PROPOSED JURY INSTRUCTION NO. 5:  ORDER OF WITNESSES....................5

AGREED PROPOSED JURY INSTRUCTION NO. 6:   DEPOSITION TESTIMONY ..............6

AGREED PROPOSED JURY INSTRUCTION NO. 7:   WHAT IS NOT EVIDENCE...............7

AGREED PROPOSED JURY INSTRUCTION NO. 8:  NOTE-TAKING ...................................8

AGREED PROPOSED JURY INSTRUCTION NO. 9:  CONSIDERATION OF ALL EVIDENCE REGARDLESS OF WHO PRODUCED...................................................9

AGREED PROPOSED JURY INSTRUCTION NO. 10:   LIMITED PURPOSE OF EVIDENCE....................................................................................................................10

AGREED PROPOSED JURY INSTRUCTION NO. 11:   WEIGHING THE EVIDENCE ........11

AGREED PROPOSED JURY INSTRUCTION NO. 12:  DEFINITION OF "DIRECT" AND "CIRCUMSTANTIAL" EVIDENCE ..................................................................12

AGREED PROPOSED JURY INSTRUCTION NO. 13:  TESTIMONY OF WITNESSES (DECIDING WHAT TO BELIEVE)......................................................13

AGREED PROPOSED JURY INSTRUCTION NO. 14:   IMPEACHMENT ............................14

AGREED PROPOSED JURY INSTRUCTION NO. 15:   PRIOR INCONSISTENT STATEMENTS OR ACTS........................................................................................15

AGREED PROPOSED JURY INSTRUCTION NO. 16:   LAWYER INTERVIEWING WITNESSES.................................................................................................................16

AGREED PROPOSED JURY INSTRUCTION NO. 17:   NUMBER OF WITNESSES ............17

AGREED PROPOSED JURY INSTRUCTION NO. 18:   ABSENCE OF EVIDENCE .............18

AGREED PROPOSED JURY INSTRUCTION NO. 19:  NO ADVERSE INFERENCE FROM ASSERTION OF THE ATTORNEY-CLIENT PRIVILEGE (part 1)..............................19

i

AGREED PROPOSED JURY INSTRUCTION NO. 20:   EXPERT WITNESSES ....................20

AGREED PROPOSED JURY INSTRUCTION NO. 21:   SUMMARIES ...................................21

AGREED PROPOSED JURY INSTRUCTION NO. 22:   DEMONSTRATIVE
EVIDENCE.......................................................................................................22

AGREED PROPOSED JURY INSTRUCTION NO. 23:   BURDEN OF THE PROOF—
PREPONDERANCE OF THE EVIDENCE .................................................23

AGREED PROPOSED JURY INSTRUCTION NO. 24:   BURDEN OF PROOF—
CLEAR AND CONVINCING EVIDENCE ...................................................24

AGREED PROPOSED JURY INSTRUCTION NO. 25:   JUDGE'S COMMENTS TO
LAWYER ..........................................................................................................25

AGREED PROPOSED JURY INSTRUCTION NO. 26:   THE PARTIES ..................................26

AGREED PROPOSED JURY INSTRUCTION NO. 27:   DIGIDEAL CORPORATION............27

AGREED PROPOSED JURY INSTRUCTION NO. 28:   THE CONTENTION .........................28

AGREED PROPOSED JURY INSTRUCTION NO. 29:   PURPOSE OF THE
ANTITRUST LAWS .......................................................................................29

AGREED PROPOSED JURY INSTRUCTION NO. 30:   THE PATENT SYSTEM .................30

AGREED PROPOSED JURY INSTRUCTION NO. 31:   HOW A PATENT IS
OBTAINED ......................................................................................................31

AGREED PROPOSED JURY INSTRUCTION NO. 32:   CORROBORATING
WITNESS TESTIMONY ABOUT PRIOR USE .......................................32

AGREED PROPOSED JURY INSTRUCTION NO. 33:   ELEMENTS OF
PLAINTIFFS' ANTITRUST CLAIM ...........................................................33

AGREED PROPOSED JURY INSTRUCTION NO. 34:   RELEVANT MARKET
(Element 1)........................................................................................................35

AGREED PROPOSED JURY INSTRUCTION NO. 35:   RELEVANT MARKET
(Element 1)—CONTINUED ..........................................................................37

AGREED PROPOSED JURY INSTRUCTION NO. 36:   RELEVANT MARKET—
PRODUCT (Element 1, continued) ...............................................................38

AGREED PROPOSED JURY INSTRUCTION NO. 37:   MONOPOLY POWER
(Element 2).......................................................................................................39

ii

AGREED PROPOSED JURY INSTRUCTION NO. 38:   INTERSTATE COMMERCE (Element 4)...........................................................................................................41

AGREED PROPOSED JURY INSTRUCTION NO. 39:   DEFINITION OF "HARM TO CONSUMERS" (Element 5) ........................................................................................42

AGREED PROPOSED JURY INSTRUCTION NO. 40:  NEGLIGENCE IS NOT FRAUD ........................................................................................................................43

AGREED PROPOSED JURY INSTRUCTION NO. 41:  FRAUD CANNOT BE INFERRED FROM NEGLIGENCE ................................................................................44

AGREED PROPOSED JURY INSTRUCTION NO. 42:   MATERIALITY VERSUS INTENT (Element 3, Continued) ...................................................................................45

AGREED PROPOSED JURY INSTRUCTION NO. 43:  DAMAGES .....................................46

AGREED PROPOSED JURY INSTRUCTION NO. 44:  DAMAGES CANNOT BE BASED ON SPECULATION OR GUESSWORK.......................................................47

AGREED PROPOSED JURY INSTRUCTION NO. 45:  INJURY IN FACT............................48

AGREED PROPOSED JURY INSTRUCTION NO. 46:  COMPENSATORY DAMAGES – LOST PROFITS.................................................................................49

AGREED PROPOSED JURY INSTRUCTION NO. 47:  LOST PROFITS DAMAGES ............51

AGREED PROPOSED JURY INSTRUCTION NO. 48:  MITIGATION OF DAMAGES ........52

AGREED PROPOSED JURY INSTRUCTION NO. 49:  NO PUNITIVE DAMAGES..............53

AGREED PROPOSED JURY INSTRUCTION NO. 50:  SELECTION OF PRESIDING JUROR; GENERAL VERDICT ..................................................................................54

AGREED PROPOSED JURY INSTRUCTION NO. 51:   COMMUNICATION WITH COURT ..........................................................................................................................55

AGREED PROPOSED JURY INSTRUCTION NO. 52:   DISAGREEMENT AMONG JURORS...........................................................................................................................56

AGREED PROPOSED LIMITING JURY INSTRUCTION NO. 53:  THE MANUAL OF PATENT EXAMINING PROCEDURE ("MPEP").....................................................57

AGREED CONDITIONAL JURY INSTRUCTION NO. 1: PARTS OF A PATENT ..................58

AGREED CONDITIONAL JURY INSTRUCTION NO. 2:  INEQUITABLE CONDUCT ........60

Attachment 8A

AGREED CONDITIONAL JURY INSTRUCTION NO. 3: ATTORNEY
REPRESENTATION ..................................................................................................................61

AGREED CONDITIONAL JURY INSTRUCTION NO. 4: DISCOVERY IN OTHER
LITIGATION ............................................................................................................................62

AGREED CONDITIONAL LIMITING JURY INSTRUCTION NO. 5: PARTIAL OR
REDACTED DOCUMENTS .......................................................................................................63

Attachment 8A

## AGREED PROPOSED JURY INSTRUCTION NO. 1:
## FUNCTIONS OF THE COURT AND THE JURY

Members of the jury, you have seen and heard all the evidence and arguments of the attorneys.  Now I will instruct you on the law.

You have two duties as a jury.  Your first duty is to decide the facts from the evidence in the case.  This is your job, and yours alone.

Your second duty is to apply the law that I give you to the facts.  You must follow these instructions, even if you disagree with them.  Each of the instructions is important, and you must follow all of them.

Perform these duties fairly and impartially.

