# Exhibit F



UNITED STATES PATENT AND TRADEMARK OFFICE

**UNITED STATES DEPARTMENT OF COMMERCE**
**United States Patent and Trademark Office**
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 90/013,112 | 01/02/2014 | 6,651,982 B2 | 12192-021B | 1003 |

28765          7590          12/19/2014
WINSTON & STRAWN LLP
PATENT DEPARTMENT
1700 K STREET, N.W.
WASHINGTON, DC 20006

| EXAMINER |
|---|
| DAWSON, GLENN K |

| ART UNIT | PAPER NUMBER |
|---|---|
| 3993 | |

| MAIL DATE | DELIVERY MODE |
|---|---|
| 12/19/2014 | PAPER |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

PX5-I.1
PTOL-90A (Rev. 04/07)

| Office Action in Ex Parte Reexamination | Control No.<br>90/013,112 | Patent Under Reexamination<br>6,651,982 B2 E | |
|---|---|---|---|
| | Examiner<br>GLENN K. DAWSON | Art Unit<br>3993 | AIA (First Inventor to File) Status<br>No |

*-- The MAILING DATE of this communication appears on the cover sheet with the correspondence address --*

a. ☒ Responsive to the communication(s) filed on *10-15-2014* .

    ☐ A declaration(s)/affidavit(s) under **37 CFR 1.130(b)** was/were filed on \_\_\_\_\_.

b. ☒ This action is made FINAL.

c. ☐ A statement under 37 CFR 1.530 has not been received from the patent owner.

A shortened statutory period for response to this action is set to expire <u>2</u> month(s) from the mailing date of this letter.
Failure to respond within the period for response will result in termination of the proceeding and issuance of an *ex parte* reexamination certificate in accordance with this action. 37 CFR 1.550(d). **EXTENSIONS OF TIME ARE GOVERNED BY 37 CFR 1.550(c).**
If the period for response specified above is less than thirty (30) days, a response within the statutory minimum of thirty (30) days will be considered timely.

Part I    THE FOLLOWING ATTACHMENT(S) ARE PART OF THIS ACTION:

  1.  ☐ Notice of References Cited by Examiner, PTO-892.    3.  ☐ Interview Summary, PTO-474.

  2.  ☐ Information Disclosure Statement, PTO/SB/08.    4.  ☐ \_\_\_\_\_.

Part II    SUMMARY OF ACTION

  1a.  ☒ Claims *1-3,42-46 and 52-55* are subject to reexamination.

  1b.  ☒ Claims *4-41 and 47-51* are not subject to reexamination.

  2.  ☐ Claims \_\_\_\_\_ have been canceled in the present reexamination proceeding.

  3.  ☐ Claims \_\_\_\_\_ are patentable and/or confirmed.

  4.  ☒ Claims *1-3,42-46 and 52-55* are rejected.

  5.  ☐ Claims \_\_\_\_\_ are objected to.

  6.  ☐ The drawings, filed on \_\_\_\_\_ are acceptable.

  7.  ☐ The proposed drawing correction, filed on \_\_\_\_\_ has been (7a) ☐ approved (7b) ☐ disapproved.

  8.  ☐ Acknowledgment is made of the priority claim under 35 U.S.C. § 119(a)-(d) or (f).

      a) ☐ All  b) ☐ Some*  c) ☐ None    of the certified copies have

      1 ☐ been received.

      2 ☐ not been received.

      3 ☐ been filed in Application No. \_\_\_\_\_ .

      4 ☐ been filed in reexamination Control No. \_\_\_\_\_.

      5 ☐ been received by the International Bureau in PCT application No. \_\_\_\_\_.

      * See the attached detailed Office action for a list of the certified copies not received.

  9.  ☐ Since the proceeding appears to be in condition for issuance of an *ex parte* reexamination certificate except for formal matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte* Quayle, 1935 C.D. 11, 453 O.G. 213.

  10.  ☐ Other: \_\_\_\_\_

cc: Requester (if third party requester)

U.S. Patent and Trademark Office
PTOL-466 (Rev. 08-13)        Office Action in Ex Parte Reexamination        Part of Paper No. 20141212

PX5-1.3

Application/Control Number: 90/013,112          Page 4
Art Unit: 3993

The examiner believes that some of the supposed citations in the specification, figures or claims fail to provide support for the newly added claim amendments. The specification, claims and figures are silent as to the cover set flush into the top surface of the shuffler. They are also silent as to the cover having a flat surface to allow play to occur on top of it.

PO argued that Block prevents anyone from physically touching the cards which prevents a dealer from manually inserting or removing playing cards from the Block device which is required in each of the independent claims. Block also fails to teach the shuffler having a top surface mounted flush with the gaming table surface. Block teaches away from the claimed invention.

The examiner agrees.

The declaration of Colin Helsen provides evidence of commercial success.

The examiner will respond to the declaration below.

Block also fails to teach the cover over the infeed tray and delivery tray.

The examiner agrees that Block fails to teach one cover over both trays. However Block does have a cover 52 over either one and further states that an additional hole can be provided in the table through which cards are returned, but no disclosure of a cover being over this "additional" hole is provided.

Application/Control Number: 90/013,112                                    Page 10
Art Unit: 3993

## *Drawings*

The drawings are objected to under 37 CFR 1.83(a).  The drawings must

show every feature of the invention specified in the claims.  Therefore, the flat

surface on the cover that allows play to occur on top of it, and the cover set

flush into the top surface of the shuffler must be shown or the feature(s)

canceled from the claim(s).  No new matter should be entered.

Corrected drawing sheets in compliance with 37 CFR 1.530(d)(3) are

required in reply to the Office action to avoid termination of the reexamination

proceeding. Patent owner's attention is directed to section  2250.01 of the

MPEP for a discussion on how to amend drawings in a reexamination

proceeding.

## *Claim Rejections - 35 USC § 112*

The following is a quotation of the first paragraph of 35 U.S.C. 112(a):

> (a)  IN GENERAL.—The specification shall contain a written description of the invention, and of the manner and process of making and using it, in such full, clear, concise, and exact terms as to enable any person skilled in the art to which it pertains, or with which it is most nearly connected, to make and use the same,  and shall set forth the best mode contemplated by the inventor or joint inventor of carrying out the invention.

The following is a quotation of the first paragraph of pre-AIA 35 U.S.C.

112:

> The specification shall contain a written description of the invention, and of the manner and process of making and using it, in such full, clear, concise, and exact terms as to enable any person skilled in the art to which it pertains, or with which it is most nearly connected, to make and