# Exhibit N

**[AMENDED] Plaintiffs' Disputed Proposed Jury Instruction No. 23:**

**Infringement**

Plaintiffs' antitrust claims are based in part on Defendants' assertion that the '982 and '935 patents were infringed by DigiDeal Corporation's automatic card shuffler knowing that those patents were invalid. Both of those patents were reexamined by the USPTO while that litigation was pending and all of the patent claims asserted against DigiDeal were found to be invalid by the USPTO. Although the USPTO allowed certain new and amended patent claims to issue in the reexaminations, the reexamined claims are not the same as those asserted against DigiDeal. Therefore, DigiDeal cannot be guilty of infringing the original claims asserted against it, as they were all determined to be unpatentable when reexamined. Nor can DigiDeal be guilty of infringing the new patent claims awarded to Defendants in the reexaminations because DigiDeal had ceased making or selling any shufflers before those new patent claims existed. Accordingly, you are to accept that DigiDeal and its DigiShuffle automatic card shuffler did not infringe any valid claim of the '982 and/or '935 patents.

Authority: *Bloom Eng'g Co., Inc. v. N. Am. Mfg. Co. Inc.,* 129 F.3d 1247, 1250 (Fed. Cir. 1997) ("Unless a claim granted or confirmed upon reexamination is *identical* to an original claim, the patent can not be enforced against infringing activity that occurred before issuance of the reexamination certificate."); *Institut Pasteur & Universite Pierre Et Marie Curie v. Focarino,* 738 F.3d 1337, 1343 (Fed. Cir. 2013) (When patentee makes substantive amendments in response to a rejection in reexamination, there is "an irrebuttable presumption that the original claims were materially flawed."); *Westvaco Corp. v. Int'l Paper Co.*, 991 F.2d 735, 741(Fed. Cir. 1993) ("[W]hether the scope of a reissue claim is identical with the scope of the original claim is a question of law..." for court, not jury).