# Exhibit 4

05-CV-00101-ORD

he Honorable Thomas S. Zilly

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MP GAMES LLC; ALLIANCE
GAMING CORP.; BALLY GAMING,
INC.,

    Plaintiffs,

v.

SHUFFLE MASTER, INC.,

    Defendant.

No. C05-101TSZ

PROTECTIVE ORDER GOVERNING
CONFIDENTIALITY

IT IS HEREBY STIPULATED by the parties through their respective counsel of record that, pursuant to Fed. R. Civ. P. 26(c), the following protective order be entered by the Court:

1.    This Protective Order Governing Confidentiality ("Protective Order") shall apply to all information, materials, or things subject to discovery in this action, ("Discovery Material"), including, without limitation, documents, testimony, and responses provided pursuant to the Federal Rules of Civil Procedure, which contain proprietary, confidential, or commercially sensitive information. The term "Party" means the named parties in this action.

Protective Order Governing Confidentiality
(C05-1015SZ)
50960/1829568.1

Williams, Kastner & Gibbs PLLC
Two Union Square, Suite 4100 (98101-2380)
Mail Address: P.O. Box 21926
Seattle, Washington 98111-3926

2.      Documents and information obtained by or made available to either party by means other than through the discovery provisions of the Federal Rules of Civil Procedure or analogous provisions of state or foreign law shall not be subject to this Protective Order. Nothing in this Protective Order shall prevent disclosure beyond the terms of this Protective Order, if the designating party consents in writing to such disclosure, or if the Court allows such disclosure as provided for in paragraph 19.

3.      The Discovery Materials may be designated, in appropriate circumstances, as "CONFIDENTIAL" or "OUTSIDE COUNSEL ONLY." The "CONFIDENTIAL" designation shall only be used for confidential technical and business information that could provide a competitive advantage to others. The "OUTSIDE COUNSEL ONLY" designation shall be used only for (a) financial information such as margins, revenues, costs, etc.; (b) pending or abandoned patent applications; (c) information regarding future products and past and future business strategies; (d) mathematical algorithms, including software code; (e) customer lists and documents that reveal a customer's identity; and (f) third party agreements and the terms thereof. The identification of Discovery Materials with either of these designations is referred to herein as "Confidential Designation" or "designated pursuant to this Protective Order." Notwithstanding the fact that a document or category of documents is specifically called out above, each party specifically reserves its rights to object to production of any such documents.

4.      Any party or non party that is required to produce materials or information in discovery in this case may make confidential designations on materials for which the producing party believes, in good faith, there is good cause for confidential treatment consistent with the designation level.

Protective Order Governing Confidentiality
(C05-1015SZ)
50960/1829568.1

Williams, Kastner & Gibbs PLLC
Two Union Square, Suite 4100 (98101-2380)
Mail Address: P.O. Box 21926
Seattle, Washington 98111-3926

5. The confidential designation of documents and other information need not be made prior to the inspection of such documents or other information by the receiving party, but shall be made at or prior to the furnishing of copies (or, in the case of a deposition transcript, within 48 hours, as described more fully in paragraph 18, infra) by affixing a stamp with the words "CONFIDENTIAL" or "OUTSIDE COUNSEL ONLY" in a location that makes the designation readily apparent. The confidential designation may also be affixed to any documents generated in the course of this litigation, including portions of briefs, memoranda, or any other writings filed with the Court, that mention, discuss, or comment upon any material with a confidential designation.

6. A party shall have the right to request confidential designation for documents called for by subpoena to a third party, in cases where the documents were provided by the party to the non party pursuant to an agreement that the information was being provided on a confidential basis, provided such request is made to the non party, and copied to the party that issued the subpoena, within fourteen (14) days of production of the documents to the requesting party or its counsel.

7. Unless otherwise ordered by the Court, all information, materials or things with a confidential designation shall be held by the receiving party solely for use in connection with, and only as necessary to, this litigation and preparation and trial of this case, or any related appellate proceeding, *on the Nevada case CV-N-04-0407,* and not for any other purpose including, without limitation, any other litigation in any jurisdiction, or any business, governmental, or regulatory purpose or function, except as may be subpoenaed by any court, administrative, or legislative body. In the event that the receiving party makes copies of any of the information, materials or things identified by a confidential designation for use in

Protective Order Governing Confidentiality
(C05-1015SZ)
50960/1829568.1

Williams, Kastner & Gibbs PLLC
Two Union Square, Suite 4100 (98101-2380)
Mail Address: P.O. Box 21926
Seattle, Washington 98111-3926

connection with this litigation, then the receiving party shall ensure that all such copies bear the same legend as the originals from which such copies were made.

