# Exhibit 8

JOEL S. GREENBERG CONFIDENTIAL

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEVADA
--oOo--

CARD, LLC, a Nevada company, )
)
Plaintiff-Counterdefendant, ) Case No.
) CV-N-03-0244-ECR-(RAM)
vs. )
)
SHUFFLE MASTER, INC., a )
Minnesota corporation, )
)
Defendant-Counterclaimant. )
_____ )
SHUFFLE MASTER, INC., )
Minnesota corporation, )
)
Plaintiff-Counterdefendant, )
)
vs. )
)
CARD AUSTRIA FORSCHUNGS UND )
ENTWICKLUNGS, et al., )
)
Defendants-Counterplaintiff. )
_____ )

**EXPERT DEPOSITION OF**
**JOEL S. GREENBERG**

Saturday, November 1, 2003
(Pages 1 - 222)

REPORTED BY: MICHELLE L. GIACHINO, CSR 11028, #01-341932

CONFIDENTIAL

Page 3

DEFENDANT'S EXHIBITS MARKED FOR IDENTIFICATION (Cont.)
No.     Description                                Page
9       E-mail to Joel Greenberg, from Donald....... 24
        Billings, dated 10/16/03, Bates No.
        GB0000033
10      E-mail to Joel Greenberg, from Robert...... 29
        Morrill, dated 10/17/03, Bates No.
        GB0000038
11      Document entitled, Claim 40 of U.S. ........ 29
        Patent No. 6,267,248, Bates Nos.
        GB0000034 through 37
12      E-mail to Joel Greenberg, from Robert....... 31
        Morrill, dated 10/17/03, Bates No.
        GB0000044
13      E-mail to Joel Greenberg, from Robert....... 33
        Morrill, dated 10/17/03, Bates No.
        GB0000045
14      E-mail to Robert B. Morrill, from Joel...... 33
        Greenberg, dated 10/17/03, Bates Nos.
        GB0000046
15      Document entitled, Declaration of Joel...... 34
        S. Greenberg in Opposition to Shuffle
        Master's Motion for Preliminary
        Injunction, Bates Nos. GB0000039
        through 43
16      Document entitled, Proving Invalidity....... 36
        Bates Nos. GB000047 through 54
17      E-mail to Joel Greenberg, from Theodore..... 36
        Chandler, dated 10/17/03, Bates Nos.
        GB0000055
18      E-mail to Joel Greenberg, from Robert....... 40
        Morrill, dated 10/18/03, Bates No.
        GB0000056
19      Document entitled, Claim 2 of U.S. ......... 41
        Patent No. 6,588,751, Bates Nos.
        GB0000057 through 58
/////

Page 3

I N D E X

EXAMINATION BY:                                PAGE
MR. LAMISON.................................... 8, 218
MR. MORRILL................................... 204
Confidential portion....................... 136-137

DEFENDANT'S EXHIBITS MARKED FOR IDENTIFICATION

No.     Description               Page.
1       E-mail to Robert Morrill, from Joel......... 14
        Greenberg, dated 10/14/03, Bates No.
        0000001
2       Letter to Joel Greenberg, from Robert....... 16
        Morrill, dated 10/14/03, Bates Nos.
        GB0000002 through 3
3       E-mail to Robert Morrill, from Joel......... 17
        Greenberg, dated 10/16/03, Bates Nos.
        GB 0000026
4       Resume for Joel S. Greenberg, Bates Nos. ... 17
        GB0000008 through 25
5       E-mail to Donald Billings, from Robert...... 18
        Morrill, dated 10/16/03, Bates No.
        GB0000027
6       E-mail to Donald Billings, from Robert...... 21
        Morrill, dated 10/16/03, Bates No.
        GB0000028
7       E-mail to Joel Greenberg, from Donald....... 22
        Billings, dated 10/16/03, Bates No.
        GB0000029
8       E-mail to Joel Greenberg, from Donald....... 23
        Billings, dated 10/16/03, Bates No.
        GB0000031
/////

Page 2

DEFENDANT'S EXHIBITS MARKED FOR IDENTIFICATION (Cont.)
No.     Description               Page
20      E-mail to Robert Morrill, from Joel......... 42
        Greenberg, dated 10/18/03, Bates Nos.
        GB0000068 through 69
21      Document entitled, Invalidity Claim......... 43
        Chart of U.S. Patent No. 6,588,751
        Claim 2 Based on U.S. Patent No.
        4,586,712, Bates Nos. GB0000060
        through 64
22      E-mail to Robert Morrill, from Joel......... 43
        Greenberg, dated 10/18/03, Bates No.
        GB0000076
23      E-mail to Joel Greenberg, from Robert....... 44
        Morrill, dated 10/18/03, Bates No.
        GB0000077
24      Document entitled, Invalidity Chart......... 44
        Comparing U.S. Patent No. 6,588,750 Claim
        21 to U.S. Patent No. 5,989,122
        Bates Nos. GB0000078 through 80
25      E-mail to Joel Greenberg, from Robert....... 45
        Morrill, dated 10/20/03, Bates No.
        GB0000081
26      Document entitled, Invalidity Chart......... 45
        Comparing U.S. Patent 6,149,154 Claim
        39 to U.S. Patent No. 5,431,399
        Bates Nos. GB0000087 through 91
27      E-mail to Robert Morrill, from Joel......... 47
        Greenberg, dated 10/20/03, Bates No.
        GB0000094
28      E-mail to Robert Morrill, from Joel......... 48
        Greenberg, dated 10/20/03, Bates No.
        GB0000093
29      E-mail to Joel Greenberg, from Robert....... 48
        Morrill, dated 10/20/03, Bates No.
        GB0000107
/////

