# Exhibit 18

# Chapter 2000   Duty of Disclosure

**2000**        **[Reserved]**
2000.01        Introduction
**2001**        **Duty of Disclosure, Candor, and Good Faith**
2001.01        Who Has Duty To Disclose
2001.02        [Reserved]
2001.03        To Whom Duty of Disclosure Is Owed
2001.04        Information Under 37 CFR 1.56(a)
2001.05        Materiality Under 37 CFR 1.56(b)
2001.06        Sources of Information
2001.06(a)        Prior Art Cited in Related Foreign Applications
2001.06(b)        Information Relating to or From Copending United States Patent Applications
2001.06(c)        Information From Related Litigation
2001.06(d)        Information Relating to Claims Copied From a Patent
**2002**        **Disclosure — By Whom and How Made**
2002.01        By Whom Made
2002.02        Must be in Writing
**2003**        **Disclosure __ When Made**
2003.01        Disclosure After Patent Is Granted
**2004**        **Aids to Compliance With Duty of Disclosure**
**2005**        **Comparison to Requirement for Information**
**2006-2009**        **[Reserved]**
**2010**        **Office Handling of Duty of Disclosure/Inequitable Conduct Issues**
**2011**        **[Reserved]**
**2012**        **Reissue Applications Involving Issues of Fraud, Inequitable Conduct, and/or Violation of Duty of Disclosure**
2012.01        Collateral Estoppel
**2013**        **Protests Involving Issues of Fraud, Inequitable Conduct, and/or Violation of Duty of Disclosure**
**2014**        **Duty of Disclosure in Reexamination Proceedings**
**2015**        **[Reserved]**
**2016**        **Fraud, Inequitable Conduct, or Violation of Duty of Disclosure Affects All Claims**
**2017-2021**        **[Reserved]**
**2022**        **[Reserved]**
2022.01 -        [Reserved]
2022.04
2022.05        Determination of "Error Without Any Deceptive Intention"

[ *Editor Note* : This chapter was not substantively revised for the Ninth Edition of the MPEP. Each section has a revision indicator of "[R-08.2012]," meaning that the section as reproduced in this Edition is the version in force in August 2012 with the following exceptions: 1) As a result of the publication process, form paragraphs reproduced in this chapter reflect the text used by examiners effective November 2013 rather than those in force in August 2012; 2) The marks indicating added or deleted text from prior revisions have been removed; and 3) The notation "[Reserved]" has been added for section numbers previously missing in the hierarchy (i.e., section numbers that were never used or no longer have text). See the ninth revision of the Eighth Edition of the MPEP published August 2012 as posted on the USPTO Web site on the MPEP Archives page (**http://www.uspto.gov/web/offices/ pac/mpep/old/index.htm**) for the text of form paragraphs in force in August 2012 and the prior revision marks.]

## 2000  [Reserved]

## 2000.01  Introduction [R-08.2012]

This Chapter deals with the duties owed toward the U.S. Patent and Trademark Office by the inventor and every other individual who is substantively involved in the preparation or prosecution of the application and who is associated with the inventor or the inventor's assignee. These duties, of candor and good faith and disclosure, have been codified in **37 CFR 1.56**, as promulgated pursuant to carrying out the duties of the Director under Sections **2**, **3**, **131**, and **132** of Title 35 of the United States Code.

## 2001  Duty of Disclosure, Candor, and Good Faith [R-08.2012]

*37 CFR 1.56  Duty to disclose information material to patentability.*

(a) A patent by its very nature is affected with a public interest. The public interest is best served, and the most effective patent examination occurs when, at the time an application is being examined, the Office is aware of and evaluates the teachings of all information material to patentability. Each individual associated with the filing and prosecution of a patent application has a duty of candor and good faith in dealing with the Office, which includes a duty to disclose to the Office all information known to that individual to be material to patentability

1982) wherein a patent was held invalid or unenforceable because patentee's foreign counsel did not disclose to patentee's United States counsel or to the Office prior art cited by the Dutch Patent Office in connection with the patentee's corresponding Dutch application. The court stated, 542 F. Supp. at 943, 216 USPQ at 985:

> Foreign patent attorneys representing applicants for U.S. patents through local correspondent firms surely must be held to the same standards of conduct which apply to their American counterparts; a double standard of accountability would allow foreign attorneys and their clients to escape responsibility for fraud or inequitable conduct merely by withholding from the local correspondent information unfavorable to patentability and claiming ignorance of United States disclosure requirements.

## 2001.06(b) Information Relating to or From Copending United States Patent Applications [R-08.2012]

The individuals covered by **37 CFR 1.56** have a duty to bring to the attention of the examiner, or other Office official involved with the examination of a particular application, information within their knowledge as to other copending United States applications which are "material to patentability" of the application in question. As set forth by the court in *Armour & Co. v. Swift & Co.*, 466 F.2d 767, 779, 175 USPQ 70, 79 (7th Cir. 1972):

> [W]e think that it is unfair to the busy examiner, no matter how diligent and well informed he may be, to assume that he retains details of every pending file in his mind when he is reviewing a particular application . . . [T]he applicant has the burden of presenting the examiner with a complete and accurate record to support the allowance of letters patent.

See also **MPEP § 2004**, paragraph 9.

