# Exhibit 22

Message

| | |
|---|---|
| **From:** | Anderson, Kimball R. [/O=WINSTON/OU=FIRST ADMINISTRATIVE GROUP/CN=RECIPIENTS/CN=KANDERSO] |
| **Sent:** | 3/20/2014 4:03:52 PM |
| **To:** | Marie Kerr [mmk@kipg.com] |
| **CC:** | Shin, Howard I. [/O=WINSTON/OU=First Administrative Group/cn=Recipients/cn=HShin]; Pesce, Anthony DeMarco [/O=WINSTON/OU=EXCHANGE ADMINISTRATIVE GROUP (FYDIBOHF23SPDLT)/CN=RECIPIENTS/CN=APesce] |
| **Subject:** | RE: SHFL v. DigiDeal: Production |

No one concealed the depositions. They were neither responsive to your document requests nor relevant to any contested issue in the case. You are now wasting your client's money and my time. If the court reporter has the exhibits, you can have them.

Kimball R. Anderson
Partner
Winston & Strawn LLP
35 W. Wacker Drive
Chicago, IL 60601-9703
D: +1 (312) 558-5858
F: +1 (312) 558-5700
http://www.winston.com

-----Original Message-----
From: Marie Kerr [mailto:mmk@kipg.com]
Sent: Thursday, March 20, 2014 7:22 AM
To: Anderson, Kimball R.
Subject: RE: SHFL v. DigiDeal: Production

Kimball-

There was a protective order in that case, and the transcript was deemed confidential. Therefore, I do not have the same right as you do to call the court reporter and get such exhibits. Quite frankly, I am shocked that both SHFL and Bally, and/or outside counsel did not retain copies of these exhibits, as well as the fact that SHFL has concealed these deposition transcripts, and that I did not get them until only after I told you that they existed, having found out the existence of such documents through chance conversations.

The exhibits to two depositions show that during prosecution of the '935 patent, SHFL had knowledge of prior art showing precisely the same features that are claimed as novel in the '935 patent, that it knew such art was material, and it failed to disclose that art to the USPTO. This failure to disclose material prior art continued during the subsequent three years of prosecution. SHFL repeatedly asserted to the Examiner that there was no such prior art existed. This is relevant to invalidity and inequitable conduct, or could lead to the discovery of evidence, and we should have received these transcripts over a year ago to give us time to investigate this further, as well as to preserve any evidence that may exist with third parties.

Marie.

_____
From: Anderson, Kimball R. [KAnderso@winston.com]
Sent: Thursday, March 20, 2014 1:27 AM
To: Marie Kerr
Cc: Julie Dawes; Pesce, Anthony DeMarco; Shin, Howard I.; Berry, Wilder Kendric
Subject: RE: SHFL v. DigiDeal: Production

WS_0015702

PX141.2

You have the same right.  Why don't you call the court reporter?  I really doubt that she/he has the exhibits.  Court reporters rarely keep the exhibits.  In any event, we are not spending any more time and money on your frolic and detour.  The exhibits, if they still exist, are easily accessible by you.  And, from reading of the depositions, they are totally irrelevant.


Kimball R. Anderson
Partner
Winston & Strawn LLP
35 W. Wacker Drive
Chicago, IL 60601-9703
D: +1 (312) 558-5858
F: +1 (312) 558-5700
http://www.winston.com


-----Original Message-----
From: Marie Kerr [mailto:mmk@kipg.com]
Sent: Wednesday, March 19, 2014 8:17 PM
To: Anderson, Kimball R.
Cc: Julie Dawes; Pesce, Anthony DeMarco; Shin, Howard I.; Berry, Wilder Kendric
Subject: RE: SHFL v. DigiDeal: Production

 "Control" means "the legal right, authority, or ability to obtain upon demand documents in the possession of another." SHFL most certainly has the legal right, authority, or ability to obtain upon demand the exhibits attached to deposition transcripts in the possession of the court reporter for a deposition that SHFL took, and where SHFL supplied such documents to the court reporter.
Marie


_____
From: Anderson, Kimball R. [KAnderso@winston.com]
Sent: Wednesday, March 19, 2014 4:02 PM
To: Marie Kerr
Cc: Anderson, Kimball R.; Julie Dawes; Pesce, Anthony DeMarco; Shin, Howard I.; Berry, Wilder Kendric
Subject: Re: SHFL v. DigiDeal: Production

We have asked outside counsel to search their files.  The court reporter is not in our client's control.

