# Exhibit 28

W. WEST ALLEN
Nevada Bar No. 5566
LEWIS AND ROCA LLP
Suite 600
3993 Howard Hughes Parkway
Las Vegas, Nevada 89109
Telephone: (702) 949-8200
Facsimile: (702) 949-8398

KIMBALL R. ANDERSON
(admitted *pro hac vice*)
WINSTON & STRAWN LLP
35 W. Wacker Drive
Chicago, Illinois 60601
Telephone: (312) 558-5600
Facsimile: (312) 558-5700

Attorneys for Defendants
VendingData Corporation, et al.

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| SHUFFLE MASTER, INC., a Nevada corporation,<br><br>Plaintiff,<br><br>v.<br><br>VENDINGDATA CORPORATION, a Nevada corporation;<br><br>Defendant | Case No. 2:04-CV-1373-BES-(LRL)<br><br><br>**VENDINGDATA'S RESPONSE TO SHUFFLE MASTER'S MOTION FOR PROTECTIVE ORDER PREVENTING DEPOSITIONS OF MARK YOSELOFF AND PAUL MEYER** |

VendingData Corporation ("VendingData"), by counsel, respectfully submits the following response to Shuffle Master Inc.'s ("Shuffle Master") Motion for Protective Order Preventing the Depositions of Mark Yoseloff and Paul Meyer (the "Motion").

**INTRODUCTION**

As we have advised the Court, this lawsuit has little to do with protecting Shuffle Master's legitimate intellectual property interests, and everything to do with its desire to run its smaller and

Lewis and Roca LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada 89109

44403.14444403.1

PLA00091851

weaker competitor out of business.   Shuffle Master's recently escalated efforts to bury VendingData in meaningless and burdensome discovery include 14 depositions to be taken domestically and abroad.   The depositions noticed by Shuffle Master include all of VendingData' senior management and the Chair of its Board of Directors.   Shuffle Master's vexatious litigation strategy is part of an overall business plan clearly and publicly articulated by its Chairman and CEO, Mark Yoseloff, and executed by its President and COO, Paul Meyer.   Shuffle Master's strategy consists of filing frivolous and abusive patent infringement lawsuits against its competitors, not with a view to protecting Shuffle Master's limited intellectual property, but with the intent of destroying its competitors or, at the very least, weaken them.

Because Shuffle Master's obstinate pursuit of this frivolous case makes it "exceptional" under the U.S. Patent Act,  35 U.S.C. § 285, VendingData noticed the author and executioner of Shuffle Master's vexatious litigation strategy:   Mark Yoseloff and Paul Meyer.   Those notices predictably resulted in objections from Shuffle Master, which objects to everything, concedes nothing, and produces no discovery, all the while burying VendingData with vexatious and abusive discovery requests.[1]

## ARGUMENT

I.   **Messrs. Yoseloff and Meyer Have Unique Knowledge About a Matter That Demonstrates Exceptional Circumstances Meriting an Award of VendingData's Attorneys' Fees.**

Under Section 285 of the patent code, "[t]he court in exceptional cases may award reasonable attorneys fees to the prevailing party."   35 U.S.C. § 285.   A finding that a case is "exceptional" can be based on "unfairness or bad faith in the conduct of the losing party, or some other equitable consideration of similar force, which makes it grossly unjust that the winner of the

---

[1]   Incredibly, Shuffle Master filed with the court at the very time this Response was being finalized yet another unnecessary, vexatious discovery motion in its ongoing and improper attempt to overwhelm through litigation its smaller competitor.   See Shuffle Master's Motion to Compel Responses to Second Set of Interrogatories (Nos. 8-18) (Ct. Docket # 154).

Lewis and Roca LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada  89109

44403.14444403.1

particular law suit be left to bear the burden of his counsel fees . . . ." Machinery Corp. of Am. v. Gullfiber AB et al., 774 F.2d 467, 471 (Fed. Cir. 1985).  If supported by clear and convincing evidence, such a finding is appropriate under a variety of circumstances, including when the patentee committed litigation misconduct, engaged in vexatious or unjustified litigation, or filed or maintained a frivolous lawsuit.  See Beckman Instruments, Inc. v. LKB Produkter AB et al., 892 F.2d 1547, 1551 (Fed. Cir. 1989).; accord Standard Oil Co. v. American Cyanamid Co., 774 F.2d 448, 455 (Fed. Cir. 1985) (same); Phonometrics, Inc. v. Choice Hotels Intern., Inc., 186 F. Supp. 2d 1231, 1232 (S.D. Fla. 2002), aff'd, 65 Fed. Appx. 284 (Fed. Cir. 2003) (unpublished) (quoting Amsted Indus. Inc. v. Buckeye Steel Castings Co., 23 F.3d 374, 376 (Fed. Cir. 1994)).  Because of the unfortunate propensity of parties like Shuffle Master to engage in abusive litigation under the guise of legitimate patent protection, the Federal Circuit has routinely affirmed fee awards.  See e.g., Evident Corp. v. Church & Dwight Co., 399 F.3d 1310 (Fed. Cir. 2005) (affirming fee award); Bruno Indep. Living Aids v. Acorn Mobility Servs., 394 F.3d 1348 (Fed. Cir. 2005) (same); Golight, Inc. v. Wal-Mart Stores, Inc., 355 F.3d 1327 (Fed. Cir. 2004) (same).  An award of fees is particularly appropriate to victims of a vexatious litigation "strategy".  Union Oil Co. of California v. Chevron U.S.A., Inc., 34 F .Supp. 2d 1222, 1225 (C.D. Cal., 1998) (awarding fees against party that pursued a vexatious "litigation strategy"); Beckman Instruments, 892 F.2d at 1551.

