# Exhibit 31



**"Anderson, Kimball"**
<KAnderso@winston.com>

03/08/2007 12:20 PM

To  <barry_irwin@kirkland.com>

cc  <wstowe@vendingdata.com>, "Marcotte, Eric"
<EMarcotte@winston.com>,
<mnewburg@vendingdata.com>

bcc

Subject  Confidential settlement communication

Dear Barry, we appreciate Shuffle Master's interest in
settlement.  Vending Data too desires to reach an amicable resolution of
the dispute.  Thank you for sharing, in summary form, your client's
views of the merits of the case.  We thought it might be useful to share
Vending Data's views.

Vending Data perceives that Shuffle Master has been engaged, for
many years, in an anti-competitive practice clearly and publicly
articulated by its Chairman and CEO.  That practice consists of filing
frivolous and abusive patent infringement lawsuits against its
competitors, not with a view to protecting Shuffle Master's limited
intellectual property, but with the intent of destroying its competitors
or, at the very least, weakening them to the point where they must
succumb to Shuffle Master's take over attempts.  Substantial evidence exists
that Shuffle Master has repeatedly implemented this
strategy over the course of a decade against many competitors, including
Vending Data.  Such a strategy of patent abuse, implemented by a
monopolist like Shuffle Master, is patently illegal.  And, it has
finally backfired in the instant lawsuit.  In the instant lawsuit,
Shuffle Master is seriously exposed to liability on the $3 million injunction
bond, to liability for Vending Data's fees and expenses because Shuffle
Master's obstinate pursuit of this frivolous case makes it an
"exceptional" case under the U.S. Patent Act, and to substantial
antitrust damages.

In light of Shuffle Master's illegal conduct, Vending Data is
not inclined to let Shuffle Master walk away without financial responsibility
for its conduct.  Our  expert witness analyses show millions of dollars of
damages
proximately caused by the wrongful injunction and Shuffle Master's
illegal conduct.  If we do not reach an amicable resolution, we intend
to move for summary judgment on the patent infringement case, for
execution on the bond, for damages, and for fees and expenses.  The tide
has turned on Shuffle Master.  It now must explain to its shareholders,
employees,
and customers why it bet the company on an ill-conceived and
ill-executed strategy to destroy Vending Data.

In light of these views, which are firmly held at Vending Data,
we must respectfully reject Shuffle Master's settlement proposal.
Vending Data, at this time, is willing to settle, but only the following
terms:

1.  dismissal of the Complaint with prejudice.
2.  release of Vending Data on the patent in suit and covenant
not to sue on the Poker One product.
3.  payment of $2.5 million to Vending Data for damages arising
from the wrongful preliminary injunction.
4.  payment of $500,000 to Vending Data for its legal fees and

Confidential Pursuant to Protective Order

SGC 0000184194

PX76.2

expense.

5. release of Shuffle Master for all anti-competitive conduct and release of the bond.

6. alternative dispute resolution procedure for future disputes whereby each party agrees, in the event of any commercial dispute, to a cooling off period of 90 days. During the cooling off period, senior management shall meet and attempt to amicably resolve the dispute. If senior management cannot resolve the dispute, the parties then will engage in non-binding administered mediation. If the mediation fails, then either party may file suit after providing 30 days notice.

7. No confidentiality provision.

We will hold this offer open until the close of business on Monday, March 12, at which time the offer is withdrawn and we will proceed with the noticed depositions and with discovery directed at Shuffle Master. Your colleagues, by the way, owe me dates for depositions of Messrs. Yoseloff and Meyer and Shuffle Master's supplemental discovery responses.

Very truly yours, Kimball.

The contents of this message may be privileged and confidential. Therefore, if this message has been received in error, please delete it without reading it. Your receipt of this message is not intended to waive any applicable privilege. Please do not disseminate this message without the permission of the author.
*********************************************************************
Any tax advice contained in this email was not intended to be used, and cannot be used, by you (or any other taxpayer) to avoid penalties under the Internal Revenue Code of 1986, as amended.

Confidential Pursuant to Protective Order

SGC 0000184195