# Exhibit 32

# ALSTON&BIRD LLP

Two Palo Alto Square
3000 El Camino Real, Suite 400
Palo Alto, CA 94306-2112

650-838-2000
Fax: 650-838-2001
www.alston.com

Elizabeth H. Rader      Direct Dial: 650-838-2008      E-mail: elizabeth.rader@alston.com

December 21, 2009

*VIA E-MAIL*

Eric L. Abbott, Esq.
Shuffle Master, Inc.
1106 Palms Airport Drive
Las Vegas, NV 89119
Telephone: (702) 432-4590
Facsimile: (702) 270-5326
Email: eabbott@shufflemaster.com

Re:      *Shuffle Master, Inc. v. Taiwan Fulgent Enterprise Co., Ltd. (Case No. 2:09-cv-2194) (D. Nev.)*

Dear Mr. Abbott:

Thank you again for your courtesy in agreeing to an extension of time in which to investigate the allegations and respond to Shuffle Master's complaint.

Upon review of the complaint and the facts, it appears that Shuffle Master did not conduct a sufficient pre-filing investigation. Rule 11 of the Federal Rules of Civil Procedure ("Rule 11") imposes certain pre-filing investigation obligation on a patentee plaintiff. Rule 11 "require[s], at a minimum, that an attorney interpret the asserted patent claims and compare the accused device with those claims before filing a claim alleging infringement." *See Q-Pharma, Inc. v. Andrews Jergens, Co.*, 360 F.2d 1295, 1300-01 (Fed. Cir. 2004). This investigation should be undertaken before filing suit. *See Judin v. United States*, 110 F.3d 780, 784 (Fed. Cir. 1997).

The complaint alleges that the accused product is a continuous shuffler product similar to Shuffle Master's One2Six card shuffler. The mere appearance and function of a competing product, however, do not provide a Rule 11 basis for alleging infringement. The claims of Shuffle Master's asserted patents require, at minimum, some analysis or inquiry into the methods, functionality and mechanisms embodied in Fulgent's competing product.

Taiwan Fulgent has never sold a single unit of its "A-Plus Shuffler" anywhere in the world. Nor has it provided any sample to any customer in the United States. The complaint alleges that Taiwan Fulgent used and offered the A-Plus Shuffler on three occasions at the Global Gaming Expo. Our understanding is that at no time before the

Atlanta • Charlotte • Dallas • Los Angeles • New York • Research Triangle • Silicon Valley • Ventura County • Washington, D.C.

Confidential Pursuant to Protective Order

December 21, 2009
Page 2

complaint was filed did Taiwan Fulgent ever open the device's casing and show the interior mechanism to attendees of the G2E. Nothing in the product literature for "A Plus Shuffler" describes how the shuffling device achieves continuous and random shuffling. At most, Shuffle Master performed a visual inspection of the outside of the "A Plus Shuffler" during the G2E, which would not disclose the inner workings of the device and would not satisfy Rule 11.

Given the apparent lack of an adequate pre-filing investigation, and the lack of any basis for damages, we conclude that Shuffle Master filed its lawsuit to discourage potential customers from ever purchasing Taiwan Fulgent's competing product.

Shuffle Master should dismiss the complaint and not re-file it without completing a thorough pre-filing investigation. Alternatively, as Taiwan Fulgent has made no sales and Shuffle Master therefore appears to be primarily seeking injunctive relief, it may be possible for the parties to resolve this dispute amicably rather than through litigation. I understand that you will be out of the office between Christmas and New Years Day, but I hope to hear from you soon.

Very truly yours,

Elizabeth H. Rader

Confidential Pursuant to Protective Order

SGC 0000370356