## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| SHUFFLE TECH INTERNATIONAL, LLC, ACES UP GAMING, INC., and POYDRAS-TALRICK HOLDINGS LLC, | ) ) ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Case No. 15 C 3702 |
| | ) | |
| SCIENTIFIC GAMES CORP.; BALLY TECHNOLOGIES, INC., d/b/a SHFL Entertainment or Shuffle Master, and BALLY GAMING, INC., d/b/a Bally Gaming and Systems, | ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

## <u>INSTRUCTIONS TO THE JURY</u>

Date:  August 6, 2018

Members of the jury, you have seen and heard all the evidence, and you are about to hear the arguments of the attorneys.  Now I will instruct you on the law.

You have two duties as a jury.  Your first duty is to decide the facts from the evidence in the case.  This is your job, and yours alone.

Your second duty is to apply the law that I give you to the facts.  You must follow these instructions, even if you disagree with them.  Each of the instructions is important, and you must follow all of them.  You must also continue to follow the instructions that I gave you at the start of the trial that you may not communicate about the case or about people involved in the case with anyone other than your fellow jurors until after you have returned your verdict.

Perform these duties fairly and impartially.  Each party to the case is entitled to the same fair consideration.

Do not allow sympathy, prejudice, fear, or public opinion to influence you.  You should not be influenced by any person's race, color, religion, national ancestry, age, or sex.

Nothing I am saying now, and nothing I said or did during the trial, is meant to indicate any opinion on my part about what the facts are or about what your verdict should be.

To the extent that these instructions differ from the instructions that I read you at the beginning of the case, the instructions that I am giving you now are the ones that govern your consideration of this case.

The evidence consists of the testimony, the exhibits, and stipulations.  A stipulation is an agreement between both sides that certain facts are true.

Certain testimony was presented to you by playing video recordings of deposition testimony.  You should give this testimony the same consideration that you would give it if the witnesses had appeared and testified here in court.

In determining whether any fact has been proved, you should consider all of the evidence bearing on that fact, regardless of who offered the evidence.

You must make your decision based on what you recall of the evidence.  [You will not have a written transcript to consult.]

[During the lawyers' closing arguments, you may hear or see them quote from excerpts of the transcript of the trial.  Keep in mind that you must consider all of the evidence, not just those portions quoted or referenced by the lawyers.]

Certain things are not evidence.  I will list them for you:

First, if I told you to disregard any testimony or exhibits or struck any testimony or exhibits from the record, such testimony or exhibits are not evidence and must not be considered.

Second, anything that you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded.  This includes any press, radio, Internet or television reports you may have seen or heard. Such reports are not evidence, and your verdict must not be influenced in any way by such publicity.

Third, questions and objections or comments by the lawyers are not evidence. Lawyers have a duty to object when they believe a question is improper.  You should not be influenced by any objection, and you should not infer from my rulings that I have any view as to how you should decide the case.

Fourth, the lawyers' opening statements and closing arguments to you are not evidence.  Their purpose is to discuss the issues and the evidence.  If the evidence as you remember it differs from what the lawyers said, your memory is what counts.

Any notes you have taken during this trial are only aids to your memory. The notes are not evidence. If you have not taken notes, you should rely on your independent recollection of the evidence and not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollections or impressions of each juror about the testimony.

You should use common sense in weighing the evidence and consider the evidence in light of your own observations in life.

In our lives, we sometimes look at one fact and conclude from it that another fact exists. In law we call this an "inference." A jury is allowed to make reasonable inferences, so long as they are based on the evidence in the case.

You may have heard the phrases "direct evidence" and "circumstantial evidence." Direct evidence is proof that does not require an inference, such as the testimony of someone who claims to have personal knowledge of a fact. Circumstantial evidence is proof of a fact, or a series of facts, that tends to show that some other fact is true.

You are to consider both direct and circumstantial evidence. The law allows you to give equal weight to both types of evidence, but it is up to you to decide how much weight to give to any evidence in the case.

You must decide whether the testimony of each of the witnesses is truthful and accurate, in part, in whole, or not at all. You also must decide what weight, if any, you give to the testimony of each witness.

In evaluating the testimony of any witness, including any party to the case, you may consider, among other things:

-        the ability and opportunity the witness had to see, hear, or know the things that the witness testified about;

-        the witness's memory;

-        any interest, bias, or prejudice the witness may have;

-        the witness's intelligence;

-        the manner of the witness while testifying;

-        the reasonableness of the witness's testimony in light of all the evidence in the case; and

-        any inconsistent statements or conduct by the witness.

It is proper for an attorney to meet with any witness in preparation for trial.

6

You have heard witnesses who gave opinions about certain subjects. You do not have to accept the testimony of such a witness. You should judge it in the same way you judge the testimony of any other witness. In deciding how much weight to give to this testimony, you should consider each such witness's qualifications, how the witness reached his opinions, and the factors I have described for determining the believability of testimony.

