# EXHIBIT 22

**From:** Matthew_Kennelly@ilnd.uscourts.gov [mailto:Matthew_Kennelly@ilnd.uscourts.gov]
**Sent:** Sunday, August 05, 2018 2:17 PM
**To:** Martin, Craig C. <CMartin@jenner.com>
**Cc:** Jimenez-Ekman, David <DJimenez-Ekman@jenner.com>; 'Cross, Jeffery M.' <jcross@freeborn.com>; jsp@nixonvan.com; Morse, Rachel S. <RMorse@jenner.com>; Barron, Timothy J. <TBarron@jenner.com>
**Subject:** RE: Shuffle Tech v. Scientific Games - revisions to draft jury instructions; issue of laptop computer for reviewing disks

External Email – Exercise Caution
Thanks to both sides.  I will address these comments and will get you a final revision later this afternoon.

A few other points / questions:

- Do you have completely worked out all issues regarding what exhibits are in evidence, or will there be disputes for me to decide?  If so, what are they?

- Have both sides given thumb drives with the admitted exhibits to Nakita Perdue (who will be continuing to fill in for my regular courtroom deputy clerk on Monday)?

- Last but not least, I am going to try to start at 9:15 AM on Monday so that we have some time to put disputes and rulings about the jury instructions on the record before we start with the jury.  Also, FYI, I have a brief matter up in court at 9:30 AM that I will have to take care of before we start.  When we start with the jury, I will read the instructions first, followed by closing arguments.  We will probably take a break after the plaintiffs' argument and before the defendants', but no break between the defendants' argument and the plaintiffs' rebuttal.  Plaintiffs' counsel will need to tell me before we start how much time you want to reserve for rebuttal.

- Judge Kennelly

From:      "Martin, Craig C." <CMartin@jenner.com>
To:        "'Cross, Jeffery M.'" <jcross@freeborn.com>, "'Matthew_Kennelly@ilnd.uscourts.gov'" <Matthew_Kennelly@ilnd.uscourts.gov>
Cc:        "jsp@nixonvan.com" <jsp@nixonvan.com>, "Barron, Timothy J." <TBarron@jenner.com>, "Morse, Rachel S." <RMorse@jenner.com>, "Jimenez-Ekman, David" <DJimenez-Ekman@jenner.com>
Date:      08/05/2018 02:09 PM
Subject:   RE: Shuffle Tech v. Scientific Games - revisions to draft jury instructions; issue of laptop computer for reviewing disks

Dear Judge Kennelly,

Pursuant to your request, I am writing to provide Defendants' responses to your comments on the revised draft jury instructions.

First, on page 9, you ask for a comprehensive list of the items used as demonstrative exhibits but not admitted in evidence. In addition to "charts and summaries," the parties' demonstratives have consisted of slides with pictures of people and things, purported contentions of one or more parties, and graphs.

Second, on page 11, you ask for a response to Plaintiffs' objection to "patented design." To address Plaintiffs' objection, Defendants propose that the Court use the phrase "patented invention" instead.

Third, on page 27, you request comments on the draft verdict form. Defendants object to use of a general verdict form. Instead, Defendants request that the Court use the verdict form Defendants submitted yesterday. (Dkt. 284-2 at 128-30.) In this case, Plaintiffs have pursued two different theories of relief for their antitrust claim—*Walker Process* fraud and sham litigation. Those two theories of relief require different elements of proof. The general verdict form does not identify which theory the jury finds that Plaintiffs have or have not prevailed upon. By contrast, the verdict form proposed by Defendants would aid the jury in applying the Court's instructions and deciding whether Plaintiffs have proved all elements necessary to a finding of liability. *Warner-Jenkinson Co., Inc. v. Hilton Davis Chemical Co.*, 520 U.S. 17, 39 n.8, 117 S. Ct. 1040, 137 L. Ed. 2d 146 (1997); *Tavoulareas v. Piro*, 817 F.2d 762, 808–809 (D.C. Cir. 1987); *Dual Mfg. & Eng'g, Inc. v. Burris Indus., Inc.*, 619 F.2d 660, 667 (7th Cir. 1980). In addition, the draft verdict form assumes that DigiDeal's claim has been assigned to Shuffle Tech, a fact which Plaintiffs have not proven. The word "allegedly" should be inserted before the phrase "assigned to Shuffle Tech."