Nothing I say now, and nothing I said or did during the trial, is meant to indicate any opinion on my part about what the facts are or about what your verdict should be.

____ GIVEN                    ___ NOT GIVEN

Source:  *Federal Civil Jury Instructions of the Seventh Circuit*, prepared by the Committee on Pattern Civil Jury Instructions of the Seventh Circuit, §1.01 (2017) (bracketed options removed).

**AGREED PROPOSED JURY INSTRUCTION NO. 2:**
**NO INFERENCE FROM JUDGE'S QUESTIONS**

During this trial, I have asked a witness a question myself.  Do not assume that because I asked questions I hold any opinion on the matters I asked about, or on what the outcome of the case should be.

___ GIVEN                    ___ NOT GIVEN

Source:  *Federal Civil Jury Instructions of the Seventh Circuit*, prepared by the Committee on Pattern Civil Jury Instructions of the Seventh Circuit, §1.02 (2017).

## AGREED PROPOSED JURY INSTRUCTION NO. 3:
## ALL LITIGANTS EQUAL BEFORE THE LAW

In this case, some of the parties are corporations. All parties are equal before the law. A corporation is entitled to the same fair consideration that you would give any individual person.

___ GIVEN          ___ NOT GIVEN

Source: *Federal Civil Jury Instructions of the Seventh Circuit*, prepared by the Committee on Pattern Civil Jury Instructions of the Seventh Circuit, §1.03 (2017) (bracketed options removed).

**<u>AGREED</u> PROPOSED JURY INSTRUCTION NO. 4:  EVIDENCE**

The evidence consists of the testimony of the witnesses and the exhibits admitted in evidence.

I have also taken judicial notice of certain facts.  You must accept those facts as proved.

___ GIVEN                    ___ NOT GIVEN

Source:  *Federal Civil Jury Instructions of the Seventh Circuit*, prepared by the Committee on Pattern Civil Jury Instructions of the Seventh Circuit, §1.04 (2017) (bracketed options removed).

Attachment 8A

**<u>AGREED</u> PROPOSED JURY INSTRUCTION NO. 5:  ORDER OF WITNESSES**

The Plaintiffs will call several witnesses who are attorneys or employees of Shuffle Master during Plaintiffs' case.  In order to conduct the trial efficiently and not require a witness to testify twice, that is once in Plaintiffs' case, and again in Defendants' case, I have directed the parties that a witness may only be called once during the case, regardless of which party calls that witness.  The Defendants will be offering the testimony of certain of their witnesses in the order chosen by Plaintiffs during Plaintiffs' case, not in the order Defendants would have offered the witnesses.  Regardless of that, you should listen to the testimony in the entire context of the trial, and not give any consideration to the order of the witnesses.

___ GIVEN                         ___ NOT GIVEN

Source:  Fed. R. Evid. 611; April 12, 2018 Order Regarding Trial Time Limits (Dkt. 194).

**<u>AGREED</u> PROPOSED JURY INSTRUCTION NO. 6:**
**DEPOSITION TESTIMONY**

During the trial, certain testimony was presented to you by the reading of depositions and video. You should give this testimony the same consideration you would give it had the witnesses appeared and testified here in court.

___ GIVEN                     ___ NOT GIVEN

Source: *Federal Civil Jury Instructions of the Seventh Circuit*, prepared by the Committee on Pattern Civil Jury Instructions of the Seventh Circuit, §1.05 (2017) (bracketed options removed).

6

**AGREED PROPOSED JURY INSTRUCTION NO. 7:**
**WHAT IS NOT EVIDENCE**

Certain things are not to be considered as evidence.  I will list them for you:

First, if I told you to disregard any testimony or exhibits or struck any testimony or exhibits from the record, such testimony or exhibits are not evidence and must not be considered.

Second, anything that you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded.

Third, questions and objections or comments by the lawyers are not evidence.  Lawyers have a duty to object when they believe a question is improper.  You should not be influenced by any objection, and you should not infer from my rulings that I have any view as to how you should decide the case.

Fourth, the lawyers' opening statements and closing arguments to you are not evidence.  Their purpose is to discuss the issues and the evidence.  If the evidence as you remember it differs from what the lawyers said, your memory is what counts.

___ GIVEN                    ___ NOT GIVEN

Source:  *Federal Civil Jury Instructions of the Seventh Circuit*, prepared by the Committee on Pattern Civil Jury Instructions of the Seventh Circuit, §1.06 (2017) (bracketed options removed).

**<u>AGREED</u> PROPOSED JURY INSTRUCTION NO. 8:  NOTE-TAKING**

Any notes you have taken during this trial are only aids to your memory.  The notes are not evidence.  If you have not taken notes, you should rely on your independent recollection of the evidence and not be unduly influenced by the notes of other jurors.  Notes are not entitled to any greater weight than the recollections or impressions of each juror about the testimony.

___ GIVEN                    ___ NOT GIVEN

Source:  *Federal Civil Jury Instructions of the Seventh Circuit*, prepared by the Committee on Pattern Civil Jury Instructions of the Seventh Circuit, §1.07 (2017).

**AGREED PROPOSED JURY INSTRUCTION NO. 9:  CONSIDERATION OF ALL EVIDENCE REGARDLESS OF WHO PRODUCED**

In determining whether any fact has been proved, you should consider all of the evidence bearing on the question regardless of who introduced it.

___ GIVEN                    ___ NOT GIVEN

Source:  *Federal Civil Jury Instructions of the Seventh Circuit*, prepared by the Committee on Pattern Civil Jury Instructions of the Seventh Circuit, §1.08 (2017).

Attachment 8A

**<u>AGREED PROPOSED JURY INSTRUCTION NO. 10:</u>**
**LIMITED PURPOSE OF EVIDENCE**

You will recall that during the course of this trial I instructed you that I admitted certain evidence for a limited purpose. You must consider this evidence only for the limited purpose for which it was admitted. Evidence that is admitted for a limited purpose includes:

- [To be identified after rulings on motions *in limine* and trial, as applicable]

___ GIVEN         ___ NOT GIVEN

Source: Modified from *Federal Civil Jury Instructions of the Seventh Circuit*, prepared by the Committee on Pattern Civil Jury Instructions of the Seventh Circuit, §1.09 (2017).

**<u>AGREED</u> PROPOSED JURY INSTRUCTION NO. 11:**
**WEIGHING THE EVIDENCE**

You should use common sense in weighing the evidence and consider the evidence in light of your own observations in life.

In our lives, we often look at one fact and conclude from it that another fact exists. In law we call this "inference." A jury is allowed to make reasonable inferences. Any inference you make must be reasonable and must be based on the evidence in the case.

___ GIVEN                    ___ NOT GIVEN

Source: *Federal Civil Jury Instructions of the Seventh Circuit*, prepared by the Committee on Pattern Civil Jury Instructions of the Seventh Circuit, §1.11 (2017).

Attachment 8A

**<u>AGREED</u> PROPOSED JURY INSTRUCTION NO. 12: DEFINITION OF "DIRECT" AND "CIRCUMSTANTIAL" EVIDENCE**

You may have heard the phrases "direct evidence" and "circumstantial evidence." Direct evidence is proof that does not require an inference, such as the testimony of someone who claims to have personal knowledge of a fact. Circumstantial evidence is proof of a fact, or a series of facts, that tends to show that some other fact is true.

The law makes no distinction between the weight to be given to either direct or circumstantial evidence. You should decide how much weight to give to any evidence. In reaching your verdict, you should consider all the evidence in the case, including the circumstantial evidence.

___ GIVEN                    ___ NOT GIVEN

Source: Excerpted from *Federal Civil Jury Instructions of the Seventh Circuit*, prepared by the Committee on Pattern Civil Jury Instructions of the Seventh Circuit, §1.12 (2017).

Attachment 8A

**<u>AGREED</u> PROPOSED JURY INSTRUCTION NO. 13:  TESTIMONY OF WITNESSES (DECIDING WHAT TO BELIEVE)**

You must decide whether the testimony of each of the witnesses is truthful and accurate, in part, in whole, or not at all.  You also must decide what weight, if any, you give to the testimony of each witness.