8. If documents marked with a confidential designation are called for in a subpoena by someone who is not a party to this action, the party to whom the subpoena is directed shall immediately give written notice thereof to each party that has designated the documents and shall provide each such party with an opportunity to object to the production of such documents in response to the subpoena.

9. Material filed with the Court that has been designated pursuant to this Protective Order for any purpose shall be filed in a sealed envelope or other opaque container, covered by a caption page marked with one of the following statements, whichever is appropriate:

"FILED UNDER SEAL   CONFIDENTIAL   SUBJECT TO PROTECTIVE ORDER"

Or

"FILED UNDER SEAL   OUTSIDE COUNSEL ONLY   SUBJECT TO PROTECTIVE ORDER"

For the convenience of the parties and the Court, a party that files a paper containing any confidential designation as well as non confidential material may file the entire paper under seal. If either party fails to file protected documents or information under seal, the producing party, or either party claiming the confidentiality of the documents or information, may request that the court place the filed documents or information under seal.

10. If either party required to produce documents or other information inadvertently produces any materials properly entitled to a confidential designation without marking it with the appropriate legend, the producing party may give written notice to the receiving party or parties, including appropriately designated and stamped copies of the

Protective Order Governing Confidentiality
(C05-1015SZ)
50960/1829568.1

Williams, Kastner & Gibbs PLLC
Two Union Square, Suite 4100 (98101-2380)
Mail Address: P.O. Box 21926
Seattle, Washington 98111-3926

material, that the document or information is deemed designated pursuant to this Protective Order and should be treated as such in accordance with the provisions of this Protective Order. Upon notification of the confidential designation of the document or other information, the receiving party shall use its best efforts to collect all copies of the inadvertently-produced document or other information from persons not entitled to access to such document or information had it been properly designated, and the document or other information shall thereafter be treated as if it had been timely designated pursuant to this Protective Order. If the receiving party is subject to excessive costs or burden in connection with undertaking to comply with this paragraph, then the producing party shall reimburse the receiving party for the reasonable expenses incurred in connection therewith. The inadvertent disclosure by the producing party of documents or other information without the appropriate confidential designation legend shall not be deemed to be a waiver in whole or in part of the producing party's claim of confidentiality, either as to the specific information disclosed or as to any other information relating thereto or on the same or a related subject.

11.    The term "Independent Expert" shall be defined as any person with whom a party may deem it necessary to consult concerning technical, financial, or other aspects of this case for preparation or trial.

12.    A party or non party may designate as "OUTSIDE COUNSEL ONLY" any non public material which it supplies, discloses, produces, or uses in connection with this proceeding when it has a good faith belief that the disclosure of such material to the adverse party may have a material adverse effect on the designating party.

Protective Order Governing Confidentiality
(C05-1015SZ)
50960/1829568.1

Williams, Kastner & Gibbs PLLC
Two Union Square, Suite 4100 (98101-2380)
Mail Address: P.O. Box 21926
Seattle, Washington 98111-3926

13.     Except with the prior written consent of the parties or upon prior order of the Court obtained upon noticed motion, material designated as "CONFIDENTIAL" shall not be shown, delivered, or disclosed to any person other than:

a.     The parties' litigation counsel of record or members of such counsel's firm, including associates, ("Outside Counsel of Record") for the respective parties to this litigation, including paralegal, clerical, secretarial, and administrative employees of such counsel assigned to assist in the preparation of this litigation;

b.     Robert Mouchou, any employee of any of the parties, and any attorneys for the respective parties who are advising the parties, including paralegals, clerical, secretarial, and support staff of counsel assigned to assist in the preparation of this litigation.

c.     Employees of any professional photocopy service or other litigation support service utilized by counsel in the preparation of this litigation;

d.     Any author, recipient, or producing party of such material;

e.     The Court and any persons employed by the Court whose duties require access to such material;

f.     Any independent expert retained to assist in the preparation of this case or to testify at trial or any other proceeding in this action, provided the documents disclosed pertain to the expected testimony of the independent expert and the disclosing party complies with paragraph 15. This includes stenographic and clerical employees associated with such persons; and

g.     Court reporters and other persons involved in recording deposition testimony in this action by any means.