Page 4

1 (Pages 1 to 4)

          

PLA00114107

Shuffler Art-Tab 28 PX128.2

JOEL S. GREENBERG        CONFIDENTIAL

---

**Page 5**

DEFENDANT'S EXHIBITS MARKED FOR IDENTIFICATION (Cont.)

No.    Description     Page

30   Signed declaration page for Joel S. ........ 49 Greenberg, Bates No. GB0000227

31   E-mail to Robert Morrill, from Joel......... 49 Greenberg, dated 10/21/03, Bates No. GB0000237

32   E-mail to Joel Greenberg, from Robert....... 50 Morrill, dated 10/21/03, Bates No. GB0000238

33   E-mail to Joel Greenberg, from Robert....... 50 Morrill, dated 10/21/03, Bates No. GB0000215

34   Declaration of Joel S. Greenberg............. 50 In Opposition to Shuffle Master's Motion for Preliminary Injunction, Bates Nos. GB0000184 through 190

35   Declaration of Joel S. Greenberg............. 51 in Opposition to Shuffle Master's Motion for Preliminary Injunction, Bates Nos. GB0000216 through 224

36   Declaration of Joel S. Greenberg............. 56 in Opposition to Shuffle Master's Motion for Preliminary Injunction with attachments (Exhibit retained by Mr. Greenberg)

37   Series of invalidity charts................. 56 (Exhibit retained by Mr. Greenberg)

38   Letter to Lawrence P. Benjamin, from........ 61 John T. Fitzgerald, dated 7/6/92 Bates No. GB0000860

39   Letter to Lawrence P. Benjamin, from........ 62 Mark W. Russell, dated 6/25/92, Bates No. GB0000862

40   Letter to Mr. Harold Lorber, from Ron J. ... 63 Goudsmit, dated 2/20/98, Bates No. GB0000988

---

**Page 6**

DEFENDANT'S EXHIBITS MARKED FOR IDENTIFICATION (Cont.)

No.    Description     Page

41   Letter to Mr. Ron Goudsmit, from............ 63 Harold Lorber, dated 1/28/87, Bates No. GB0000986

42   Document entitled, Letter from Bally........ 65 indicating no further interest in Monte Verde Shoe, 11/5/82, Bates Nos. GB0001094 through 1095

43   Letter to Joel Greenberg, from Harold....... 67 Lorber, dated 8/3/87, Bates Nos. GB0000969 through 970

44   Letter to Mr. Donald Trump, from Harold..... 72 Lorber, dated 7/31/87, Bates Nos. GB0000971 through 972,

45   Facsimile Transmission Form to Eric......... 73 Lamison, from Theodore W. Chandler dated 10/28/03

46   Document entitled, Technical Description... 102 The Card Accounting System (CAS) dated 9/11/92

47   Document entitled, ACS Videotape Script.... 103

48   Laser photograph with hand-drawn marking... 125

49   Laser photograph.......................... 125

50   Prosecution History for the Roblejo........ 145 patent

51   Document entitled, one2six, Bates Nos. .... 156 GB0002093 through 2113

52   United States Patent Application........... 157 Publication, Pub. No. US 2003/0047870 A1

53   Document entitled, Shuffle Master means..... 168 more hands per hour, Bates No. GB0000861

---oOo---

---

**Page 7**

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEVADA

--oOo--

CARD, LLC, a Nevada company, )
                 )
   Plaintiff-Counterdefendant, ) Case No.
                 ) CV-N-03-0244-ECR-(RAM)
   vs.           )
                 )
SHUFFLE MASTER, INC., a    )
Minnesota corporation,     )
                 )
   Defendant-Counterclaimant. )
                 )
SHUFFLE MASTER, INC., a    )
Minnesota corporation,     )
                 )
   Plaintiff-Counterdefendant, )
                 )
   vs.           )
                 )
CARD AUSTRIA FORSCHUNGS UND   )
ENTWICKLUNGS, et al.,      )
                 )
   Defendants-Counterplaintiff. )
_____ )

--oOo--

BE IT REMEMBERED that, pursuant to Subpoena, and on Saturday, November 1, 2003 commencing at 9:18 a.m. thereof at 333 Bush Street, 26th Floor, San Francisco, California before me, Michelle L. Giachino, a Certified Shorthand Reporter, personally appeared JOEL S. GREENBERG

called as a witness by the Defendant, who having been first duly sworn, was examined and testified as follows:

---

**Page 8**

--oOo--

SIDLEY, AUSTIN, BROWN & WOOD, LLP, 555 California Street, San Francisco, California 94104, represented by ROBERT B. MORRILL, THEODORE W. CHANDLER and PETER G. MIKHAIL, Attorneys at Law, appeared as counsel on behalf of the Plaintiff and Counterdefendant.