Accordingly, the individuals covered by **37 CFR 1.56** cannot assume that the examiner of a particular application is necessarily aware of other applications

which are "material to patentability" of the application in question, but must instead bring such other applications to the attention of the examiner. See *Dayco Prod., Inc. v. Total Containment, Inc.*, 329 F.3d 1358, 1365-69, 66 USPQ2d 1801, 1806-08 (Fed. Cir. 2003). For example, if a particular inventor has different applications pending in which similar subject matter but patentably indistinct claims are present that fact must be disclosed to the examiner of each of the involved applications. Similarly, the prior art references from one application must be made of record in another subsequent application if such prior art references are "material to patentability" of the subsequent application. See *Dayco Prod.,* 329 F.3d at 1369, 66 USPQ2d at 1808.

If the application under examination is identified as a continuation, divisional, or continuation-in-part of an earlier application, the examiner will consider the prior art cited in the earlier application. See MPEP **§ 609.** The examiner must indicate in the first Office action whether the prior art in a related earlier application has been reviewed. Accordingly, no separate citation of the same prior art need be made in the later application.

## 2001.06(c) Information From Related Litigation [R-08.2012]

Where the subject matter for which a patent is being sought is or has been involved in litigation, the existence of such litigation and any other material information arising therefrom must be brought to the attention of the U.S. Patent and Trademark Office. Examples of such material information include evidence of possible prior public use or sales, questions of inventorship, prior art, allegations of "fraud," "inequitable conduct," and "violation of duty of disclosure." Another example of such material information is any assertion that is made during litigation which is contradictory to assertions made to the examiner. *Environ Prods., Inc. v. Total Containment, Inc.*, 43 USPQ2d 1288, 1291 (E.D. Pa. 1997). Such information might arise during litigation in, for example, pleadings, admissions, discovery including interrogatories, depositions, and other documents and testimony.

Where a patent for which reissue is being sought is, or has been, involved in litigation which raised a

question material to examination of the reissue application, such as the validity of the patent, or any allegation of "fraud," "inequitable conduct," or "violation of duty of disclosure," the existence of such litigation must be brought to the attention of the Office by the applicant at the time of, or shortly after, filing the application, either in the reissue oath or declaration, or in a separate paper, preferably accompanying the application, as filed. Litigation begun after filing of the reissue application should be promptly brought to the attention of the Office. The details and documents from the litigation, insofar as they are "material to patentability" of the reissue application as defined in **37 CFR 1.56**, should accompany the application as filed, or be submitted as promptly thereafter as possible. See *Critikon, Inc. v. Becton Dickinson Vascular Access, Inc.*, 120 F.3d 1253, 1258, 1259, 43 USPQ2d 1666, 1670-71 (Fed. Cir. 1997) (patent held unenforceable due to inequitable conduct based on patentee's failure to disclose a relevant reference and for failing to disclose ongoing litigation).

For example, the defenses raised against validity of the patent, or charges of "fraud" or "inequitable conduct" in the litigation, would normally be "material to the examination" of the reissue application. It would, in most situations, be appropriate to bring such defenses to the attention of the Office by filing in the reissue application a copy of the court papers raising such defenses. At a minimum, the applicant should call the attention of the Office to the litigation, the existence and the nature of any allegations relating to validity and/or "fraud," or "inequitable conduct" relating to the original patent, and the nature of litigation materials relating to these issues. Enough information should be submitted to clearly inform the Office of the nature of these issues so that the Office can intelligently evaluate the need for asking for further materials in the litigation. See **MPEP § 1442.04**.

If litigation papers of a live litigation relating to a pending reissue application are filed with the Office, the litigation papers along with the reissue application file should be forwarded to the Solicitor's Office for processing. If the litigation is not live, the litigation papers are processed by the Technology Center assigned the reissue application.

## 2001.06(d)  Information Relating to Claims Copied From a Patent [R-08.2012]

Where claims are copied or substantially copied from a patent, 37 CFR 1.607(c) requires applicant shall, at the time he or she presents the claim(s), identify the patent and the numbers of the patent claims. Clearly, the information required by 37 CFR 1.607(c) as to the source of copied claims is material information under **37 CFR 1.56** and failure to inform the USPTO of such information may violate the duty of disclosure.

## 2002  Disclosure — By Whom and How Made [R-08.2012]

*37 CFR 1.56  Duty to disclose information material to patentability.*

\*\*\*\*\*

(d)  Individuals other than the attorney, agent or inventor may comply with this section by disclosing information to the attorney, agent, or inventor.

\*\*\*\*\*

## 2002.01  By Whom Made [R-08.2012]

**37 CFR 1.56(d)** makes clear that information may be disclosed to the Office through an attorney or agent of record or through a *pro se* inventor, and that other individuals may satisfy their duty of disclosure to the Office by disclosing information to such an attorney, agent, or inventor who then is responsible for disclosing the same to the Office. Information that is not material need not be passed along to the Office.

## 2002.02  Must be in Writing [R-08.2012]

*37 CFR 1.2  Business to be transacted in writing.*

All business with the Patent and Trademark Office should be transacted in writing. The personal attendance of applicants or their attorneys or agents at the Patent and Trademark Office is unnecessary. The action of the Patent and Trademark Office will be based exclusively on the written record in the Office. No attention will be paid to any alleged oral promise, stipulation, or understanding in relation to which there is disagreement or doubt.

*37 CFR 1.4  Nature of correspondence and signature requirements.*

\*\*\*\*\*