Sent from my iPhone

> On Mar 20, 2014, at 11:53 AM, "Marie Kerr" <mmk@kipg.com>  wrote:
>
> I am assuming that your email below means that SHFL not requested all documents from the court reporter hired by SHFL used as exhibits in the depositions of Larry Luciano and Robert Luciano.  I am also assuming that your email below means that SHFL has not requested all documents used as exhibits in the depositions of Larry Luciano and Robert Luciano from Kirkland & Ellis, SHFL's attorneys in the matter of C05-1017TSZ.
>
> Please confirm.
>
> _____
> From: Anderson, Kimball R. [KAnderso@winston.com]

WS_0015703

> Sent: Wednesday, March 19, 2014 3:43 PM
> To: Marie Kerr
> Cc: Anderson, Kimball R.; Julie Dawes; Pesce, Anthony DeMarco; Shin, Howard I.; Berry, Wilder Kendric
> Subject: Re: SHFL v. DigiDeal: Production
>
> You are welcome to do that.
>
> Sent from my iPhone
>
>> On Mar 20, 2014, at 9:49 AM, "Marie Kerr" <mmk@kipg.com> wrote:
>>
>> Have you inquired with the court reporter whether they retained an electronic or hard copy of the exhibits?
>> Marie.
>> _____
>> From: Anderson, Kimball R. [KAnderso@winston.com]
>> Sent: Wednesday, March 19, 2014 12:48 PM
>> To: Marie Kerr
>> Cc: Julie Dawes; Pesce, Anthony DeMarco; Shin, Howard I.; Berry, Wilder Kendric
>> Subject: RE: SHFL v. DigiDeal: Production
>>
>> Our client does not have the exhibits.  Otherwise we would have sent them to you.
>>
>> Kimball R. Anderson
>> Partner
>> Winston & Strawn LLP
>> 35 W. Wacker Drive
>> Chicago, IL 60601-9703
>> D: +1 (312) 558-5858
>> F: +1 (312) 558-5700
>> http://www.winston.com
>>
>>
>> -----Original Message-----
>> From: Marie Kerr [mailto:mmk@kipg.com]
>> Sent: Wednesday, March 19, 2014 11:06 AM
>> To: Anderson, Kimball R.
>> Cc: Julie Dawes; Pesce, Anthony DeMarco; Shin, Howard I.; Berry, Wilder Kendric
>> Subject: RE: SHFL v. DigiDeal: Production
>>
>> Dear Mr. Anderson,
>>
>> Thank you for forwarding the deposition transcript of Larry Luciano.  We note that this transcript does not include any exhibits.  Please provide the exhibits to this transcript, as well as the exhibits to Bob Luciano's deposition transcript.
>>
>> We confirm that this transcript, and that of Bob Luciano, are both designated Confidential, not AEO.
>>
>> Thank you,
>>
>> Marie Kerr
>>
>> _____
>> From: Berry, Wilder Kendric [WBerry@winston.com]

WS_0015704

>> Sent: Wednesday, March 19, 2014 8:01 AM
>> To: Marie Kerr
>> Cc: Julie Dawes; Pesce, Anthony DeMarco; Shin, Howard I.; Anderson, Kimball R.
>> Subject: SHFL v. DigiDeal: Production
>>
>> Good morning Ms. Kerr.
>>
>>
>> On behalf of the plaintiff SHFL, pursuant to Defendant's request, we are producing the attached documents bates stamped SHFL_006608 - SHFL_006652. In accordance with the protective order, these documents are designated confidential.
>>
>> If you have any questions or concerns, please feel free to contact us.
>>
>> Best wishes,
>>
>> Ken Berry
>>
>> Wilder Kendric Berry
>>
>> Senior Paralegal
>>
>> Winston & Strawn LLP
>> 35 W. Wacker Drive
>> Chicago, IL 60601-9703
>>
>> D: +1 (312) 558-6206
>>
>> F: +1 (312) 558-5700
>>
>> Bio<http://www.winston.com/index.cfm?contentID=24&itemID=12273> |
VCard<http://www.winston.com/sitefiles/wsvcard/12273.vcf> | Email<mailto:wberry@winston.com> |
www.winston.com<http://www.winston.com>
>>
>> [Description: Description: Description: Description: Description: Description: Winston & Strawn LLP]
>>
>>
>> The contents of this message may be privileged and confidential. Therefore, if this message has been received in error, please delete it without reading it. Your receipt of this message is not intended to waive any applicable privilege. Please do not disseminate this message without the permission of the author.
************************************************************************** Any tax advice contained in this email was not intended to be used, and cannot be used, by you (or any other taxpayer) to avoid penalties under the Internal Revenue Code of 1986, as amended.
>> The contents of this message may be privileged and confidential. Therefore, if this message has been received in error, please delete it without reading it. Your receipt of this message is not intended to waive any applicable privilege. Please do not disseminate this message without the permission of the author.
************************************************************************** Any tax advice contained in this email was not intended to be used, and cannot be used, by you (or any other taxpayer) to avoid penalties under the Internal Revenue Code of 1986, as amended.
> The contents of this message may be privileged and confidential. Therefore, if this message has been received in error, please delete it without reading it. Your receipt of this message is not intended to waive any applicable privilege. Please do not disseminate this message without the permission of the author.