Here, Messrs. Yoseloff and Meyer are uniquely qualified and knowledgeable about the vexatious strategy of lawsuit abuse that Shuffle Master has announced and practiced in this matter. Mr. Yoseloff himself publicly articulated that strategy by stating that to induce competitors to sell out to Shuffle Master, "we [have] to create a situation where they would be induced to sell * * * It struck me that one way (to do that) was to sue them (and have them incur) legal fees sufficiently high…." **Exhibit 1**. As reflected on the attached case list, Shuffle Master has repeatedly sued its

Lewis and Roca LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada  89109

44403.14444403.1

competitors, including VendingData, until some have succumbed to the pressure to sell out to Shuffle Master. **Exhibit 2.**

Moreover, on more than one occasion, Shuffle Master's CEO Paul Meyer specifically threatened VendingData's President and CEO, Mark Newburg, with vexatious litigation aimed at bringing VendingData to its knees. See Declaration of Mark Newburg, attached hereto as **Exhibit 3**. Pursuant to Mr. Yoseloff's "sue and conquer" policy, Mr. Meyer led Shuffle Master's efforts to purchase VendingData and, when those efforts were frustrated, he directed the retaliatory response which is the present litigation. Id. No one at Shuffle Master can testify about the reasons or intent behind Mr. Yoseloff's litigation strategy and Mr. Meyer's conduct pursuant thereto other than Messrs. Yoseloff and Meyer. Under these circumstances, VendingData's is entitled to depose these men to establish the "exceptional circumstances" that would support an award of VendingData's fees under Section 285.

**II.      VendingData Will Continue its Deposition Notices for Messrs. Yoseloff and Meyer Pending the Court's Ruling on its Motion to Stay Discovery.**

On May 1, 2007, VendingData moved the Court to stay all discovery in this matter pending the Court's ruling on VendingData's motion for summary judgment. Given that motion's filing, VendingData will continue the deposition notices of Messrs. Yoseloff and Meyer until after the Court has ruled on its motion to stay discovery.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

Lewis and Roca LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada  89109

44403.14444403.1

## CONCLUSION

For the foregoing reasons, VendingData requests that Shuffle Master's Motion for Protective Order be denied.

Respectfully submitted,

**VENDINGDATA CORPORATION**

Dated:  May 21, 2007                    By:   /s/ _____
                                                   One of their attorneys

West Allen (Nevada Bar No. 5566)
Michael McCue (Nevada Bar No. 6055)
Lewis & Roca LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada 89109
(702) 949-8200 - telephone
(702) 949-8398 - facsimile

Kimball R. Anderson
Winston & Strawn LLP
35 West Wacker Drive
Chicago, Illinois  60601
(312) 558-5600 - telephone
(312) 558-5700 - facsimile

Lewis and Roca LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada  89109

44403.14444403.1

PLA00091855

# EXHIBIT 2

# EXHIBIT 2

PLA00091859

PX160.10

Westlaw.

QUERY - PTN(SHUFFLE-MASTER)                DATABASE(S) - DOCK-ALL

| Rank | Case Number | Case Title | Filing Date | Court | KNOS |
|---|---|---|---|---|---|
| 1 | 3:03CV00800 | AIM MANAGEMENT, INC., ET AL v. SHUFFLE MASTER, INC., ET AL | 06/12/2003 | S.D.MISS. | PROPERTY RIGHTS (830) |
| 2 | 03-A-467104-C | ARDENT PROGRESSIVE SYSTEMS AND GAMES v. SHUFFLE MASTER INC | 05/02/2003 | EIGHTH JUDICIAL DISTRICT COURT | |
| 3 | 02-A-456205-C | AWADA, YEHIA v. SHUFFLE MASTER INC | 09/12/2002 | NV CLARK 8TH JUDICIAL DIST. | |
| 4 | 4:03CV00244 | CARD, LLC. v. SHUFFLE MASTER, INC. | 05/06/2003 | D.NEV. | PROPERTY RIGHTS (830) |
| 5 | 2:96CV00704 | D.D. STUD, INC. v. SHUFFLE MASTER, INC. | 08/02/1996 | D.NEV. | PROPERTY RIGHTS (830) |
| 6 | 02-A-455269-C | DOONER, THERESE v. MGM MIRAGE | 08/21/2002 | EIGHTH JUDICIAL DISTRICT COURT | |
| 7 | 99-1401 | IN RE PROGRESSIVE GAMES | 05/24/1999 | FED. CIR. | |
| 8 | 99-1590 | IN RE PROGRESSIVE GAMES INC. | 09/28/1999 | FED. CIR. | |
| 9 | 3:04MS00068 | IN RE: SHUFFLE MASTER, INC. v. NA | 12/02/2004 | D.NEV. | |
| 10 | 1:06CV00195 | IN RE: GRAND CASINO OF MISSISSIPPI, INC.-BILOXI | 03/14/2006 | S.D.MISS. | OTHER STATUTES (890) |
| 11 | 0:01CV00802 | INTERNATIONAL GAME, ET AL v. SHUFFLE MASTER, INC. | 05/09/2001 | D.MINN. | PROPERTY RIGHTS (830) |
| 12 | 3:03CV00517 | KATHLEEN J. HAMMONS v. SHUFFLE MASTER, INC., ET AL. | 05/08/2003 | D.NEV. | CIVIL RIGHTS (440) |
| 13 | 05-A-509081-C | KEMPLER, LAWRENCE v. | 08/25/2005 | EIGHTH JUDICIAL | |