Certain charts and summaries have been and will be shown to you to help explain other evidence that was admitted. These charts and summaries are not themselves evidence or proof of any facts, so you will not have them during your deliberations. If they do not correctly reflect the facts shown by the evidence, you should disregard them.

The law does not require any party to call as a witness every person who might have knowledge of the facts related to this trial.  Similarly, the law does not require any party to present as exhibits all papers and things mentioned during this trial.

You may find the testimony of one witness or a few witnesses to be more persuasive than the testimony of a larger number of witnesses.  You need not accept the testimony of the larger number of witnesses.

As I told you at the start of the trial, I imposed time limits on each side for its presentation of evidence and arguments.  There were equal time limits for each side.  Each side was free to  use its allocated time as it wished and was free to question each witness for as long or as short as it wished, within its overall time limits.

9

**The parties and the claims**

The plaintiffs in this case are Shuffle Tech International, LLC, Aces Up Gaming, Inc., and Poydras-Talrick Holdings, Inc. I will refer to them as the plaintiffs.

The defendants in this case are Scientific Games Corp., Bally Technologies, Inc. (which does business under the names SHFL Entertainment or Shuffle Master), and Bally Gaming, Inc. I will refer to them as the defendants.

The lawsuit involves automatic card shuffling machines used in casinos. The plaintiffs contend that they invented and attempted to bring to market an innovative card shuffling machine. They contend that they were prevented from doing so by the defendants, which, according to the plaintiffs, filed a sham lawsuit to attempt to enforce invalid patents and pursued litigation on patents that had been obtained by committing a fraud on the U.S. Patent Office. The plaintiffs allege that by doing this, the defendants unlawfully monopolized the market for automatic card shuffling machines and forced the plaintiffs out of the market, causing monetary losses.

The defendants deny the plaintiffs' allegations. The defendants contend that they properly obtained patents for its automated card shuffling machines and that in doing so, they did not commit any fraud on the U.S. Patent Office. The defendants contend that they filed a lawsuit to enforce the patents because they believed that the plaintiffs' automatic shuffling machine copied parts of the defendants' patented design and infringed the defendants' patents. The defendants also deny that the plaintiffs have been injured by the defendants' conduct.

10

**Preponderance of the evidence / clear and convincing evidence**

In these instructions, I will use the term "preponderance of the evidence." When I say that a party has to prove a proposition by a preponderance of the evidence, I mean that the party must persuade you that the proposition is more probably true than not true.

I will also use the term "clear and convincing evidence." When I say that a party has to prove a proposition by clear and convincing evidence, I mean that the party must persuade you that it is highly probable that the proposition is true. This is a higher standard of proof than preponderance of the evidence.

**The plaintiffs' claim**

To succeed on their claim, the plaintiffs must prove each of the following propositions:

1.      Automatic card shuffling machines for regulated casinos in the United States is a relevant market.

2.      The defendants had monopoly power in that market.

3.      The defendants willfully acquired or maintained monopoly power by anticompetitive conduct.

4.      The defendants' anticompetitive conduct occurred in or affected interstate commerce.

5.      The defendants' anticompetitive conduct harmed consumers.

6.      Plaintiffs were injured in their business or property by the defendants' anticompetitive conduct.

The plaintiffs must prove propositions 1, 2, 4, 5, and 6 by a preponderance of the evidence.  The plaintiffs must prove proposition 3 by clear and convincing evidence.

On the next several pages, I will define the terms "relevant market," "monopoly power," "anticompetitive conduct," "interstate commerce," and "harmed consumers."

12

**Definition of relevant market**

The term relevant market means a market in which products and services compete with each other in a particular geographic area. Products and services are considered to be in the same market if they are reasonable substitutes for each other, from the point of view of buyers or producers. They need not be identical.

**Definition of monopoly power**

Monopoly power is the power to control prices in a relevant market, or to exclude competition from that market. A company has the power to control prices if it can set significantly higher prices for its products that those charged by competitors for equivalent goods, without suffering a substantial loss of business to competitors. A company has the power to exclude competition if it has the ability to dominate a relevant market by eliminating competition or preventing new competition from entering the market.

**Definition of anticompetitive conduct**

Anticompetitive conduct is conduct without a legitimate business purpose, in other words, conduct that does not have a justification other than excluding competitors or limiting competition. The plaintiffs allege two different types of anticompetitive conduct in this case. They need not prove both of them to establish anticompetitive conduct; one is enough.

One type of anticompetitive conduct is knowingly attempting to enforce a fraudulently obtained patent. Establishing that a patent was obtained fraudulently requires the plaintiffs to prove by clear and convincing evidence that persons involved in obtaining the patent intentionally withheld material information from the U.S. Patent Office, or deliberately misrepresented or falsified material information to the Patent Office. Information is material if it would have resulted in the denial of a patent if the Patent Office had known of the withheld or accurate information.

Another type of anticompetitive conduct is engaging in "sham" or bad faith litigation. This requires the plaintiffs to prove by clear and convincing evidence that the defendants pursued an objectively baseless lawsuit, as an attempt to interfere with the business relationships of a competitor. A lawsuit is objectively baseless only if no reasonable litigant could realistically expect success on the merits. It is not enough that the lawsuit was simply unsuccessful.