Defendants understand that the Court has rejected all proposed revisions and submitted instructions not accepted in the current draft instructions. For the reasons previously stated, Defendants object to the current draft instructions, to the extent they do not incorporate or reflect Defendants' proposed revisions and additions.

Without waiving any of Defendants' prior objections and requests, given the Court's changes to the instruction on page 16, defendants note that we have previously suggested that after the phrase "information he or she knew was material," the phrase "with the specific intent to defraud" should be inserted to comport with the particular state of mind required to prove *Walker Process* fraud.

Respectfully submitted,

Craig C. Martin


**From:** Cross, Jeffery M. [mailto:jcross@freeborn.com]
**Sent:** Sunday, August 05, 2018 2:00 PM
**To:** 'Matthew_Kennelly@ilnd.uscourts.gov' <Matthew_Kennelly@ilnd.uscourts.gov>
**Cc:** jsp@nixonvan.com; Barron, Timothy J. <TBarron@jenner.com>; Morse, Rachel S. <RMorse@jenner.com>; Martin, Craig C. <CMartin@jenner.com>; Jimenez-Ekman, David <DJimenez-Ekman@jenner.com>
**Subject:** RE: Shuffle Tech v. Scientific Games - revisions to draft jury instructions; issue of laptop computer for

reviewing disks

External Email – Exercise Caution

Judge Kennelly:

I am responding on behalf of Plaintiffs to your email today at 11:46 am regarding the Instructions to the Jury attached to your email.

Plaintiffs agree to include a definition of prior art. However, Plaintiffs object to Defendants' proposed definition submitted previously in the Final Pretrial Order as Defendants' Proposed Jury Instruction Number 3: Prior Art and submitted yesterday at page 23 of the Defendants' Redline found at Docket 284-2. The Defendants' proposed definition includes definitions not pertinent to this case. In addition, some of those definitions that are pertinent to the case do not track the language of 35 U.S.C. § 102.  For those definitions that are pertinent, Plaintiffs request that the language of 35 U.S.C. §102 be used. Plaintiffs submit the attached instruction regarding prior art. (I am attaching both a PDF and a Word version).

As to the instruction entitled "Definition of harm to consumers" at page 19 of the Instructions to the Jury attached to your email, Plaintiffs agree to change the word "Consumers" to read "Consumers, in this case regulated casinos, …."

As to the instruction entitled "Damages," Plaintiffs would request that the following sentence be added at the end of the fifth paragraph: "Lost future earnings may also be determined by multiples." The Court's addition of language after the sentence that reads "This includes profits that the plaintiffs would have earned in the future," limits the possible methods of determining lost future earnings. The last sentence that Plaintiffs propose is fully supported by the evidence in the record, including the testimony of Dr Lynde.

Jeffery M. Cross

One of Plaintiffs' Counsel

**JEFFERY M. CROSS**
Attorney at Law

(312) 360-6430 direct
(312) 404-9373 mobile
jcross@freeborn.com


**From:** Matthew_Kennelly@ilnd.uscourts.gov [mailto:Matthew_Kennelly@ilnd.uscourts.gov]
**Sent:** Sunday, August 05, 2018 11:45 AM
**To:** jsp@nixonvan.com; Cross, Jeffery M.; Barron, Timothy J.; rmorse@jenner.com
**Subject:** Shuffle Tech v. Scientific Games - revisions to draft jury instructions; issue of laptop computer for reviewing disks

Dear counsel -

I have attached a revised set of jury instructions with redlining to show changes. If I did not make a change you proposed, you should assume that I have rejected it, and I will explain this on the record tomorrow. The exception is 3 or 4 spots where you will see a comment bubble that asks one side or the other to respond to a particular point. I need those responses by 2:00 pm, and please send your comments on these points to me by email with a copy to opposing counsel. I also need any comments on the verdict form, which is new.

On the issue of the laptop, plaintiffs should proceed in the manner suggested in Mr. Cross's e-mail of August 4. You will also see an addition to the instructions on this point.

- Judge Kennelly