In evaluating the testimony of any witness, including any party to the case, you may consider, among other things:

- the ability and opportunity the witness had to see, hear, or know the things that the witness testified about;

- the witness's memory;

- any interest, bias, or prejudice the witness may have;

- the witness's intelligence;

- the manner of the witness while testifying;

- the amount of time that has transpired since the events took place;

- and the reasonableness of the witness's testimony in light of all the evidence in the case.

___ GIVEN                              ___ NOT GIVEN

Source:  Modified from *Federal Civil Jury Instructions of the Seventh Circuit*, prepared by the Committee on Pattern Civil Jury Instructions of the Seventh Circuit, §1.13 (2017).  Source for added "amount of time" factor:  *United States v. Pringle*, 57 F.3d 1073, 1995 WL 341621, at *2 (7th Cir. 1995) ("the jury can and did assess the credibility of witnesses in light of the passage of time").

Attachment 8A

## AGREED PROPOSED JURY INSTRUCTION NO. 14:
## IMPEACHMENT

A witness may be discredited or "impeached" by contradictory evidence by, among other things, a showing that he or she testified falsely concerning a material matter; or by evidence that at some other time the witness has said or done something that is inconsistent with the witness' testimony.

If you believe that any witness has been impeached, then you must determine whether to believe the witness's testimony in whole, in part, or not at all, and how much weight to give to that testimony.

___ GIVEN             ___ NOT GIVEN

Source: *Jamsports and Entm't, LLC v. Paradama Productions, Inc., et al.*, Case No. 02 C 2298, Doc. No. 326, Instructions Given To The Jury, p. 9 (N.D. Ill. March 16, 2005) (Kennelly, J.); *Viramontes v. City of Chicago,* 840 F.3d 423, 430 (7th Cir. 2016); *Molnar v. Booth*, 229 F.3d 593, 604 (7th Cir. 2000) (evidence of prior inconsistent conduct admissible for impeachment purposes); *United States v. Baron*, 602 F.2d 1248, 1254 (7th Cir. 1979).

**AGREED PROPOSED JURY INSTRUCTION NO. 15:**
**PRIOR INCONSISTENT STATEMENTS OR ACTS**

You may consider statements given by a party or witness under oath before trial as evidence of the truth of what he said in the earlier statements, as well as in deciding what weight to give his testimony.

With respect to other witnesses, the law is different. If you decide that, before the trial, one of these witnesses made a statement not under oath or acted in a manner that is inconsistent with his testimony here in court, you may consider the earlier statement or conduct only in deciding whether his testimony here in court was true and what weight to give to his testimony here in court.

In considering a prior inconsistent statement or conduct, you should consider whether it was simply an innocent error or an intentional falsehood and whether it concerns an important fact or an unimportant detail.

___ GIVEN                    ___ NOT GIVEN

Source: *Federal Civil Jury Instructions of the Seventh Circuit*, prepared by the Committee on Pattern Civil Jury Instructions of the Seventh Circuit, §1.14 (2017).

**AGREED PROPOSED JURY INSTRUCTION NO. 16:**
**LAWYER INTERVIEWING WITNESSES**


It is proper for a lawyer to meet with any witnesses in preparation for trial.


___ GIVEN                        ___ NOT GIVEN


Source:  *Federal Civil Jury Instructions of the Seventh Circuit*, prepared by the Committee on Pattern Civil Jury Instructions of the Seventh Circuit, §1.16 (2017).

Attachment 8A

**<u>AGREED</u> PROPOSED JURY INSTRUCTION NO. 17:**
**NUMBER OF WITNESSES**

You may find the testimony of one witness or a few witnesses more persuasive than the

testimony of a larger number.  You need not accept the testimony of the larger number of witnesses.

\_\_\_ GIVEN                    \_\_\_ NOT GIVEN

Source:  *Federal Civil Jury Instructions of the Seventh Circuit*, prepared by the Committee on
Pattern Civil Jury Instructions of the Seventh Circuit, §1.17 (2017).

Attachment 8A

**AGREED PROPOSED JURY INSTRUCTION NO. 18:**
**ABSENCE OF EVIDENCE**

The law does not require any party to call as a witness every person who might have knowledge of the facts related to this trial. Similarly, the law does not require any party to present as exhibits all papers and things mentioned during this trial.

___ GIVEN                              ___ NOT GIVEN

Source: *Federal Civil Jury Instructions of the Seventh Circuit*, prepared by the Committee on Pattern Civil Jury Instructions of the Seventh Circuit, §1.18 (2017).

Attachment 8A

**<u>AGREED</u> PROPOSED JURY INSTRUCTION NO. 19: NO ADVERSE INFERENCE FROM ASSERTION OF THE ATTORNEY-CLIENT PRIVILEGE (PART 1)**

In this case, both parties have asserted the attorney-client privilege. The attorney-client privilege is a legal privilege that keeps certain communications between an attorney and his or her client secret. Lawyers often advise clients on strategic legal matters that relate directly to their most confidential business secrets. The attorney-client privilege protects clients by keeping confidential business information and strategies secret.

A party is only permitted to waive the attorney-client privilege on an entire topic of "subject matter," so a party may not reveal certain parts of communications on the topic and keep other parts confidential.

The fact that both parties in this lawsuit have asserted the privilege only means the parties have decided to exercise their valid legal rights, and it is not evidence that they are hiding anything. You may not draw any inference for or against any of the parties that has asserted the attorney-client privilege.


___ GIVEN                    ___ NOT GIVEN


Source: Based on *Knorr-Bremse Systeme Fuer Nutzfahrzeuge GmbH v. Dana Corp.*, 383 F.3d 1337, 1344-46 (Fed. Cir. 2004) (holding that trier of fact cannot draw any adverse inference of unfavorable opinion arising from the assertion of attorney-client privilege in a patent case, and vacating the finding of willful infringement); *Nabisco, Inc. v. PF Brands, Inc.*, 191 F.3d 208, 225-26 (2d Cir. 1999) (no adverse inference from the defendant's refusal to produce an opinion letter of counsel in a trademark dilution case), *abrogated on other grounds by Moseley v. V Secret Catalogue, Inc.*, 537 U.S. 418 (2003); *see also United States v. St. John*, 267 Fed. Appx. 17, 22 (2d Cir. 2008) (noting that "in the civil context . . . there is no basis for the jury to draw an adverse inference because of the assertion of the attorney-client privilege"); *Goldberg v. 401 North Wabash Venture LLC,* No. 09 C 6455*, 2013 WL 1816162, at *6 (N.D. Ill. Apr. 29, 2013) (declining to allow negative inference from claims of attorney-client privilege outside patent context) (St. Eve, J.); 8 John H. Wigmore, *Evidence* §§ 2291-92 (Supp. 2009); Restatement (Third) of the Law Governing Lawyers § 68 (2000).

19

**AGREED PROPOSED JURY INSTRUCTION NO. 20:**
**EXPERT WITNESSES**

You have heard witnesses give opinions about matters requiring special knowledge or skill.

You should judge this testimony in the same way that you judge the testimony of any other witness.

The fact that such person has given an opinion does not mean that you are required to accept it.

Give the testimony whatever weight you think it deserves, considering the reasons given for the

opinion, the witness's qualifications, and all of the other evidence in the case.

___ GIVEN                    ___ NOT GIVEN

Source: *Federal Civil Jury Instructions of the Seventh Circuit*, prepared by the Committee on
Pattern Civil Jury Instructions of the Seventh Circuit, §1.21 (2017).

**<u>AGREED</u> PROPOSED JURY INSTRUCTION NO. 21:  SUMMARIES**

*Stipulated*

The parties agree that [*describe summary in evidence*] accurately summarizes the contents of documents, records, or books.  You should consider these summaries just like all of the other evidence in the case.

*Not Stipulated*

Certain [*describe summary in evidence*] is/are in evidence.  [The original materials used to prepare those summaries are also in evidence.]  It is up to you to decide if the summaries are accurate.

___ GIVEN                    ___ NOT GIVEN

Source:  *Federal Civil Jury Instructions of the Seventh Circuit*, prepared by the Committee on Pattern Civil Jury Instructions of the Seventh Circuit, §§1.23, 2.12 (2017).