Protective Order Governing Confidentiality
(C05-1015SZ)
50960/1829568.1

Williams, Kastner & Gibbs PLLC
Two Union Square, Suite 4100 (98101-2380)
Mail Address: P.O. Box 21926
Seattle, Washington 98111-3926

14. Except with the prior written consent of the other parties or upon prior order of the Court obtained upon noticed motion, material designated as "OUTSIDE COUNSEL ONLY" shall not be shown, delivered, or disclosed to any person other than:

a. Outside counsel of record for the respective parties to this litigation, including paralegals, clerical, secretarial and administrative employees of such counsel assigned to assist the preparation of this litigation;

b. Employees of any professional photocopy service or other litigation support service utilized by outside counsel of record in the preparation of this litigation;

c. Any author, recipient or producing party of such "OUTSIDE COUNSEL ONLY" material;

d. The Court or any persons employed by the Court whose duties require access to such material;

e. Any independent expert retained to assist in the preparation of this case or to testify at trial or any other proceeding in this action, provided the documents disclosed pertain to the expected testimony of the independent expert and the disclosing party complies with paragraph 15. This includes stenographic and clerical employees associated with such persons; and

f. Court reporters and other persons involved in recording deposition testimony in this action by any means.

15. The procedure for outside counsel of record desiring to reveal material designated pursuant to this Protective Order to the persons referred to in paragraph 13(f) and 14(e) above shall be as follows:

Protective Order Governing Confidentiality
(C05-1015SZ)
50960/1829568.1

Williams, Kastner & Gibbs PLLC
Two Union Square, Suite 4100 (98101-2380)
Mail Address: P.O. Box 21926
Seattle, Washington 98111-3926

a.    The party seeking to reveal such material designated pursuant to this protective order shall, at least seven (7) days prior to disclosure of such material to such persons, provide the following information to the designating party;

i.    The name and residential address and phone number of the person to whom the party desires to reveal material designated pursuant to this Protective Order; and

ii.    A curriculum vitae, including the name of the present employer and job title of the person.

In addition, the party seeking to reveal material designated pursuant to this Protective Order shall obtain a signed Undertaking, in the form attached hereto as Exhibit A, from such person, stating that the person has read this Protective Order, understands its provisions, agrees to be bound thereby, and agrees to be subject to the jurisdiction of this Court in any proceedings relative to enforcement of the Protective Order and provide such Undertaking to the designating party.  Outside counsel of record shall maintain a complete record of every original signed Undertaking obtained from any person pursuant to this paragraph.

b.    Within seven (7) days of receipt of the information and Undertaking described in paragraph 15(a), the designating party may object in writing to the disclosure of material designated pursuant to this Protective Order to the person to whom the party seeks to disclose such material if the designating party believes that there is a reasonable likelihood that such person:

i.    May use the material designated pursuant to this Protective Order for purposes other than the preparation or trial of this case; or

ii.    Possesses confidential information of the designating party.

Failure to object in writing within seven (7) days prior to the proposed disclosure of

Williams, Kastner & Gibbs PLLC
Two Union Square, Suite 4100 (98101-2380)
Mail Address: P.O. Box 21926
Seattle, Washington 98111-3926

material designated pursuant to this Protective Order shall be deemed a consent to such disclosure.

c.     If an objection to the disclosure of material designated pursuant to this Protective Order pursuant to paragraph 15 is not resolved by the parties within fourteen (14) days of service of the written notice of objection described in paragraph 15(b), the party desiring to disclose information may file a motion with respect to such objection within fourteen (14) days of service of the notice of objection. If such a motion is filed, the disclosure of material designated pursuant to this Protective Order to the person objected to shall be withheld pending the ruling of the Court on any such motion.

16.     The procedure for outside counsel of record desiring to reveal material designated pursuant to this Protective Order to any of the persons referred to in paragraph 13(b) above shall be as follows:

Prior to disclosing any information marked "CONFIDENTIAL," the party seeking to reveal material designated pursuant to this Protective Order shall obtain a signed Undertaking, in the form attached hereto as Exhibit A, from such person, stating that the person has read this Protective Order, understands its provisions, agrees to be bound thereby, and agrees to be subject to the jurisdiction of this Court in any proceedings relative to enforcement of the Protective Order. Copies of all such executed Undertakings shall be provided to opposing counsel prior to the disclosure of any information marked "CONFIDENTIAL." Outside counsel of record shall maintain a complete record of every original signed Undertaking obtained from any person pursuant to this paragraph.

17.     Neither the provision of this Protective Order nor the filing of any information under seal shall prevent the use, in open court, at any hearing, or at trial of this case, of any material that is subject to this Protective Order or filed under seal pursuant to its provisions. The parties shall meet and confer after the pre trial conference concerning

Protective Order Governing Confidentiality
(C05-1015SZ)
50960/1829568.1

Williams, Kastner & Gibbs PLLC
Two Union Square, Suite 4100 (98101-2380)
Mail Address: P.O. Box 21926
Seattle, Washington 98111-3926

appropriate methods for dealing with material designated pursuant to this Protective Order at trial.

18.     Either party wishing to designate deposition testimony or documents submitted as exhibits to a deposition pursuant to this Protective Order may do so on the record during the deposition, or within 48 hours of the deposition by providing written notice of the designation to the parties and other affected person(s).