KIRKLAND & ELLIS, LLP, 333 Bush Street, San Francisco, California 94104-2878, represented by ERIC R. LAMISON, Attorney at Law, appeared as counsel on behalf of the Defendants and Counterclaimants.

ALSO PRESENT: John Bennett, Video Solutions; Mark A. Litman, Esq.; Jerry Smith, Esq; Attila Grauzer.

--oOo--

EXAMINATION BY MR. LAMISON

MR. LAMISON: We're here to take the deposition of Mr. Greenberg where Mr. Morrill agreed to produce Mr. Greenberg, on Saturday, in the course of these expedited proceedings.

Mr. Greenberg is a paid consultant testifying on behalf of Card in these proceedings, and we're here to commence a deposition in accordance with the subpoena that was served on Mr. Greenberg in agreement by Mr. Morrill to produce Mr. Greenberg here today for the deposition.

There was no objection that was made and there

---

2 (Pages 5 to 8)

          

PLA00114108

Shuffler Art-Tab 28                                                                                PX128.51

JOEL S. GREENBERG          CONFIDENTIAL

says one by one. This -- the letter from the attorney has -- to me, has an ambiguous sentence in it which says it can be programmed.

MR. LAMISON: Q. And what does it say after that?

A. To eject cards one by one. It can be programmed to do that.

Q. And that would be consistent with what's taught?

A. If it was programmed --

MR. MORRILL: Objection. Vague and ambiguous.

THE WITNESS: If it was programmed to do that, then it would be consistent with what the patent says.

MR. LAMISON: Q. And if we go back to the beginning of this paragraph, the moreover, since the apparatus is capable of -- it says, "Since the apparatus is capable of identifying sets of cards which are not always 52 in number, the representative buffer means shown in Figure 1 was not provided with a specific number of slots. It is clear from the disclosure that the buffer means in a preferred embodiment would contain a slot for each card in a set."

Do you see that, sir?

A. Yes, I do.

Q. That's talking about one card per slot, right?

A. That's what this letter from the attorney seems

Page 201

to imply. The patent that I have evaluated gives pause for other consideration.

Q. And in this same paragraph in the file history where the attorney talks about having one card per slot, he also talks about ejecting the cards one by one?

A. He says they can be ejected one by one.

MR. MORRILL: Objection. Misstates the document.

MR. LAMISON: Q. And he says, as the specification makes clear, he says it's clear from the specification, right?

MR. MORRILL: Where is that, Mr. Lamison?

MR. LAMISON: I'm on page 5.

MR. MORRILL: On the third line of the first full paragraph?

MR. LAMISON: Second line from the bottom where it says that the specification makes clear.

THE WITNESS: I don't know what the specification is. I don't know that I have ever seen a specification.

MR. LAMISON: Did you have a comment, Mr. Morrill?

MR. MORRILL: No.

MR. LAMISON: Q. When you saw the video of Mr. Luciano's device -- I believe you said you saw that

Page 202

yesterday, sir?

A. Yes.

Q. -- do you recall that that device basically was a device that was built into the entire table, right?

A. Yes, that's what the video showed.

Q. You couldn't pick that device up and conveniently move it to another table, right?

A. Not the way it was constructed, no.

Q. It was a pretty big apparatus; it took up a big portion of that table, didn't it?

A. I don't know -- well, it was designed, evidently, for a specific purpose. You're asking me to comment as to whether or not a design for a specific purpose could be used easily for another purpose, and I can't answer that.

MR. MORRILL: Are we taking a break?

MR. LAMISON: I'm either going to ask questions or -- we just need to confer.

MR. MORRILL: So we're still on the record, then.

MR. LAMISON: At this point, I have no further questions for Mr. Greenberg. I would like to say thank you for coming in on a Saturday to do this. I'm sorry we had a rough start at the beginning between the lawyers, and it had nothing to do with you; it's the

Page 203

lawyers. And I really do appreciate you coming all this way and doing this.

I really -- I guess I have one last question.

THE WITNESS: Yes.

MR. LAMISON: Q. Are you available on November 24th to appear at a preliminary injunction hearing in Reno, Nevada?

A. November 24th, is that around Thanksgiving?

MR. MORRILL: It's the Monday before Thanksgiving.

MR. LAMISON: Yes, sir.

THE WITNESS: Probably, yes.

MR. LAMISON: I'm not saying that I'm going to require you to be there. I just want to know the answer. Thank you for the documents as well, sir.

MR. MORRILL: I'm going to have 10 or 15 minutes of questions. It would be good if you -- if I could kind of be in here by myself to get organized. Why don't we take like a ten-minute break and then we can move expeditiously. You can take a break too, if you'd like to.

(Whereupon, a recess was taken.)

EXAMINATION BY MR. MORRILL

MR. MORRILL: Q. Mr. Greenberg, I'd like to start off by asking you some questions about how many

Page 204

51 (Pages 201 to 204)

          

PLA00114157