15

**Definition of interstate commerce**

The term interstate commerce means commercial transactions that cross state

boundaries.

**Definition of harm to consumers**

Consumers are harmed by anticompetitive conduct if the conduct reduces the supply or quality of goods or services below what would have existed without the anticompetitive conduct, or if the conduct increases the price for goods or services above what it would have been without the anticompetitive conduct.

**Damages**

If you decide in favor of the plaintiffs on their claim, then you will go on consider the amount of damages to award to them.

If you decide in favor of the defendants on the plaintiffs' claim, then you will not consider the question of damages.

To recover damages, a plaintiff must prove by a preponderance of the evidence that it was injured as a result of the defendants' unlawful conduct. If the plaintiff establishes this, then you will go on to consider the amount of damages to award to the plaintiff. Each of the plaintiffs is seeking compensatory damages in the form of lost profits.

Lost profits consists of the amount by which the plaintiff's gross revenues would have exceeded all of the costs and expenses necessary to produce those revenues.

A plaintiff must prove its damages by a preponderance of the evidence. This does not require the plaintiff to prove the amount of damages with precision, so long as there is a reasonable basis in the evidence for an award of damages. On the other hand, any award of damages that you make must be based on evidence, and not on speculation or guesswork.

18

**Mitigation of damages**

The law requires an injured party to take reasonable steps to avoid further injury and thereby reduce its loss. A plaintiff may not recover damages for any portion of its losses that it could have avoided through the exercise of reasonable care and prudence. In order for you to reduce a plaintiff's damages on this basis, the defendants must prove each of the following propositions by a preponderance of the evidence:

1.      The plaintiff you are considering acted unreasonably in failing to take steps to limits its losses. A plaintiff is required to use only those measures that are reasonably practicable under the circumstances as they appeared to the plaintiff at the time.

2.      The plaintiff's failure to take these steps resulted in its losses being greater than they would have been if the plaintiff had taken these steps.

3.      The amount by which the plaintiff's losses would have been reduced if it had taken these steps.

**Final instructions**

Once you are all in the jury room, the first thing you should do is choose a presiding juror.  The presiding juror should see to it that your discussions are carried on in an organized way and that everyone has a fair chance to be heard.  You may discuss the case only when all jurors are present.

Once you start deliberating, do not communicate about the case or your deliberations with anyone except other members of your jury.  You may not communicate with others about the case or your deliberations by any means.  This includes oral or written communication, as well as any electronic method of communication, such as by using a telephone, cell phone, smart phone, iPhone, Android, Blackberry, or any type of computer; by using text messaging, instant messaging, the Internet, chat rooms, blogs, websites, or social media, including services like Facebook, LinkedIn, GooglePlus, YouTube, Twitter, Instagram, or SnapChat; or by using any other method of communication.

If you need to communicate with me while you are deliberating, send a note through the court security officer. The note should be signed by the presiding juror or by one or more members of the jury. To have a complete record of this trial, it is important that you not communicate with me except by a written note. I may have to talk to the lawyers about your message, so it may take me some time to get back to you. You may continue your deliberations while you wait for my answer.

If you send me a message, do not include the breakdown of your votes. In other words, do not tell me that you are split 6-6, or 8-4, or whatever your vote happens to be.

A verdict form has been prepared for you. You will take this form with you to the jury room.

[Read the verdict form.]

When you have reached unanimous agreement, your presiding juror will fill in and date the verdict form, and each of you will sign it.

Advise the court security officer once you have reached a verdict. When you come back to the courtroom, I will read the verdict aloud.

The verdict must represent the considered judgment of each juror. Your verdict must be unanimous.

You should make every reasonable effort to reach a verdict. In doing so, you should consult with each other, express your own views, and listen to your fellow jurors' opinions. Discuss your differences with an open mind. Do not hesitate to re-examine your own view and change your opinion if you come to believe it is wrong. But you should not surrender your honest beliefs about the weight or effect of evidence just because of the opinions of your fellow jurors or just so that there can be a unanimous verdict.

The twelve of you should give fair and equal consideration to all the evidence. You should deliberate with the goal of reaching an agreement that is consistent with the individual judgment of each juror.

You are impartial judges of the facts.

**Verdict form**

We, the jury, find as follows on the claim of the plaintiffs, Sompo Japan Fire &

Marine Insurance Co. of America and Sompo Japan Insurance Co. of America, against

the defendant, B&B Pullman Properties, L.P.:

_____        for plaintiffs (Sompo)

_____        for defendant  (B&B Pullman)

**Damages**
(to be considered only if you have found for plaintiffs)

We award the plaintiffs damages in the amount of $ 415,000.

Sign and date the form below:

_____        _____
Presiding juror

_____        _____

_____        _____

_____        _____

_____        _____

_____        _____

Date:  May \_\_\_, 2018

24