**<u>AGREED</u> PROPOSED JURY INSTRUCTION NO. 22:**
**DEMONSTRATIVE EVIDENCE**

Certain demonstrative exhibits, models, diagrams, devices, and sketches have been shown to you.  Those items are used for convenience and to help explain the facts of the case.  They are not themselves evidence or proof of any facts.

___ GIVEN                    ___ NOT GIVEN

Source:  *Federal Civil Jury Instructions of the Seventh Circuit*, prepared by the Committee on Pattern Civil Jury Instructions of the Seventh Circuit, §1.24 (2017) (bracketed options removed).

**AGREED PROPOSED JURY INSTRUCTION NO. 23:**
**BURDEN OF THE PROOF—PREPONDERANCE OF THE EVIDENCE**

When I say a particular party must prove something by "a preponderance of the evidence,"

this is what I mean:  When you have considered all the evidence in the case, you must be persuaded

that it is more probably true than not true.

___ GIVEN                    ___ NOT GIVEN

Source:  Seventh Circuit Pattern Civil Jury Instructions, No. 1.27 (Rev. 2017); *Jamsports and Entm't, LLC v. Paradama Productions, Inc., et al.*, Case No. 02 C 2298, Doc. No. 326, Instructions Given To The Jury, p. 15 (N.D. Ill. March 16, 2005) (Kennelly, J.); *Cascades Computer Innovation, LLC v. Samsung Electronics, Co.,* Case No. 11 C 4574, Doc. No. 419, Instructions Given To The Jury, p. 19 (N.D. Ill. Sept. 18, 2015) (Kennelly, J).

**AGREED PROPOSED JURY INSTRUCTION NO. 24:**
**BURDEN OF PROOF—CLEAR AND CONVINCING EVIDENCE**

When I say that a particular party must prove something by "clear and convincing evidence," this is what I mean:  When you have considered all of the evidence, you are convinced that it is highly probable that it is true.

This is a higher burden of proof than "more probably true than not true."  Clear and convincing evidence must persuade you that it is "highly probably true."

___ GIVEN                   ___ NOT GIVEN

Source:  Modified from *Federal Civil Jury Instructions of the Seventh Circuit*, prepared by the Committee on Pattern Civil Jury Instructions of the Seventh Circuit, §1.28 (2017) (bracketed options removed).

**AGREED PROPOSED JURY INSTRUCTION NO. 25:**
**JUDGE'S COMMENTS TO LAWYER**

I have a duty to caution or warn an attorney who does something that I believe is not in keeping with the rules of evidence or procedure. You are not to draw any inference against the side whom I may caution or warn during the trial.

___ GIVEN               ___ NOT GIVEN

Source: *Federal Civil Jury Instructions of the Seventh Circuit*, prepared by the Committee on Pattern Civil Jury Instructions of the Seventh Circuit, §2.14 (2017).

Attachment 8A

**<u>AGREED</u> PROPOSED JURY INSTRUCTION NO. 26:  THE PARTIES**

The plaintiffs in this case are Shuffle Tech International, LLC, Poydras-Talrick Holdings LLC, and Aces Up Gaming, Inc.  I may refer to these parties collectively as Plaintiffs in these instructions.

The defendants in this case are Scientific Games Corporation, Bally Technologies, Inc., and Bally Gaming, Inc.  I will refer to these parties collectively as Defendants.  In these instructions, I will sometimes refer to those parties collectively as "Defendants" or as "Shuffle Master" or "SHFL", which is the principal way the parties have referred to Defendants throughout the case.  The defendants in this case are the successors of a company that was known as Shuffle Master, Inc. and later changed its name to SHFL Entertainment, Inc., which was acquired by Bally Technologies in 2013, and Bally was acquired by Scientific Games in 2014.   Because of those corporate transactions, the named defendants in this case are Scientific Games Corporation, Bally Technologies, Inc., and Bally Gaming, Inc.

___ GIVEN                   ___ NOT GIVEN

**AGREED PROPOSED JURY INSTRUCTION NO. 27:  DIGIDEAL CORPORATION**

You will also hear about the company DigiDeal Corporation.  DigiDeal is not a party to this case, meaning it is not here asking the court for any relief, or defending against a request for relief from another party.

___ GIVEN                       ___ NOT GIVEN

**<u>AGREED</u> PROPOSED JURY INSTRUCTION NO. 28:  THE CONTENTION**

Plaintiffs contend that Shuffle Master violated the antitrust laws by engaging in anticompetitive conduct consisting of procuring the '982 and '935 patents through knowing and willful fraud on the Patent Office and suing DigiDeal on those patents even though Shuffle Master knew they were fraudulently procured.  Plaintiffs also contend that Shuffle Master violated the antitrust laws by filing an objectively baseless lawsuit against DigiDeal for infringement of the '982 and '935 patents with the bad faith intent of injuring DigiDeal with the litigation process rather than a legitimate expectation of winning the lawsuit.

Defendants deny these claims.

I will instruct you on all of the elements that Plaintiffs much prove for this claim.

___ GIVEN                    ___ NOT GIVEN

**AGREED PROPOSED JURY INSTRUCTION NO. 29:**
**PURPOSE OF THE ANTITRUST LAWS**

Although the claim in this case is for violation of the antitrust laws, Plaintiffs' case requires me to provide you instructions on both the antitrust laws and the patent system. Let me begin with a few words about the nature and purpose of our antitrust laws.

The purpose of the antitrust laws is to encourage free and open competition in our economy so that consumers may receive better goods and services at lower cost. To this end, the antitrust laws prohibit anticompetitive conduct that prevents companies from competition with each other on the merits of the products or services they offer. The antitrust laws do not, however, protect individual companies from the effects of vigorous competition by others and do not guarantee that every company will be successful. The law recognizes that competition is a contest that sometimes results in winners and losers. In the natural operation of the economic system, some competitors are going to lose business while others prosper.

___ GIVEN                    ___ NOT GIVEN

Source:  Modified from Instructions Given to the Jury, *Jamsports and Entertainment, LLC, v. Paradama Productions, Inc.*, Case No. 02 C 2298, p.22 (N.D. Ill.) (Filed Mar. 16, 2005).

**<u>AGREED</u> PROPOSED JURY INSTRUCTION NO. 30:  THE PATENT SYSTEM**

Patents are issued by the United States Patent and Trademark Office, which is part of our government.

A patent is granted to the inventor for a limited amount of time.  Generally, patents expire 20 years from their priority dates.  Here, the '982 and the '935 patent expire on September 28, 2021.

During the term of the patent, if another person makes, uses, offers to sell, or sells in the United States or imports something that is covered by the patent without the patent owner's consent, that person is said to infringe the patent.  The patent owner enforces a patent against persons believed to be infringers in a lawsuit in federal court, such as in Shuffle Master's lawsuit against DigiDeal for patent infringement.

The invention covered by a patent is described in the part of the patent that is called the "patent claim" or "patent claims."  The patent claims are found in separately-numbered paragraphs at the end of the patent.  When I use the word "claim" or "claims," I am referring to those numbered paragraphs.  To be entitled to patent protection, an invention must be new, useful and nonobvious. A patent is not valid if it covers a product that was already known or that was obvious at the time the invention was made.  That which was already known at the time of the invention is called "prior art."

___ GIVEN                              ___ NOT GIVEN

Source:  *Federal Civil Jury Instructions of the Seventh Circuit*, prepared by the Committee on Pattern Civil Jury Instructions of the Seventh Circuit, 11.1.2 (2008); 35 U.S.C. 154 (2015) (calculation of expiration date).

Attachment 8A

**AGREED PROPOSED JURY INSTRUCTION NO. 31:  HOW A PATENT IS OBTAINED**

When an applicant for a patent files a patent application with the Patent and Trademark Office, the application is assigned to a Patent Examiner.  The Patent Examiner reviews the application to determine whether or not the invention described in the patent application and set out in the claims meets the requirements of the patent laws for patentable inventions.