19.     Unless ordered by the Court or agreed to in writing by the parties, all material designated pursuant to this Protective Order shall be treated in accordance with its designation and shall not be disclosed except under the terms of this Protective Order.

a.     In the event that either party objects to the designation of any document or other material, such party may, in writing, request the designating party to remove or change the designation. Such written request shall specifically identify the document or other material at issue.

b.     The designating party shall respond in writing within seven (7) business days of receipt of the written request, or within such other period of time as may be designated by order of the Court or agreed to by the parties. If the designating party refuses to remove to change the designation as requested, its written response shall state the reasons for this refusal. Failure to provide a timely written response shall be deemed a refusal of the request.

c.     If the designating party fails to respond to a request or refuses to remove or change the designation, the party requesting re-designation shall have ten (10) days to file a motion seeking such re-designation.  It shall be the burden of the designating

Protective Order Governing Confidentiality
(C05-1015SZ)
50960/1829568.1

Williams, Kastner & Gibbs PLLC
Two Union Square, Suite 4100 (98101-2380)
Mail Address: P.O. Box 21926
Seattle, Washington 98111-3926

party to establish that the information is correctly designated within the meaning of this Protective Order, and applicable case law.

        d.     In the event of such a motion, the material at issue may be submitted to the Court for in camera inspection.

20.     This Protective Order shall not constitute a waiver of either party's rights under the Federal Rules of Civil Procedure or the Local Rules of this Court.

21.     No later than 45 days after the final adjudication of this action, including any appeals, and upon written request by a designating party, all materials designated pursuant to this Protective Order shall be returned to the designating party or shall be destroyed, unless a motion seeking modification of this Protective Order is filed. In the event that such materials are destroyed, the person or persons responsible for such destruction shall certify in writing to the completion and manner of destruction. This provision shall not apply to file copies of pleadings, briefs, and correspondence maintained by the parties' counsel in their respective litigation files in the ordinary course of business.

22.     Nothing in this Protective Order shall limit any producing party's use of its own documents or shall prevent any producing party from disclosing information designated pursuant to this Protective Order to any person in the manner set forth in the Protective Order.

23.     The Court retains jurisdiction to make such amendments, modification, and additions to this Protective Order as it may from time to time deem appropriate. Either party may make a request to the Court for any reasonable amendment to this Protective Order to facilitate the efficient and appropriate handling of confidential information.

Protective Order Governing Confidentiality
(C05-1015SZ)
50960/1829568.1

Williams, Kastner & Gibbs PLLC
Two Union Square, Suite 4100 (98101-2380)
Mail Address: P.O. Box 21926
Seattle, Washington 98111-3926

DATED: March 20, 2006                    ___/s/ David A. Perlson_____
                                         WILLIAMS, KASTNER & GIBBS PLLC
                                         John A. Knox, WSBA #12707
                                         Two Union Square, Suite 4100 (98101-2380)
                                         Mail Address: P.O. Box 21926
                                         Seattle, Washington 9811-3926

                                         QUINN EMANUEL URQUHART
                                         OLIVER & HEDGES, LLP
                                         Charles K. Verhoeven, Esq.
                                         David A. Perlson, Esq.
                                         Jennifer A. Kash, Esq.
                                         50 California Street, 22d Floor
                                         San Francisco, California 94111

                                         Attorneys for Plaintiffs MP Games LLC,
                                         Alliance Gaming Corp. and Bally Gaming,
                                         Inc.


DATED: March 20, 2006                    ___/s/ Courtney Holohan_____
                                         Brad Keller
                                         BYRNES & KELLER LLP
                                         38th Floor
                                         1000 Second Avenue
                                         Seattle, WA 98104

                                         Barry F. Irwin
                                         Michael P. Bregenzer
                                         Courtney Holohan
                                         KIRKLAND & ELLIS LLP
                                         200 East Randolph Drive
                                         Chicago, IL 60601
                                         Telephone: (312) 861-2000
                                         Facsimile: (312) 861-2200

                                         Attorneys for Defendant Shuffle Master, Inc.

Protective Order Governing Confidentiality
(C05-1015SZ)
50960/1829568.1

Williams, Kastner & Gibbs PLLC
Two Union Square, Suite 4100 (98101-2380)
Mail Address: P.O. Box 21926
Seattle, Washington 98111-3926

**ORDER**

IT IS SO ORDERED.

March 22, 2006

DATED:

United States District Court Judge

Protective Order Governing Confidentiality
(C05-1015SZ)
50960/1829568.1

Williams, Kastner & Gibbs PLLC
Two Union Square, Suite 4100 (98101-2380)
Mail Address: P.O. Box 21926
Seattle, Washington 98111-3926