This process, from the filing of the patent application to the issuance of the patent, is called "patent prosecution."  The record of papers relating to the patent prosecution is called the prosecution history or file history.  The prosecution history becomes available to the public when the patent is issued or the application is published by the PTO.

___ GIVEN                    ___ NOT GIVEN

Source:  Modified from *Federal Civil Jury Instructions of the Seventh Circuit*, prepared by the Committee on Pattern Civil Jury Instructions of the Seventh Circuit, 11.1.3 (2008).

**AGREED PROPOSED JURY INSTRUCTION NO. 32:**
**CORROBORATING WITNESS TESTIMONY ABOUT PRIOR USE**

Plaintiffs' bear the burden of proving by clear and convincing evidence that an alleged piece of prior art was publicly known or used on a particular date, such that it would qualify as prior art.

In order to show public use, plaintiffs may offer evidence, including oral testimony. As to any oral testimony, in considering the credibility of a witness, you should consider:

(1) the relationship between the corroborating witness and the alleged prior user,

(2) the time period between the event and trial,

(3) the interest of the corroborating witness in the subject matter in suit,

(4) contradiction or impeachment of the witness's testimony,

(5) the extent and details of the corroborating testimony,

(6) the witness' familiarity with the subject matter of the patented invention and the prior use,

(7) probability that a prior use could occur considering the state of the art at the time, and

(8) impact of the invention on the industry, and the commercial value of its practice.

___ GIVEN                    ___ NOT GIVEN

Source:  *Woodland Trust v. Flowertree Nursery Inc.,* 148 F.3d 1368, 1371 (Fed. Cir. 1998).

Attachment 8A

**AGREED PROPOSED JURY INSTRUCTION NO. 33:**
**ELEMENTS OF PLAINTIFFS' ANTITRUST CLAIM**

To succeed on their antitrust claim against Shuffle Master, Plaintiffs must prove each of the following propositions:

1. Automatic card shuffling machines for regulated casinos in the United States is a relevant market.

2. Shuffle Master has monopoly power in that market.

3. Shuffle Master willfully acquired or maintained its monopoly power by anticompetitive conduct.

4. Shuffle Master's anticompetitive conduct occurred in or affected interstate commerce.

5. Shuffle Master's anticompetitive conduct harmed consumers.

6. Plaintiffs were injured in their business or property by Shuffle Master's anticompetitive conduct.

In the following instructions, I will define these propositions for you.

If you find that Plaintiffs have proved each of these propositions, you must find for Plaintiffs on this claim, and go on to consider the question of damages. The instructions regarding the question of damages begin at page __.

If you find that Plaintiffs have failed to prove any one of these propositions, you must find for Shuffle Master on this claim, and you will have no occasion to consider the question of damages on this claim.

___ GIVEN                    ___ NOT GIVEN

33

Source:  Modified from Instructions Given to the Jury, *Jamsports and Entertainment, LLC, v. Paradama Productions, Inc.*, Case No. 02 C 2298, p.23 (N.D. Ill.) (Filed Mar. 16, 2005); *Times-Picayune Pub. Co. v. United States*, 345 U.S. 594, 611 (1953); *Lorain Journal Co. v. United States*, 342 U.S. 143, 151 n. 6 (1951); *United States v. Yellow Cab Co.*, 332 U.S. 218, 225 (1947), *overruled on other grounds by Copperweld Corp. v. Indep. Tube Corp.*, 467 U.S. 752 (1984); *Smith v. Network Sols., Inc.*, 135 F. Supp. 2d 1159, 1167-68 (N.D. Ala. 2011), *aff'd sub nom. Smith v. Network Sols.,* 29 F. Appx. 575 (11th Cir. 2001).

**AGREED PROPOSED JURY INSTRUCTION NO. 34:**
**RELEVANT MARKET (ELEMENT 1)**

As I stated, the first proposition Plaintiffs bear the burden of proving is that automatic card shufflers sold to regulated casinos in the United States is a relevant market.

A "relevant market" for purposes of this claim is a market in which products and services compete with each other in a particular geographic area.

Products and services are considered to be in the same market if they are reasonable substitutes for each other, from the point of view of buyers or producers. Products and services need not be identical to be in the same market. For example, butter and margarine would be considered reasonable substitutes for most buyers and thus would be considered to be in the same market. On the other hand, most buyers would not consider bicycles and automobiles to be reasonable substitutes for each other, even though both of them can be used to go to the grocery store.

The basic test for whether products and services are reasonable substitutes is whether changes in the price of one product or service cause a considerable number of consumers to switch to another product or service. If so, the products and services are in the same market. When deciding whether two products are in the same market, you may consider how the public and people in the industry, including producers, view the products and services; whether the products and services have similar characteristics or uses; whether the products and services have similar prices; whether changes in the price of one product or service are followed by changes in the price of the other; whether the products and services are sold to similar consumers; whether they are distributed and sold by the same kinds of distributors or dealers; who and what people in the industry view as their competitors; whether there are specialized vendors in the industry; and whether there are different customer groups and distribution channels for different products and services.

Attachment 8A

___ GIVEN                    ___ NOT GIVEN

Source:  Modified from Instructions Given to the Jury, *Jamsports and Entertainment, LLC, v. Paradama Productions, Inc.*, Case No. 02 C 2298, p.24 (N.D. Ill.) (Filed Mar. 16, 2005); ABA Model Jury Instructions in Civil Antitrust Cases A-108 (2016); *Illinois Tool Works v. Indep. Ink*, 547 U.S. 28, 31 (2006); *Tarrant Serv. Agency v. Am. Standard, Inc.*, 12 F.3d 609, 614 (6th Cir. 1993) (holding that the existence of reasonable substitutes precluded a product market limited to a single brand); *see also PSKS, Inc. v. Leegin Creative Leather Prods., Inc.*, 615 F.3d 412, 418 (5th Cir. 2010) (possibility of single-brand market "is limited to situations in which consumers are 'locked in' to a specific brand by the nature of the product"); *Hack v. President and Fellows of Yale Coll.*, 237 F.3d 81, 86 (2d Cir. 2000), *abrogated on other grounds by Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002) (rejecting assertion that Yale education was a separate product market for antitrust purposes).

**AGREED PROPOSED JURY INSTRUCTION NO. 35:**
**RELEVANT MARKET (ELEMENT 1)—CONTINUED**

The fact that a product is protected by one or more patents does not alone create a relevant market. As I explained earlier, a patent provides the owner the right to exclude others from producing the patent. As such, a patent owner practicing their own patent does not create a relevant market.

___ GIVEN                    ___ NOT GIVEN

Source: Modified from Instructions Given to the Jury, *Jamsports and Entertainment, LLC, v. Paradama Productions, Inc.*, Case No. 02 C 2298, p.24 (N.D. Ill.) (Filed Mar. 16, 2005); ABA Model Jury Instructions in Civil Antitrust Cases A-108 (2016); *Illinois Tool Works v. Indep. Ink*, 547 U.S. 28, 31 (2006); *Tarrant Serv. Agency v. Am. Standard, Inc.*, 12 F.3d 609, 614 (6th Cir. 1993) (holding that the existence of reasonable substitutes precluded a product market limited to a single brand); *see also PSKS, Inc. v. Leegin Creative Leather Prods., Inc.*, 615 F.3d 412, 418 (5th Cir. 2010) (possibility of single-brand market "is limited to situations in which consumers are 'locked in' to a specific brand by the nature of the product"); *Hack v. President and Fellows of Yale Coll.*, 237 F.3d 81, 86 (2d Cir. 2000), *abrogated on other grounds by Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002) (rejecting assertion that Yale education was a separate product market for antitrust purposes).

Attachment 8A

**AGREED PROPOSED JURY INSTRUCTION NO. 36:**
**RELEVANT MARKET—PRODUCT (ELEMENT 1, CONTINUED)**

In deciding whether Plaintiffs have proven a relevant product market, you may also consider what the law refers to as "the cross-elasticity of supply" or, in other words, the extent to which the producers of one product would be willing to shift their resources, such as intellectual property, manufacturing facilities, or personnel to producing another product in response to an increase in the price of the other product. Such producers, to the extent that they exist, can increase supply and, therefore, drive prices back to competitive levels, defeating any effort by a would-be monopolist to charge significantly higher prices.

If, in determining the products in the relevant product market you find that there are manufacturers that have the ability to alter their production to manufacture products that can reasonably be substituted with defendant's--even though they do not presently compete with defendant--you may consider whether the existence of these potential alternative suppliers can influence the prices that defendant charges for its product and, if so, that amount of the product that these suppliers are likely to produce.

___ GIVEN                    ___ NOT GIVEN

Source: Excerpted from ABA Model Jury Instructions in Civil Antitrust Cases A-112 (2016).

Attachment 8A

**<u>AGREED</u> PROPOSED JURY INSTRUCTION NO. 37:**
**MONOPOLY POWER (ELEMENT 2)**

As I stated, the second proposition Plaintiffs bear the burden of proving is that Shuffle Master has monopoly power in the relevant market.

Monopoly power is the power to control prices in the relevant market or to exclude competition from that market. Plaintiffs have the burden to prove that Defendants have the ability to raise or maintain the prices that they charge for goods and services in the relevant market substantially above the competitive level for a significant period of time.

A company has the power to control prices when it can set significantly higher prices for its products than those charged by competitors for equivalent goods without suffering a substantial loss of business to competitors. The fact that a company charges high prices for its products or makes a high level of profits does not necessarily mean that it has monopoly power. A company ordinarily may charge as high a price for its product as the market will accept.

A company has the power to exclude competition when it has the ability to dominate a relevant market by eliminating existing competition or preventing new competition from entering the market. By this I mean the power to exclude competition from the relevant market generally, not just to exclude a particular competitor.

In determining whether a company has monopoly power, you may consider, among other things, the company's share of the relevant market, whether the company can increase its prices without regard to demand, how difficult it is for other companies to enter the market and begin competing for sales, whether there are other competitors or potential competitors in the industry who act as a check on a company's ability to price its products, and how vigorous those competitors are. You may also consider whether the company would lose a substantial amount of sales if it

Attachment 8A

raised prices substantially.  In addition, if a company's profit margins go up and down or are

steadily decreasing over time, then that is evidence that the company may not have market power.


___ GIVEN                    ___ NOT GIVEN


Source:  Modified from Instructions Given to the Jury, *Jamsports and Entertainment, LLC, v. Paradama Productions, Inc.*, Case No. 02 C 2298, p.25 (N.D. Ill.) (Filed Mar. 16, 2005); *see also* ABA Model Jury Instructions in Civil Antitrust Cases A-115, A-121 (2016).

Attachment 8A

## AGREED PROPOSED JURY INSTRUCTION NO. 38:
## INTERSTATE COMMERCE (ELEMENT 4)

As I stated, the fourth proposition Plaintiffs bear the burden of proving is that Shuffle Master had monopoly power in a relevant geographic market that constitutes an appreciable part of interstate commerce.

The term interstate commerce means commercial transactions that cross state boundaries.

___ GIVEN               ___ NOT GIVEN

Source*: Times-Picayune Pub. Co. v. United States*, 345 U.S. 594, 611 (1953); *Lorain Journal Co. v. United States*, 342 U.S. 143, 151 n. 6 (1951); *United States v. Yellow Cab Co.*, 332 U.S. 218, 225 (1947), *overruled on other grounds by Copperweld Corp. v. Indep. Tube Corp.*, 467 U.S. 752 (1984); *Smith v. Network Sols., Inc.*, 135 F. Supp. 2d 1159, 1167-68 (N.D. Ala. 2001), *aff'd sub nom. Smith v. Network Sols.,* 29 F. Appx. 575 (11th Cir. 2001); Black's Law Dictionary (10th ed. 2014) (defining "commerce"); *see also* ABA Model Jury Instructions in Civil Antitrust Cases A-102 (2016).

## AGREED PROPOSED JURY INSTRUCTION NO. 39:
## DEFINITION OF "HARM TO CONSUMERS" (ELEMENT 5)

As I stated, the fifth proposition Plaintiffs bear the burden of proving is that Shuffle Master's anticompetitive conduct harmed consumers.

Consumers are harmed by anticompetitive conduct when the conduct reduces the supply or quality of goods or services below what would have existed absent the anticompetitive conduct, or when the conduct increases the price for the goods or services above what they would have been absent the anticompetitive conduct.

___ GIVEN                    ___ NOT GIVEN

Source:  Instructions Given to the Jury, *Jamsports and Entertainment, LLC, v. Paradama Productions, Inc.*, Case No. 02 C 2298, p. 27 (N.D. Ill.) (Filed Mar. 16, 2005); *see also Atl. Richfield Co. v. USA Petroleum Co.*, 495 U.S. 328, 344 (1990).

Attachment 8A

**AGREED PROPOSED JURY INSTRUCTION NO. 40:  NEGLIGENCE IS NOT FRAUD**

The fact that a person is negligent or even grossly negligent does not mean that that person has committed fraud.  The following are not fraud: carelessness, lack of attention, poor docketing or cross-referencing, negligence, gross negligence.  None of these things is fraud.

___ GIVEN                    ___ NOT GIVEN

Source:  *1st Media, LLC v. Electronic Arts, Inc.*, 694 F.3d 1367, 1372-77 (Fed. Cir. 2012); *Walker Process Equip. v. Food Mach. & Chem. Corp.,* 382 U.S. 172, 174, 176-77 and n.5 (1965); *Therasense, Inc. v. Becton, Dickinson & Co.*, 649 F.3d 1276, 1290-91 (Fed. Cir. 2011) (en banc); *Dippin' Dots Inc. v. Mosey*, 476 F.3d 1337, 1346-48 (Fed. Cir. 2007).

**AGREED PROPOSED JURY INSTRUCTION NO. 41:  FRAUD CANNOT BE INFERRED FROM NEGLIGENCE**

In addition, fraud may not be inferred from any of those types of negligence, or even gross negligence.


___ GIVEN                    ___ NOT GIVEN


Source:  *1st Media, LLC v. Electronic Arts, Inc.*, 694 F.3d 1367, 1374-75 (Fed. Cir. 2012).

**AGREED PROPOSED JURY INSTRUCTION NO. 42:**
**MATERIALITY VERSUS INTENT (ELEMENT 3, CONTINUED)**

Materiality and intent to deceive are separate issues: proof of materiality does not give rise to an inference of intent to deceive, and proof of an intent to deceive does not give rise to an inference of materiality. There must be clear and convincing evidence that establishes materiality and there must be clear and convincing evidence that establishes an intent to deceive. If clear and convincing evidence of either, or both, is missing, there can be no fraud.

___ GIVEN                          ___ NOT GIVEN

Source:  Modified FCBA Model Patent Jury Instructions, 5.1 (2016).

**<u>AGREED</u> PROPOSED JURY INSTRUCTION NO. 43:  DAMAGES**

Now I will instruct you on how to determine the amount of money damages to award to

Plaintiffs if you find they have proven each and every element of one or more of their claims.  You

shall not consider the question of damages if Plaintiffs fail to prove any element of their antitrust

claim.

\_\_\_ GIVEN                         \_\_\_ NOT GIVEN

Source:  Modified from Instructions Given to the Jury, *Jamsports and Entertainment, LLC, v.
Paradama Productions, Inc.*, Case No. 02 C 2298, p.34 (N.D. Ill.) (Filed Mar. 16, 2005).

Attachment 8A

**AGREED PROPOSED JURY INSTRUCTION NO. 44:  DAMAGES CANNOT BE BASED ON SPECULATION OR GUESSWORK**

Plaintiffs must prove their damages by a preponderance of the evidence. Plaintiffs' right to be fairly compensated should not be affected by any difficulty you may have in determining the precise amount to award, so long as there is a reasonable basis in the evidence for your award. On the other hand, your award must be based on evidence, and not speculation or guesswork.

If you are unable to determine damages on a particular claim without engaging in speculation or guesswork, or if you find that Plaintiffs have failed to prove damages on a particular claim by a preponderance of the evidence, you must either decline to award Plaintiffs damages on that claim or award a nominal amount, such as $1.

___ GIVEN                    ___ NOT GIVEN

Source:  Modified from Instructions Given to the Jury, *Jamsports and Entertainment, LLC, v. Paradama Productions, Inc.*, Case No. 02 C 2298, p. 38 (N.D. Ill.) (Filed Mar. 16, 2005).

Attachment 8A

**AGREED PROPOSED JURY INSTRUCTION NO. 45:  INJURY IN FACT**

Each Plaintiff must establish that it suffered an "injury in fact."  For a Plaintiff to establish that it is entitled to recover damages, it must prove that it was injured as a result of defendant's alleged violation of the antitrust laws.  Proving the fact of damage does not require a Plaintiff to prove the dollar value of its injury, but requires that the Plaintiff prove that it was in fact injured by Defendants' alleged antitrust violation.  If you find that a Plaintiff has established that it was in fact injured, you may then consider the amount of that Plaintiff's damages.  It is important to understand, however, that injury and amount of damage are different concepts and that you cannot consider the amount of damage unless and until you have concluded that a Plaintiff has established that it was in fact injured.

___ GIVEN                              ___ NOT GIVEN

Source:  Modified from ABA Model Jury Instructions in Civil Antitrust Cases A-300 (2016).

**<u>AGREED</u> PROPOSED JURY INSTRUCTION NO. 46: COMPENSATORY DAMAGES – LOST PROFITS**

Plaintiffs are seeking compensatory damages in the form of lost profits, as I will describe to you. Damages of this type can be awarded only if the evidence provides a reasonable basis to compute lost profits. Lost profits cannot be awarded based on conjecture or speculation. Lost profits may be based on assumptions regarding what will occur in the future, so long as those assumptions are reasonable in light of the evidence.

If you determine that a Plaintiff is entitled to recover lost profits, the measure of damages is the amount by which that Plaintiff's gross revenues would have exceeded all the costs and expenses necessary to produce those revenues. You must make a reasonable estimate of both the amount of profits that each Plaintiff would have earned from selling the DigiShuffle and the length of time it would have earned those profits. In making these determinations, you should consider the various uncertainties that could affect the future profitability of the DigiShuffle, including competition that it would face in the future, as well as general market and economic conditions.

You have heard evidence of Defendants' net profits from selling the DeckMate and DeckMate2 poker shufflers. You may use this evidence as a guide to determine what Plaintiffs' net profits would have been only if you first determine that there is a reasonable basis to conclude that Plaintiffs would have achieved comparable results.

If you determine to award profits for years in the future, you must reduce the amount of damages you award to the present value of that amount. The right to receive a certain amount of money in the future is worth less than having the same amount of money in hand today. The "present value" of an amount to be obtained at a date in the future is the amount of money needed now that, when added to the interest it may be expected to earn in the future, will equal the amount to be obtained at the future date.

Attachment 8A

As I told you, the '982 and the '935 patent will expire on September 28, 2021. You may take that fact into account when determining any damages you may award.


___ GIVEN                    ___ NOT GIVEN


Source:  Modified from Instructions Given to the Jury, *Jamsports and Entertainment, LLC, v. Paradama Productions, Inc.*, Case No. 02 C 2298, pp. 39-40 (N.D. Ill.) (Filed Mar. 16, 2005).

**<u>AGREED</u> PROPOSED JURY INSTRUCTION NO. 47:  LOST PROFITS DAMAGES**

Each Plaintiff claims that it was harmed because it lost profits as a result of Shuffle Master's alleged antitrust violation.  If you find that Shuffle Master committed an antitrust violation and that this violation caused injury to a Plaintiff, you now must calculate the profits, if any, that the Plaintiff lost as a result of Shuffle Master's antitrust violation.  To calculate lost profits, you must calculate net profit:  the amount by which the Plaintiff's gross revenues would have exceeded all of the costs and expenses that would have been necessary to produce those revenues.

___ GIVEN                    ___ NOT GIVEN

Source:  Modified from ABA Model Jury Instructions in Civil Antitrust Cases B-8 (2016).

Attachment 8A

**<u>AGREED</u> PROPOSED JURY INSTRUCTION NO. 48:  MITIGATION OF DAMAGES**

Plaintiffs may not recover damages for any portion of their losses that they could have avoided through the exercise of reasonable care and prudence. The law requires an injured party to take all reasonable steps it can to avoid further injury and thereby reduce its loss. The defendants have the burden of proof on this issue.  Defendants must prove by a preponderance of the evidence that Plaintiffs acted unreasonably in failing to take steps to limit their losses, that Plaintiffs' failure to take those steps resulted in its losses being greater than they would have been if it had taken those steps, and the amount by which Plaintiffs' losses would have been reduced if they had taken those steps. The law requires a plaintiff to use only those measures that are reasonably practicable under the circumstances as they appeared to the plaintiff at the time

___ GIVEN                      ___ NOT GIVEN

Source:  Modified from Instructions Given to the Jury, *Jamsports and Entertainment, LLC, v. Paradama Productions, Inc.*, Case No. 02 C 2298, p. 41 (N.D. Ill.) (Filed Mar. 16, 2005).

Attachment 8A

**<u>AGREED</u> PROPOSED JURY INSTRUCTION NO. 49:  NO PUNITIVE DAMAGES**

Antitrust damages are only compensatory, meaning their purpose is to put an injured plaintiff as near as possible in the position in which it would have been had the alleged antitrust violation not occurred.  The law does not permit you to award damages to punish a wrongdoer-- what we sometimes refer to as punitive damages--or to deter particular conduct in the future. Furthermore, you are not permitted to award to plaintiff an amount for attorneys' fees or the costs of maintaining this lawsuit.

___ GIVEN                              ___ NOT GIVEN

Source:  Excerpted from ABA Model Jury Instructions in Civil Antitrust Cases B-304 (2016).

**<u>AGREED</u> PROPOSED JURY INSTRUCTION NO. 50:  SELECTION OF PRESIDING JUROR; GENERAL VERDICT**

Upon retiring to the jury room, you must select a presiding juror.  The presiding juror will preside over your deliberations and will be your representative here in court.

Forms of verdict have been prepared for you.

[Forms of verdict read.]

(Take these forms to the jury room, and when you have reached unanimous agreement on the verdict, your presiding juror will fill in, date, and sign the appropriate form.)

OR

(Take these forms to the jury room, and when you have reached unanimous agreement on the verdict, your presiding juror will fill in and date the appropriate form, and all of you will sign it.)

___ GIVEN                    ___ NOT GIVEN

Source:  *Federal Civil Jury Instructions of the Seventh Circuit*, prepared by the Committee on Pattern Civil Jury Instructions of the Seventh Circuit, §1.32 (2017).

**AGREED PROPOSED JURY INSTRUCTION NO. 51:**
**COMMUNICATION WITH COURT**

I do not anticipate that you will need to communicate with me.  If you do need to communicate with me, the only proper way is in writing.  The writing must be signed by the presiding juror, or, if he or she is unwilling to do so, by some other juror.  The writing should be given to the marshal, who will give it to me.  I will respond either in writing or by having you return to the courtroom so that I can respond orally.

[If you do communicate with me, you should not indicate in your note what your numerical division is, if any.]

___ GIVEN                    ___ NOT GIVEN

Source:  *Federal Civil Jury Instructions of the Seventh Circuit*, prepared by the Committee on Pattern Civil Jury Instructions of the Seventh Circuit, §1.33 (2017).

**AGREED PROPOSED JURY INSTRUCTION NO. 52:**
**DISAGREEMENT AMONG JURORS**

The verdict[s] must represent the considered judgment of each juror.  Your verdict[s], whether for or against the parties, must be unanimous.

You should make every reasonable effort to reach a verdict.  In doing so, you should consult with one another, express your own views, and listen to the opinions of your fellow jurors.  Discuss your differences with an open mind.  Do not hesitate to reexamine your own views and change your opinion if you come to believe it is wrong.  But you should not surrender your honest beliefs about the weight or effect of evidence solely because of the opinions of other jurors or for the purpose of returning a unanimous verdict.

All of you should give fair and equal consideration to all the evidence and deliberate with the goal of reaching an agreement that is consistent with the individual judgment of each juror.  You are impartial judges of the facts.

___ GIVEN                    ___ NOT GIVEN

Source:  *Federal Civil Jury Instructions of the Seventh Circuit*, prepared by the Committee on Pattern Civil Jury Instructions of the Seventh Circuit, §1.34 (2017).

**AGREED PROPOSED LIMITING JURY INSTRUCTION NO. 53:  THE MANUAL OF PATENT EXAMINING PROCEDURE ("MPEP")**

You have heard evidence in this case about the Manual of Patent Examining Procedure, which has sometimes been referred to as the "MPEP".

As I mentioned, the U.S. patent system is governed by the U.S. Constitution, Article I, Section 7, and the U.S. Patent Act, which is set forth in Title 35 of the U.S. Code.  Both the U.S. Constitution and the U.S. Code have the force of law, and are binding on all persons who are citizens or residents of, or present within, the United States, and also applies to organizations such as corporations.

The head of USPTO is the Under Secretary of Commerce of Intellectual Property and Director of the United States Patent and Trademark Office.  Under the authority of the Director, the USPTO writes and then publishes a Manual of Patent Examining Procedure ("MPEP").  The MPEP provides USPTO patent examiners, applicants, attorneys, agents, and representatives of applicants with a reference work on the practices and procedures relative to the prosecution of patent applications before the USPTO.  It contains instructions to examiners, as well as other material in the nature of information and interpretation, and outlines the current procedures which the examiners are required or authorized to follow in appropriate cases in the normal examination of a patent application.  The Manual does not have the force of law.


___ GIVEN                    ___ NOT GIVEN


Source:  U.S. Const. art. I, § 7; U.S. Code Title 35; *Unwired Planet, LLC v. Google Inc.*, 841 F.3d 1376, 1381–82 (Fed. Cir. 2016); *Smith v. City of Jackson*, 544 U.S. 228, 267 (2005) (O'Connor, J., concurring); MPEP Forward (Rev. 08.2017).

Attachment 8A

**<u>AGREED</u> <u>CONDITIONAL</u> JURY INSTRUCTION NO. 1: PARTS OF A PATENT**

A patent includes two basic parts: a written description of the invention, and the patent claims. The written description, which may include drawings, is often called the "specification" of the patent.

You have been provided with copies of a number of patents. Patents are typically identified by their last three digits. Please look at the '935 patent as I identify its different sections. The first two pages of the '935 patent provides identifying information, including the date the patent issued, the patent number, the inventor's name, the filing date, and a list of the prior art publications considered in the Patent Office during the time the patent was being sought.

The specification of the patent begins with a brief statement about the subject matter of the invention called an abstract. This is found on the first page. Next, are the drawings, which appear as Figures on the next seven pages. The drawings depict various aspects or features of the invention. They are described in words later, in the written description.

The written description of the invention appears next. In this portion of the patent, each page is divided into two columns, which are numbered at the top of the page. The lines on each page are also numbered. The written description of the '935 patent begins at column 1, line 1, and continues to column 20, line 33. It includes a background section, a summary of the invention, and a detailed description of the invention, including some specific examples.

The written description is followed by one or more numbered paragraphs, which are called the claims. The claims of a patent are the numbered sentences at the end of the patent. The claims describe what the patent owner may prevent others from doing. Claims are usually divided into parts, called "limitations" or "requirements." For example, a claim that covers the invention of a

Attachment 8A

table may describe the tabletop, four legs and glue that holds the legs and the tabletop together.  The tabletop, legs and glue are each a separate limitation or requirement of the claim.


___ GIVEN                              ___ NOT GIVEN


Source:  *Cascades Computer Innovation, LLC v. Samsung Electronics, Co.,* Case No. 11 C 4574, Doc. No. 419, Instructions Given to The Jury, pp. 11-12 (N.D. Ill. Sept. 18, 2015) (Kennelly, J); *Federal Civil Jury Instructions of the Seventh Circuit*, prepared by the Committee on Pattern Civil Jury Instructions of the Seventh Circuit, § 11.1.4 (2017).

**<u>AGREED</u> <u>CONDITIONAL</u> JURY INSTRUCTION NO. 2:  INEQUITABLE CONDUCT**

When a person involved in the prosecution of an application fails to supply material information or supplies false information or statements and does so with an intent to deceive the PTO, he or she may commit what is called "inequitable conduct." When inequitable conduct occurs during the examination of an application, any patent that issues from that application is unenforceable as a matter of fairness. This means that despite the existence and validity of the patent, the patent holder may not prevent others from using the invention covered by the patent and may not   collect damages from those who use the invention that is covered by the patent.

Because a finding of inequitable conduct completely extinguishes a patent holder's right to prevent others from using an invention, the burden of proving inequitable conduct is high. A party must prove by clear and convincing evidence both that a person meaningfully involved in the prosecution of the patent withheld material information or submitted materially false information or statements to the PTO during the examination of the patent(s), and that the person did so with an intent to deceive the Examiner into issuing the patent(s).

___ GIVEN                              ___ NOT GIVEN

Source:  Modified AIPLA Model Patent Jury Instructions, 10.1 (2014); 35 U.S.C. § 282; *Therasense Inc. v. Becton, Dickinson and Co.*, 649 F.3d 1276 (Fed. Cir. 2011) (en banc).

Attachment 8A

**AGREED CONDITIONAL JURY INSTRUCTION NO. 3: ATTORNEY REPRESENTATION**

A lawyer has several jobs when he or she represents a client that are described in the ethical rules in each state. As advisor, a lawyer explains the law to the client. As advocate, a lawyer zealously asserts the client's position under the rules of the adversary system. As negotiator, a lawyer seeks a good result for the client. As an evaluator, a lawyer investigates a situation and reports on it to the client or others.

It is good for all of us that lawyers are zealous advocates for their clients and keep their client confidences private. When an opposing party is well represented, a lawyer can be a zealous advocate for his client and assume at the same time that justice is being done. So also, a lawyer can be sure that preserving client confidences ordinarily serves the public interest because people are more likely to seek legal advice, and thereby heed their legal obligations, when they know their communications will be private.

There is nothing unethical about being a lawyer for one client against an adversary in one case, and then, after the lawyer no longer represents that first client, being the lawyer for the former adversary as a client against a different party over a different product.

___ GIVEN               ___ NOT GIVEN

Source:  Based on ABA Model Rules of Professional Conduct Preamble ¶¶ 2, 8; Rule 1.9.

Attachment 8A

**AGREED CONDITIONAL JURY INSTRUCTION NO. 4: DISCOVERY IN OTHER LITIGATION**

You have heard evidence regarding discovery in other civil litigation. "Discovery" refers to how parties disclose documents and other information to each other in litigation. In our federal court system, attorneys for the parties are permitted to request information from the other party through depositions, document requests, interrogatories and requests for inspection, but those requests for information are only requests.

A party receiving a request is not required to comply with that request, but rather may object, negotiate to narrow the request, or comply with the request. The interaction of the parties is governed by various rules of our federal court system. If a party or their counsel does not follow the rules, the Court may impose sanctions on a party or their attorneys for violating the rules that govern discovery.

___ GIVEN                    ___ NOT GIVEN

Source: Federal Rules of Civil Procedure, R. 1, R. 26-37.

**AGREED CONDITIONAL LIMITING JURY INSTRUCTION NO. 5: PARTIAL OR REDACTED DOCUMENTS**

The parties have offered into evidence documents that have been redacted, which means that part of the document has been blacked or whited out and stamped "redacted."

Redactions are necessary for a variety of reasons, including for example that the redacted information is unrelated to the evidence in the case, that the Court has determined that the information is not admissible or discoverable, to protect as private the personal information of individuals or other companies not parties to this lawsuit, or that the information is protected under an Order of another Court.

You should not draw any inference from the fact that a document has been redacted. You should not speculate about the content of the redacted material. You should not make any inference about the content of the redacted material from any other direct or circumstantial evidence in the case.

___ GIVEN                    ___ NOT GIVEN

Attachment 8A